Name: Ashley Richardson

Address: 25399 Markham Ln

Salinas CA 93908

Phone: (310) 490 - 2476

Fax: NA

In Pro Per

FILED
CLERK, U.S. DISTRICT COURT

12/22/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____eee_____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

TAYLOR THOMSON

Plaintiff

v.

PERSISTENCE TECHNOLOGIES (BVI) PTE LTD.,
TUSHAR AGGARWAL, and ASHLEY RICHARDSON

Defendant(s).

CASE NUMBER:

2:23-cv-04669-MEMF-MAR

**ANSWER TO COMPLAINT**

PRELIMINARY STATEMENT

The plaintiff, Taylor Thomson, has been one of my closest friends for over a decade. During this time Taylor has asked me to do many things to help her, all of which were unpaid. Most recently she asked me to help her with the purchase of a number of alt coins with extremely low market caps on the advice of various physics. At the time she repeatedly expressed her wish for these purchases to remain unknown to her family and family office due to her past history of reckless investments.

I have never worked for Persistence nor do I have any alignment with them other than the transactions that took place on the plaintiffs behalf. I am facing extreme economic hardship due to health issues as well as a negative impact to my reputation as a result of the plaintiffs ongoing false accusations, currently my debts far exceed my assets, I have no income, and I am unable to afford

legal council and forced to proceed pro-se. The plaintiff is well aware of my economic status, the plaintiff is currently suing the primary defendant Persistence and Tushar Aggarwal in the Singapore court system with the same claims. It is my understanding that due to the plaintiffs non-US citizenship and Persistence being a Singapore based company Taylor has named me as a defendant with the sole purpose of gaining jurisdiction in the USA, which could potentially be more favorable. To the extent that Persistence has made a motion in this court to have its dispute with the plaintiff resolved in Singapore, I join in that motion.

In March of 2020 the pandemic caused me a tremendous amount of anxiety and led me to discover a psychic who had predicted the pandemic and I subsequently subscribed to this psychic (Whitedove)s Patreon Newsletter. Her monthly predictions were a source of comfort and entertainment for me, and she had a section for crypto predictions that I paid no attention to. A year into my subscription I noticed that her crypto predictions had gone up almost unbelievably. Feeling that I had missed out on this major opportunity, I was very relieved when she mentioned a new coin that she predicted would do better than anything else she had seen. That coin was Persistence.

Because I lacked the funds to make a meaningful investment, I had hoped to align with the Persistence team in some way as a marketing consultant. When I mentioned Whitedoves prediction to the plaintiff, the plaintiff immediately said that she also wanted to get involved. At no time did Persistence or their team ask for any funds from myself or the plaintiff. They were instead interested in my potentially helping them with marketing.  At no time did Persistence ever offer me a finders fee, I asked them for one. At no time did I ever ask the Plaintiff to invest in Persistence.

The plaintiff said she wanted to invest before any invitation or request, the plaintiff asked Robert (her physic) his opinion on a number of alt coins and, when he gave Persistence the highest rating, the plaintiff went against my well documented urging to only invest a small amount. Then, on her own, the plaintiff decided, solely in reliance on psychics and without any due diligence in relation to the project itself, to continue to increase her stake as their price increased.

Because I was helping the plaintiff on a full time basis and did not want the complexity of being her employee or her paying me to get in the way of our friendship, I asked the plaintiff if it would be ok for me to take a finders fee in the form of staked tokens after the plaintiff made the decision to purchase Persistence and before the sale was final. I did not want it to compromise our connection and made it very clear this was an option and that I would only do it if the plaintiff gave it her blessing. The plaintiff agreed that it was a good idea and commented that it would cause our interests to be aligned, so I asked Persistence for a finders fee in the form of vested crypto tokens. I told the plaintiff that I would stake my share of tokens along with hers for the year and only realize the gains if the plaintiff netted a profit. All things considered this felt entirely fair and at the time the plaintiff seemed genuinely excited about it.

At the time we had that conversation, her investment was set to be small and the value of XPRT relatively low, and as it grew we discussed my setting aside the lions share of my portion for charitable purposes in the future. The finders fee that was set aside for me in the form of tokens lost almost all of its value in the global crypto crash and I neither maintained the tokens nor ever realized ANY financial benefit at any time for any of the help I gave her.

