JULIAN L. ANDRÉ (251120)
jandre@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA  90067-3206
Telephone:     +1 310 277 4110
Facsimile:      +1 310 277 4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Thomson<br><br>                    Plaintiff,<br><br>        v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>                    Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT ASHLEY RICHARDSON'S AMENDED COUNTERCLAIMS**<br><br>The Honorable Maame Ewusi-Mensah Frimpong, United States District Judge<br><br>Date: May 30, 2024<br><br>Time: 10:00 a.m.<br><br>Courtroom: 8B |

**PRELIMINARY STATEMENT**

In response to Plaintiff Taylor Thomson's Motion to Dismiss Defendant Ashley Richardson's original "Counterclaim," Ms. Richardson filed an "Amended Counterclaim" asserting that Ms. Thomson made "defamatory lies about [Ms.] Richardson" and accuses Ms. Thomson of "In[t]entional Infliction of Emotional Distress." The Amended Counterclaim, despite being longer, does not in any way remedy the issues that rendered Ms. Richardson's original "Counterclaim" fatal. In her Amended Counterclaim, Ms. Richardson simply recites the legal elements of defamation and intentional infliction of emotional distress ("IIED") claims and pairs them with vague and conclusory assertions about the purported harm she suffered at the hands of Ms. Thomson's alleged misconduct. Ms. Richardson does not do anything that she needs to do to make out a claim of defamation or IIED – she does not cite to any specific defamatory statements; she does not allege how or why any of the unalleged statements would be defamatory. Nor does Ms. Richardson allege conduct that is extreme and outrageous; she does not provide any evidence that Ms. Thomson intended to cause her emotional distress; and she does not provide any evidence of severe or extreme emotional distress beyond non-specific terms such as "mental and physical breakdown." Lastly, Ms. Richardson fails to demonstrate a that any conduct by Ms. Thomson actually and proximately caused Ms. Richardson's distress. Anything else that has been added in Ms. Richardson's Amended Counterclaim that might arguably be considered a fact is too vague or irrelevant to make out a cognizable legal claim. For example, Ms. Richardson makes wholly conclusory allegations that Ms. Thomson made "defamatory lies" to "certain individuals," but does not identify any specific "lie" or any "individual," much less when and where the "lie" took place or why it would be considered defamatory. She also includes irrelevant allegations about Ms. Thomson's purported conduct towards people other than Ms. Richardson.

Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a pleading to contain enough detail to provide a counterclaim Defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and quotation marks omitted). Here, Ms. Richardson's Amended Counterclaim continues to suffer from a severe lack of any factual details to support the exorbitant damages assertions contained in her Amended

- 1 -

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Counterclaim.[1] The Amended Counterclaim falls short of even the most lenient pleading standards that could potentially be applied by this Court. Because Ms. Richardson's Amended Counterclaim fails to provide Ms. Thomson fair notice of any counterclaim for relief, all aspects of this Amended Counterclaim should be dismissed as insufficiently pleaded under Rule 8.

### FACTUAL BACKGROUND

On June 13, 2023, Plaintiff Taylor Thomson commenced this action against Defendants Persistence Technologies (BVI) Pte Ltd. ("Persistence"), Tushar Aggarwal, and Ashley Richardson. (ECF No. 1.) Ms. Thomson filed the First Amended Complaint on September 23, 2023 (ECF No. 25) (the "Amended Complaint"), which was ultimately served on Ms. Richardson. On December 22, 2023, Ms. Richardson filed her Answer to the Amended Complaint. (ECF No. 48 (the "Answer").) Ms. Richardson purports to be appearing in this action *pro se*, but she has very experienced counsel advising her. That counsel has appeared on numerous telephone calls and email exchanges with the undersigned in relation to this matter.[2]

In her Answer, Ms. Richardson asserted a "Counterclaim" against Ms. Thomson. (Answer at 13:13-28.) Ms. Richardson's "Counterclaim" consisted of three short paragraphs consisting of vague and conclusory assertions about the purported damages that Ms. Richardson believes she has incurred. (*Id.*) Ms. Richardson's "Counterclaim" did not include any cognizable causes of action against Ms. Thomson. (*Id.*)

Ms. Thomson moved to dismiss Ms. Richardson's "Counterclaim" on January 12, 2024. (ECF No. 50.) On February 2, 2024, Ms. Richardson submitted an Amended Counterclaim (ECF No. 58.) (the "Amended Counterclaim") and an untimely opposition to Ms. Thomson's Motion to Dismiss.[3] In the Amended Counterclaim, Ms. Richardson vaguely alleges that Ms. Thomson made "defamatory

---

[1] Ms. Richardson requests $5 million dollars in general and special damages, and $10 million dollars in compensatory damages, but fails to provide any support for these extreme figures.

