JULIAN L. ANDRÉ (251120)
JAndre@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone:    +1 310 277 4110
Facsimile:    +1 310 277 4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Thomson<br><br>                    Plaintiff,<br><br>        v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>             Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT ASHLEY RICHARDSON'S AMENDED COUNTERCLAIMS**<br><br>The Honorable Maame Ewusi-Mensah Frimpong, United States District Judge<br><br>Date: May 30, 2024<br><br>Time: 10:00 a.m.<br><br>Courtroom: 8B |

On December 22, 2023, Defendant Ashley Richardson filed an Answer (ECF No. 48) to Plaintiff Taylor Thomson's First Amended Complaint.  That Answer includes vague and conclusory assertions that Ms. Richardson styled as a "Counterclaim" against Ms. Thomson.  (ECF No. 48 at 13:14-14:8.)  Ms. Thomson moved to dismiss Ms. Richardson's counterclaim on January 12, 2024, on the ground that the three-paragraph counterclaim alleges no facts describing any cognizable legal cause of action.  (ECF No. 50.)  On February 2, 2024, Ms. Richardson filed an Amended Counterclaim (ECF No. 58) (the "Amended Counterclaim") and an untimely opposition to the motion to dismiss the initial counterclaim (ECF No. 55).  Given that Ms. Richardson has amended her Counterclaim, it appears that Ms. Thomson's initial Motion to Dismiss and Ms. Richardson's initial opposition is now moot.[1]  On February 16, 2024, Ms. Thomson moved to dismiss Ms. Richardson's Amended Counterclaim (ECF No. 61) (the "Motion to Dismiss") which Ms. Richardson opposed (ECF No. 65) (the "Opposition").[2]

For the reasons already identified in Ms. Thomson's Motion to Dismiss, Ms. Richardson's Amended Counterclaim should be dismissed with prejudice.  Rather than respond to Ms. Thomson's arguments, Ms. Richardson's Opposition improperly asserts a new theory of liability and restates the vague and conclusory allegations in her Amended Counterclaim.

## ARGUMENT

The Court should disregard Ms. Richardson's Opposition because it does not address any argument raised by the Motion to Dismiss.

### I.    Ms. Richardson Fails to Plead an Actionable Counterclaim

Ms. Richardson's Opposition fails to address any argument raised by the Motion to Dismiss.  When a party's opposition brief fails to address an argument raised in an opening brief, this Court has considered the argument to be conceded by the party opposing the motion.  *E.g.*, *Focally LLC v.*

---

[1] *See Precision Toxicology, LLC v. Crone*, 2021 U.S. Dist. LEXIS 17621, *4 (finding plaintiff's motion to dismiss a counterclaim to be moot where defendant filed an amended counterclaim); *see also Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'").

[2] Though the Court's docket reflects that Ms. Richardson's Opposition was filed on March 8, 2024, Ms. Thomson was never served with a copy and, thus, was not aware of the Opposition until the transaction was entered on the docket on March 12, 2024.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Win Elements, LLC*, 2022 WL 19827474, at *6 (C.D. Cal. Sept. 22, 2022) (finding that defendants conceded an issue by failing to address the argument in their opposition); *Kroeger v. Vertex Aerospace LLC*, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020). The Motion to Dismiss argues that Ms. Richardson's Amended Counterclaim is insufficiently pleaded under Federal Rule of Civil Procedure 8 and that any counterclaim by Ms. Richardson for defamation or intentional infliction of emotional distress ("IIED") should be dismissed with prejudice because these claims, as pleaded, cannot be cured by amendment. (Motion to Dismiss at 4-6.) Ms. Richardson's Opposition does not even attempt to address these arguments. Indeed, the terms "Rule 8" or "defamation" are not even mentioned in the Opposition.

