JULIAN L. ANDRE (251120)
jandre@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA  90067-3206
Telephone:   +1 310 277 4110
Facsimile:   +1 310 277 4730

TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff Taylor Thomson

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAYLOR THOMSON,<br><br>        Plaintiff,<br><br>    v.<br><br>PERSISTENCE TECHNOLOGIES BVI PTE LTD., TUSHAR AGGARWAL, and ASHLEY RICHARDSON,<br><br>        Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 8B<br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

**TO DEFENDANT ASHLEY RICHARDSON:**

PLEASE TAKE NOTICE that, at a time to be set by the Court, in courtroom 8B of Judge Maame Ewusi-Mensah Frimpong of the United States District Court for the Central District of California, Plaintiff Taylor Thomson shall and hereby does apply to this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65-1 for (1) a temporary restraining order prohibiting Defendant from directly contacting or approaching withing 100 yards of Ms. Thomson or her daughter, Madeleine Thomson, and (2) an order to show cause as to why a preliminary injunction should not issue against Defendant Ashley Richardson.

This application is made on the grounds that (1) Ms. Thomson is likely to succeed on the merits in establishing that Defendant is engaging in harassment of Ms. Thomson by sending threatening text messages to Ms. Thomson and her daughter in violation of California Code of Civil Procedure Section 527.6, that (2) Ms. Thomson will suffer immediate and irreparable harm unless Defendant is enjoined from communicating directly with Ms. Thomson and Madeleine Thomson as well as approaching within 100 yards of Ms. Thomson or Madeleine Thomson, that (3) the balance of hardships tips in favor of Ms. Thomson, and that (4) the public interest supports the issuance of a temporary restraining order and order to show cause as to why a preliminary injunction should not be entered. This Court has the authority to issue the requested injunctive relief through its "inherent power to manage [its] own proceedings and to control the conduct of those who appear before [it]." *Beyond Blond Prods., LLC v. Heldman*, 2022 WL 2784404, at *3 (C.D. Cal. June 17, 2022)

This application is based on the accompanying Memorandum of Points and Authorities; the supporting declaration of Todd Harrison and accompanying exhibits; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- 1 -

1   Notice of this application has been given to Defendant on October 30, 2024, via

2   email. Delivery of this application, and all supporting papers to Defendant will be

3   made on October 30, 2024 through email and the electronic filing of this application

4   through the Court's CM/ECF system.

5

6

7   Dated:  October 30, 2024        **McDERMOTT WILL & EMERY LLP**

8

9                                   By:  _/s/ Todd Harrison_

10                                       Julian L. André
                                         Todd Harrison

11                                       Attorneys for Plaintiff Taylor Thomson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION
(No. 2:23-cv-04669-MEMF-MAR)

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65, Plaintiff Taylor Thomson ("Ms. Thomson") moves this Court for an emergency temporary restraining order, and also requests that the Court issue an Order to Show Cause setting a schedule for briefing and hearing on a preliminary injunction against Defendant Ashley Richardson ("Defendant").

On October 13, 2024, Ms. Thomson and her daughter, Madeleine Thomson, received text messages from Defendant which contained violent threats and gross insults to Ms. Thomson, in an apparent attempt to intimidate and unsettle Ms. Thomson in order to gain an advantage in this lawsuit. *See* Declaration of Todd Harrison ("Harrison Decl."), Exhibits A & B. Defendant asks Ms. Thomson, "[h]ow do you think this ends?"; calls Ms. Thomson a "narcissistic soc[i]opathic fucking cunt"; and threatens to "speak to the press" because she "ha[s] the fucking receipts" and is "a major liability, for [Ms. Thomson], for the company." *Id.* at Exhibit A.

Given the concerning nature of these messages, Ms. Thomson is concerned about Ms. Richardson's future conduct and the ongoing threats related to the litigation in front of this Court. This Court has the inherent power to issue an injunction against Defendant to prevent her from harassing and attempting to unduly intimidate Ms. Thomson. *Beyond Blond Productions, LLC v. Heldman*, 2022 WL 2784404, at *3 (C.D. Cal. Jun. 17, 2022); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."). District courts may issue injunctions against litigants for harassing and intimidating conduct directly related to the lawsuit. *See United Artists Corp. v. United Artist Studios LLC*, 2019 WL 6917918, at *5 (C.D. Cal. Oct. 17, 2019). Injunctive relief is appropriate here given that Defendant's threatening

- 3 -

text messages violate California Code of Civil Procedure Section 527.6, Ms. Thomson will be irreparably harmed without injunctive relief, and the balance of hardships and public interest both weigh in favor of injunctive relief.

