# EXHIBIT E

**CH-110**  **Temporary Restraining Order**

*Clerk stamps date here when form is filed.*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 10/23/2024
By Deputy: Vega, Elizabeth

*Person in ① must complete items ①, ②, and ③ only.*

### ① Protected Person

a. Your Full Name: **Taylor Lynne Thomson**

Your Lawyer *(if you have one for this case)*:
Name: **Julian L. André**    State Bar No.: **251120**
Firm Name: **McDermott Will & Emery**

b. Your Address *(If you have a lawyer, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, you may give a different mailing address instead. You do not have to give telephone, fax, or email.):*

Address: **2049 Century Park East**
City: **Los Angeles**    State: **CA**    Zip: **90067**
Telephone: **1-310-277-4110**    Fax: **1-310-277-4730**
Email Address: **jandre@mwe.com ; jyim@mwe.com**

*Fill in court name and street address:*

Superior Court of California, County of
**MONTEREY**
Salinas Courthouse
240 Church Street
Salinas, CA 93901

*Court fills in case number when form is filed.*

Case Number: **24CV004449**

### ② Restrained Person

*(Give all the information you know. Information with a star (*) is required to add this order to the California police database. If age is unknown, give an estimate.)*

| | |
|---|---|
| *Full Name: **Ashley Richardson** | *Age: **46**    Date of Birth: **July 18, 1978** |
| *Race: **White**   Height: **6'1"**   Weight: **180** | Hair Color: **Blonde**   Eye Color: **Blue** |
| *Gender: ☐ M   ☒ F   ☐ Nonbinary | Home Address: **25399 Markham Lane** |
| City: **Salinas**    State: **CA** | Zip: **93908** |
| Relationship to Protected Person: **Former friend; currently pending litigation against each other** | |

### ③ ☒ Additional Protected Persons

In addition to the person named in ①, the following family or household members of that person are protected by the temporary orders indicated below:

| Full Name | Gender | Age | Household Member? | Relation to Protected Person |
|---|---|---|---|---|
| Madeleine Parker Thomson | F | 25 | ☐ Yes ☒ No | Daughter |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

☐ Check here if there are additional persons. List them on an attached sheet of paper and write "Attachment 3—Additional Protected Persons" as a title. You may use form MC-025, Attachment.

*The court will complete the rest of this form.*

### ④ Expiration Date

This Order expires at the end of the hearing scheduled for the date and time below:

Date: **11/12/2024**    Time: **1:30**   ☐ a.m.   ☒ p.m.

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2023, Mandatory Form
Code of Civil Procedure, §§ 527.6 and 527.9
Approved by DOJ

**Temporary Restraining Order (CLETS-TCH)**
**(Civil Harassment Prevention)**

CH-110, Page 1 of 6 →

Case Number: 24CV004449

**To the Person in ❷:**

The court has granted the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

## ⑤ Personal Conduct Orders

☐ Not Requested    ☐ Denied Until the Hearing    ☒ Granted as Follows:

a. You must **not** do the following things to the person named in ①
   ~~☒ and to the other protected persons listed in ③:~~

   (1) ☒ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

   (2) ☒ Contact the person, either directly or indirectly, in **any** way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by email, by text message, by fax, or by other electronic means.

   (3) ☒ Take any action to obtain the person's address or location. If this item (3) is not checked, the court has found good cause not to make this order.

   (4) ☐ Other *(specify)*:
       ☐ Other personal conduct orders are attached at the end of this Order on Attachment 5a(4).

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order. However, you may have your papers served by mail on the person in ①.

## ⑥ Stay-Away Order

☐ Not Requested    ☐ Denied Until the Hearing    ☒ Granted as Follows:

a. You must stay at least ~~250~~ 100 yards away from *(check all that apply)*:

   (1) ☒ The person in ①                              (7) ☐ The place of child care of the children of the person in ①
   ~~(2) ☒ Each person in ③~~
   (3) ☒ The home of the person in ①                  (8) ☒ The vehicle of the person in ①
   (4) ☐ The job or workplace of the person in ①      (9) ☐ Other *(specify)*:
   (5) ☐ The school of the person in ①
   (6) ☐ The school of the children of the person in ①

b. This stay-away order does not prevent you from going to or from your home or place of employment.

## ⑦ No Firearms (Guns), Firearm Parts, or Ammunition

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get any prohibited items listed in b on the next page.

**This is a Court Order.**

| | |
|---|---|
| | Case Number: 24CV004449 |

**⑦** b. **Prohibited items are:**

   (1) Firearms (guns);

   (2) Firearm parts, meaning receivers, frames, or any item that may be used as or easily turned into a receiver or frame (see Penal Code section 16531); and

   (3) Ammunition.

c. You must:
   (1) Sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any firearms (guns) and firearm parts in your immediate possession or control. This must be done within 24 hours of being served with this Order.

   (2) File a receipt with the court within 48 hours of receiving this Order that proves that your firearms (guns) and firearm parts have been turned in, sold, or stored. (You may use *Receipt for Firearms and Firearm Parts* (form CH-800) for the receipt.)

d. ☒ The court has received information that you own or possess a firearm (gun), firearm parts, or ammunition.

**⑧** **Possession and Protection of Animals**

   ☒ **Not Requested**   ☐ **Denied Until the Hearing**   ☐ **Granted as Follows** *(specify):*

   a. ☐ The person in ① is given the sole possession, care, and control of the animals listed below, which are owned, possessed, leased, kept, or held by him or her, or reside in his or her household.
      *(Identify animals by, e.g., type, breed, name, color, sex.)*

   _____
   _____

   b. ☐ The person in ② must stay at least _____ yards away from, and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of, the animals listed above.

