

**mwe.com**

Todd Harrison
Partner
Tdharrison@mwe.com
+1 212 547 5727

October 30, 2024

<u>VIA ECF</u>
The Honorable Maame Ewusi-Mensah Frimpong
United States District Court
Central District of California
350 West First Street, Courtroom 8B
Los Angeles, CA 90012

Re:   *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al.*, Case No. 2:23-cv-04669 – Defendant Richardson's Status of Representation

Dear Judge Frimpong:

On behalf of Plaintiff Taylor Thomson, I write regarding Defendant Ashley Richardson's status of representation in the above captioned matter. On July 16, 2024, following the issuance of the Court's Order on the Parties' Motion to Dismiss, Plaintiff's counsel received an email from Ms. Richardson, attached hereto as **<u>Exhibit A</u>**, which states:

> Now that the court has denied Taylor's motion to dismiss, I think this is a natural inflection point to discuss settlement before discovery proceeds. If you agree, I will authorize Nick Gravante to negotiate on my behalf, provided I have your explicit agreement that his doing so will not be used by Taylor to argue that I am not proceeding pro se in my lawsuit against her.
>
> Nick's role would be strictly limited to trying to figure out whether Taylor and I could reach a settlement. To be clear, he has not agreed to enter an appearance in or represent me in connection with the lawsuit pending.

Nicholas Gravante is a senior partner at Cadwalader, Wickersham & Taft, one of the largest and most prestigious law firms in the country. This is not the first time in this matter that Ms. Richardson, allegedly proceeding *pro se*, has used Mr. Gravante as her counsel, a very capable and experienced attorney. In June 2022, when McDermott first began representing Ms. Thomson in this matter, Mr. Gravante was introduced to the undersigned as Ms. Richardson's attorney, was present on numerous calls between the undersigned and Ms. Richardson, was included in written communications between the parties, and negotiated agreements on Ms. Richardson's behalf. See **<u>Exhibit B</u>**. In November of 2023, Mr. Gravante continued to engage with the undersigned with respect to this matter. See **<u>Exhibit C</u>**. In December 2023, when the undersigned requested to speak directly with Ms. Richardson, she directed the undersigned to speak with



One Vanderbilt Avenue  New York NY 10017-3852  Tel +1 212 547 5400  Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

The Honorable Maame Ewusi-Mensah Frimpong
October 30, 2024
Page 2

her counsel, Mr. Gravante, instead. (*See* ECF No. 60-2.) At a January 4, 2024 meet and confer for Plaintiff's Motion to Dismiss Ms. Richardson's initial counterclaims, Mr. Gravante told the undersigned that he had already discussed a motion to dismiss with Ms. Richardson. See **Exhibit D**.

Ms. Richardson also admitted that she was receiving legal advice from Mr. Gravante in her initial Opposition to Plaintiff's Motion to Dismiss Defendant Ashley' Richardson's Counterclaims, stating:

> Opposing counsel points out that an attorney in New York who I used to help me assist Thomson and her lawyers to understand the trades that she authorized and, at the time, lost money on, ***is still giving me legal advice. Although that is true,*** he is not being paid anything ***for his services*** because I cannot afford to pay anyone. . . . ***He is offering limited advice and helping me without compensation*** . . . .

(ECF No. 55 ¶ 14.)

During a February 13, 2024 meet and confer, however, Mr. Gravante informed the undersigned that he would not be attending because his "understanding is that Ashley is still pro se," despite scheduling and accepting the event invite the days prior. *See* **Exhibits E & F**. Ms. Richardson also removed any references to Mr. Gravante in her subsequent briefing on Plaintiff's Motion to Dismiss Ms. Richardson's Amended Counterclaims. Nevertheless, the undersigned believes that Ms. Richardson has communicated with and received legal advice from attorneys at every stage of this matter.

Ms. Richardson has used her status as a *pro se* litigant to gain the sympathy of the Court when she needs it but in reality, has been consulting with a high-powered attorney from one of the country's largest law firms for the last two years, throughout the course of this case. The uncertainty surrounding Ms. Richardson's status of representation creates practical issues concerning the imminent Rule 26(f) conference. Pursuant to Rule 2–100 of the Rules of Professional Conduct of the State Bar of California, an attorney "shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer." This prohibition is "widely accepted and of venerable heritage" and "some version of the rule is in effect in all fifty American states." *U.S. v. Lopez*, 4 F.3d 1455, 1458 (9th Cir. 1993). If Ms. Richardson is truly proceeding *pro se*, the undersigned may confer with her directly, but if Ms. Richardson is represented, the undersigned may only communicate with her counsel. Further, if the undersigned were to engage in settlement discussions with Mr. Gravante, as Ms. Richardson now requests, the undersigned cannot discuss the various documents and information that are under seal in this matter because Mr. Gravante has not entered an appearance in this case and has expressly disclaimed that he is representing Ms. Richardson in this particular matter (although he apparently represents her as counsel on other matters), *see* **Exhibits G & H**, though prior interactions with the undersigned have suggested otherwise. Indeed, if Ms. Richardson has produced to Mr. Gravante the documents which the court has placed under seal, that would appear to be a direct violation of the court's sealing order, based on Ms. Thomson's current representations.



The Honorable Maame Ewusi-Mensah Frimpong
October 30, 2024
Page 3

Accordingly, Plaintiff respectfully requests that the Court hold a hearing to determine Ms. Richardson's status of representation and how the undersigned is allowed to proceed with respect to Ms. Richardson.

Respectfully submitted,

*/s/Todd Harrison*

Todd Harrison

cc: All counsel of record via ECF
 Nicholas Gravante (nicholas.gravante@cwt.com)
 Ashley Richardson (ashrichardson@mac.com)

