JULIAN L. ANDRE (SBN 251120)
jandre@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Taylor Thomson<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>　　　　Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS** |

## I. INTRODUCTION

As with her initial motion to compel (*see* Dkt. 89), Defendant Ashley Richardson's Motion to Compel Plaintiff Taylor Thomson's Deposition (Dkt. 96, [hereinafter "Motion" or "Mot."]) is procedurally improper, factually inaccurate, and substantively deficient. This Court previously struck Ms. Richardson's first motion due to her failure to meet and confer prior to filing—among other deficiencies—and it should do the same here, as the same flaws persist.

Ms. Richardson's continued disregard for the Local Rules—specifically, the requirement to engage in a good faith meet-and-confer before filing any discovery motion, and to submit a joint stipulation outlining the disputed discovery issues with any such motion—is, once again, fatal to her Motion. *See* C.D. Cal. L.R. 37-1 & 37-2. Had she done so, Ms. Thomson's counsel would have—as they have consistently done throughout these proceedings—worked collaboratively to coordinate a mutually convenient date and location for the deposition.

Instead, Ms. Richardson appears uninterested in engaging cooperatively in the discovery process. Rather, she is attempting to leverage discovery as a means to exert undue pressure on Ms. Thomson for her own benefit by asserting clear falsehoods in public filings and disclosing Ms. Thomson's confidential information to the press. Counsel for Ms. Thomson is informed that Ms. Richardson has spoken to the press and has been trying to sell Ms. Thomson's story to book publishers and movie producers, continuing her campaign to malign Ms. Thomson outside the courtroom for profit. This is wholly inappropriate and is a clear attempt to improperly sway the potential jury pool.

Ms. Richardson's Motion to Compel should be denied.

## II. BACKGROUND

On September 6, 2024, Ms. Richardson unilaterally noticed Ms. Thomson's deposition to take place in Los Angeles, California on October 16, 2024, without any

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL AND REQUEST FOR SANCTIONS
(No. 2:23-cv-04669-MEMF-MAR)

attempt to consult with Plaintiff regarding available dates for counsel and Plaintiff. Declaration of Todd Harrison in Support of Plaintiff's Opposition to Defendant Ashley Richardson's Motion to Compel and Request for Sanctions ("Harrison Decl."), Ex. A. Ms. Thomson noticed Ms. Richardson's deposition for October 9, 2024. Harrison Decl., Ex. B. On September 12, 2024, Ms. Thomson served Ms. Richardson with demands for production of documents and interrogatories. Harrison Decl., Exs. C & D. Ms. Richardson did not respond in a timely manner.

On September 15, 2024, Ms. Richardson emailed Ms. Thomson's counsel, Todd Harrison, stating that she would "appear in Los Angeles for [her] deposition in Los Angeles on October 9th on the condition that Taylor will show up for her deposition in Los Angeles on October 16," but noted that it was "a substantial inconvenience for [her] to make two consecutive trips to Los Angeles." Harrison Decl., Ex. E at 3.

In response, Ms. Thomson's counsel, Mr. Harrison, replied to Ms. Richardson that "Ms. Thomson is not available on the 16th," and that Ms. Richardson "d[id] not need to make arrangements to travel to Los Angeles at th[at] time." Id. at 2. Mr. Harrison also stated that "[w]e are happy to work with you to make the depositions as convenient as possible for everyone." Id.

On September 23, in response to further emails from Ms. Richardson, Mr. Harrison again responded, reiterating that Ms. Richardson did not need to make travel plans to go to Los Angeles and that counsel would work with her to reschedule the dates of both depositions to dates that were convenient for all parties and reiterated that counsel was willing to discuss conducting Ms. Richardson's deposition closer to her current location, in order to make it more convenient for Ms. Richardson. Id. Ms. Richardson did not respond. Neither Ms. Richardson's deposition nor Ms. Thomson's deposition went forward at that time.

