# EXHIBIT C

1  JULIAN L. ANDRE (SBN 251120)
   jandre@mwe.com
2  **MCDERMOTT WILL & EMERY LLP**
   2049 Century Park East
3  Suite 3200
   Los Angeles, CA  90067-3206
4  Telephone:   +1 310 277 4110
   Facsimile:   +1 310 277 4730

5

6  JOSEPH B. EVANS (appearing *pro hac vice*)
   jbevans@mwe.com
   TODD HARRISON (appearing *pro hac vice*)
7  tdharrison@mwe.com
   **MCDERMOTT WILL & EMERY LLP**
8  One Vanderbilt Ave
   New York, NY 10017
9  Telephone: (212) 547-5767
   Facsimile: (212) 547-5444

10

11 Attorneys for Plaintiff
   TAYLOR THOMSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| Taylor Thomson | Case No. 2:23-cv-04669-MEMF-MAR |
|---|---|
| Plaintiff, | **PLAINTIFF TAYLOR THOMSON'S FIRST SET OF INTERROGATORIES TO DEFENDANT ASHLEY RICHARDSON** |
| v. | |
| Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson, | |
| Defendants. | |

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF INTERROGATORIES TO DEFENDANT
ASHLEY RICHARDSON
(No. 2:23-CV-04669-MEMF-MAR)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Taylor Thomson hereby requests that Defendant Ashley Richardson answer the following interrogatories fully, in writing and under oath, by October 4, 2024 in accordance with the Instructions and Definitions set forth below.

## **INSTRUCTIONS**

1. Each response shall first restate, in full, the Interrogatory to which it responds and shall apply the definitions set forth below.

2. These Interrogatories are intended to include all information in your possession, custody or control, and in the possession, custody or control of your spouse, agents, representatives, or attorneys. In preparing your responses to these Interrogatories, you are required to conduct a thorough investigation of all information in your possession, custody or control, and in the possession, custody or control of your agents, representatives or attorneys.

3. You are required to answer each Interrogatory separately and fully in writing, under oath, unless you make a proper objecting to the Interrogatory pursuant to the Rules of Federal Procedure.

4. If you object to an Interrogatory in part, you must state specifically which part of the Interrogatory you object to, the grounds therefore, and respond to all other parts of the Interrogatory.

5. If an Interrogatory cannot be answered completely, you are to answer the Interrogatory to the extent possible, and indicate why a complete answer cannot be provided.

6. These Interrogatories are continuing, and require that you promptly supply, by way of supplemental responses, any and all information that may become known prior to the trial of this action, that is further responsive to these Interrogatories or otherwise necessary to maintain the accuracy of answers.

- 1 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF INTERROGATORIES TO DEFENDANT
ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

7. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

9. To "describe in detail" means to set forth with particularity and precision the underlying facts and substance of the requested matter and to identify any natural person, company, business entity, document, meeting, communication, and any other fact, person or thing involved in or related to that matter.

10. The terms "all" and "each" shall be construed as all and each.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

## DEFINITIONS

As used herein and in all further Interrogatories, unless specified otherwise, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in this set of interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and Local Rules of the United States District

- 2 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF INTERROGATORIES TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

Court for the Central District of California.  In this set of Interrogatories, the following terms are to be given their ascribed definitions:

A. "Concerning" comprising, consisting of, concerning, relating to, referring to, reflecting, regarding, supporting, evidencing, relating to, prepared in connection with, used in preparation for, or being in any way legally, logically or factually concerned with the matter described, referred to or discussed.

B. "Cryptocurrency" means all digital assets means all digital assets that are traded on a blockchain, broadly defined to include all types of digital assets, including virtual currency, tokens, ERC-20 compliant tokens, security tokens, utility tokens, stablecoins, and any other digital assets. This includes, but is not limited to, Bitcoin, Bitcoin Cash, Ethereum (ETH), USD Coin, Tether (USDt), Dai, IDOL, XRP, Cardano, Polkadot, Binance Coin, Litecoin, Chainlink, Stellar, Dogecoin, Aave, Uniswap, Wrapped Bitcoin, Bitcoin SV, EOS, Monero, Maker, Cosmos, TRON, NEM, Synthetix, Tezos, THETA, Compound, VeChain, Neo SushiSwap, Huobi Token, UMA, Elrond, IOTA, Solana, Luna (LUNA), Luna Classic (LUNC), Terra USD (UST), Avalanche (AVAX), Convex (CVX), OHM, Governance OHM, and any other digital asset.

C. "Digital Address" means the alphanumeric strings that identify a Digital Wallet.

D. "Persistence" means Persistence Technologies BVI Pte Ltd., as well as any parent, subsidiary, division, or related company or other business entity controlled by or operated by or on behalf thereof, or predecessors thereof, and all officers, directors, employees, agents, representatives, attorneys, and all others acting on Persistence's behalf or under its control.

E. "Person" or "Persons" means any natural person or legal entity or organization, including associations, partnerships, and corporations acting in any capacity.  The acts of a person include the acts of its directors, officers, owners,

employees, agents, attorneys, or any other representatives acting by or on its behalf or at its request.

