# EXHIBIT D

1  JULIAN L. ANDRE (SBN 251120)
   jandre@mwe.com
2  **MCDERMOTT WILL & EMERY LLP**
   2049 Century Park East
3  Suite 3200
   Los Angeles, CA 90067-3206
4  Telephone: +1 310 277 4110
   Facsimile: +1 310 277 4730
5
   JOSEPH B. EVANS (appearing *pro hac vice*)
6  jbevans@mwe.com
   TODD HARRISON (appearing *pro hac vice*)
7  tdharrison@mwe.com
   **MCDERMOTT WILL & EMERY LLP**
8  One Vanderbilt Ave
   New York, NY 10017
9  Telephone: (212) 547-5767
   Facsimile: (212) 547-5444
10
11 Attorneys for Plaintiff
   TAYLOR THOMSON
12

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| Taylor Thomson | Case No. 2:23-cv-04669-MEMF-MAR |
|---|---|
| Plaintiff, | **PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON** |
| v. | |
| Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson, | |
| Defendants. | |

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-CV-04669-MEMF-MAR)

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Taylor Thomson ("Plaintiff" or "Ms. Thomson") submits the following requests for production, inspection, and copying of documents, including electronic documents, to Ashley Richardson ("Richardson," "Defendant," or "You"). You shall produce all responsive documents at the offices of McDermott Will & Emery LLP, 2049 Century Park East Suite 3200, Los Angeles, CA 90067-3206, or as otherwise agreed by counsel. Production shall occur on October 4, 2024, unless otherwise agreed by counsel.

## INSTRUCTIONS

1. Each Request for Production shall apply the definitions set forth below.

2. These Requests for Production are intended to include all information in your possession, custody or control, and in the possession, custody or control of your spouse, agents, representatives, or attorneys. In preparing responses, you are required to conduct a thorough investigation of all information in your possession, custody or control, and in the possession, custody or control of your agents, representatives or attorneys.

3. If any document or thing is not produced based on a claim of privilege or You contend a document or thing is otherwise excludable from discovery, you shall provide Plaintiff with a privilege log that conforms with Federal Rule of Civil Procedure 26(b)(5) and this Court's local rules.

4. These requests seek the production of documents and things as of the date on which you respond; however, these requests shall be deemed continuing and must be supplemented as required by the Federal Rules of Civil Procedure. If, after producing documents and things, you become aware of any further document(s), thing(s), or information responsive to these Requests, you are required to produce such additional documents, things, and/or information to Ms. Thomson promptly upon acquiring possession.

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

5. If you object to any request as overly broad or unduly burdensome, you shall produce those documents and/or things which are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome, respectively.

6. Any references to a corporation, partnership, proprietorship, association, organization, or any other business or legal entity shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entities' agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, or other business or legal entity.

7. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

9. To "describe in detail" means to set forth with particularity and precision the underlying facts and substance of the requested matter and to identify any natural person, company, business entity, document, meeting, communication, and any other fact, person or thing involved in or related to that matter.

10. The terms "all" and "each" shall be construed as all and each.

- 2 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

## DEFINITIONS

As used herein and in all further requests, unless specified otherwise, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in this set of requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Central District of California. In this set of requests, the following terms are to be given their ascribed definitions:

A. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

B. "Concerning" comprising, consisting of, concerning, relating to, referring to, reflecting, regarding, supporting, evidencing, relating to, prepared in connection with, used in preparation for, or being in any way legally, logically or factually concerned with the matter described, referred to or discussed.

C. "Cryptocurrency" means all digital assets means all digital assets that are traded on a blockchain, broadly defined to include all types of digital assets, including virtual currency, tokens, ERC-20 compliant tokens, security tokens, utility tokens, stablecoins, and any other digital assets. This includes, but is not limited to, Bitcoin, Bitcoin Cash, Ethereum (ETH), USD Coin, Tether (USDt), Dai, IDOL, XRP, Cardano, Polkadot, Binance Coin, Litecoin, Chainlink, Stellar, Dogecoin, Aave, Uniswap, Wrapped Bitcoin, Bitcoin SV, EOS, Monero, Maker, Cosmos, TRON, NEM,

- 3 -

Synthetix, Tezos, THETA, Compound, VeChain, Neo SushiSwap, Huobi Token, UMA, Elrond, IOTA, Solana, Luna (LUNA), Luna Classic (LUNC), Terra USD (UST), Avalanche (AVAX), Convex (CVX), OHM, Governance OHM, and any other digital asset.

