JULIAN L. ANDRE (SBN 251120)
jandre@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA  90067-3206
Telephone:   +1 310 277 4110
Facsimile:   +1 310 277 4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Thomson<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>　　　　Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S ANSWER TO DEFENDANT ASHLEY RICHARDSON'S FIRST AMENDED COUNTERCLAIM** |

Plaintiff Taylor Thomson hereby provides her answer to Defendant Ashley Richardson's First Amended Counterclaim. (Dkt. 58.) Except as otherwise expressly set forth below, Ms. Thomson denies the allegations and characterizations contained in Defendant's First Amended Counterclaim.

## PRELIMINARY STATEMENT

1. Ms. Thomson denies the allegations in Paragraph 1.

2. Ms. Thomson admits that she and Ms. Richardson were once friends. Ms. Thomson denies the remaining allegations in Paragraph 2.

## THOMSON'S DEFAMATORY LIES ABOUT RICHARDSON

3. Ms. Thomson denies the allegations Paragraph 3.

4. Ms. Thomson denies the allegations Paragraph 4.

5. Ms. Thomson denies the allegations Paragraph 5.

6. The allegations in Paragraph 6 constitute conclusions of law to which Ms. Thomson is not required to respond. To the extent Ms. Thomson is required to respond, she denies the allegations in Paragraph 6.

7. Ms. Thomson denies the allegations in Paragraph 7.

8. Ms. Thomson denies the allegations in Paragraph 8.

9. Ms. Thomson denies the allegations in Paragraph 9.

10. Ms. Thomson lacks sufficient information or belief to admit or deny the allegations in Paragraph 10, and on that basis denies them.

11. The allegations in Paragraph 11 constitute conclusions of law to which Ms. Thomson is not required to respond. To the extent Ms. Thomson is required to respond, she denies the allegations in Paragraph 11.

## THOMSON'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12. Ms. Thomson denies the allegations in Paragraph 12.

13. Ms. Thomson denies the allegations in Paragraph 13.

14. Ms. Thomson denies the allegations in Paragraph 14.

- 1 -

PLAINTIFF TAYLOR THOMSON'S ANSWER TO DEFENDANT ASHLEY RICHARDSON'S FIRST AMENDED COUNTERCLAIM
(No. 2:23-cv-04669-MEMF-MAR)

15. Ms. Thomson lacks sufficient information or belief to admit or deny the allegations concerning Ms. Richardson's allegations of her feelings towards Ms. Thomson, and on that basis denies them. Ms. Thomson denies the remaining allegations in Paragraph 15.

16. Ms. Thomson denies the allegations in Paragraph 16.

17. Ms. Thomson denies the allegations in the first sentence Paragraph 17. With regards to the second sentence of Paragraph 17, Ms. Thomson lacks sufficient information or belief to admit or deny the allegations, and on that basis denies them.

18. Ms. Thomson denies the allegations in Paragraph 18.

19. Ms. Thomson denies the allegations in Paragraph 19.

20. Ms. Thomson denies the allegations in Paragraph 20.

21. Ms. Thomson denies the allegations in Paragraph 21.

22. Ms. Thomson lacks sufficient information or belief to admit or deny the allegations concerning the existence of Ms. Richardson's "fear for her personal safety," and on that basis denies them. Ms. Thomson denies the remaining allegations in Paragraph 22.

23. Ms. Thomson admits that she demanded information concerning her cryptocurrency Ms. Richardson managed. With regards to the second sentence of Paragraph 23, Ms. Thomson lacks sufficient information or belief to admit or deny the allegations, and on that basis denies them. Ms. Thomson denies the remaining allegations in Paragraph 23.

24. The allegations in Paragraph 24 constitute conclusions of law to which Ms. Thomson is not required to respond. To the extent Ms. Thomson is required to respond, she denies the allegations in Paragraph 24.

25. Ms. Thomson denies the allegations in Paragraph 25.

26. Ms. Thomson denies the allegations in Paragraph 26.

/ / /

PLAINTIFF TAYLOR THOMSON'S ANSWER TO DEFENDANT ASHLEY RICHARDSON'S FIRST AMENDED COUNTERCLAIM
(No. 2:23-cv-04669-MEMF-MAR)

27. The allegations in Paragraph 27 constitute conclusions of law to which Ms. Thomson is not required to respond. To the extent Ms. Thomson is required to respond, she denies the allegations in Paragraph 27.

28. Plaintiff's Prayer for Relief in the unnumbered paragraph following Paragraph 27 of the First Amended Counterclaim contains no factual assertions to which Ms. Thomson is required to respond. To the extent the Prayer for Relief may be deemed to require a response, Ms. Thomson denies each and every allegation in the Prayer for Relief (as well as the subparagraphs therein), and denies that Ms. Richardson is entitled to any relief.

## RESERVATION OF RIGHTS AND DEFENSES

Ms. Thomson reserves the right to supplement or amend her Answer to include additional defenses as additional information becomes available regarding Ms. Richardson's counterclaims. Crucially, Ms. Richardson has never identified with specificity any purportedly defamatory statements nor provided any factual or evidentiary support for her counterclaims. Ms. Thompson cannot properly evaluate what, if any, affirmative or other defenses to allege in response to Ms. Richardson's counterclaims until such time that Ms. Richardson provides such information. Subject to this reservation of rights, Ms. Thompson asserts the following defenses at this time:

## FIRST DEFENSE

Ms. Richardson's counterclaims are barred, in whole or in part, by the doctrines of unclean hands, waiver, abandonment, laches, estoppel, and/or other equitable defenses based on her own actions and course of conduct.

## SECOND DEFENSE

Ms. Richardson's counterclaims are barred by the applicable statutes of limitation.

/ / /

/ / /

- 3 -

PLAINTIFF TAYLOR THOMSON'S ANSWER TO DEFENDANT ASHLEY RICHARDSON'S
FIRST AMENDED COUNTERCLAIM
(No. 2:23-cv-04669-MEMF-MAR)

**THIRD DEFENSE**

Ms. Richardson's counterclaims are barred because Ms. Thompson's alleged conduct is protected under the First Amendment to the United State Constitution, under the Constitution of the State of California, or protected by another applicable privilege.

**FOURTH DEFENSE**

Ms. Richardson's requests for punitive damages in her First Amended Counterclaim violates the rights of Ms. Thomson to procedural and substantive due process under the Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and under the Constitution of the State of California.

In setting forth the above defenses, Ms. Thomson does not concede that she has the burden of proof or production on any of them.

Dated: August 12, 2025          **MCDERMOTT WILL & SCHULTE LLP**

                                By:   */s/Julian L. André*
                                      JULIAN L. ANDRE
                                      TODD HARRISON
                                      JOSEPH B. EVANS

                                      Attorneys for Plaintiff
                                      TAYLOR THOMSON

- 4 -

PLAINTIFF TAYLOR THOMSON'S ANSWER TO DEFENDANT ASHLEY RICHARDSON'S
FIRST AMENDED COUNTERCLAIM
(No. 2:23-cv-04669-MEMF-MAR)