Ashley Richardson

25399 Markham Ln,

Corral De Tierra, CA 93908

(310) 490-2476 |

ashrichardson@mac.com

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TAYLOR THOMSON,

        Plaintiff and Counterclaim Defendant

vs.

ASHLEY RICHARDSON,

        Defendant and Counterclaim Plaintiff

Case No.: 2:23-cv-04669-MEMF-MAR

RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS

**I. Introduction**

    Plaintiff's opposition reframes a simple scheduling dispute into a claim of misconduct by a pro se litigant. The actual record shows:

    A. Defendant repeatedly noticed Plaintiff's deposition, met and conferred in good faith, produced substantial discovery, and offered multiple reasonable locations and formats;

    B. Plaintiff refused to provide a single concrete date, conditioned cooperation on unrelated demands, and engaged in procedural conduct inconsistent with the Rules.

RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 1

These facts — supported by attached declarations and evidence — reveal a consistent pattern of avoidance, procedural noncompliance, and extrajudicial tactics designed to burden and intimidate rather than resolve the scheduling issue.

**II. Defendant Satisfied Rule 37(a)(1) and L.R. 37-1**

Plaintiff's assertion that "no meet and confer occurred" is contradicted by their own admissions:

A. In September 2024, Defendant noticed Plaintiff's deposition; Plaintiff responded they were unavailable but never proposed a specific alternate date.
B. In January and February 2025, Defendant again sought confirmation; Plaintiff declined and instead imposed unrelated preconditions.
C. Defendant offered to proceed at a neutral Los Angeles court reporter's office, Plaintiff's counsel's office, or remotely via Rule 30(b)(4).
D. It is documented that a meet-and-confer took place on May 6, 2025, prior to the filing of the motion to compel Plaintiff's deposition. This documentation is attached as (Exhibit A, B).
C. Defendant conferred in good faith (by email and phone) numerous times, and then moved only after Plaintiff refused to provide dates and attempted to make deposition scheduling contingent on unrelated discovery demands. That satisfies Rule 37(a)(1) and the spirit of L.R. 37-1.

Improper Use of Discovery Materials for Media Purposes — In July 2025, a reporter contacted Defendant about a private text message between Defendant and a third-party CEO, stating that Plaintiff's spokesman had pointed it out for an article. That text was not public and was later filed on the docket — suggesting it was used strategically to influence press coverage, in violation of the intended purpose of discovery.

Harassment of Family Members — On August 5, 2025, just three days after Plaintiff's counsel sent a threatening email to Defendant, Plaintiff dispatched an investigator from Guidepost Solutions to Defendant's elderly mother's and sister's homes, insinuating misconduct by Defendant. The encounter caused Defendant's mother to collapse from stress and require medical care.

RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 2

This conduct undermines Plaintiff's credibility when they accuse Defendant of procedural noncompliance. It shows that the actual pattern is Plaintiff using the procedural process as both a litigation and intimidation tool.

Requested finding: The Court should find Defendant made a good-faith effort to resolve the issue; any remaining dispute warrants a court-set date rather than denial.

### III. Plaintiff's Sequencing Condition Violates Rule 26(d)

Plaintiff argues that Defendant must complete all discovery responses before Plaintiff may be deposed. The Federal Rules expressly reject that sequencing requirement: "methods of discovery may be used in any sequence" and "discovery by one party does not require another to delay its own." Fed. R. Civ. P. 26(d).

This unilateral condition is not supported by law and has functioned only to stall Plaintiff's deposition.

### IV. Procedural Misconduct Prejudiced Defendant's Ability to Litigate

This is not a single scheduling dispute in isolation — it occurs against the backdrop of a pattern of procedural misconduct:

Repeated Failure to Properly Serve Filings — Opposing counsel has filed substantive motions and declarations without serving Defendant, in violation of FRCP 5(a)(1) and Local Rule 5-3.1.1 of the Central District of California, which require that all filings be served on every other party who is not registered for electronic service. Defendant is not registered for CM/ECF electronic service, and no stipulation has been made for alternative service under FRCP 5(b)(2)(E).

  A. Example: On October 30, 2024, Plaintiff filed a TRO containing private text messages without serving Defendant. Defendant learned of it only when contacted by a reporter after the ruling.

  B. Multiple discovery-related filings and oppositions have also not been served, forcing Defendant to monitor the docket manually.

RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 3

## V. Sanctions Request Is Baseless and Punitive

Defendant has:

    A. Produced over 1,000 documents;

    B. Served over 40 pages of interrogatory responses;

    C. Offered multiple reasonable deposition formats and locations.

Plaintiff's "non-participation" narrative is contradicted by the record. Any remaining gaps can be addressed through targeted supplementation — not by conditioning deposition scheduling or seeking punitive sanctions.

Moreover, Defendant is self-represented and in severe financial distress as a direct result of Plaintiff's litigation conduct. Sanctions would serve no remedial purpose and would be grossly disproportionate.

## VI. Relief

Given the above, Defendant respectfully requests that the Court:

1. Order Plaintiff to appear for deposition within 21 days at a neutral Los Angeles court-reporting facility or remotely via Rule 30(b)(4); or require Plaintiff to supply three firm dates within 7 days;
2. Deny Plaintiff's request for fees and sanctions; and
3. Recognize that Plaintiff's refusal to provide a date, combined with their procedural noncompliance and extra-judicial intimidation tactics, justifies court intervention.

RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 4

1          Respectfully submitted,

3          Ashley Richardson

11          Dated August 14, 2025.

                                                                      Ashley Richardson

                                                                        In Pro Per

28    RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 5