Ashley Richardson
25399 Markham Ln,
Corral De Tierra, CA 93908
(310) 490-2476 |
ashrichardson@mac.com

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON,<br><br>    Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>    Defendant and Counterclaim Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br>DECLARATION OF ASHLEY RICHARDSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS |

### DECLARATION OF ASHLEY RICHARDSON

I, Ashley Richardson, declare as follows:

**I. Pro Se Status and Good Faith Efforts**

    I am the Defendant and Counterclaimant in this matter, representing myself without legal counsel. Despite lacking formal legal training and the resources available to Plaintiff's counsel, I have acted in good faith to comply with all discovery obligations.

DECLARATION OF ASHLEY RICHARDSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 1

To date, I have produced over 40 pages of interrogatory responses and more than 1,000 pages of documents, in addition to making repeated attempts to schedule and participate in depositions. While I have met Court deadlines and responded in good faith, Plaintiff's counsel has consistently refused to make their client available for deposition for nearly a year, conditioning such availability on my complete compliance with all of their demands — regardless of scope or propriety.

## II. Procedural Harassment and Withholding of Discovery

Plaintiff's counsel's refusal to schedule Plaintiff's deposition unless I first produce every item they request is contrary to the cooperative intent of the Federal Rules of Civil Procedure and has no basis in law.

For example, Plaintiff's counsel noticed my deposition in September 2024, which I was fully prepared to attend, then cancelled it at the last minute. Their current claim that they cannot proceed without certain discovery is inconsistent with their prior actions and appears calculated to delay, obstruct, and create procedural disadvantage.

## III. Failure to Serve Filings Properly

Plaintiff's counsel has repeatedly failed to serve me with proper notice of their filings. Notably, on October 30, 2024, they filed a temporary restraining order in federal court without serving me.

This improper filing included private text messages obtained through discovery, which I did not learn of until after the matter was dismissed. The lack of service deprived me of my right to respond, prejudiced my ability to defend myself, and resulted in damaging materials being filed publicly without my knowledge or opportunity to contest them.

## IV. Use of Prior Mental Health Crisis for Litigation Advantage

DECLARATION OF ASHLEY RICHARDSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 2

In October 2024, Plaintiff filed a number of text messages that I sent to Plaintiff during a mental health crisis and alcohol relapse. These texts expressed profound anguish and reflected the severe emotional harm I was experiencing as a result of Plaintiff's actions.

While the text messages contained no threats to Plaintiff or her daughter, Plaintiff filed them publicly in both Monterey County Superior Court and this Court in connection with the now-dismissed temporary restraining order. Both jurisdictions dismissed the matter.

The filing of these deeply personal communications, and false accusation that I was a physical threat to Plaintiff's safety — in two separate jurisdictions — caused severe and lasting harm to my mental health and reputation. The subsequent republication of these materials through the press, and the resulting press interest that has followed, has compounded that harm.

## V. Misuse of Private Communications and Media Leaks

In late July, a reporter asked if I would like to comment on a text message between myself and the CEO of Persistence that was likely to be included in a magazine article. In the article, the reporter said, a spokesman for Thomson had pointed to the text, which related to a finder's fee being omitted from an investment contract. I believe Plaintiff presented it in a manner designed to imply wrongful or fraudulent conduct, it in fact affirms what I have consistently stated: that there was an agreed-upon finder's fee, to be realized solely at Plaintiff's discretion, and therefore it was not included in the written contract.

That text message was not public and was likely improperly obtained from discovery in the Singapore Arbitration. The apparent disclosure of that text — which was filed on the public docket about three weeks later — strongly suggests that Plaintiff's counsel misused discovery materials to serve an extra-judicial agenda, in violation of the intended purpose of the discovery process and to my prejudice. This sequence of events points to a misuse of court filings to advance a media strategy rather than for a legitimate litigation purpose.

## VI. False and Hostile Statements from Counsel

DECLARATION OF ASHLEY RICHARDSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 3

On or about August 3, 2025, Plaintiff's counsel sent me an email (attached as Exhibit D) falsely accusing me of threatening to make "false and defamatory statements to the press" unless Plaintiff paid me millions of dollars. This accusation is not only baseless — it is harassing and improper.

I did not seek out press attention; it began only after Plaintiff chose to file a baseless temporary restraining order ("TRO") in Monterey County Superior Court, which included deeply personal text messages taken out of context. That TRO was later dismissed in both state and federal court, yet it placed this dispute into the public record that received press coverage and subsequent media interest. Plaintiff and her representatives have since continued to disseminate damaging and false narratives — including portraying me as a physical threat — leaving me with no choice but to respond publicly.

Any statements I have made to the media have been for the purpose of defending myself against reputational harm caused by Plaintiff's own public actions. These communications have no connection to any alleged "extortion" and have no bearing on the merits of my counterclaim. To accuse me of weaponizing the press is to invert the truth: it was Plaintiff's public filings and statements that created the media attention, and I have acted only in lawful self-defense of my reputation.

**VII. Harassment of Family Members by Plaintiff's Agents**

On August 5, 2025 — just three days after receiving the threatening email from Plaintiff's counsel referenced above — Plaintiff dispatched a private investigator from Guidepost Solutions to the private residences of my elderly mother and my sister. The investigator questioned and insinuated false accusations to my family members, that included among other things, that I may have profited improperly from Plaintiff and that I fabricated my entire professional career.

DECLARATION OF ASHLEY RICHARDSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 4

This uninvited intrusion caused tremendous distress to my family. My mother, collapsed from the stress of the encounter and required medical attention. I find it difficult to identify any legitimate purpose for such an action. At a minimum, it was highly unprofessional, and in my view, it constitutes harassment intended to intimidate both myself and those close to me.

**VIII. Financial Hardship**

As a direct result of Plaintiff's actions, I am experiencing severe financial hardship and cannot currently afford basic necessities, including food or housing. Any monetary sanction would effectively punish me for my inability to retain counsel and defend myself, which would be contrary to the principle of access to justice and inequitable given the demonstrated bad faith of Plaintiff's counsel.

**VIII. Personal and Professional Impact**

Prior to the events giving rise to this litigation, I was a successful, vibrant, and fully engaged member of my community, both personally and professionally. My work, relationships, and overall well-being reflected a life built through years of dedication and effort.

Since the actions of Plaintiff and her counsel began, my circumstances have changed drastically. I am now facing near-destitution, navigating complex litigation without counsel, and defending myself against a barrage of procedural maneuvers that would challenge even seasoned attorneys. The cumulative effect of these tactics has been personally and professionally devastating and reflects a clear imbalance of resources. Plaintiff's substantial wealth and legal firepower have been used in a manner that places an extraordinary and disproportionate burden on me as a self-represented litigant, yet I have continued to make every good faith effort to comply with this Court's rules and orders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of August, 2025, in Monterey California.

DECLARATION OF ASHLEY RICHARDSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 5

Respectfully submitted,

Ashley Richardson

Dated August 14, 2025.

_____
Ashley Richardson
In Pro Per

DECLARATION OF ASHLEY RICHARDSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 6