Ashley Richardson

25399 Markham Ln,

Corral De Tierra, CA 93908

(310) 490-2476 |

ashrichardson@mac.com

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON,<br><br>      Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>      Defendant and Counterclaim Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br>DECLARATION OF ASHLEY RICHARSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS |

## DECLARATION OF ASHLEY RICHARDSON

I, Ashley Richardson, declare as follows:

1. I am a pro se litigant. I make this declaration in support of my Reply to Plaintiff's Opposition to Defendant Ashley Richardson's Motion to Compel and Request Sanctions.
2. Attached hereto as Exhibit A, is a true and correct copy of emails between Defendant Ashley Richardson and Plaintiff's counsel, dated May 7, 2025.
3. Attached hereto as Exhibit B, is a true and correct copy of emails between Defendant Ashley Richardson and Plaintiff's counsel, dated May 7, 2025.
4. Attached hereto as Exhibit C, is a true and correct copy of emails between Defendant Ashley Richardson and Plaintiff's counsel, dated August 11, 2025

DECLARATION OF ASHLEY RICHARSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 1

5. Attached hereto as Exhibit D, is a true and correct copy of emails between Defendant Ashley Richardson and Plaintiff's counsel, August 11, 2025

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

   Executed on this 14th day of August, 2025, in Monterey California.


   Respectfully submitted,


   Ashley Richardson


Dated August 14, 2025.

_____
Ashley Richardson
In Pro Per

DECLARATION OF ASHLEY RICHARSON IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS - 2

# EXHIBIT A

**From:** Ashley Richardson ashrichardson@mac.com
**Subject:** May 7 Meet and Confer – Discovery Extension and Deposition Timeline
**Date:** 7 May 2025 at 17:08
**To:** Todd Harrison tdharrison@mwe.com, Joseph Evans Jbevans@mwe.com, Josh Yim jyim@mwe.com



Dear Todd,

Thank you for taking the time to connect earlier today. I appreciate your willingness to extend the deadline for document production to May 30, 2025, and for acknowledging the objections I have already preserved in writing.

While I disagree with your assertion that Plaintiff's deposition must be delayed until my discovery responses are complete—under Federal Rule of Civil Procedure 30(a)(1), any party may depose another party at any time unless otherwise ordered by the court—I am willing to provide your team sufficient time to review materials before the deposition proceeds.

If you can provide a date for Ms. Thomson's deposition to occur between now and July 15, 2025, by Friday, May 9, I will refrain from filing a renewed motion to compel at this time.

If no date is provided by that deadline, or if your agreement to the discovery extension is withdrawn as a condition of this request, I will proceed with filing both a Motion for Protective Order and a Renewed Motion to Compel Deposition, based on our meet and confer today.

Sincerely,
Ashley Richardson


Sent from my iPhone

# EXHIBIT B



**From:** Ashley Richardson ashrichardson@mac.com
**Subject:** Re: Objections & Request for Extention
**Date:** 7 May 2025 at 04:46
**To:** Todd Harrison  Tdharrison@mwe.com
**Cc:** Josh Yim  jyim@mwe.com, Joseph Evans  Jbevans@mwe.com

Todd,

Thank you for your response. I confirm availability for a meet-and-confer today, May 7, 3pm. Eastern.

As noted previously, I preserved my objections based on improper service of Plaintiff's discovery demands, and I documented that I did not consent to email-only service. I am continuing to act in good faith and request a reasonable extension through May 30 to complete my responses due to hardship, logistical limitations, and the volume of materials involved.

Additionally, because the Court previously denied my Motion to Compel Deposition of Ms. Thomson without prejudice for failure to meet and confer, I intend to use this conversation to satisfy that procedural requirement. Please be prepared to provide Plaintiff's availability for deposition so we may avoid unnecessary motion practice.

Please let me know the best number to reach you, or if you have a dial in you would prefer to use.

