JULIAN L. ANDRE (251120)
JAndre@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Thomson<br><br>Plaintiff,<br><br>v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S SUR-REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS**<br><br>The Honorable Margo A. Rocconi, United States Magistrate Judge<br><br>Date: TBD<br><br>Time: TBD<br><br>Courtroom: 790 |

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

## I.    INTRODUCTION

This Sur-reply is limited to addressing new and irrelevant allegations Ms. Richardson introduced for the first time in her Reply and Declaration—allegations that do not appear in her Motion to Compel, which related solely to deposition scheduling, or in Ms. Thomson's Opposition. (*See* Dkts. 101 ["Reply"] and 102 ["Declaration" or "Richardson Decl."] (new press narrative to justify Ms. Richardson's harassing text messages to Ms. Thomson; untrue private-investigator/family harassment story; attempt to avoid service; false claim of "false and hostile statements from counsel"); cf. Dkt. 96 ["Motion"] (addressing only deposition scheduling).) Because Ms. Richardson chose to inject these topics only at reply, Ms. Thomson has not had a fair opportunity to respond.

This filing (i) corrects the press narrative with the actual chronology, (ii) clarifies that the only "threatening messages" at issue are Ms. Richardson's own text messages—which she now attributes to an alleged mental-health crisis and alcohol relapse (so it is completely untenable for her to fault Ms. Thomson for describing them as threatening), and (iii) addresses Ms. Richardson's misleading claim that she is compliant in discovery.

## II.    ARGUMENT

### A.    The "Press" Narrative Is Both New and Misleading: Ms. Richardson First Sent Dozens of Improper and Unsolicited Threatening Text Messages to Plaintiff and She and Her Representative Repeatedly Threatened Press Escalation Tied to Monetary Demands

Ms. Richardson complains that the republication of threatening text messages which **she** sent to Ms. Thomson, "and the resulting press interest that has followed," has compounded harm to her mental health and reputation. (Richardson Decl. at 3.) None of this appears in the Motion, and none of it responds to Ms. Thomson's Opposition. It is therefore new and improper at the reply stage.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

On October 13, 2024, Ms. Richardson sent dozens of threatening text messages to Ms. Thomson, even though she had previously been warned to stop communicating directly with Ms. Thomson, a represented party. The messages, in part, stated "[h]ow do you think this ends?"; called Ms. Thomson a "narcissistic soc[i]opathic fucking cunt"; and threatened to "speak to the press" because she "ha[s] the fucking receipts" and warning that Ms. Richardson was "a major liability, for [Ms. Thomson], for the company." (*See* Dkt. 99-10 at 2-3, 5.) Ms. Thomson, concerned for her safety, understandably filed requests for orders of protection. Ms. Richardson now absurdly blames Ms. Thomson for any resulting press attention, faulting Ms. Thomson because she filed those requests for orders of protection.

More fundamentally, the only reason there is now any media attention on this matter is because Ms. Richardson weaponized it: irrespective of Ms. Richardson's texts, Ms. Richardson and her representative repeatedly threatened to make salacious and untrue comments to a particular reporter (who was allegedly a longtime friend of Ms. Richardson's representative) unless Ms. Thomson paid Ms. Richardson millions of dollars. Ms. Thomson refused to pay Ms. Richardson millions of dollars in exchange for Ms. Richardson not speaking with the press. Ms. Richardson then solicited a story from that same reporter, who is now poised to go to press with a story based on her discussions with Ms. Richardson.  Even then, Ms. Richardson's representative stated that he would attempt to get the reporter not to publish the story if Ms. Thomson paid Ms. Richardson millions of dollars. Ms. Thomson refused. Those repeated threats demonstrate that Ms. Richardson—not Ms. Thomson—deliberately attracted and leveraged press interest as part of a coercive payout strategy. Ms. Richardson, knowing Ms. Thomson and her family are highly press-averse, directly instigated the press involvement for the express purpose of improperly extracting an unjustified financial payment from Ms. Thomson.

/ / /

Equally important, the threatening texts Ms. Thomson referenced in the October 2024 TRO filing are Ms. Richardson's **own messages**—which Ms. Richardson now says were sent during an alleged mental-health crisis and alcohol relapse. Whatever label Ms. Richardson now prefers, it is ridiculous to attempt to fault Ms. Thomson for characterizing Ms. Richardson's messages as threatening or for documenting Ms. Richardson's conduct and requesting orders of protection. And it is completely untenable to attempt to blame Ms. Thomson for any alleged minor press inquiry at that time simply because she sought protective relief after Ms. Richardson sent dozens of unsolicited, harassing, and threatening texts—despite prior warnings not to contact Ms. Thomson at all. Ms. Richardson's deliberate interactions with the press are part of an improper strategy, and it is absurd to try to justify that strategy by blaming *Ms. Thomson* for the prior threatening and harassing texts *sent by Ms. Richardson*. Ms. Richardson's Reply and Declaration distort both the nature and the origin of any press attention; the Court should reject this new "press" narrative as improper and irrelevant to the narrow deposition issue.

**B.      Other Reply-Only Narratives are New, Irrelevant, and Prejudicial**

In addition to the press story, several other subjects make their first appearance at reply and do not answer any argument in Ms. Thomson's Opposition. They should be disregarded or stricken as new and irrelevant:

**(a) Private investigator / family episode.** The Reply and Declaration recount an incident involving a private investigator. (Reply at 2; Richardson Decl. at 4-5.) This narrative was not in the Motion and has no bearing on whether to compel Ms. Thomson's deposition.

