Ashley Richardson

25399 Markham Ln,

Corral De Tierra, CA 93908

(310) 490-2476 |

ashrichardson@mac.com

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON,<br><br>              Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>              Defendant and Counterclaim Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br>DEFENDANT ASHLEY RICHARDSON'S SUR REPLY IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS<br><br>The Honorable Margo A. Rocconi, United States Magistrate Judge |

**INTRODUCTION**

Defendant lodges this Sur-Reply solely to correct factual misstatements and mischaracterizations in Plaintiff's Sur-Reply (Dkt. 104-1). As the record shows, Plaintiff was the first to expand this narrow scheduling dispute with narratives concerning press, service, and alleged discovery non-compliance. Defendant's Reply properly responded to those themes, and Plaintiff's Sur-Reply now doubles down with further inaccuracies.

DEFENDANT ASHLEY RICHARDSON'S SUR REPLY IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONSTHE HONORABLE MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE -

To the extent the Court grants leave, Defendant submits this Sur-Reply to ensure the record is accurate and complete. It is narrowly tailored to the four categories Plaintiff herself placed at issue and should be considered only for that limited purpose. The real question remains unchanged: whether Plaintiff must finally provide dates for her Rule 30 deposition.

## I. FRAMING AND STANDARD

Plaintiff's Sur-Reply is a bid for a second opposition brief dressed up as "reply to new matter." The record shows: (1) Plaintiff's Opposition opened the door with extra-narrative themes (service insinuations, "safety," discovery compliance attacks); (2) Defendant's Reply properly rebutted those attacks; and (3) Plaintiff now seeks an extra bite. Even if leave is granted, the Court should confine the Sur-Reply, if permitted, to actual new issues (and there are none here).

## II. POINT-BY-POINT REBUTTAL

1. **"Press narrative" / alleged threats tied to money**

    What Plaintiff says (Sur-Reply §II.A): She asserts Defendant "weaponized" press interest, claims "dozens of threatening texts," and accuses Defendant (and a "representative") of tying media to monetary demands. Plaintiff's counsel continues to mischaracterize Defendant's efforts to defend herself publicly as an extortion attempt. This narrative is demonstrably false.

    a) **It was Plaintiff, not Defendant, who generated press coverage.**

    Plaintiff and her counsel chose to file into public record Defendant's private and deeply vulnerable text messages, written during a documented mental health crisis that resulted in relapse, in support of a baseless and ultimately abandoned restraining order. Those filings were designed to portray Defendant as a physical threat and to weaponize private communications against Defendant. It was this filing—not any action on Defendant's part—that triggered media interest in this matter.

    b) **The harm has been overwhelmingly to Defendant, not Plaintiff.**

    The press coverage that Plaintiff's own filings generated has caused far greater damage to my personal and professional reputation than it ever could to hers. Plaintiff

DEFENDANT ASHLEY RICHARDSON'S SUR REPLY2IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONSTHE HONORABLE MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE -

is a billionaire heir with extensive resources and a paid crisis-management team. Defendant is a pro se litigant who was thrust into the public eye against her will. Expecting Defendant not to defend herself publicly against baseless, defamatory accusations that Plaintiff and her team themselves created is neither fair nor realistic.

c) **Self-defence is not financial extortion.**

Defendant's limited engagement with the press has been an act of self-preservation and reputational defence, as a singular entity, whereas Defendant has a vast team of "experts", in addition to Public Relations and Legal Counsel, Defendant has herself. Defendant never solicited or sought media attention for financial gain. To the contrary, Plaintiff has repeatedly attempted to use her wealth and power to silence Defendant and control the narrative. Labelling Defendant's basic use of reputational self-defence as "extortion" is harassment and a deliberate attempt to distract from the actual merits of this case.

d) **The Court should see this tactic for what it is.**

Plaintiff cannot both weaponize discovery materials and court filings to poison the public narrative and then accuse Defendant of wrongdoing for responding to those same attacks. This is not only improper, it underscores the fundamental imbalance of power in this litigation: Plaintiff seeks to bury Defendant procedurally while leveraging her resources to discredit Defendant personally.

