Ashley Richardson

25399 Markham Ln,

Corral De Tierra, CA 93908

(310) 490-2476 |

ashrichardson@mac.com

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON,<br><br>　　　　　Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>　　　　　Defendant and Counterclaim Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br>DEFENDANT ASHLEY RICHARDSON'S EX PARTE APPLICATION FOR ORDER (1) GRANTING MOTION TO COMPEL DEPOSITION ON THE PAPERS OR, ALTERNATIVELY, (2) SETTING HEARING ON SHORTENED TIME OR (3) CONTINUING DISCOVERY CUTOFF FOR LIMITED PURPOSE; AND (4) ENTERING PROTECTIVE ORDER UNDER RULES 26(C)(1) & 30(B)(4) |

To the Court, all parties, and their counsel of record:

　　　　Defendant Ashley Richardson applies ex parte for immediate relief regarding her previously filed Motion to Compel Plaintiff Taylor Thomson's Deposition (Dkt. 96) (opposed at

DEFENDANT ASHLEY RICHARDSON'S EX PARTE APPLICATION FOR ORDER (1) GRANTING MOTION TO COMPEL DEPOSITION ON THE PAPERS OR, ALTERNATIVELY, (2) SETTING HEARING ON SHORTENED TIME OR (3) CONTINUING DISCOVERY CUTOFF FOR LIMITED PURPOSE; AND (4) ENTERING PROTECTIVE ORDER UNDER RULES 26(C)(1) & 30(B)(4) - 1

Dkt. 99, reply at Dkt. 101, 102, 103, sur-reply at Dkt.104, and opposed at Dkt. 106, 107). The motion was fully briefed, but no hearing was noticed and the Court has not ruled. The discovery cutoff is October 15, 2025.

**I. Requested Relief. Ms. Richardson respectfully requests that the Court:**

1. Grant the motion to compel on the papers now and order Ms. Thomson's deposition on a date certain with reasonable time/place/method protections; or
2. Set a special hearing on shortened time before October 15, 2025; or
3. Continue the discovery cutoff for the limited purpose of completing (a) Ms. Thomson's deposition and (b) Ms. Richardson's deposition immediately thereafter, and set a compliant Local Rule 37 schedule; and
4. Enter the [Proposed] Protective Order under Fed. R. Civ. P. 26(c)(1) & 30(b)(4) (modest accommodation for an existing morning travel; back-to-back sequencing if helpful).

**II. Good Cause / Background.**

1. Motion fully briefed; not calendared. Months ago, Ms. Richardson filed a Motion to Compel Plaintiff Taylor Thomson's Deposition, because no hearing date was noticed, the motion was not calendared. Ms. Richardson now seeks a decision on the papers.
2. Imminent discovery cutoff; concrete prejudice. The October 15, 2025 discovery cutoff is days away. Without an order compelling Ms. Thomson's deposition on a date certain, Ms. Richardson will be prejudiced by the loss of sworn testimony from the central witness.
3. Diligence; Plaintiff's unilateral scheduling and burden. For over a year, Ms. Richardson sought dates for Ms. Thomson's deposition and repeatedly offered to cooperate, including reasonable alternatives on time, place, and method. Plaintiff instead unilaterally noticed Ms. Richardson's deposition first in San Francisco (requiring 3–4 hours each way from her residence) on a known conflicted morning, and declined accommodations (Central District venue, modest timing adjustment, or remote). The Court's intervention is necessary to secure Ms. Thomson's testimony efficiently and fairly. With the cutoff approaching, a clean order compelling Ms. Thomson's deposition is the most practical cure.

**III. Legal Standard (decision without hearing)**

DEFENDANT ASHLEY RICHARDSON'S EX PARTE APPLICATION FOR ORDER (1) GRANTING MOTION TO COMPEL DEPOSITION ON THE PAPERS OR, ALTERNATIVELY, (2) SETTING HEARING ON SHORTENED TIME OR (3) CONTINUING DISCOVERY CUTOFF FOR LIMITED PURPOSE; AND (4) ENTERING PROTECTIVE ORDER UNDER RULES 26(C)(1) & 30(B)(4) - 2

Under Fed. R. Civ. P. 78(b) and C.D. Cal. L.R. 7-15, the Court may decide motions on the papers without oral argument. The Court also has broad authority to set time/place/method for depositions to prevent undue burden or expense (Rule 26(c)(1)(B)) and to order depositions by remote means (Rule 30(b)(4)). Schedule modifications may be made for good cause (Rule 16(b)(4)).

**IV. Requested Relief (narrow, immediate)**

Grant the pending Motion to Compel Plaintiff's Deposition and order Plaintiff Taylor Thomson to appear for deposition on or before Oct. 15, 2025, at a reasonable location within the Central District of California. The parties shall meet and confer within 48 hours of the Court's order to select the date and finalize logistics.

**Limited fallback (only if needed):**

If the Court concludes Ms. Thomson cannot practically be deposed by October 15, extend the discovery cutoff for the limited purpose of taking Ms. Thomson's deposition only, on or before October 22, 2025 without altering any other dates.

1. Motion on file; no hearing noticed. Months ago, Ms. Richardson moved to compel Ms. Thomson's deposition. Plaintiff opposed; Ms. Richardson replied; Plaintiff filed a sur-reply. No hearing date was included on the notice, so the motion was not calendared.
2. Imminent cutoff. The Oct 15 cutoff is days away; absent immediate relief, Ms. Richardson will be prejudiced by the lack of sworn testimony from the central witness.

Legal Standard. The Court may grant ex parte relief on a showing of good cause and potential irreparable prejudice that is not the product of a lack of diligence. The Court has broad authority to set time/place/method for depositions to prevent undue burden or expense (Rule 26(c)(1)(B)) and to order depositions by remote means (Rule 30(b)(4)). The Court may also modify the schedule for good cause (Rule 16(b)(4)).

DEFENDANT ASHLEY RICHARDSON'S EX PARTE APPLICATION FOR ORDER (1) GRANTING MOTION TO COMPEL DEPOSITION ON THE PAPERS OR, ALTERNATIVELY, (2) SETTING HEARING ON SHORTENED TIME OR (3) CONTINUING DISCOVERY CUTOFF FOR LIMITED PURPOSE; AND (4) ENTERING PROTECTIVE ORDER UNDER RULES 26(C)(1) & 30(B)(4) - 3

       Proposed Path Forward. To minimize burden and avoid further gamesmanship, Ms. Richardson proposes the [Proposed] Order lodged herewith: Ms. Thomson sits first at a C.D. Cal. location on a date certain within 10 days, and Ms. Richardson sits immediately after (same day if practicable or the next business day).

       Meet and Confer. Ms. Richardson has conferred extensively; Plaintiff will not stipulate to these terms.

       Conclusion. Ms. Richardson respectfully requests the Court grant the relief above.

       Respectfully Submitted,

Dated October 10, 2025.

_____
Ashley Richardson
In Pro Per

DEFENDANT ASHLEY RICHARDSON'S EX PARTE APPLICATION FOR ORDER (1) GRANTING MOTION TO COMPEL DEPOSITION ON THE PAPERS OR, ALTERNATIVELY, (2) SETTING HEARING ON SHORTENED TIME OR (3) CONTINUING DISCOVERY CUTOFF FOR LIMITED PURPOSE; AND (4) ENTERING PROTECTIVE ORDER UNDER RULES 26(C)(1) & 30(B)(4) - 4