The plaintiff asked me to help her with Persistence and a number of other low cap purchases because there was no third party available at the time that we could find that could provide such a service. All purchase decisions were solely the Plaintiffs. The plaintiff also made it clear at the time that she wanted me to place these transactions because the plaintiff did not want her family, her family office, or her financial team to be aware of the purchases due to the Plaintiffs questionable investment history that led to a subsequent lock on the plaintiffs assets by her family office. This was especially true at the time of the alt coin purchases as she was making plans to move to England for tax purposes.

A section of the plaintiffs lawsuit refers to an exchange between us in which I state that I was not taking a commission. This conversation was in reference to the custody of staked assets (not purchases) and is taken completely out of context.

As stated previously: I never realized any compensation in any form from any of the help I provided the plaintiff, which was extremely extensive and unreasonably stress inducing. In the process of helping the plaintiff I lost other lucrative work opportunities, my reputation, as well as the entirety of my net worth.

RESPONSE TO ALLEGATIONS BY PARAGRAPH

1. Deny.

2. Deny.

3. Deny.

4. Deny.

5. Deny.

6. Deny.

7. Deny.

8. Deny.

9. Lack sufficient knowledge.

10. Lack sufficient knowledge.

11. Lack sufficient knowledge.

12. Deny.

13. Admit.

14. Admit.

15. Lack sufficient knowledge.

16. Admit.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Lack sufficient knowledge.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27 - 72. Lack sufficient knowledge.

73. Deny

74. Deny

75. Deny

76 - 94. Lack sufficient knowledge.

95. Deny.

96. Deny.

97. Deny

98. Deny

99. Admit

100. Admit

101. Deny

102. Admit

103. Deny

104. Deny - taken out of context.

105. Lack sufficient knowledge.

106. Lack sufficient knowledge.

107. Admit

108. Deny

109. Deny

110. Deny.

111. Deny

112. Deny, this communication was not related to the Persistence transactions and is taken out of context.

113. Deny

114. Deny

115. Deny

116. Admit

117. Deny

118. Deny

119. Deny

120. Admit

121. Admit

122. Admit

123. Admit

124. Deny, taken out of context.

125. Deny.

126 - 135. Lack sufficient knowledge.

136. Deny

137. Admit

138. Deny

138a. Deny, referenced communication did not refer to the Persistence transactions.

138b. Lack sufficient knowledge.

138c. Lack sufficient knowledge.

138d. Lack sufficient knowledge.

138e. Admit, to the best of my knowledge this is information received by the Persistence team.

138f. Admit, to the best of my knowledge this is information received by the Persistence team.

138h. Deny.

138i. Deny, taken out of context.

138j. Admit, to the best of my knowledge this is information received by the Persistence team.

138k. Admit, to the best of my knowledge this is information received by the Persistence team.

138l. Admit, to the best of my knowledge this is information received by the Persistence team.

138m. Admit, to the best of my knowledge this is information received by the Persistence team.

138n. Admit, to the best of my knowledge this is information received by the Persistence team.

138o. Lack sufficient knowledge.

138p. Admit, to the best of my knowledge this is information received by the Persistence team.

138r. Lack sufficient knowledge.