[2] It should be noted that Ms. Richardson's prior counsel, while stating that he is not officially counsel to Ms. Richardson, continues to advise her, and has corresponded with the undersigned and has appeared on conference calls with the undersigned and Ms. Richardson in reference to this matter. If the Court is inclined to consider Ms. Richardson's assertion that she is proceeding pro se, Plaintiff requests a hearing on the matter.

[3] As discussed in Ms. Thomson's Reply to Ms. Richardson's Opposition (ECF No. 60), Ms. Richardson's Amended Counterclaim mooted Ms. Thomson's Motion to Dismiss, but, to the extent that it didn't, Ms. Richardson's Opposition was not timely filed and did not address any argument made in Ms. Thomson's Motion to Dismiss.

lies about [Ms.] Richardson" without specifying any particular statements or alleging why such statements are defamatory, and accuses Ms. Thomson generally of "In[t]entional Infliction of Emotional Distress." (Amended Counterclaim at 1:23-5:17.)

Ms. Richardson alleges that Ms. Thomson "made statements to certain individuals in the Film and Television industry that [Ms.] Richardson had committed fraud and theft with respect to cryptocurrency." (*Id.* at 1:24-26.) Ms. Richardson further alleges that Ms. Thomson made these same statements to "individuals within [Ms.] Richardson's and [Ms.] Thomson's shared social circle" and to "individuals within the C[ry]ptocurrency and Financial sectors." (*Id.* at 2:1-7.) Ms. Richardson does not identify what Ms. Thomson actually said in any of these supposedly defamatory statements, or who these "certain individuals" are or when and where Ms. Thomson allegedly made the statements. (*See id.* at 1:24-2:7.) The remainder of the "defamatory lies" section of Ms. Richardson's Amended Counterclaim contains only conclusory allegations about how the purported falsity of these unnamed statements and the purported harm Ms. Richardson suffered from these unnamed "defamatory lies." (*Id.* at 2:9-3:9.) Ms. Richardson does not explain how or why Ms. Thomson's "defamatory lies" are false, how or why Ms. Thomson knowingly made these statements with an intent to harm her, or how or why Ms. Richarson was damaged. (*See id.*)

Ms. Richardson's Amended Counterclaim is also replete with extraneous and egregious falsehoods about Ms. Thomson that are alleged in connection with Ms. Richardson's vague allegations of "In[t]entional Infliction of Emotional Distress." (*Id.* at 3:12-5:17.) Ms. Richardson falsely, and vaguely, alleges that Ms. Thomson has a history of engaging in defamatory and illegal conduct towards members of her own staff through purportedly false allegations of "theft and extreme negligence" and for the mismanagement of Ms. Thomson's finances. (*Id.* at 3:14-26.) But Ms. Richardson does not cite even a single specific example to support her allegations. Ms. Richardson vaguely alleges that Ms. Thomson causes her "severe emotional distress" for the "pressure [she] placed on [Ms.] Richardson" to make successful cryptocurrency trades on Ms. Thomson's behalf. (*Id.* 4:1-5:17.)

/ / /

/ / /

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1

**ARGUMENT**

2

**I.    LEGAL STANDARD**

3       To survive a motion to dismiss for failure to state a counterclaim under Rule 12(b)(6), Ms.

4   Richardson must plead sufficient factual matter that supports each of her counterclaims for relief on

5   their face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. Specifically,

6   Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of

7   the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of

8   Rule 8(a)(2)'s pleading requirement is to "give the defendant fair notice of what the . . . claim is and

9   the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted).