Rather than argue the sufficiency of her counterclaims, Ms. Richardson asserts a whole new theory of liability and restates the vague and conclusory allegations asserted in her Amended Counterclaim. Ms. Richardson, for the first time in this action, raises a claim for slander in her Opposition. (Opposition ¶¶ 3-5.) Whether this is an attempt by Ms. Richardson to argue in support of her original defamation claim or amend (for a second time) her counterclaims, "it is improper for a plaintiff to assert an unpled theory of liability in opposition to a defendant's Rule 12(b)(6) motion to dismiss." *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1126 (C.D. Cal. 2015). Accordingly, the Court should disregard Ms. Richardson's new, unpled theory of liability. *See Elizabeth L. v. Aetna Life Insurance Co.*, 2014 WL 2621408, at *4 (N.D. Cal. June 12, 2014) (refusing to consider unpled theories of liability raised for the first time in opposition to motion to dismiss).

Even if the Court were to consider Ms. Richardson's slander claim it relies on an abbreviated restatement of the vague and conclusory allegations underlying her defamation counterclaim. (*Compare* Opposition ¶ 5 *with* Amended Counterclaim ¶¶ 3-11.) Ms. Richardson similarly restates her inadequate allegations in support of her IIED claim. (*Compare* Opposition ¶ 7 *with* Amended Counterclaim ¶¶ 18-19, 22.) Not only are these allegations demonstrably false, they are insufficient to support her claims. Thus, the Opposition does not address any of the shortcomings of Ms.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1   Richardson's Amended Counterclaim identified in the Motion to Dismiss, and this Court should

2   consider these arguments as conceded by Ms. Richardson.

3                                       **CONCLUSION**

4          Accordingly, Ms. Thomson respectfully requests that the Court grant her Motion to Dismiss

5   and dismiss Ms. Richardson's Amended Counterclaim in its entirety with prejudice for failure to

6   state a claim under Rule 12(b)(6).

7

8    Dated: March 15, 2024                     **MCDERMOTT WILL & EMERY LLP**

9

10                                     By:    */s/ Julian André*
                                              JULIAN ANDRE

11
                                              Attorneys for Plaintiff
12                                            TAYLOR THOMSON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(No. 2:23-cv-04669-MEMF-MAR)

### CERTIFICATE OF COMPLIANCE

This certifies that Plaintiff Taylor Thomson's Reply Memorandum in Support of Motion to Dismiss Defendant Ashley Richardson's Amended Counterclaims complies with the requirements of Local Rule 11-6, as amended by the Honorable Maame Ewusi-Mensah Frimpong's Civil Standing Order of November 2022 (available at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong). The Memorandum contains less than 10 pages and therefore does not include a Table of Authorities and a Table of Contents. The Memorandum uses Times New Roman twelve-point font for body text and ten-point font for footnotes.

Dated: March 15, 2024                              */s/ Julian André*

                                                    Julian André

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(No. 2:23-cv-04669-MEMF-MAR)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Emery, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On March 15, 2024, I served unredacted copies of the following document:

**PLAINTIFF TAYLOR THOMSON'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT ASHLEY RICHARDSON'S AMENDED COUNTERCLAIMS**

on the following party via Electronic Mail based on the written consent of Ms. Richardson:

Ashley Richardson                                    *Defendant in Pro Per*
25399 Markham Lane
Corral De Tierra, CA 93908
ashrichardson@mac.com

on the following parties via the CM/ECF Notice system:

AnnaMarie A. Van Hoesen                     *Counsel for Defendants Persistence*
AVanHoesen@jenner.com                        *Technologies (BVI) PTE. Ltd. and*
515 Flower Street, Suite 3300                           *Tushar Aggarwal*
Los Angeles, CA 90071

Kayvan B. Sadeghi
ksadeghi@jenner.com
Adina Hemley-Bronstein
AHemley-Bronstein@jenner.com
1155 Avenue of the Americas
New York, NY 10036

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 15, 2024 in Los Angeles, California.

*/s/ Diksha Vadan*
Diksha Vadan

- 5 -