Ms. Thomson, therefore, respectfully requests that the Court issue a temporary restraining order prohibiting Ms. Thomson from contacting her and her daughter directly and from approaching within 100 yards of them.

## II.  FACTUAL BACKGROUND

### A.  The Underlying Lawsuit

Ms. Thomson initiated this lawsuit on June 13, 2023. (*See* ECF 1.) Ms. Thomson alleges that Defendant engaged in a scheme to fraudulently induce Ms. Thomson to invest in a cryptocurrency offering, concealing a secret kickback and utilizing false promises of outsized rewards that would never be realized. (*See* ECF 25 at ¶ 1.) As a result, Ms. Thomson asserts claims for fraud, civil conspiracy to commit fraud, and violations of various federal and state laws against Defendant. (*Id.* at ¶¶ 242-270, 280-320.) In response to Ms. Thomson's claims, Defendant filed counterclaims for alleged, but unspecified defamatory statements and intentional infliction of emotional distress, seeking no less than $10 million in compensatory damages. (*See* ECF 58.)

### B.  The October 13, 2024 Texts

On or around October 13, 2024, Ms. Thomson received unsolicited text messages from Defendant, threatening Ms. Thomson in an apparent extortionate attempt to pressure Ms. Thomson into settling this litigation with Defendant on the Defendant's terms. *See* Harrison Decl., Exhibit A. For example, in the texts, Defendant threatens to "speak to the press" because "[she] ha[s] the fucking receipts" and is "a major liability, for you, for the company." *Id.* at 2, 4. Defendant concurrently demands that Ms. Thomson have her counsel respond to Defendant's prior offers to settle this lawsuit for $10 million, stating, "How do you think this ends? Do me a favor, tell your[] lawyers to respond to my requests." *Id.* at 1.  Throughout the lengthy text

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

messages, Defendant also calls Ms. Thomson a "narcissistic soc[i]opathic fucking cunt" and a "rich motherfucking sociopathic bitch." *Id.* at 2. Further, Defendant suggests that if this matter is not resolved, things may become violent, stating: "Pleas[e] settle this shit, or kill me or have me arrested, I'm fucking done."; "I have zero fear. Fucking kill me, please."; and "Just kill me. It's better for you. It's better for me." *Id.* at 1, 3. Defendant also sent similar text messages to Ms. Thomson's daughter, Madeleine Thomson, stating: "Please settle this shit, or kill me or have me arrested, I'm fucking done."; "Get rid of me. Get rid of the photos and the endless stories . . . just fucking kill me please." *See* Harrison Decl., Exhibit B.

As a result of these messages, Ms. Thomson is, rightfully, afraid for her and her daughter's safety. Given Ms. Thomson's prior friendship with Defendant, Ms. Thomson has hosted Defendant numerous times and Defendant knows where Ms. Thomson resides while in California and other locations she frequents. Defendant has previously mentioned that she had possession of a loaded gun and Ms. Thomson is afraid that Defendant may use any such weapon in furtherance of her violent threats.

## C.    Ms. Thomson Applies for a State Court Restraining Order

On October 18, 2024, Ms. Thomson filed a Request for Civil Harassment Restraining Order against Defendant in the California Superior Court for the County of Monterey. *See* Harrison Decl., Exhibit D. Ms. Thomson's request, which was granted by the Court on October 23, 2024, is based on Defendant's threatening text messages to Ms. Thomson and her daughter, as well as Defendant's prior representations that she was in possession of a loaded gun. *See id.* at 8. The California state Court has now issued a Temporary Restraining Order, ordering Defendant to cease from harassing, contacting, or approaching within 100 yards of Ms. Thomson. Harrison Decl., Exhibit E. Ms. Thomson's daughter has filed a similar application which is now pending.

**D.  Ms. Thomson Now Seeks Protection from This Court**

Ms. Thomson also seeks a temporary restraining order and preliminary injunction from this Court prohibiting Defendant from approaching within 100 yards of Ms. Thomson and her daughter as well as prohibiting Defendant from contacting Ms. Thomson and her daughter directly and, instead, ordering Defendant to only contact Ms. Thomson through her undersigned counsel. Ms. Thomson seeks injunctive relief from this Court, in addition to her request in California State Court, to prevent any prejudice that she may face in the instant action due to Defendant's threats and apparent attempts to improperly influence the outcome of this case.