**⑨** **Other Orders**

   ☒ **Not Requested**   ☐ **Denied Until the Hearing**   ☐ **Granted as Follows** *(specify):*

   _____
   _____
   _____

   ☐ Additional orders are attached at the end of this Order on Attachment 9.

**To the Person in ① :**

**⑩** **Mandatory Entry of Order Into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☒ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

**This is a Court Order.**

Case Number: 24CV004449

**10** c. ☐ By the close of business on the date that this Order is made, the person in ① or his or her lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agency listed below to enter into CARPOS:

Name of Law Enforcement Agency          Address *(City, State, Zip)*

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 10.

**11** **No Fee to Serve (Notify) Restrained Person**    ☒ Ordered    ☐ Not Ordered

The sheriff or marshal will serve this Order without charge because:

a. ☐ The Order is based on unlawful violence, a credible threat of violence, or stalking.

b. ☐ The person in ① is entitled to a fee waiver.

**12** Number of pages attached to this Order, if any: 0

Date: 10/22/2024

*Judicial Officer*
Murat A. Özgur

### Warnings and Notices to the Restrained Person in ②

### You Cannot Have Firearms (Guns), Firearm Parts, or Ammunition

You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get any prohibited items listed in item 7b on page 3 while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any firearms (guns) and firearm parts that you have or control as stated in item ⑦ above. The court will require you to prove that you did so.

### Notice Regarding Nonappearance at Hearing and Service of Order

If you have been personally served with this Temporary Restraining Order and form CH-109, *Notice of Court Hearing,* but you do not appear at the hearing either in person or by a lawyer, and a restraining order that is the same as this Temporary Restraining Order except for the expiration date is issued at the hearing, a copy of the order will be served on you by mail at the address in item ②.

If this address is not correct or you wish to verify that the Temporary Restraining Order was converted into a restraining order at the hearing without substantive change, or to find out the duration of the order, contact the clerk of the court.

### After You Have Been Served With a Restraining Order

- Obey all the orders.
- Read form CH-120-INFO, *How Can I Respond to a Request for Civil Harassment Restraining Orders?*, to learn how to respond to this Order.
- If you want to respond, fill out form CH-120, *Response to Request for Civil Harassment Restraining Orders*, and file it with the court clerk. You do not have to pay any fee to file your response if the Request claims that you inflicted or threatened violence against or stalked the person in ①.

**This is a Court Order.**

- You must have form CH-120 served by mail on the person in ① or that person's attorney. You cannot do this yourself. The person who does the mailing should complete and sign form CH-250, *Proof of Service by Mail*. File the completed proof of service with the court clerk before the hearing date or bring it with you to the hearing.
- In addition to the response, you may file and have declarations served, signed by you and other persons who have personal knowledge of the facts. You may use form MC-030, *Declaration,* for this purpose. It is available from the clerk's office at the court shown on page 1 of this form or at *www.courts.ca.gov/forms*. If you do not know how to prepare a declaration, you should see a lawyer.
- Whether or not you file a response, you should attend the hearing. If you have any witnesses, they must also go to the hearing.
- At the hearing, the judge can make restraining orders against you that last for up to five years. Tell the judge why you disagree with the orders requested.

### Instructions for Law Enforcement

## Enforcing the Restraining Order
This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Orders System (CARPOS). If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violations of this order are subject to criminal penalties.

## Start Date and End Date of Orders
This order *starts* on the date next to the judge's signature on page 4. The order *ends* on the expiration date in item ④ on page 1.

## Arrest Required if Order Is Violated
If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6. Agencies are encouraged to enter violation messages into CARPOS.

## Notice/Proof of Service
The law enforcement agency must first determine if the restrained person had notice of the order. Consider the restrained person "served" (given notice) if (Pen. Code, § 836(c)(2)):
- The officer sees a copy of the Proof of Service or confirms that the Proof of Service is on file; or
- The restrained person was informed of the order by an officer.

An officer can obtain information about the contents of the order and proof of service in CARPOS. If proof of service on the restrained person cannot be verified, the agency must advise the restrained person of the terms of the order and then enforce it.

**This is a Court Order.**



Case Number: 24CV004449

### If the Protected Person Contacts the Restrained Person
Even if the protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

### Conflicting Orders—Priorities for Enforcement
**If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced in the following priority** (see Pen. Code, § 136.2 and Fam. Code, §§ 6383(h)(2), 6405(b)):

1. *Emergency Protective Order (EPO):* If one of the orders is an *Emergency Protective Order* (form EPO-001), provisions (e.g., stay-away order) that are more restrictive than in the other restraining/protective orders must be enforced. Provisions of another order that do not conflict with the EPO must be enforced.
2. *No-Contact Order:* If a restraining/protective order includes a no-contact order, the no-contact order must be enforced. Item 5a(2) is an example of a no-contact order.
3. *Criminal Protective Order (CPO):* If none of the orders include an EPO or a no-contact order, the most recent CPO must be enforced. (Fam. Code, §§ 6383(h)(2) and 6405(b).) Additionally, a CPO issued in a criminal case involving charges of domestic violence, Penal Code sections 261, 261.5, or former 262, or charges requiring sex offender registration must be enforced over any civil court order. (Pen. Code, § 136.2(e)(2).) All provisions in the civil court order that do not conflict with the CPO must be enforced.
4. *Civil Restraining Orders:* If there is more than one civil restraining order (e.g., domestic violence, juvenile, elder abuse, civil harassment), then the order that was issued last must be enforced. Provisions that do not conflict with the most recent civil restraining order must be enforced.

*(Clerk will fill out this part.)*

*Clerk's Certificate*
*[seal]*

**—Clerk's Certificate—**

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: _____   Clerk, by _____, Deputy

**This is a Court Order.**