On January 17, 2025, Ms. Richardson unilaterally noticed Ms. Thomson's deposition to occur at a residential location for two days, March 26 and 28, without

consulting with Plaintiff or meeting and conferring to determine convenient dates and locations for all parties.  See Harrison Decl., Ex. F.  On February 25, 2025, Ms. Richardson demanded that Plaintiff's counsel immediately confirm Ms. Thomson's availability for the newly noticed dates, threatening to "go directly to the judge" if no confirmation was provided—a coercive tactic she frequently employs in her communications.  Harrison Decl., Ex. G at 2.  When Mr. Harrison responded that he was not able to immediately confirm the dates on the same day as Ms. Richardson's demand, Ms. Richardson again threatened to "go[] to the judge" if Mr. Harrison did not immediately contact Ms. Richardson's counsel with a settlement offer.  Id. at 1–2.

On February 28, 2025, Ms. Richardson moved to compel the deposition of Ms. Thomson without providing any notice to Ms. Thomson or requesting to meet and confer with Ms. Thomson's counsel.  This was in spite of the fact that Mr. Harrison had, in fact, reached out to and held a conversation with Ms. Richardson's counsel, as Ms. Richardson had explicitly demanded. (Dkt. 89.)  The Court subsequently struck Ms. Richardson's motion, on March 5, 2025, due to Ms. Richardson's failure to provide the requisite hearing information and meet and confer with opposing counsel concerning her motion.  (Dkt. 91.)

On March 21, 2025, Ms. Thomson's counsel sent a letter to Ms. Richardson reminding her that she had not responded to Ms. Thomsons Requests for Production or Interrogatories and, thus, had waived any objections and that she should respond to Ms. Thomson's discovery requests in full by April 30, 2025. Rather than provide the requisite responses to Ms. Thomson's discovery requests, Ms. Richardson served only cursory responses and objections to Ms. Thomson's Requests for Production on April 30, 2025.  Ms. Richardson did not provide any response to Ms. Thomson's Interrogatories.

On June 6, 2025, Ms. Richardson produced some documents in response to Ms. Thomson's Requests for Production.  Upon review of those documents, Ms.

- 3 -

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL AND REQUEST FOR SANCTIONS
(No. 2:23-cv-04669-MEMF-MAR)

Thomson's counsel discovered that Ms. Richardson's production was woefully deficient; failing to include documents responsive to numerous categories and producing documents that were wholly irrelevant.

On July 11, 2025, Ms. Thomson's counsel sent Ms. Richardson a letter outlining the deficiencies in her initial document production and noting that she had entirely failed to respond to Ms. Thomson's interrogatories. *See* Harrison Decl., Ex I. Rather than address the numerous issues with her own discovery responses, and ignoring the previous direction from the Court, on July 29, 2025, Ms. Richardson again moved to compel Ms. Thomson's deposition, without fulfilling her meet and confer requirement or otherwise complying with the Local Rules, and without issuing a current deposition notice.

## III. MS. RICHARDSON'S MOTION TO COMPEL SHOULD BE DENIED

Ms. Richardson's Motion should be denied because: (1) she has not met and conferred with Ms. Thomson's counsel or prepared a joint stipulation outlining the discovery issues in dispute as required by the Federal Rules of Civil Procedure and this Court's Local Rules; (2) many of her assertions are blatantly false; (3) her prior deposition notices were defective and no current deposition notice has been issued; and (4) prior to any depositions, Ms. Richardson must first fulfill her own basic discovery obligations.

### A. Ms. Richardson's Motion to Compel is Premature

All discovery-related motions are to be "noticed for hearing before the assigned magistrate judge," the Honorable Margo A. Rocconi. (Dkt. 5.) A motion to compel pursuant to Rule 37(a) "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 27(a). This Court's Local Rules also require counsel to meet and confer before bringing a discovery motion "in a good-faith effort to eliminate the necessity for hearing the

motion or to eliminate as many of the disputes as possible." C.D. Cal. L.R. 37-1. And once a discovery motion is brought the "Strict compliance with Local Civil Rule 37 is required." Hon. Margo A. Rocconi's Chambers Rules, available at https://www.cacd.uscourts.gov/honorable-margo-rocconi.