F. "You" and "Your" refers to Ashley Richardson and all of her partners, agents, employees, independent contractors, insurers, attorneys, investigators, consultants, affiliates, and assigns, or any Person acting on Ashley Richardson's behalf, and any corporations, LLCs, partnerships, or other legal entities beneficially owned by you or subject to your control.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify and state the factual basis and the specific evidence supporting the factual basis for each counterclaim that You have asserted or intend to assert in this action.

**INTERROGATORY NO. 2:**

State all facts Concerning Your relationship with Persistence including, but not limited to, all payments, transfers of fiat or Cryptocurrency, or financial benefits Persistence, or anyone in any way affiliated with Persistence, and/or Tushar Aggarwal made to You, and the actions You undertook or promised to undertake in exchange for those payments or financial benefits.

**INTERROGATORY NO. 3:**

State all facts Concerning Your allegations that Plaintiff made statements to individuals that Richardson had committed fraud and theft of Cryptocurrency as alleged in paragraphs 3 through 5 of Your First Amended Counterclaim (ECF 58) including, but not limited to, the identities of the individuals Plaintiff made statements to, the contents of the statements, and the date and time of those statements.

- 4 -

**INTERROGATORY NO. 4:**

State all facts Concerning all injuries to Your "professional reputation, character and business" You allege in paragraph 6 of Your First Amended Counterclaim (ECF 58) including, but not limited to, any specific employment or other professional opportunities You lost as a result of Plaintiff's alleged actions.

**INTERROGATORY NO. 5:**

State all injuries, illnesses, diseases and/or medical conditions incurred by you *and* for which you seek recovery in this lawsuit, and the date and location that (a) each such alleged illness, injury, disease, or medical condition first manifested itself (b) the date that each such alleged illness, injury, disease, or medical condition was first diagnosed, and (c) the physician that first diagnosed it.

**INTERROGATORY NO. 6:**

State all facts Concerning Your allegation that Plaintiff "has lengthy history spanning over a decade of making extreme demands of Ashley," as alleged in paragraph 18 of Your First Amended Counterclaim (ECF 58) including, but not limited to, the date and time of the demand and the contents of the demand.

**INTERROGATORY NO. 7:**

State all facts Concerning Your allegation that Plaintiff "verbally disparaged" You to "potential employers" including, but not limited to, the date and time of the disparagement, the identities of the individuals Plaintiff made the disparagements to, and the specific contents of the disparagement.

**INTERROGATORY NO. 8:**

State all facts Concerning each of the "primary legal issues to be addressed in the Counterclaim of this matter" listed on Pages 5-8 of the Joint Rule 26(f) Report (ECF 77) including, but not limited to, the date and time of each specific event or conversation, the individuals involved in each event or conversation, and the specific contents of each event or conversation.

- 5 -

**INTERROGATORY NO. 9:**

State all of Your sources of income from January 2019 to present.

**INTERROGATORY NO. 10:**

Identify all places You have stored or transacted with Your Cryptocurrency from 2020 to present including, but not limited to, Digital Wallets by Digital Address, accounts on Cryptocurrency exchanges, hardware wallets, and identifying each Decentralized Exchange or Liquidity Pools and the total assets held in each Liquidity Pool.

**INTERROGATORY NO. 11:**

Identify all Telegram or other social media applications or groups You belong to Concerning Cryptocurrency, or in which you have made communications Concerning Cryptocurrency.

**INTERROGATORY NO. 12:**

Identify all Persons that You consulted with or whom otherwise assisted You Concerning this matter including, but not limited to, with the preparation of any filings or other materials in this case, responding to discovery requests, or providing strategic input.

**INTERROGATORY NO. 13:**

Identify all Cryptocurrency trades You made for Plaintiff by transaction hash if on a Decentralized Exchange or Liquidity Pool or date and amount if on a Centralized Exchange, and each communication in which Plaintiff authorized or requested those Cryptocurrency trades.

**INTERROGATORY NO. 14:**

State all facts Concerning Your assertion that You and Plaintiff discussed "for a percentage of XPRT tokens to be staked" to serve as a "finder's fee in the form of the XPRT token, that was to be staked for one year and realized only if Thomson saw a profit" as asserted in Your Response to Allegations on Pages 4-5 of the Joint Rule

26(f) Report (ECF 77) including, but not limited to, the date and time of these discussions and the specific contents of the discussions.

**INTERROGATORY NO. 15:**

State the relevance to this matter of each witness You listed in Your "Anticipated Witnesses" section on Pages 9-10 of the Joint Rule 26(f) Report (ECF 77).

Dated: September 12, 2024          **MCDERMOTT WILL & EMERY LLP**

By: */s/Todd Harrison*
JULIAN L. ANDRE
TODD HARRISON
JOSEPH B. EVANS

Attorneys for Plaintiff
TAYLOR THOMSON

- 7 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF INTERROGATORIES TO DEFENDANT
ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Emery, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On September 12, 2024, I served copies of the following document:

**PLAINTIFF TAYLOR THOMSON'S FIRST SET OF INTERROGATORIES TO DEFENDANT ASHLEY RICHARDSON**

on the following party via Electronic Mail based on the written consent of Ms. Richardson:

Ashley Richardson             *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 12, 2024, at Los Angeles, California.

*/s/Joshua Yim*
Joshua Yim