D. "Digital Address" means the alphanumeric strings that identify a Digital Wallet.

E. "Digital Wallet" means the location on the blockchain where Cryptocurrency is stored.

F. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

G. "Persistence" means Persistence Technologies (BVI) Pte Ltd. and all of its owners, officers, directors, employees, and partners and all other entities affiliated with Persistence Technologies (BVI) Pte Ltd., including, as applicable, its predecessors, successors, partners, joint ventures, subsidiaries, affiliates, divisions, principals, trustees, agents, representatives, consultants, attorneys, auditors, accountants, consultants or any other Person(s) now or heretofore under the control of the foregoing or acting or purporting to act on its behalf.

H. "Persistence Offering" means any product or service offered by Persistence or using XPRT, or any other Persistence product or service in any manner. This includes but is not limited to XPRT, pSTAKE, pWallet, Persistence Bridge, and Osmosis.

I. "Person" or "Persons" means any natural person or legal entity or organization, including associations, partnerships, and corporations acting in any capacity. The acts of a person include the acts of its directors, officers, owners, employees, agents, attorneys, or any other representatives acting by or on its behalf or

- 4 -

at its request.

J.     "Plaintiff" or "Ms. Thomson" means Plaintiff Taylor Thomson.

K.     "Records" means all documents and communications in any way related to an Account, including emails, statements, applications, onboarding forms, communications, correspondence, know your customer/anti-money laundering related documents, SWIFT records, records reflecting transactions, checks (front and back), wire transfers, tax documents and filings, certificates of foreign status of beneficial owners, memoranda, notes, custodian agreements, trustee agreements, forms and/or related documents and communications, beneficiary agreements, forms and/or related documents and communications, and all other documents concerning the owners, signatories, beneficial owners, trustees, and all other persons associated with an Account in any way, and any other documents, communications, or bank records.

L.     "TSA" means the Token Sale Agreement between Ms. Thomson and Persistence executed on August 25, 2021.

M.     "You" and "Your" refers to Ashley Richardson and all of her partners, agents, employees, independent contractors, insurers, attorneys, investigators, consultants, affiliates, and assigns, or any Person acting on Ashley Richardson's behalf, and any corporations, LLCs, partnerships, or other legal entities beneficially owned by you or subject to your control.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents, Communications, and Records Concerning the allegations set forth in the Answer to Complaint (ECF No. 48) or otherwise relevant to the same.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, Communications, and Records Concerning the allegations set forth in the First Amended Counterclaim (ECF No. 58) or otherwise relevant to the same.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, Communications, and Records Concerning or in any way related to Persistence.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents, Communications, and Records Concerning or in any way related to Tushar Aggarwal.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents, Communications, and Records Concerning or in any way related to Taylor Thomson, including, but not limited to, Ms. Thomson's investment in any products offered by Persistence or offered by other entities in connection with Persistence, or any cryptocurrency.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between Persistence and/or anyone associated with Persistence and You.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents, Communications, and Records Concerning or in any way related to any financial benefits or payments Persistence made to You, or offered or promised to make to You.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications with, between, or among You, Tushar Aggarwal, or anyone else associated with Persistence Concerning Ms. Thomson in any way.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents, Communications, and Records Concerning APY of products offered by Persistence including, but not limited to, XPRT, pSTAKE, liquidity pools on Osmosis Zone, PSTAKE/OSMO staking, or any other product or service offered by Persistence or offered by any entity in connection with Persistence.