Best,
Ashley Richardson

> On May 6, 2025, at 9:29 PM, Harrison, Todd <Tdharrison@mwe.com> wrote:
>
> Ms. Richardson -
>
> You have had over seven months to review and consider our initial discovery demands which are narrowly tailored to the allegations in our initial Complaint and your Counterclaims, which were filed long ago. Over those seven months, you had a responsibility to review your own records and communications and provide a timely response.  Apparently you have done nothing, and you provide no specifics as to why you have somehow been unable to do so, or why you need more time to undertake these relatively basic tasks. Continually pretending that there was some imagined imperfection in the service of everything that you have clearly received, including the discovery demands, is a patently obvious stall tactic. Accordingly, we fail to see why you are unable to respond to our discovery demands as this information should be readily available to you. We are available for a meet and confer tomorrow between 3 and 5:30 pm Eastern.
>
> TODD HARRISON
> Partner
> McDermott Will & Emery LLP  One Vanderbilt Avenue, New York, NY 10017-3852
> Tel +1 212 547 5727  |  Mobile +1 917 797 1728  |  Email tdharrison@mwe.com
> Website | vCard | Twitter | LinkedIn
>
>
> On May 5, 2025, at 2:39 PM, Ashley Richardson <ashrichardson@mac.com> wrote:
>
>  [ External Email ]
> Todd,
>
> This extension is in no way workable in my current circumstances.
>
> Due to significant ongoing hardship caused by your client's actions—including financial instability, loss of essential equipment, and lack of resources—I am unable to fully and accurately comply with the current timeline. I am requesting a reasonable extension to May 30, 2025 to complete production and responses.
>
> If your client is unwilling to stipulate, please provide your earliest availability for a meet-and-confer to discuss:
> 1.
> Improper service of the original discovery demands;
> 2.
> My intention to file a revised motion to compel deposition testimony.

my intention to file a revised motion to compel deposition testimony.

I remain committed to participating in discovery in good faith and hope we can resolve this without further court involvement.

Best,
Ashley

Sent from my iPhone

On Apr 30, 2025, at 2:01 PM, Yim, Josh <jyim@mwe.com> wrote:

Ashley,

As we have made clear, your failure to timely respond to discovery has waived your objections. Nevertheless, we are amenable to a 7-day extension, and we can have that argument later. Accordingly, we expect your "full substantive responses" by May 7, 2025.

Best,
Josh

JOSH YIM
Associate
McDermott Will & Emery LLP   2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
Tel +1 310 277 4110   |   Email jyim@mwe.com
Website | vCard | LinkedIn

**From:** Ashley Richardson <ashrichardson@mac.com>
**Sent:** Wednesday, April 30, 2025 10:21 AM
**To:** Harrison, Todd <Tdharrison@mwe.com>
**Cc:** Yim, Josh <jyim@mwe.com>; Evans, Joseph <Jbevans@mwe.com>
**Subject:** Objections & Request for Extention

[ External Email ]

Dear Todd,

Please find communication related to objections and request for reasonable extension attached.

Please advise whether Plaintiff is willing to stipulate to a 30-day extension by EOD. If Plaintiff declines to stipulate, or no response is received, I reserve all rights and will seek appropriate relief from the Court.

Best,
Ashley

*********************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.

***************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

# EXHIBIT C

**From:** Ashley Richardson ashrichardson@mac.com
**Subject:** Re: Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al (2:23-cv-04669-MEMF-MAR)
**Date:** 11 August 2025 at 19:37
**To:** Yim, Josh jyim@mwe.com
**Cc:** Harrison, Todd Tdharrison@mwe.com, Evans, Joseph Jbevans@mwe.com



This email serves as delivery of my first set of responses to Plaintiff's interrogatories. While the responses are largely complete, I expressly reserve the right to make limited edits or clarifications to existing answers through the end of this week due to time constraints on editing and formatting.

I have not yet begun my response to Interrogatory No. 15, due to time constraints, but I intend to provide that answer by the end of this week.