More troublingly, Ms. Richardson's account is not true. Ms. Thomson is well within her right to investigate any facts related to this litigation, particularly given Ms. Richardson's failure to provide any specifics regarding any of her claims. There was no "unannounced intrusion" on Ms. Richardson's mother, her mother did not collapse,

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

and she certainly did not collapse simply because someone asked to speak with her, which she simply declined to do. (*See* Harrison Declaration in Support of Plaintiff's Sur-Reply ["Harrison Decl."] Ex. A at 1.)

**(b) Service issues.** The Reply alleges failures of service, including in relation to an October 30, 2024 TRO, invoking Rule 5 and a local rule; the Declaration repeats similar contentions. (Reply at 3; Richardson Decl. at 2.) Service disputes of this kind were not part of the Motion and are unrelated to the deposition-scheduling question.

On September 26, 2024, the Court ordered Ms. Richardson to register to use the Court's CM/ECF System; an order with which Ms. Richardson has repeatedly refused to comply. (Dkt. 81.) Ms. Richardson has purposefully refused to comply with the court's order so that she can continually pretend that she had no notice of any filing which she does not wish to acknowledge notice of. This is purposeful. Regardless of whether Plaintiff files properly on the ECF system, or via email, or via hard copy mail, Ms. Richardson repeatedly pretends that she has not received notice of certain filings which she would prefer not to receive notice of. For that reason, Plaintiff requests that the Court again order Ms. Richardson to register on the ECF system (which she clearly has access to)[1] and that, going forward, filing on the ECF system shall constitute sufficient notice to all parties.

**(c) "False and Hostile Statements from Counsel."** The Reply and Declaration for the first time vaguely alleges that, on or about August 3, 2025, Ms. Thomson's counsel sent a "threatening" email. (Reply at 2; Richardson Decl. at 4.) This is a recurring theme in Ms. Richardson's communications—anyone who does not immediately agree with Ms. Richardson's stated positions is accused of "threatening" or "bullying' her. The current accusations appear only in Ms. Richardson's Reply and Declaration and were not raised in the Motion to Compel—and they do not respond to

---

[1] Furthermore, Ms. Richardson's assertions are inaccurate. Ms. Richardson consented to service by email on January 17, 2024. (Harrison Decl. Ex. B.)

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

any argument in Ms. Thomson's Opposition. They are therefore new, irrelevant to the narrow question of compelling a deposition, and unduly prejudicial; the Court should disregard or strike them.

### C.    Ms. Richardson's New "Compliance" Narrative Is Misleading

In her Reply, Ms. Richardson newly portrays herself as compliant—claiming, for example, that she produced "over 1,000" documents and served "over 40 pages" of interrogatory responses while Ms. Thomson "stalled." That narrative is new to the Reply and mischaracterizes the state of discovery. Ms. Richardson still refuses to supply any necessary specifics of her counterclaims—the who/what/when/where/why of any alleged defamation and instead seeks to use discovery to engage in a fishing expedition for proof she does not presently have.

Rule 26(b)(1) requires proportionality and tethering discovery to claims supported by particularized facts—not conducting a fishing expedition for them. At minimum, before any deposition of Ms. Thomson is compelled, Ms. Richardson should be ordered to serve complete, verified responses identifying each allegedly defamatory statement (who said what, to whom, when, where, and why it is false), to identify the actual witnesses she relies upon, and to produce non-privileged materials responsive to those specifics—so any deposition is targeted and proportional rather than open-ended.

### III.    <u>CONCLUSION</u>

Because these topics were raised for the first time in reply, the Court should disregard or strike the Reply/Declaration's new allegations concerning: (a) purported media "leaks," (b) the private investigator/family episode, (c) service accusations, and (d) "false and hostile statements from counsel." If the Court elects to consider any of them, Ms. Thomson respectfully requests that this Sur-reply, the Harrison Declaration, and supporting exhibits be accepted and considered.

/ / /

McDermott Will & Schulte LLP<br>Attorneys At Law<br>Los Angeles

- 5 -

Dated: August 23, 2025          **MCDERMOTT WILL & SCHULTE LLP**

By:    */s/ Todd Harrison*
       TODD HARRISON

       Attorneys for Plaintiff
       TAYLOR THOMSON

## CERTIFICATE OF COMPLIANCE

This certifies that Plaintiff Taylor Thomson's Sur-Reply in Opposition to Defendant Ashley Richardson's Motion to Compel and Request for Sanctions complies with the requirements of Local Rule 11-6. The Memorandum contains less than 10 pages and therefore does not include a Table of Authorities and a Table of Contents. The Memorandum uses Times New Roman fourteen-point font for body text and twelve-point font for footnotes.


Dated: August 23, 2025                  _/s/ Todd Harrison_

                                        Todd Harrison

## PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Schulte, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On August 23, 2025, I served unredacted copies of the following document:

**PLAINTIFF TAYLOR THOMSON'S SUR-REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS**

on the following party via email and U.S. Mail:

Ashley Richardson                           *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 23, 2025 in Los Angeles, California.

*/s/ Diksha Vadan*
Diksha Vadan