2. **Private-Investigator / Family Episode**

Plaintiff's Sur-Reply grossly mischaracterizes the incident in which her investigator appeared, unannounced, at Defendant's mother's home. Plaintiff claims there was "no unannounced intrusion" and that Defendant's mother "did not collapse," dismissing the event as though it were fabricated. This is both reckless and demonstrably false.

a) **Documented Medical Harm**

Defendant's mother did in fact collapse from the stress of this encounter and required medical attention. Medical records exist to corroborate this fact, Defendant can submit them under seal if the Court requests. To suggest otherwise is not only

DEFENDANT ASHLEY RICHARDSON'S SUR REPLY 3 IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS THE HONORABLE MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE -

inaccurate but a cruel attempt to erase the very real harm this litigation has inflicted on Defendant's family.

b) **Context of Longstanding Harm**

Defendant's mother has been a witness to the extensive damage Plaintiff has caused Defendant for years. She has watched the destruction of Defendant's livelihood, reputation, and stability, and subsequent mental health decline and collapse. To then be confronted in her own home by an investigator announcing that they were "working for Taylor Thomson" created severe, compounding stress — stress directly tied to the cumulative harm of years of Plaintiff's conduct, especially the past six years.

c) **No Legitimate Litigation Purpose**

The notion that anything of evidentiary value could be obtained by sending an investigator to Defendant's mother's home, mere days before a national article was set to run, is indefensible. Plaintiff has repeatedly refused to meaningfully engage on the merits of this case yet authorized an intrusion into Defendant's mother's private life with no purpose other than harassment and intimidation.

d) **Pattern of Harassment**

This is not an isolated event but part of a larger pattern: leveraging wealth and power to frighten, overwhelm, and destabilize Defendant and those closest to her. Plaintiff's refusal to even acknowledge the reality of what occurred — despite medical proof — is another act of gaslighting, designed to minimize the damage she has caused and deflect attention from her own misconduct.

e) **Improper to Strike Defendant's Account**

To now argue that Defendant's truthful account of this event should be stricken as "irrelevant" is an abuse of process. The incident is directly relevant to the broader pattern of harassment, intimidation, and misuse of process that frames Plaintiff's approach to this litigation. It is also directly tied to the imposed deadlines Plaintiff placed on Defendant to complete "ALL" discovery obligations, while Plantiff had completed none. To erase it from the record would be to reward Plaintiff's misconduct and silence the very real harms caused.

3. **Service / ECF insinuations**

DEFENDANT ASHLEY RICHARDSON'S SUR REPLY4IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONSTHE HONORABLE MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE -

What Plaintiff claims (Sur-Reply §II.B(b)): That Defendant "refused" to register for CM/ECF, "pretends" not to receive notice, and supposedly consented to open-ended email service in January 2024.

Response:

a) Plaintiff raised it first. Service insinuations were first injected in Plaintiff's Opposition; Defendant's Reply addressed them. This is not "new matter."
b) Good faith efforts by a pro se litigant. Defendant did attempt to register for CM/ECF access when the Court directed it. To Defendant's understanding, limited access was briefly granted, but Defendant was unable, despite repeated good-faith attempts, to access and navigate the system effectively. As a pro se party without institutional resources, Defendant has relied on publicly accessible filings and mailed copies to stay current. To characterize these circumstances as "refusal" is inaccurate and unfair.
c) No open-ended email consent. Plaintiff has produced no signed instrument reflecting a standing Rule 5(b)(2)(E) consent to email service. Absent such consent, service must comply with Rule 5 and the Local Rules.
d) Irrelevance to the motion at hand. Even if Plaintiff's service narrative were accurate (it is not), it has nothing to do with whether Plaintiff must finally sit for a Rule 30 deposition. Service compliance is not a basis to indefinitely delay scheduling.
e) Even Plaintiff's own Exhibit (Harrison Decl. Ex B) reflects defendant requesting duplicate service by mail because Plaintiff's counsel's email were landing in spam. That contemporaneous evidence contradicts Plaintiff's insinuation of willful avoidance.

Ask: The Court should disregard Plaintiff's service detour. Defendant has acted in good faith within her means as a pro se litigant. The real issue remains: Plaintiff has never offered dates for her deposition. The Court should order them now.

**4. "False and hostile statements from counsel"**

What Plaintiff argues (Sur-Reply §II.B(c)): Plaintiff claims Defendant "newly" alleged that her counsel sent a "threatening" email on August 3, 2025, and accuses Defendant of labelling anyone who disagrees as "threatening" or "bullying." Plaintiff argues this is irrelevant and prejudicial.