139. Lack sufficient knowledge.

140. Deny.

141. Deny.

142. Deny.

143. Deny.

144. Deny.

145. Deny.

147. Deny.

148. Deny

149. Admit.

150. Lack sufficient knowledge.

152. Lack sufficient knowledge.

153. Lack sufficient knowledge.

154. Deny.

156. Deny.

157. Deny.

158. Deny.

159. Lack sufficient knowledge.

160. Deny.

161. Lack sufficient knowledge.

162. Deny.

163. Deny.

164. Deny

165. Admit.

166. Lack sufficient knowledge.

167. Lack sufficient knowledge.

168. Lack sufficient knowledge.

169. Lack sufficient knowledge.

170. Admit.

171. Deny.

172. Deny.

173. Deny.

174. Deny.

175. Deny.

176. Deny.

177. Deny.

178. Deny.

179. Lack sufficient knowledge.

180. Lack sufficient knowledge.

181. Deny.

182. Deny.

183. Deny.

184. Deny.

185. Deny.

186. Admit.

187. Deny.

188. Admit.

189. Admit.

190. Admit.

191. Lack sufficient knowledge.

192. Deny.

193. Admit.

194. Admit.

195. Admit, this was based on my understanding at the time.

196. Admit, this was based on my understanding at the time.

197. Admit.

198. Admit.

199. Admit.

200. Admit, this was based on my understanding at the time.

201. Deny.

202. Admit, this was based on my understanding at the time.

203. Admit, this was based on my understanding at the time.

204. Admit, this was based on my understanding at the time.

205. Deny.

206. Admit.

207. Admit.

208. Admit, this was based on my understanding at the time.

209. Admit, this was based on my understanding at the time.

210. Admit, this was based on my understanding at the time.

211. Deny.

212. Admit, this was based on my understanding at the time.

213. Lack sufficient knowledge.

214. Admit, this was based on my understanding at the time.

215. Admit.

216. Lack sufficient knowledge.

217. Deny.

218. Deny.

219. Deny.

220. Deny.

221. Deny.

222. Deny

223. Deny.

224. Deny.

225. Deny.

226. Lack sufficient knowledge.

227. Admit.

228. Admit.

229. Lack sufficient knowledge.

230. Deny.

231. Deny.

232. Deny.

233. Deny.

234. Admit.

235. Lack sufficient knowledge.

236. Deny.

238. Lack sufficient knowledge.

239. Lack sufficient knowledge.

240. Lack sufficient knowledge.

241. Deny.

242. Deny.

243. Deny.

244. Deny.

245. Deny.

246. Deny.

247. Deny.

248. Deny.

249. Deny.

250. Deny.

251. Deny.

252. Deny.

253. Deny.

254. Deny.

255. Deny.

256. Deny.

257. Deny.

258. Deny.

259. Deny.

261. Admit.

262. Lack sufficient knowledge.

263. Admit.

264. Lack sufficient knowledge.

265. Deny.

266. Deny.

267. Deny.

268. Lack sufficient knowledge.

269. Deny.

270. Deny

272. Deny.

273. Lack sufficient knowledge.

274. Lack sufficient knowledge.

275. Lack sufficient knowledge.

276. Lack sufficient knowledge.

277. Deny.

278. Lack sufficient knowledge.

279. Deny.

280. Deny.

281. Deny.

283. Deny.

284. Deny.

285. Deny.

286. Deny.

287. Deny.

288. N/A

289. Deny.

290. Deny.

291. Deny.

292. Deny.

293. Deny.

294. Deny.

295. NA

296. Deny.

297. Deny.

298. Deny.

299. Deny.

300. Deny.

301. Lack sufficient knowledge.

302. NAA

303. Deny.

304. Deny.

305. Lack sufficient knowledge.

306. NA

307. Lack sufficient knowledge.

308. Deny.

309. Deny.

310. Deny.

311. Deny.

312. Deny.

313. NA

314. Deny.

315. Deny.

316. Deny.

317. Deny, irrelevant.

318. Deny.

319. Deny.

320. Deny.

ASSERTING CLAIMS AGAINST THE PLAINTIFF (Counterclaim)

The defendant has the following claim against the plaintiff.

In the counterclaim, we assert that the plaintiffs dissemination of false claims of theft and fraud has significantly damaged the defendants reputation, leading to substantial financial loss and hinderance of the defendants ability to secure employment. These baseless accusations have caused irreparable harm to the defendants professional standing and financial stability.

In the counterclaim, we assert that the plaintiffs false fraud claims have inflicted severe emotional and physical distress, which has caused great harm. The defendant looks to receive damages for emotional and physical distress as well as financial damages due to unpaid work for the plaintiff.

The defendant seeks damages and requires compensation for past legal fees in relation to the plaintiffs continued false accusations, compensation for hundreds of hours of unpaid labor, as well as compensation for medical bills, with an amount to be determined by the court.

CV-127 (09-09)                    **PLEADING PAGE FOR A SUBSEQUENT DOCUMENT**

CERTIFICATION AND CLOSING

Under the Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge information and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, case unnecessary delay or needlessly increase the cost of litigation; (2) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with requirements of Rule 11 to the best of my knowledge.

Date of signing: 12.21.2024

Signature of Defendant: _____

Printed Name of Defendant:   Ashley Richardson