10      "While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

11  factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

12  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

13  action will not do. Factual allegations must be enough to raise a right to relief above the speculative

14  level." *Id.* (citations omitted). When a plaintiff fails to meet this standard, dismissal under Rule

15  12(b)(6) for failure to state a claim upon which relief can be granted is appropriate. *See Iqbal,* 556

16  U.S. at 678-79.

17

18  **II.    MS. RICHARDSON'S AMENDED COUNTERCLAIM DOES NOT PLEAD FACTUAL ALLEGATIONS SUFFICIENT TO STATE ANY PLAUSIBLE COUNTERCLAIM FOR RELIEF**

19

20      The Ninth Circuit has held that "a complaint must 'contain sufficient allegations of

21  underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'"

22  *Ramirez v. Nationstar Mortg. LLC*, 2013 WL 1941787, at *1 (C.D. Cal. May 8, 2013) (quoting *Starr*

23  *v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). For example, claims that "consist[] merely of

24  recitations of legal elements and conclusory statements. . . . d[o] not give notice to [a counterclaim

25  defendant] 'the grounds upon which [the counterclaim] rests.'" *De Los Reyes v. Sw. Gas Corp.*, 319

26  F. App'x 639, 641 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

27      Furthermore, claims that are "difficult to decipher" and "bear[] no connection to the specific

28  allegations involving" the parties are "insufficient under Rule 8 and fail[] to state a claim under Rule

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(No. 2:23-cv-04669-MEMF-MAR)

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

12(b)(6)." *Ramirez*, 2013 WL 1941787, at *1-2 (finding that Plaintiff failed to "coherently allege facts on which he might be entitled to relief"). This is the case even for claims asserted by *pro se* litigants. *See, e.g.*, *Bonilla v. Nationstar Mortg., LLC*, 2017 WL 10433720, at *3 (C.D. Cal. Oct. 24, 2017) (dismissing a *pro se* plaintiff's complaint where his complaint was "scant at best" and provided "no factual allegations to support his claim."); *Ward v. Wells Fargo Home Mortg.*, 2014 WL 1922082, at *4, 14 (N.D. Cal. May 6, 2014) (dismissing *pro se* plaintiff's complaint "in its entirety" where her claims "were not definite enough to raise a right to relief above the speculative level") (citation and internal quotation marks omitted).

Here, Ms. Richardson's Amended Counterclaim also falls well short of Rule 8's pleading standard. Claims consisting "merely of recitations of legal elements and conclusory statements" are insufficient. *De Los Reyes*, 319 F. App'x at 641. Ms. Richardson's Amended Counterclaim is replete with recitations of legal elements and conclusory statements that she clearly copied from Ms. Thomson's original Motion to Dismiss. For example, Ms. Richardson claims generally that Ms. Thomson depicted Ms. Richardson as a fraudster and a thief "knowing the depiction was false, or without any reasonable grounds for believing it to be true." (Amended Counterclaim at 2:15-20.) But Ms. Richardson does not cite to any specific statement by Ms. Thomson, allege a date on which the purported statement was made, or allege to whom the purported statement was made. Ms. Richardson fails to specify how Ms. Thomson knew this "depiction was false" or how Ms. Thomson failed to have "any reasonable grounds for believing it to be true." (*Id.*) Anything added into Ms. Richardson's Amended Counterclaim that could be construed as a fact is irrelevant to her defamation and IIED claims. For example, Ms. Richardson falsely alleges that Ms. Thomson engaged in defamatory and illegal conduct towards people other than Ms. Richardson (*id.* at 3:14-26), which is not relevant to Ms. Richardson's asserted claims that Ms. Thomson defamed or inflicted emotional distress on her. Thus, Ms. Richardson's Amended Counterclaim is no different than her Counterclaim in that it is simply a general demand for unspecified damages with conclusory recitations of legal elements and irrelevant facts.