## III.  <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions, and courts apply the same standards to both. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking injunctive relief must show that (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in her favor; and (4) an injunction is in the public interest. *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)).

A plaintiff must "make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit employs the "serious questions" version of the "sliding scale" approach when applying the four-element *Winter* test. *Id.* at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## IV.   <u>ARGUMENT</u>

Ms. Thomson seeks an order prohibiting Defendant from approaching within 100 yards of her and her daughter, Madeliene, as well as from ceasing the threatening and harassing communications aimed at her and her daughter. Instead, Ms. Thomson requests that Defendant be ordered to communicate with Ms. Thomson solely through Ms. Thomson's undersigned counsel.

Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates"); *see also De Long*, 912 F.2d at 1147 ("[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.").

"[A] district court has the inherent power to issue an injunction against litigants who harass their opponents." *Beyond Blond Productions*, 2022 WL 2784404, at *3 (quoting *Yates v. Belli Deli*, 2007 WL 2318923, at *3 (N.D. Cal. Aug. 13, 2007)); *see also Lewis v. S. S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976) ("Injunctive relief, where warranted, can be a useful tool to aid a court in controlling the conduct of litigants."). Courts may issue an injunction over conduct that is directly related to the lawsuit. *See United Artists Corp.*, 2019 WL 6917918, at *6 (Finding the defendant's conduct was directly related to the suit because it was "intended to intimidate those who are handling this litigation against him."); *Myart v. Taylor*, 2016 WL 5376227, at *4 (W.D. Tex. Sept. 26, 2016) (concluding that the court has jurisdiction to prohibit a party's threatening and harassing conduct towards the other parties because the conduct was "directly related to the instant suit."); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005) (upholding a portion of the district court's injunction

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

prohibiting Defendant "from threatening or harassing [plaintiff], its employees, its staff, [plaintiff's] counsel, counsel's employees, or counsel's staff.").

Here, the conduct at issue is directly related to this lawsuit. Defendant's text messages to Ms. Thomson reference this lawsuit, Ms. Thomson's counsel in this lawsuit, and settlement of this action. *See* Thomson Decl., Ex. A at 1 ("Do me a favor, tell your[] lawyers to respond to my requests."; "Pleas[e] settle this shit, or kill me or have me arrested, I'm fucking done."). The "requests" Defendant demands Ms. Thomson's lawyers respond to are Defendant's demands for $10 million to settle this matter that were previously communicated to Ms. Thomson's counsel and that Defendant is attempting to leverage threats of "hav[ing] the fucking receipts" which would be "a major liability, for you, for the company," to induce such a settlement. *Id.* at 2, 4. References to "the company" are to Ms. Thomson's family business.

## A.    Ms. Thomson is Likely to Succeed on the Merits

Here, the relevant showing for this prong is the likelihood of success on the merits of showing harassment, rather than the merits of the underlying lawsuit. *See United Artists*, 2019 WL 6917918, at *8.

Section 527.6 of the California Code of Civil Procedure defines harassment as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." Cal. Code Civ. Proc. § 527.6(b)(3). "Course of conduct" is a "pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or email." *Id.* § 527.6(b)(1). Additionally, the harassment "must be that which would cause a

- 8 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." *Id.* § 527.6(b)(3).

Ms. Thomson has a strong likelihood of success in proving harassment against Defendant because Defendant has sent clearly alarming and threatening text messages to Ms. Thomson and her daughter, Madeleine Thomson. Defendant's messages go well beyond conduct that is appropriate for party-to-party communications during the pendency of a lawsuit. Defendant invoked violent imagery, telling Ms. Thomson to kill her or else Defendant would "go to the press" because Defendant has "the fucking receipts" and is "a major liability, for you, for the company." Harrison Decl., Exhibit A at 2, 4. Defendant repeatedly insulted Ms. Thomson, calling her a "cunt" and a "rich motherfucking sociopathic bitch." *See id.* These messages have no legitimate purpose and only serve to harass, threaten, and cause substantial emotional distress to Ms. Thomson in an attempt to extort a settlement favorable for Defendant.

### B.     Ms. Thomson Will Suffer Irreparable Harm in the Absence of a TRO

A plaintiff seeking a preliminary injunction must establish that "[s]he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. The harm identified may not be speculative and a plaintiff must also show more than the possibility of some remote further injury. *Winter*, 555 U.S. at 21-22 (rejecting "possibility" standard and holding that plaintiffs must "demonstrate that irreparable injury is likely in the absence of an injunction").