No meet and confer occurred prior to Ms. Richardson filing this Motion. Although she served a Notice of Deposition for Ms. Thomson on January 17, 2025, Ms. Richardson did not contact Ms. Thomson's counsel regarding the proposed dates until more than a month later, on February 25, 2025. When informed that counsel could not confirm Ms. Thomson's availability for those dates, Ms. Richardson made no effort to reschedule or to identify mutually agreeable alternatives. Harrison Decl., *See* Ex. G at 1–2.

On February 28, 2025, without engaging in any further discussion or meet and confer, Ms. Richardson improperly moved to compel Ms. Thomson's deposition. (Dkt. 89.) The Court struck that motion based on Ms. Richardson's failure to meet and confer, among other procedural deficiencies. (See Dkt. 91.) Since then, Ms. Richardson has made no attempt to meet and confer regarding deposition scheduling. Ms. Thomson has never refused to appear; rather, it is Ms. Richardson who has failed to take any steps to reschedule the deposition. Indeed, Ms. Richardson has not issued any current deposition notice.

Accordingly, Ms. Richardson's Motion should be denied. *See Los Robles Emergency Physicians Med. Grp. v. Stanford Franz*, 2024 WL 2106945, at *5 (C.D. Cal. Apr. 4, 2024) (denying motion to compel for failure to comply with meet and confer requirement).

**B.  Ms. Richardson's Motion to Compel is Based on Falsehoods**

In addition to her failure to comply with the Federal and Local Rules, Ms. Richardson falsely claims that Ms. Thomson: 1) is trying to evade her noticed deposition; 2) failed to appear for her noticed deposition; and 3) that "Ms. Thomson

- 5 -

will never voluntarily appear and, even if she did, would assert her Fifth Amendment privilege [sic] against self discrimination." (Mot. at 1-2.) None of this is true.

Ms. Richardson appears to have made a typographical error in her Motion by asserting that "[o]n September 6, 2025, [she] served a Notice of Deposition upon Taylor Thomson for a deposition scheduled on October 16, 2025." (Mot. at 2.) Ms. Thomson's counsel assumes this to be a mistaken reference to the deposition notice actually issued on September 6, 2024. *See* Harrison Decl., Ex. A. Regardless, Ms. Richardson's claim that Ms. Thomson failed to appear for that deposition is incorrect. On September 17, 2024, Ms. Thomson's counsel informed Ms. Richardson that Ms. Thomson was unavailable on the unilaterally selected date. Counsel also made clear that they were willing to work cooperatively to schedule both Ms. Thomson's and Ms. Richardson's depositions for dates and locations that were mutually agreeable. *See* Harrison Decl., Ex. E at 2.

Ms. Richardson's claim that Ms. Thomson's counsel "once again has noted Taylor Thomson will fail to appear due to their client residing outside of the United States" is another blatant falsehood. (Mot. at 2.) There is no outstanding deposition notice or scheduled deposition date, and plaintiff's counsel therefore could not possibly have made any such statement to Ms. Richardson.

Finally, Ms. Richardson's claim that Ms. Thomson "will never voluntarily appear" or intends to invoke the Fifth Amendment is demonstrably false. (Mot. at 1.) At no point has Ms. Thomson ever stated or implied that she intends to invoke the Fifth Amendment in this matter, or that she would not voluntarily appear. Ms. Richardson's unfounded assertion to the contrary is not only baseless but appears to be a deliberate attempt to harm Ms. Thomson's reputation through a public court filing.

/ / /

/ / /

/ / /

- 6 -

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL AND REQUEST FOR SANCTIONS
(No. 2:23-cv-04669-MEMF-MAR)

### C. Ms. Richardson's Threatening Behavior and Attempts to Use the Press to Taint the Jury Pool Require Heightened Judicial Oversight in this Matter

On October 13, 2024, Ms. Richardson sent a number of threatening and insulting text messages relating to this litigation to Ms. Thomson, including asking Ms. Thomson, "[h]ow do you think this ends?"; calling Ms. Thomson a "narcissistic soc[i]opathic fucking cunt"; and threatening to "speak to the press" because she "ha[s] the fucking receipts" and is "a major liability, for [Ms. Thomson], for the company." Harrison Decl. Ex. H at 1–2, 4. Ms. Richardson also suggested things may become violent, stating: "Pleas[e] settle this shit, or kill me or have me arrested, I'm fucking done."; "I have zero fear. Fucking kill me, please." *Id.* at 1, 3.

Due to this behavior by Ms. Richardson, Ms. Thomson is justifiably in fear of Ms. Richrdson's threats and requests heightened judicial scrutiny of Ms. Richardson's demands relating to the time, place and manner of any future deposition of Ms. Thomson. For instance, Ms. Richardson's prior Notice of Deposition set the location as 348 Cayuga, St., Salinas, California, 93901. Harrison Decl., Ex. F. This location appears to be a small, single-story home in a residential neighborhood, not a business location.

Though parties may generally set deposition locations unilaterally, *see Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005), a private residence is a clearly inappropriate location for a deposition, *see Ashley v. Moore*, No. CV 22-4909-DMG (KSX), 2023 WL 4205807, at *6 (C.D. Cal. May 10, 2023) (noting concerns with conducting depositions at a private residence including "adequate access to internet and wifi sources" and ordering that the depositions take place "at any mutually agreed non-residential office space" or at the attorney work room at the courthouse). Furthermore, due to prior threatening text messages sent by Ms. Richardson, Ms. Thomson and her counsel do not feel safe going to an unknown residential address in

a random area for any deposition. *See* Harrison Decl., Ex. H. Moreover, Ms. Richardson below requests a protective order relating to the conduct and topics of the deposition.

### D. Ms. Richardson Must Respond to the Outstanding Discovery Demands Prior to any Depositions

Ms. Richardson has still not fully responded to the previously served document demands or the Interrogatories, both of which were served on Ms. Richardson nearly one year ago, on September 12, 2024. Discovery is not a one-way street, and Ms. Richardson cannot seek to compel discovery from Ms. Thomson while avoiding her own disclosure requirements.

To date, Ms. Richardson has not identified a single defamatory statement made by Ms. Thomson or any necessary specific information related to any alleged defamatory statements, or any specifics relating to her unsubstantiated counterclaim that Ms. Thomson subjected her to unspecified abuse. Ms. Thomson has a right to know the basic details of the allegations against her—specifically the who, what, when and where of the alleged defamatory statements, for many reasons of basic fairness, but in particular here in order not to waste time during any future deposition. Without clarification of Ms. Richardson's claims through discovery, Ms. Thomson cannot adequately prepare for her deposition.

This is especially true here, where Ms. Richardson's statements in the parties' joint Rule 26(f) filing make clear that Ms. Richardson intends to question Ms. Thomson on numerous wholly irrelevant, inflammatory, falsified, and unrelated topics of which Ms. Thomson will likely have no knowledge. For example, Ms. Richardson's "Key Documents and Evidence" section includes overbroad and irrelevant subject matter such as documents concerning Ms. Thomson's personal security measures; all communications with numerous third parties who have no connection to this case;

records reflecting purchases or investments in art, real estate, clothing; and other things that have no relevance to this dispute. (*See* Dkt. 77 at 11-14.)

Accordingly, Ms. Richardson's Motion should be denied until she completes her own discovery obligations.

## IV. REQUEST FOR PROTECTIVE ORDER

It appears that Ms. Richardson's goal is to gain access to Ms. Thomson's personal details through discovery, and then leak those personal details to the media in an attempt to intimidate Ms. Thomson and gain leverage over Ms. Thomson in the instant litigation. Ms. Thomson's counsel previously requested that Ms. Richardson enter into a stipulated protective order based on the Central District's Model Stipulation and Proposed Protective Order. As the Court is well aware, such Protective Orders are routinely entered into by parties to litigation in this courthouse. Ms. Richardson refused to agree to such a protective order, making clear her intent to attempt to generate and disseminate misleading information during the course of the litigation for the sole purpose of leaking such to the press.

Throughout this litigation, Ms. Richardson and her counsel have repeatedly threatened to release false and inflammatory narratives about Ms. Thomson to the media in order to intimidate Ms. Thomson and gain an improper advantage in this litigation. Ms. Thomson has refused to accede to these improper demands. As a result, Ms. Richardson and her attorney have acted on their threats and have facilitated the publication of a forthcoming press article concerning Ms. Thomson. This is a blatant attempt to intimidate Ms. Thomson and to improperly sway the potential jury pool.

In light of Ms. Richardson's ongoing threats to disclose inflammatory and irrelevant material to the media, as well as her refusal to stipulate to a protective order, Ms. Thomson hereby files a motion for a Protective Order based on the Central District of California's Model Stipulated Protective Order, attached hereto as Exhibit A. This

is necessary to ensure that the discovery process is not misused as a means of harassment, reputational harm, or media manipulation.

Granting such an order would align with this Court's standard practices and serve to protect the integrity of the proceedings by limiting the improper dissemination of confidential or sensitive information exchanged during discovery. Ms. Richardson's conduct to date demonstrates a clear intent to exploit the litigation process by threatening to publicly release personal and confidential materials in pursuit of improper extrajudicial objectives.

## V. SANCTIONS ARE UNWARRANTED, AND MS. THOMSON IS ENTITLED TO FEES

Ms. Richardson also "requests that the Court impose sanctions against Taylor Thomson for her willful failure to appear." (Mot. at 4.) Sanctions are warranted when "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). This is not the case here. As previously discussed, Ms. Thomson's counsel repeatedly informed Ms. Richardson that Ms. Thomson was not available to appear for a deposition on prior dates that Ms. Richardson unilaterally selected, and offered to schedule the deposition at a time and location amenable to both parties. Harrison Decl., Exs. E-G. No depositions occurred on those dates, with or without Ms. Thomson, nor does Ms. Richardson even claim that she attempted to conduct the deposition (for the simple reason that she did not). Finally, there is no currently outstanding deposition notice, and Ms. Thomson therefore cannot possibly have failed to appear. Accordingly, Ms. Richardson's request for sanctions should be denied.

Given the frivolous nature of Ms. Richardson's Motion and her repeated failure to comply with the Local Rules—particularly the obligation to meet and confer in good faith—Ms. Thomson respectfully requests that the Court award to Ms. Thomson the payment of her attorneys' fees incurred in opposing this Motion. Ms. Richardson has

now twice burdened the Court and opposing counsel with procedurally improper motions to compel, despite clear notice of the meet and confer (and other) requirements. An award of fees is warranted under Federal Rule of Civil Procedure 37(a)(5)(B) to deter similar conduct and to compensate Ms. Thomson for the unnecessary expense of responding to baseless and duplicative filings.

## VI. CONCLUSION

For the foregoing reasons, Ms. Thomson respectfully requests that the Court deny Ms. Richardson's Motion to Compel and award Ms. Thomson the attorneys' fees incurred in responding to the Motion; and Order that the attached Protective Order govern the Parties' actions in this matter.

Dated: August 12, 2025         **MCDERMOTT WILL & SCHULTE LLP**

By:   */s/ Julian L. André*
      JULIAN L. ANDRE
      TODD HARRISON
      JOSEPH B. EVANS

      Attorneys for Plaintiff
      TAYLOR THOMSON

- 11 -

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL AND REQUEST FOR SANCTIONS
(No. 2:23-cv-04669-MEMF-MAR)