- 6 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

**REQUEST FOR PRODUCTION NO. 10:**

All Documents, Communications, and Records Concerning the advertising, marketing, and promotion of XPRT, pSTAKE, liquidity pools on Osmosis Zone, PSTAKE/OSMO staking, or any other product or service offered by Persistence or offered by any entity in connection with Persistence.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents, Communications, and Records Concerning strategies to promote XPRT, Persistence, or the Persistence Offering.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents, including calendar invitations, Concerning meetings between You and Persistence and any other related parties.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents, Communications, and Records Concerning XPRT's status as a security or a non-security under United States laws.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents, Communications, and Records Concerning XPRT's status as a security or a non-security under Singapore law.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents, Communications, and Records Concerning Taylor Thomson's residence, citizenship, domicile, or physical presence.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents, Communications, and Records Concerning Persistence and/or Tushar Aggarwal's knowledge of Your residence, citizenship, domicile, or physical presence in California and/or the United States of America.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents, Communications, and Records Concerning the TSA.

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

**REQUEST FOR PRODUCTION NO. 18:**

All Documents, Communications, and Records Concerning any purchases of XPRT outside of the TSA.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents, Communications, and Records Concerning any purchases of XPRT by You.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents, Communications, and Records that describe or relate in any way to the attraction or potential attraction of investors to Persistence, including but not limited to any mention of "whale" investors.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents, Communications, and Records Concerning your involvement with the sale of any cryptocurrency or any security to any Person or on behalf of any person in the State of California, or in the United States of America.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents, Communications, and Records that relate to the number of wallets holding Ms. Thomson's and/or Your XPRT.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents, Communications, and Records regarding advertisement of the number of wallets holding XPRT.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents, Communications, and Records that relate to the promotion of XPRT or any Persistence products.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents, Communications, and Records regarding separation of XPRT investments into separate wallets, or any of Persistence's policies regarding such separation.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents, Communications, and Records Concerning XPRT's ability and/or potential to increase in value.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents, Communications, and Records Concerning inflation with respect to any products or services offered by Persistence, or any products or services offered by other entities that are in any way related to Persistence.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents, Communications, and Records Concerning governance of, access to, and/or decisions as to the disposition of XPRT held or contained in any XPRT treasury maintained by Persistence.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to identify all digital wallets associated with You in any way.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents, Communications, and Records Concerning whether to register XPRT with the Securities and Exchange Commission of the United States or any other regulatory entity.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, Communications, and Records Concerning any application to the California Commissioner of Financial Protection and Innovation for a certificate authorizing You to act as a broker-dealer.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents, Communications, and Records Concerning any application to the California Commissioner of Financial Protection and Innovation for a certificate authorizing You to act as an investment adviser.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents, Communications, and Records Concerning Your allegation that Ms. Thomson has a history of wiretapping and surveilling staff members.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents, Communications, and Records Concerning Your "fear" of Ms. Thomson.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents, Communications, and Records sufficient to identify "certain individuals in the Film and Television industry" to whom you allege Ms. Thomson made false statements.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents, Communications, and Records that identify the specific false statements You allege Ms. Thomson made to "certain individuals in the Film and Television industry."

**REQUEST FOR PRODUCTION NO. 37:**

All Documents, Communications, and Records Concerning Your management of Ms. Thomson's financial holdings, in fiat or cryptocurrency.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents, Communications, and Records Concerning Your relinquishment of, or requests for you to relinquish, Ms. Thomson's financial holdings and/or any related information, in fiat and/or cryptocurrency.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents, Communications, and Records sufficient to identify the "individuals within Richardson's and Thomson's shared social circle" that You allege Ms. Thomson told that You "committed Fraud and Theft of cryptocurrency."

- 10 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

**REQUEST FOR PRODUCTION NO. 40:**

All Documents, Communications, and Records Concerning Your allegation that Ms. Thomson told "individuals within Richardson's and Thomson's shared social circle" that You "committed Fraud and Theft of cryptocurrency."

**REQUEST FOR PRODUCTION NO. 41:**

All Documents, Communications, and Records sufficient to identify the "individuals within Cryptocurrency and Financial sectors" that You allege Ms. Thomson told that You "had committed Fraud and Theft of cryptocurrency."

**REQUEST FOR PRODUCTION NO. 42:**

All Documents, Communications, and Records Concerning Your allegation that Ms. Thomson told "individuals within Cryptocurrency and Financial sectors" that You "had committed Fraud and Theft of cryptocurrency."

**REQUEST FOR PRODUCTION NO. 43:**

All Documents, Communications, and Records Concerning the "false Defamatory Lies" that You allege Ms. Thomson "spread with malice and with knowledge that they were false, or with a reckless disregard for the truth."

**REQUEST FOR PRODUCTION NO. 44:**

All Documents, Communications, and Records sufficient to identify Your employment from January 2019 to present.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents, Communications, and Records sufficient to identify all sources of Your income from January 2019 to present.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents, Communications, and Records sufficient to identify any injury to any of the following: Your "professional reputation, character, trade [or] business."

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

**REQUEST FOR PRODUCTION NO. 47:**

All Documents, Communications, and Records Concerning and/supporting Your claim of "not less than Five Million Dollars" worth of "general and special damages" suffered.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents Concerning your allegation that Ms. Thomson has an "extensive and well documented history of defamation."

**REQUEST FOR PRODUCTION NO. 49:**

All Documents, Communications, and Records Concerning your allegation of Ms. Thomson's "lengthy history spanning over a decade of making extreme demands of" You.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents, Communications, and Records Concerning You communicating any "fear" or any unwillingness, hesitation, or refusal to assist Ms. Thomson with managing her cryptocurrency portfolio.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents, Communications, and Records Concerning Your allegation that "Thomson urged Richardson to invest as much money as she could into Bitcoin."

**REQUEST FOR PRODUCTION NO. 52:**

All Documents, Communications, and Records Concerning Your allegation that "Thomson's request of various purchases of these crypto currencies was continuous, with urgency, at all hours and always at the sole request of Thomson."

**REQUEST FOR PRODUCTION NO. 53:**

All Documents, Communications, and Records Concerning Your allegation that "Thomson expected Richardson to do extensive research on the crypto currencies as well as finding her accountants, and acting as the custodian for a high

value of crypto currencies, as well as helping her with her move, the care of her dogs, and the oversight of her staff including spying on them to make sure they were doing their jobs."

**REQUEST FOR PRODUCTION NO. 54:**

All Documents, Communications, and Records Concerning Your allegation that: "Richardson repeatedly made it clear to Taylor in person and in writing that she was not a financial advisor and that any information she provided was research, and not financial advice."

**REQUEST FOR PRODUCTION NO. 55:**

All Documents, Communications, and Records Concerning Your allegation that "Richardson told Thomson several times she was concerned that [sic] losing other employment opportunities."

**REQUEST FOR PRODUCTION NO. 56:**

All Documents, Communications, and Records Concerning all Your employment opportunities from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents, Communications, and Records Concerning Your financial condition from 2019 to present, including but not limited to bank account statements, brokerage or other investment account statements, federal and state tax returns.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents, Communications, and Records Concerning all debt You incurred from 2019 to present.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents, Communications, and Records Concerning any financial losses or setbacks you suffered from 2019 to present, including Documents sufficient to show the reasons for such financial losses or setbacks.

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

**REQUEST FOR PRODUCTION NO. 60:**

All Documents, Communications, and Records Concerning Your allegation that You "suffer and continue[] to suffer severe emotional and physical distress, continuous panic attacks, insomnia, and crippling depression as a direct result of Thomson's outrageous conduct."

**REQUEST FOR PRODUCTION NO. 61:**

All Documents, Communications, and Records Concerning Your allegation that You "begged Thomson to reduce her risk and to purchase smaller amounts."

**REQUEST FOR PRODUCTION NO. 62:**

All Documents, Communications, and Records Concerning Your allegation that Ms. Thomson stated that You had a "poverty mentality" and that You "would always be poor."

**REQUEST FOR PRODUCTION NO. 63:**

All Documents, Communications, and Records Concerning Your allegation that You "expressed numerous times the extreme fear [You] had for [Your] personal safety in relation to holding the physical custody of Thomson's crypto assets."

**REQUEST FOR PRODUCTION NO. 64:**

All Documents, Communications, and Records Concerning Your allegation that Ms. Thomson "asked [You] (with a smile) if [You] would 'be willing to take a bullet' if [You] were put in a position of being attacked physically for [Ms. Thomson]'s crypto assets."

**REQUEST FOR PRODUCTION NO. 65:**

All Documents, Communications, and Records Concerning Your allegation that You "suffered a severe mental and physical breakdown."

- 14 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

**REQUEST FOR PRODUCTION NO. 66:**

All Documents, Communications, and Records reflecting all injuries, illnesses, diseases, and/or medical conditions incurred by you and for which You seek recovery in relation to this lawsuit, including but not limited to medical Records.

**REQUEST FOR PRODUCTION NO. 67:**

All of Your medical Records from 2010 to the present.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents, Communications, and Records Concerning and/or supporting Your claim for "not less than Ten Million Dollars" in compensatory damages.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents, Communications, and Records Concerning the "potential employers" to whom You allege Ms. Thomson "verbally disparaged" You.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents, Communications, and Records that identify the specific verbal disparagements You allege Ms. Thomson made to "potential employers."

**REQUEST FOR PRODUCTION NO. 71:**

All Documents, Communications, and Records Concerning all of Your Digital Wallets.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents, Communications, and Records Concerning the operation or proposed operation of a validator node in relation to XPRT by You or Ms. Thomson and any actual or potential income or rewards associated with doing so.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents, Communications, and Records sufficient to Identify all Telegram or other messaging application groups You have been a member of from 2019 to the present.

- 15 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

**REQUEST FOR PRODUCTION NO. 74:**

All Communications between You and any person at Cadwalader, Wickersham & Taft LLP after November 7, 2023.

**REQUEST FOR PRODUCTION NO. 75:**

All Communications between You and any person at Jenner & Block LLP.

**REQUEST FOR PRODUCTION NO. 76:**

All Communications between You and any other person Concerning this matter, including but not limited to Tushar Aggarwal and anyone from or representing Persistence and Tushar Aggarwal.

**REQUEST FOR PRODUCTION NO. 77:**

All Documents, Communications, and Records that You identified, referred to, or relied on in answering the Plaintiff's First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 78:**

All Documents, Communications, and Records that You received from any non-parties concerning this matter.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents, Communications, and Records that You identified, referred to, or relied on in responding to Plaintiff's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents, Communications, and Records Concerning the "primary legal issues to be addressed in the Counterclaim of this matter" listed on Pages 5-8 of the Joint Rule 26(f) Report (ECF 77).

**REQUEST FOR PRODUCTION NO. 80:**

All Documents, Communications, and Records, in any way Concerning this matter, between You and witnesses Numbered 12 to 31 in Your "Anticipated Witnesses" section on Pages 9-10 of the Joint Rule 26(f) Report (ECF 77).

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

Dated: September 12, 2024  **MCDERMOTT WILL & EMERY LLP**

By: */s/Todd Harrison*
JULIAN L. ANDRE
TODD HARRISON
JOSEPH B. EVANS

Attorneys for Plaintiff
TAYLOR THOMSON

- 17 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Emery, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On September 12, 2024, I served copies of the following document:

**PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON**

on the following party via Electronic Mail based on the written consent of Ms. Richardson:

*Defendant in Pro Per*

Ashley Richardson
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 12, 2024, at Los Angeles, California.

*/s/Joshua Yim*
Joshua Yim

- 18 -

PLAINTIFF TAYLOR THOMSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASHLEY RICHARDSON
(No. 2:23-cv-04669-MEMF-MAR)