In addition, I have uploaded over 750 files to the Dropbox folder previously shared, and intend to produce more in the coming days. Let me be clear: at no time have I stated or implied that my document production was complete. Production has been ongoing and remains in progress.

As a pro se litigant with no prior experience in this process, I am making my best efforts to comply in good faith despite extreme challenges and constraints. I remain committed to cooperating fully in discovery within the limits of my ability and resources.

All rights and objections are expressly reserved.

Regards,
Ashley Richardson



AR_FIRST SET INTER...S 1.pdf

> On 11 Jul 2025, at 05:40, Yim, Josh <jyim@mwe.com> wrote:
>
> Ashley,
>
> Please find the attached correspondence.
>
> Best,
> Josh
>
> JOSH YIM
> Associate
> McDermott Will & Emery LLP   2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
> Tel +1 310 277 4110  |  Email jyim@mwe.com
> Website | vCard | LinkedIn
>
> ***************************************************************************************
> This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
> ***************************************************************************************
>
> Please visit http://www.mwe.com/ for more information about our Firm.
> <2025.07.11 - MWE Letter to Richardson.pdf><Attachments.zip>

Case 2:23-cv-04669-MEMF-MAR   Document 103   Filed 08/14/25   Page 11 of 16   Page ID #:1580

# EXHIBIT D



**From:** Ashley Richardson ashrichardson@mac.com
**Subject:** Re: Meet and Confer - Request for Production of Documents
**Date:** 11 August 2025 at 19:44
**To:** Harrison, Todd Tdharrison@mwe.com
**Cc:** Yim, Josh jyim@mwe.com, Evans, Joseph Jbevans@mwe.com

Mr. Harrison,

Your repeated assertions that my discovery delays reflect a lack of evidence are frivolous. Any delay has been the result of catastrophic harm caused to me by your client, compounded by the trauma resulting from this process, not from any lack of substantive evidence. I continue to make good-faith efforts to produce responsive documents while navigating complex procedural rules and continue to try to locate materials that may or may not exist or are not in my possession.

Several issues in your recent email and in Plaintiff's conduct require immediate attention:

1. Improper Blanket Objections – FRCP 34
FRCP 34 requires objections to be specific, to state the scope of materials being withheld, and to provide the factual basis for each objection. Plaintiff's responses fail to comply—particularly in avoiding production of the parties' text message exchanges and other plainly relevant evidence central to my claims and defenses. Your objections clearly are calculated to avoid producing damaging but discoverable materials.

2. Unsupported and Prejudicial Accusations – FRCP 26(g)
Your recent email accuses me of criminal/extortionate conduct without evidence. In fact, the opposite is true. You generated press attention for this matter by acting unethically. Then, on top of that, you sought my cooperation in providing false testimony in exchange for dismissal, which I refused. Your conduct was unprofessional, prejudicial, and contrary to FRCP 26(g), which certifies that discovery responses and objections must be consistent with the rules, warranted by law, and not interposed for an improper purpose. Such accusations will be preserved for potential presentation to the Court and the entity that regulates attorney conduct.

3. Pattern of Obstruction and Harassment – Grounds for Protective Relief under FRCP 26(c)
In addition to these discovery abuses, your team has engaged in intimidation, including sending Guidepost private investigators to the homes of my elderly mother and sister within days of our last correspondence. Your conduct, at minimum, was unprofessional. The unannounced intrusion into my mother's living room caused her to collapse from stress and require hospitalisation. This conduct is harassing, oppressive, and directly relevant to good cause for a protective order.

On August 3rd, I was hospitalised with a bowel obstruction. Shortly thereafter, I was forced to take on added responsibilities of caring for my mother following the incident described above. Despite these extraordinary circumstances, I have completed all requests from your July 11th email that relate to Persistence, produced thousands of additional highly relevant documents by adding them to my discovery folder, and provided your team with nearly completed interrogatories. You, by contrast, have produced nothing, not a single document in this case so far, because you know that your production of the highly relevant evidence I am seeking will result in your clients position and expose them to civil liability.

Finally, your client chose to file into public record my private and vulnerable text messages, sent during a documented mental health crisis resulting in relapse, as part of a baseless restraining order. This was a continuation of her false narrative, now portraying me as a physical threat. That filing, not my actions, generated the resulting press coverage and continued press interest in this matter. The press coverage you generated has caused far greater damage to me than it ever could to your client. Expecting me not to defend myself against the baseless and harmful public allegations your client has made and continues to make is not realistic.

I expect your client to comply immediately with the Federal Rules and produce responsive materials without further obstruction, including but not limited to immediately scheduling a date for her deposition. I have been seeking her deposition for 11 months now, and it is clear that you will do everything you can to avoid it.

I expressly reserve all rights, legal and equitable, including the right to challenge your conduct as

unethical, improper, harassing, and outside the scope of this proceeding.

Regards,
Ashley Richardson

> On 3 Aug 2025, at 10:46, Harrison, Todd <Tdharrison@mwe.com> wrote:
>
> Ms. Richardson - I disagree with your email below because, as usual, none of it is true. I assume that you are frustrated because the improper threats by you and your lawyer that you would make false and defamatory statements to the press unless my client paid you millions of dollars did not work. But that is no reason for you to continually lash out as you do below. More to the point, you keep claiming that you have lots of devastating evidence, but you continually refuse to say what it is or produce it in discovery, despite our repeated requests. If you actually had such evidence, you would want to produce it. It seems clear that you have no such evidence, as we have always believed. If you do, produce it. As I stated previously, I am on family vacation until August 11. I will not be responding to any more of your emails until then. If you produce your evidence and fully answer the Interrogatories by August 11, I will be happy to have a discussion with you regarding any outstanding issues.
>
> Sincerely, Todd Harrison
>
> TODD HARRISON
> Partner
> **McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
> Tel +1 212 547 5727  |  Mobile +1 917 797 1728  |  Email tdharrison@mwe.com
>
> Website | vCard | Twitter | LinkedIn
>
>> On Jul 31, 2025, at 3:33 PM, Ashley Richardson <ashrichardson@mac.com> wrote:
>>
>> [ External Email ]
>> Dear Todd,
>>
>> There are several mischaracterizations in your recent email that require correction.
>>
>> First, unlike your own team, I have never demanded immediate same-day responses for meet and confers, as evidenced in attached emails requesting same-day meet and confers, from Brianna Perez (2/9/24) and Josh Yim (7/22/24). Therefore accusing me of expecting you to be at my beck and call is insulting, inaccurate, and hypocritical especially when I have always responded in good faith and made myself available under similarly constrained timelines.
>>
>> Second, your repeated attempts to claim I have ignored my discovery obligations are both inaccurate and demonstrably false. As a pro se litigant without legal support, I have been actively producing responsive documents and continue to do so in good faith. I have made substantial progress in reviewing, organizing, and preparing hundreds of documents, despite having no paralegal or litigation support staff. In contrast, your team has refused to comply with discovery procedures and has failed repeatedly to respond to deposition notices or produce even a single document.
>>
>> It is also incorrect to imply that service of discovery occurred in September 2024. Under Federal Rule of Civil Procedure 5(b)(2)(E) electronic service is valid only with the express written consent of the receiving party. As a self-represented litigant, I have never provided such consent, to the contrary: I informed your team multiple times this was not an appropriate means of service as emails were going to my spam folder. Your attempted service via email was therefore legally ineffective. As you are well aware, discovery requests were mailed on March 21, 2025, and actual service was triggered on March 31, 2025. If your continued disregard for proper service procedures, attempts to retroactively enforce deadlines, and intimidation tactics do not cease immediately, please be advised, they will be addressed with the Court.
>>
>> Lastly, your baseless assertion that I "have no evidence" is not only inaccurate—it is a deliberate mischaracterization of the record. I have extensive documentation, corroborating communications, and third-party materials that demonstrate, in exhaustive detail, the irreparable harm Ms. Thomson has inflicted upon my life. This includes but is not limited to: financial ruin, reputational devastation, and severe emotional and physical trauma—each of which will be meticulously presented in court when this matter proceeds to trial.
>>
>> Let me be clear, I am not some desperate individual scrambling to invent a defense. I am someone who trusted your client, supported her unconditionally, and who was ultimately left devastated to face the fallout of her extreme negligence, manipulation, and calculated harm. My evidence is not theoretical—it is voluminous, precise, and devastating.
>>
>> If your team believes otherwise, I suggest you participate with the discovery process so that we can proceed to trial and allow a jury to decide.
>>
>> I remain willing to participate in a meet and confer at a mutually agreeable time no later than August 1, 2025, but I will not be

intimidated or bullied into compliance with misrepresented timelines and baseless accusations.

Regards,
Ashley Richardson

<image0.jpeg>
<image1.jpeg>

Sent from my iPhone

> On Jul 31, 2025, at 3:13 AM, Harrison, Todd <Tdharrison@mwe.com> wrote:
>
> Ms. Richardson - I am on a family vacation and not available for a meet and confer. In addition, as I have stated before, I am not obligated to be at your beck and call and immediately respond to you in less than twenty-four hours, as you suddenly demand below. This is especially true in a case where you have wholly ignored your discovery obligations for almost a year now. For instance, you were served with our Interrogatories on September 12, 2024, and you still have not responded to them in any way, in spite of our subsequent repeated requests. It seems clear that you have not responded because you have no evidence or specifics whatsoever to support your vague counterclaim. You also have not responded to the deficiency letter we sent to you regarding the clear deficiencies in your document production. Answer the interrogatories as you are obligated to do and then I will be happy to have a meet and confer regarding all of the open discovery issues.
>
> Sincerely, Todd Harrison
>
> TODD HARRISON
> Partner
> **McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852
> Tel +1 212 547 5727  |  Mobile +1 917 797 1728  |  Email tdharrison@mwe.com
> Website | vCard | Twitter | LinkedIn
>
>> On Jul 29, 2025, at 4:36 PM, Ashley Richardson <ashrichardson@mac.com> wrote:
>>
>> [ External Email ]
>>
>> Dear Todd,
>>
>> I write pursuant to our obligation to meet and confer regarding Plaintiff Taylor Thomson's July 7, 2025 responses and objections to Defendant's First Set of Requests for Production of Documents.
>>
>> After reviewing Plaintiff's responses, I must express serious concern over the pattern of blanket objections, evasive language, and refusal to produce clearly relevant materials. Plaintiff appears to be withholding responsive documents critical to the defense and counterclaims—including but not limited to:
>>    •   Communications between Plaintiff and Defendant concerning the trades and investment agreement (RFP 4–5, 13)
>>    •   Plaintiff's rationale, due diligence process, and third-party input regarding the investment (RFP 10–12)
>>    •   Documents related to the Singapore lawsuit and the now-dismissed California protective order (RFP 15–17)
>>    •   Communications with third parties regarding media inquiries or coverage (RFP 18)
>>
>> These documents go directly to the heart of the claims and defenses in this case and are not shielded by any valid privilege or overbreadth objection. The attempt to deflect on relevance is especially concerning given Plaintiff's own use of similar materials in public statements and court filings.
>>
>> I have been making efforts to produce documents, and continue to. To date, Ms. Thomson has produced no documents.
>>
>> Let me be clear: if Plaintiff continues to refuse production of these materials, I will have no choice but to move to compel and request sanctions for bad faith discovery practices.
>>
>> Please let me know your earliest available for a meet and confer, no later than EOD Wednesday July 30th.
>>
>> Sincerely,
>> Ashley Richardson
>>
>>
>> *********************************************************************************************
>> This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy

Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*******************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.