Response:

DEFENDANT ASHLEY RICHARDSON'S SUR REPLY IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS THE HONORABLE MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE -

    a) Not new. Plaintiff herself raised the theme in Opposition, asserting that Defendant "never conferred in good faith" and "refuses to engage." Defendant's Reply introduced the August 3 email *solely* to rebut that narrative and demonstrate the tenor and futility of counsel's approach. That is not "new matter"; it is directly responsive.

    b) The email speaks for itself. Far from showing good-faith conferral, Plaintiff's counsel's email (attached in Plaintiff's own exhibit) demonstrates the opposite:
        i. It accuses Defendant of "improper threats" and "false statements to the press" with no evidentiary basis;
        ii. It asserts, without support, that Defendant has "no evidence" and is "continually lashing out";
        iii. It conditions any further dialogue on Defendant capitulating to discovery demands by a unilaterally imposed date, while simultaneously declaring himself or any of his numerous colleagues unavailable to confer for more than a week.

This rhetoric is not professional meet-and-confer; it is accusatory and dismissive. Defendant's characterization of it as "hostile" was accurate, not exaggerated.

    c) Why it matters. Rule 37(a)(1) requires a movant to certify good-faith conferral before burdening the Court with discovery disputes. Plaintiff's Opposition tried to cast Defendant as the obstacle. Defendant's Reply referenced this email to show why conferral was futile—because Plaintiff's counsel adopted a posture of accusation and dismissal rather than engagement. That is proper rebuttal context.

    d) Relevance. The point is not to litigate tone; the point is to show why judicial intervention is necessary. When counsel tells a pro se litigant she has "no evidence," calls her positions "not true" without analysis, and unilaterally ends discussion for weeks, the Court can see why a neutral order setting discovery boundaries is required.

Ask: Treat the email reference as a proper rebuttal to Plaintiff's Opposition theme that Defendant never engaged in good faith. Consider it as context for why court supervision of deposition scheduling is necessary, and move past Plaintiff's attempt to distract with tone-policing.

    **5. "Compliance" and proportionality: Defendant's discovery efforts are substantial; Plaintiff's are non-compliant and strategically withholding.**

a) **Defendant's production & responses.**

By the agreed date, Defendant served over 40 pages of verified interrogatory answers and produced well over 1,000 documents (index provided). See Ex. A (Interrogatory Responses) & Ex. B (Production Index). Defendant also served deposition notices and repeatedly sought dates in good faith.

b) **Plaintiff's "production" is illusory and Rule-34-defective.**

Plaintiff has not served Rule-34-compliant responses stating, request-by-request, the scope of search, what is being withheld, or a production timetable. Instead, Plaintiff "produced" largely repackaged material from the Singapore arbitration—including conversations and items that either originated from Defendant or are non-responsive to the core requests here (e.g., text-message threads directly requested from Plaintiff's own devices and accounts remain unproduced). See Ex. C (Harrison 8/29/2025 "deficiency" letter) confirming Plaintiff's position that your production is "vastly insufficient"—which, if nothing else, concedes that Defendant has in fact produced and that there is an active dispute on Plaintiff's side of the ledger.

c) **Rule 34 requires specificity; blanket/boilerplate objections are improper.**

FRCP 34(b)(2)(B)–(C) requires objections to be specific and to state whether materials are being withheld. Plaintiff's generalized relevancy/proportionality rhetoric, without describing search efforts, custodians, date ranges, or whether responsive texts and third-party communications are withheld, violates the Rule and masks non-production of key categories (including party-to-party texts, rationale/diligence regarding the investment, communications with third parties about media, and materials referenced in Plaintiff's own filings and statements).

d) **No unilateral "finish everything first" condition.**

FRCP 26(d)(3) allows discovery "in any sequence"; one side may not hold its witness hostage until the other side satisfies unilaterally-imposed prerequisites. Plaintiff's own chronology shows serial deferrals without offering concrete dates. That is precisely why court intervention is required now.

e) **The Right Remedy: Discovery is being weaponized; the cure is to set Plaintiff's deposition and order Rule-34 compliance keyed to that date.**

Plaintiff's tactic is plain: refuse Rule-34-compliant responses and rolling production on core categories; then point to purported "gaps" to delay her own deposition; then use motion practice to re-cast that obstruction as Defendant's fault. That is *discovery as leverage, not discovery as truth-seeking*. The Court should stop the gamesmanship

DEFENDANT ASHLEY RICHARDSON'S SUR REPLY7IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONSTHE HONORABLE MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE -

by (1) setting a firm date for Plaintiff's deposition and (2) ordering targeted, pre-deposition production so the deposition is meaningful.

If the Court views any reply passage as beyond rebuttal, the fair fix is symmetrical: (i) strike collateral material from both sides' briefs; or (ii) permit both a narrowly-tailored sur-reply and a short defendant response. What should not happen is rewarding Plaintiff's opposition-stage broadening with a free second opposition

## III. EVIDENTIARY HEARING

If Plaintiff continues to dispute the factual record by labelling sworn statements as "untrue" or "fabricated," then the appropriate forum is an evidentiary hearing. Defendant is prepared to present live testimony and documentary evidence at any such hearing to establish the truth of these events, including testimony from third-party witnesses with direct knowledge.

Defendant's counsel, who has represented Defendant for years for settlement purposes (Nicholas Gravante, the cochair of the litigation group at Cadwalader, Wickersham & Taft LLP,, who is not council for Defendant in this action as plaintiffs previously agreed). has already confirmed his willingness to appear and testify under oath regarding (1) his limited and strictly settlement-related role in this action; (2) the knowingly false accusations made by Mr. Harrison concerning the limited extent of his involvement (which Mr. Harrison earlier agreed not to use as a sword); (3) my falsely alleged leverage of press for financial gain (when precisely the opposite is true), and the attempt Plaintiff made to get Defendant to Perjure herself to get a more favourable result against her legal dispute with Persistence,; and (4) the nature of Plaintiff's settlement demand, which has included all of his efforts to try to get the parties to settle and agree to non-disparagement claims so that my rejections of his client's overtures and my refusal to leave my then partner at the time, can no longer be publicized. Mr. Gravante's testimony, alongside corroborating documentary evidence, will conclusively resolve several of the factual disputes Plaintiff now brazenly raises in her Sur-Reply, which her counsel is more than well aware is blatantly false and misleading.

Should Plaintiff persist in advancing demonstrably false narratives, Defendant respectfully requests that the Court set an evidentiary hearing to resolve these disputes once and for all. Plaintiff cannot be permitted to use unfounded accusations in briefing as both a sword and shield, while avoiding the scrutiny of sworn testimony.

DEFENDANT ASHLEY RICHARDSON'S SUR REPLY 8 IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONSTHE HONORABLE MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE -

## IV. Relief

Defendant respectfully asks the Court to:

1. Disregard or narrowly cabin Plaintiff's Sur-Reply;
2. Deny any request to condition Plaintiff's deposition on pre-deposition "particulars";
3. Set Evidentiary Hearing to curb Plaintiff's continued perpetuation of unfounded accusations;
4. Order Plaintiff to supply three firm dates within seven (7) days, with the deposition to occur within 21 days at a neutral Los Angeles court-reporting facility or by remote means under Rule 30(b)(4).
5. Pre-deposition production (7–10 days before deposition). Plaintiff shall serve Rule-34-compliant responses and produce non-privileged documents for these core categories:
    a. Party-to-party text messages and iMessage/WhatsApp/Signal communications between Plaintiff and Named Parties re the investment, finders-fee, diligence, or statements about Defendant;
    b. Plaintiff's diligence/rationale materials, including communications with advisors (e.g., astrologers/consultants), third-party inputs, and documents showing the decision basis and risk allocations;
    c. Communications with third parties and representatives concerning Defendant or this dispute;
    d. Documents cited in or underlying Plaintiff's prior public filings and statements about Defendant;
    e. A Rule-34 statement specifying custodians searched, time ranges, search terms (if used), and whether any responsive materials are being withheld on the basis of each objection.
6. Reciprocity. Defendant will continue rolling supplementation as additional items are located, but Plaintiff's appearance may not be conditioned on further Defendant production.
7. Fees/Sanctions. Deny Plaintiff's fee request; Defendant's motion is substantially justified, and Plaintiff's own non-compliance precipitated the impasse. See FRCP 37(a)(5)(A)(ii)–(iii).

Respectfully submitted,

Ashley Richardson

DEFENDANT ASHLEY RICHARDSON'S SUR REPLY9IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONSTHE HONORABLE MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE -

Dated August 29, 2025.

_____
Ashley Richardson

In Pro Per

DEFENDANT ASHLEY RICHARDSON'S SUR REPLY IN OPPOSITION TO PLAINTIFF'S SUR REPLY IN OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS THE HONORABLE MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE - 10