The lack of any relevant factual details to support any assertions in Ms. Richardson's Amended Counterclaim fall short of even the most lenient pleading standards that could potentially

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(No. 2:23-cv-04669-MEMF-MAR)

be applied by this Court. *See Yovev v. USA-Stat Dep't Health Hum. Serv. Dep't*, 2007 WL 9711575, at *1–2 (C.D. Cal. July 23, 2007) (finding that, although the court's standard was more lenient for *pro se* plaintiffs, defendant's motion to dismiss should be granted where "[p]laintiff has not alleged any specific allegations of wrongdoing . . . and has not stated the statutory authority for a lawsuit against the state."). For these reasons, Ms. Richardson's Amended Counterclaim fails to provide Ms. Thomson fair notice of any counter claim for relief, and all aspects of the Amended Counterclaim should be dismissed as insufficiently plead under Rule 8. *Ramirez*, 2013 WL 1941787, at *1-2.[4]

### III. MS. RICHARDSON'S CLAIMS FOR DEFAMATION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE THEY CANNOT BE CURED BY FURTHER AMENDMENT

A claim that is "based on a fundamental misunderstanding of the law" must be dismissed with prejudice because "it cannot be cured by amendment." *Ward*, 2014 WL 1922082, at *5, 7, 14 (dismissing certain claims by a *pro se* litigant without leave to amend where amendment would be futile). To the extent that Ms. Richardson's Amended Counterclaim can be construed as distinct counterclaims of defamation or intentional infliction of emotional distress, Ms. Richardson has failed to state any of these claims, and the opportunity to amend is futile for the following reasons.

#### A. Ms. Richardson Has Failed to Plead a Defamation Claim

"The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Marschall v. Caine & Weiner Co.*, 2011 WL 2516502, at *3 (C.D. Cal. June 23, 2011). A pleading fails to state sufficient facts to constitute a claim of defamation where, as here, the pleadings use conclusory language, "fail[] to identify the defamation remark, note the publication, or plead specific damages." *Id.* at 4. Here, Ms. Richardson vaguely alleges that Ms. Thomson "made statements . . . that [Ms.] Richardson had committed fraud and theft" to "certain individuals." (Amended Counterclaim at 1:24-26, 2:1-7.) Ms. Richardson does not identify the actual substance of any such "statements," who the

---

[4] As discussed herein, Plaintiff attempts to construe the possible legal claims that Ms. Richardson could be asserting to the best of her ability, however, to the extent Ms. Richardson has attempted to assert additional legal claims against Ms. Thomson, Ms. Thomson reserves the right to oppose and fully brief for the Court any claims she was unable to decipher.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(No. 2:23-cv-04669-MEMF-MAR)

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

"certain individuals" these statements were made to are, and when and where these "statements" were made. (*Id.*) Additionally, aside from conclusory assertions about injury "to her professional reputation," Ms. Richardson fails to allege how she was specifically damaged by Ms. Thomson's purported "defamatory lies." (*Id.* at 2:23-26.) Thus, any claim for defamation asserted in the Amended Counterclaim against Ms. Thomson must be dismissed for failure to put Ms. Thomson on "fair notice" of "what the . . . claim is and the grounds upon which it rests." *Marschall*, 2011 WL 2516502, at *4 (quoting *Twombly*, 550 U.S. at 555).

To the extent Ms. Richardson is referring to statements made in the Complaint and the Amended Complaint filed against her, any claims of "fraud and theft" made against Ms. Richardson in this lawsuit are protected by California's litigation privilege. (Amended Counterclaim at 1:24-26, 2:1-7); *Johnson v. Lucent-Alcatel*, 2019 WL 4391121, at *2 (C.D. Cal. July 24, 2019) (citing Cal. Civ. Code § 47(b) ("A privileged publication . . . is one made . . . [i]n any . . . judicial proceeding"); *Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1212–13 (E.D. Cal. 2008) (applying the litigation privilege in the context of a defamation claim). Therefore, Ms. Richardson's defamation claim against Ms. Thomson should be dismissed with prejudice.

**B.    Any Intentional Infliction of Emotional Distress Claim Asserted by Ms. Richardson Fails Because Ms. Richardson Cannot Allege Extreme and Outrageous Conduct**

"In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege facts demonstrating: (1) extreme and outrageous conduct by the defendant with the intention of causing or reckless disregard of the probability of causing, emotional distress; (2) that the plaintiff suffered severe or extreme emotional distress; and (3) that the outrageous conduct actually and proximately caused the distress." *Pestmaster Servs., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 2013 WL 12147583, at *3 (C.D. Cal. Sept. 10, 2013). To satisfy the extreme and outrageous conduct element, a defendant's conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," and "'[s]evere emotional distress' means emotional distress of such

substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Id.* (citation and internal quotations omitted).

Here, Ms. Richardson has not articulated any specific statement or act made by Ms. Thomson, and so cannot possibly make out that any act would reach the level of outrageousness "to go beyond all possible bounds of decency" or how Ms. Richardson has incurred "severe emotional distress" because of such unnamed statements of the substantial quality required under California law. (*Id.*) Nor can she. It is clear from a simple reading of the Amended Complaint that the allegations therein are the proper articulation of a legal and financial dispute, and do not in any way "go beyond all possible bounds of decency." *Pestmaster*, 2013 WL 12147583, at *3. It is also clear on its face that the alleged assertion of "the pressure placed on [Ms.] Richardson" to make successful cryptocurrency trades on Ms. Thomson's behalf and the subsequent request for an accounting of cryptocurrency holdings are not "atrocious and utterly intolerable" conduct that "go[es] beyond all possible bounds of decency." (Amended Counterclaim at 5:3-8); *Pestmaster*, 2013 WL 12147583, at *3 (dismissing an IIED claim without leave to amend).

Ms. Richardson's vague and false claims about Ms. Thomson's alleged defamatory and illegal conduct towards individuals other than Ms. Richardson are not relevant to Ms. Richardson's claims that Ms. Thomson caused emotional distress to *her*. Ms. Richardson cannot make out a claim of IIED through vague (and untrue) allegations of what Ms. Thomson allegedly did to other people. What Ms. Thomson purportedly did to other people is irrelevant and should be disregarded by the Court. In any event, Ms. Richardson "cannot maintain a separate cause of action for mental and emotional distress where the gravamen is defamation." *Dworkin v. Hustler Mag.*, Inc., 668 F. Supp. 1408, 1420 (C.D. Cal. 1987), *aff'd*, 867 F.2d 1188 (9th Cir. 1989). Thus, to the extent that Ms. Richardson's claim of IIED is alleged to be caused by defamatory conduct, this claim is inactionable and must be dismissed. Therefore, Ms. Richardson has not and cannot state a claim for intentional infliction of emotional distress and her IIED claim against Ms. Thomson should be dismissed with prejudice.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- 8 -

**CONCLUSION**

Ms. Richardson's Amended Counterclaims against Ms. Thomson should be dismissed in its entirety with prejudice for failure to state a claim under Rule 12(b)(6).

Dated: February 16, 2024                  **MCDERMOTT WILL & EMERY LLP**

                                          By:    _/s/ Julian L. André_
                                                 JULIAN L. ANDRÉ

                                          Attorneys for Plaintiff
                                          TAYLOR THOMSON

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2

3      This certifies that Plaintiff Taylor Thomson's Memorandum of Points and Authorities in

4 Support of Motion to Dismiss Defendant Ashley Richardson's Amended Counterclaims complies

5 with the requirements of Local Rule 11-6, as amended by the Honorable Maame Ewusi-Mensah

6 Frimpong's   Civil   Standing   Order   of   November   2022   (available   at

7 https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong).   The   Memorandum

8 contains less than 10 pages and therefore does not include a Table of Authorities and a Table of

9 Contents. The Memorandum uses Times New Roman twelve-point font for body text and ten-point

10 font for footnotes.

11   Dated: February 16, 2024                                    */s/ Julian André*

12                                                                        Julian André

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Emery, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On February 16, 2024, I served unredacted copies of the following document:

**PLAINTIFF TAYLOR THOMSON'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT ASHLEY RICHARDSON'S AMENDED COUNTERCLAIMS**

on the following party via Electronic Mail based on the written consent of Ms. Richardson:

Ashley Richardson                                   *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com

on the following parties via the CM/ECF Notice system:

AnnaMarie A. Van Hoesen                       *Counsel for Defendants Persistence*
AVanHoesen@jenner.com                         *Technologies (BVI) PTE. Ltd. and*
515 Flower Street, Suite 3300                    *Tushar Aggarwal*
Los Angeles, CA 90071

Kayvan B. Sadeghi
ksadeghi@jenner.com
Adina Hemley-Bronstein
AHemley-Bronstein@jenner.com
1155 Avenue of the Americas
New York, NY 10036

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 16, 2024 in Los Angeles, California.

*/s/ Diksha Vadan*
Diksha Vadan