Here, Defendant's messages show a lack of control and a potential risk to Ms. Thomson's and her own safety. These threatening and violent messages and Defendant's statements that she has "nothing left to lose" and to not "underestimate what that looks like," make clear that Defendant is dangerous, and is making direct threats to Ms. Thomson and her daughter. Harrison Decl. at 1. Defendant knows the location of Ms. Thomson's property in Los Angeles as well as the locations Ms. Thomson visits because Ms. Thomson has hosted Defendant numerous times in the

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

past. Furthermore, Ms. Thomson is informed and believes that Defendant is in possession or may have access to a firearm which increases the possibility of future violent action by Defendant. Specifically, during the COVID-19 pandemic, Defendant told Ms. Thomson's daughter, Madeleine, that she and her partner Michele had bought a gun and that the gun was "out" and "loaded" during civil unrest in the Santa Monica area. *See* Harrison Decl., Exhibit C.

Accordingly, these threats put Ms. Thomson in serious fear for her and her daughter's safety in relation to the conduct of this litigation. This is sufficient to show irreparable harm. *See Beyond Blond Productions*, 2022 WL 2784404, at *6 ("[T]hreatening and harassing emails" which may prevent parties from "participating fully in [a] lawsuit" are sufficient to establish a likelihood of suffering irreparable harm.).

## C.    The Balance of Hardships Clearly Favors Ms. Thomson

A court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24. A narrowly tailored injunction prohibiting Defendant from engaging in harassing or threatening conduct directed at Ms. Thomson or her family would certainly not impose significant hardship on Defendant. Defendant may still effectively prosecute her case and communicate with Ms. Thomson through her counsel. We have previously requested that Defendant only communicate with Ms. Thomson through her undersigned counsel and Defendant is aware of this request and is able to comply because she has done so on numerous occasions in the past. Thus, the balance of equities is in Ms. Thomson's favor. *See Beyond Blond Productions*, 2022 WL 2784404, at *6 (A "narrowly tailored injunction prohibiting [a party] from engaging in harassing or threatening conduct . . . would not impose significant hardship to [the party].").

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**D.    Granting the Requested Injunctive Relief Would Advance the Public Interest**

Furthermore, an injunction would be in the public interest because it would help ensure the fair administration of justice by preventing Defendant from continuing to send threatening, harassing and disturbing messages to Ms. Thomson which only serve to cause Ms. Thomson to fear for her and her daughter's safety, and therefore afford the Defendant an undue and completely inappropriate advantage in the underlying litigation. Conversely, there is absolutely no public interest in allowing Defendant to continue to message Ms. Thomson given her recent actions. Thus, the public interest will be advanced if the Court issues the requested relief. *See id.* (An injunction barring harassing communications "would be in the public interest because it would help ensure the fair administration of justice.")

**V.    CONCLUSION**

Defendant's threatening, harassing and coercive text messages to Ms. Thomson clearly qualifies as harassment under the California Code of Civil Procedure. Therefore, in order to prevent Ms. Thomson from suffering immediate and irreparable harm, Ms. Thomson respectfully requests entry of an order temporarily restraining Defendant (1) from directly contacting her or her daughter, Madeleine Thomson, and (2) from coming within 100 yards of Taylor Thomson and her daughter, Madeleine Thomson. Additionally, Ms. Thomson requests that the Court order Defendant to show cause as to why a preliminary injunction should not issue and set a hearing for Ms. Thomson's motion for preliminary injunction.

Dated:  October 30, 2024          **McDERMOTT WILL & EMERY LLP**

By:    */s/ Todd Harrison*
Julian L. André
Todd Harrison

Attorneys for Plaintiff Taylor Thomson

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Emery, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On October 30, 2024, I served copies of the following document:

**PLAINTIFF TAYLOR THOMSON'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

on the following parties via the CM/ECF Notice system:

Ashley Richardson                              *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com

AnnaMarie A. Van Hoesen                  *Counsel for Defendants Persistence*
AVanHoesen@jenner.com                    *Technologies (BVI) PTE. Ltd. and*
515 Flower Street, Suite 3300             *Tushar Aggarwal*
Los Angeles, CA 90071

Kayvan B. Sadeghi
ksadeghi@jenner.com
Adina Hemley-Bronstein
AHemley-Bronstein@jenner.com
1155 Avenue of the Americas
New York, NY 10036

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 30, 2024 in Los Angeles, California.

*/s/ Diksha Vadan*
Diksha Vadan

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles