UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:23-cv-04669-MEMF-MAR | Date:  October 10, 2025 |
| Title:  <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u> | |

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: (In Chambers) ORDER RE: MOTION TO COMPEL AND REQUEST FOR SANCTIONS, DKT. 96; MOTION TO COMPEL AND REQUEST FOR SANCTIONS, DKT. 120**

# I.
# BACKGROUND

The district court detailed the background of this action in its December 26, 2024, order[1]:

Plaintiff and Counterclaim Defendant Taylor Thomson ("Thomson") is an individual. <u>See</u> ECF No. 25 ¶ 13. Defendant and Counterclaim Plaintiff Ashley Richardson ("Richardson") is also an individual. <u>See</u> <u>id.</u> ¶ 16. Thomson alleges, in summary, that Richardson and other Defendants conspired to target Thomson and induce Thomson to invest in a certain cryptocurrency, and made a series of false statements to both Thomson and the public in furtherance of this. <u>See</u> <u>id.</u> ¶¶ 37–241. Richardson alleges in turn, via her counterclaims, that she and Thomson were friends, that Thomson demanded that Richardson invest in cryptocurrency on Thomson's behalf, that Thomson made rude statements to Richardson and called on Richardson at all hours with requests, and that Thomson eventually made defamatory statements about Richardson.

ECF Docket No. ("Dkt.") 87 at 2.[2] On July 14, 2025 a Scheduling Order set a trial

---

[1] This section is derived from the allegations in the parties' various pleadings—the Court includes these allegations only as background and makes no finding on whether they are true.
[2] All citations to electronically filed documents refer to CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-04669-MEMF-MAR | Date:  October 10, 2025 |
| Title:  <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u> | |

date for April 20, 2026 and Fact Discovery Cut-off for October 15, 2025.  Dkt. 95.

On September 6, 2024, Richardson noticed Thomson's deposition to take place on October 16, 2024.  Motion to Compel Deposition of Taylor Thomson and Request for Sanctions, Dkt. 96 ("Mot.") at 2; Declaration of Todd Harrison in Support of Plaintiff's Opposition to Defendant Ashley Richardson's Motion to Compel and Request Sanctions, Dkt. 99-2 ("Harrison Decl."), Ex A.  Also on September 6, Thomson noticed Richardson's deposition to take place on October 9, 2024.  Harrison Decl., Dkt. 99-4, Ex B.

On September 15, 2024 Richardson confirmed she would be available for the October 9th deposition, "on the condition that Taylor will show up for her deposition in Los Angeles on October 16th."  Harrison Decl., Dkt. 99-7, Ex E.  On September 16, Thomson's counsel alerted Richardson that, "Ms. Thomson is not available on the 16th and we will get back to you with proposed dates where she is available."  <u>Id</u>.  Counsel further stated, "We are happy to work with you to make the depositions as convenient as possible for everyone. We are okay with changing the date of both depositions."  <u>Id.</u>  Further, on September 23, 2024, Thomson's counsel stated, "Depositions are conducted after all of the other relevant discovery period procedures have taken place."  <u>Id.</u>  Neither the October 9th nor the October 16th deposition occurred.  Plaintiff Taylor Thomson's Opposition to Defendant Ashley Richardson's Motion to Compel and Request for Sanctions, Dkt. 99 ("Opp.") at 3.

On January 17, 2025, Richardson emailed Thomson a notice of deposition for March 26 and 28, 2025.  Harrison Decl., Ex F. On February 25th, counsel indicated that he could not confirm Thomson's availability for those dates.  Harrison Decl., Ex G.  On February 28, 2025, Richardson moved to compel the deposition of Thomson, but the motion was struck for failure to provide the requisite hearing information and failure to meet and confer.  Dkt. 91.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:23-cv-04669-MEMF-MAR | Date: October 10, 2025 |
| Title: | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | |

On March 21, 2025, Thomson's counsel sent a letter to Richardson reminding her that she had not responded to Thomson's requests for production or interrogatories and thus had waived any objections and should respond to Thomson's discovery requests in full by April 30, 2025. Opp. at 3.

On May 6, 2025, Richardson emailed Thomson's counsel requesting an extension to respond to discovery and that counsel, "be prepared to provide Plaintiff's availability for deposition" during a meet and confer on May 7, 2025. Declaration of Ashley Richardson in Response to Plaintiff's Opposition to Defendant Ashley Richardson's Motion to Compel and Request for Sanctions, Dkt. 103 ("Richardson Decl., Dkt. 103"), Ex B. On May 7, 2025, Richardson emailed counsel, "While I disagree with your assertion that Plaintiff's deposition must be delayed until my discovery responses are complete… I am willing to provide your team sufficient time to review materials before the deposition proceeds. … If you can provide a date for Ms. Thomson's deposition to occur between now and July 15, 2025, by Friday, May 9, I will refrain from filing a renewed motion to compel at this time." Id., Ex A.

On June 6, 2025, Richardson produced some documents in response to Thomson's requests for production. Opp. at 3. On July 11, 2025, Thomson sent Richardson a letter outlining the deficiencies in her initial document production and noting that she had entirely failed to respond to Thomson's interrogatories. Harrison Decl., Ex I. On July 29, 2025, Richardson requested to meet and confer with Thomson. Richardson Decl., Dkt. 103, Ex D.

On July 29, 2025 Richardson filed the instant "Motion to Compel Deposition of Taylor Thomson and Request for Sanctions." Mot., Dkt. 96. On August 11, 2025 Richardson emailed Thomson her first set of responses to Thomson's interrogatories. Richardson Decl., Dkt. 103, Ex C.

Thomson filed an opposition to the motion to compel on August 12, 2025, within which she sought a Protective Order. Plaintiff Taylor Thomson's Opposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:23-cv-04669-MEMF-MAR | Date: October 10, 2025 |
| Title: | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | |

to Defendant Ashley Richardson's Motion to Compel and Request for Sanctions, Dkt. 99 ("Opp").[3] Thomson argues that Richardson must respond to previous interrogatories before she can depose Thomson because Richardson has not provided, "the basic details of the allegations" against Thomson. Opp. at 9. And without clarification of Richardson's claims through the discovery process, Thomson argues, she could not adequately prepare for the deposition. Id.

Richardson filed a Response to Thomson's Opposition and two declarations on August 14, 2025. Response to Plaintiff's Opposition to Defendant Ashley Richardson's Motion to Compel and Request Sanctions, Dkt. 101 ("Resp."); Declaration of Ashley Richardson in Response to Plaintiff's Opposition to Defendant Ashley Richardson's Motion to Compel and Request for Sanctions, Dkt. 102 ("Richardson Decl., Dkt. 102"); Richardson Decl., Dkt. 103. On August 23, Thomson filed a "Request for Leave to file Sur-Reply in Opposition to Defendant Ashley Richardson's Motion to Compel and Request for Sanctions," Dkt. 104 ("Sur-Reply").[4] Thomson's request for leave to file Sur-Reply was granted on September 2, 2025. Dkt. 104.

On September 30, 2025, Thomson filed a motion to compel Richardson's deposition. Plaintiff Taylor Thomson's Motion and Notice of Motion to Compel the Deposition of Defendant Taylor Richardson, Dkt. 120 ("Thomson Mot.").[5] She

---

[3] Thomson never, however, filed a freestanding motion for a protective order, nor complied with this Court's procedures with respect to the protective order sought within her opposition.

[4] The court notes that Richardson's Response raised several issues not raised in her original motion. A reply brief may not raise new arguments or submit new evidence not included in the moving papers because doing so deprives the non-moving party of a fair chance to respond. See Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996). To the extent Richardson introduced arguments for the first time in her Response, the Court declines to consider the matters raised. We will consider the exhibits presented in Richardson's Response and Thomson's Sur-Reply related to the dispute raised in Richardson's Motion to Compel Deposition of Taylor Thomson and Request for Sanctions, Dkt. 96.

[5] Thomson's motion is facially untimely. She filed her motion September 30, 2025, and the hearing on the motion is set for October 22, 2025, a week after the October 15, 2025 discovery cut-off

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-04669-MEMF-MAR          Date: October 10, 2025

Title:   <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u>

argues that Richardson failed to attend a properly noticed deposition after stating that she was available and after counsel incurred the costs of traveling to the deposition and hiring a court reporter. <u>Id.</u> at 4–5. In the exhibits attached to the motion, Richardson states she will not attend her deposition until Thomson is deposed. Declaration of Todd Harrison in Support of Plaintiff's Motion to Compel the Deposition of Defendant Ashley Richardson and Request for Sanctions, Dkt. 120-2 ("Harrison Decl., Dkt 120"), Ex C. Richardson did not submit her section of the Joint Stipulation, and the Court has not received an opposition. Thomson Mot. at 6.

In essence, the parties' dispute here centers on the sequence in which depositions should occur, as well as the pre-requisites required for such depositions to occur. Richardson asserts that Thomson has failed to appear for two depositions. Thomson argues that Richardson failed to properly provide notice to Thomson regarding the scheduling of either deposition, asserting that Richardson twice unilaterally selected a deposition date on which Thomson was not available. She further asserts that Richardson has failed to meet her own discovery obligations. In her motion to compel, Thomson asserts that Richardson failed to attend her deposition, improperly conditioning her attendance on Thomson sitting for her declaration.

For the reasons discussed below, Richardson's motion is **GRANTED in part, DENIED in part**. Thomson's motion is **GRANTED in part, DENIED in part**.

///
///
///
///
///

---

under the district judge's scheduling order. Dkt. 95; <u>see</u> <u>Greiser v. Chavez</u>, No. EDCV 22-1600-JGB (SPX), 2024 WL 1120145, at *1 (C.D. Cal. Feb. 5, 2024) However, the Court finds the most prudent and efficient path forward is to address both parties' motions on the merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:23-cv-04669-MEMF-MAR                           Date:  October 10, 2025

Title:    <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u>

## II.
## **GENERAL STANDARD**

Generally, under the Federal Rules of Civil Procedure,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978).  However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, ... production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).  "In moving to compel the production of documents, the moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery."  <u>Grossman v. Dirs. Guild of Am., Inc.</u>, No. EDCV 16-1840-GW (SPx), 2018 WL 5914242, at *4 (C.D. Cal. Aug. 22, 2018) (citing <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002)).  In other words,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:23-cv-04669-MEMF-MAR                                           Date:  October 10, 2025

Title:   <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u>

the moving party bears the burden of demonstrating the sought discovery is relevant. <u>Cabrales v. Aerotek, Inc.</u>, No. EDCV 17-1531-JGB-KKX, 2018 WL 2121829, at *3 (C.D. Cal. May 8, 2018).

In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." <u>Centeno v. City of Fresno</u>, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing <u>In re Bard IVC Filters Prod. Liab. Litig.</u>, 317 F.R.D. 562, 564 (D. Ariz. 2016)).  However, ultimately, "[i]t has long been settled in this circuit that the party resisting discovery bears the burden of showing why discovery should not be allowed." <u>United States ex rel. Poehling v. UnitedHealth Grp., Inc.</u>, No. CV 16-8697 MWF (SSX), 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018) (citing <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.")).

### III.
### <u>DISCUSSION</u>

#### A.   COMPLIANCE WITH LOCAL RULES

As an initial matter, the Court notes that Richardson's motion to compel, like the previous motion filed by Richardson, which was struck, is not filed as a Joint Stipulation in accordance with Local Rule 37-2.  Ordinarily, the Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner under L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-04669-MEMF-MAR                                                         Date:  October 10, 2025

Title:   <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u>

  Furthermore, prior to filing any motion to compel with the court, Federal Rule of Civil Procedure 37(a)(1) requires that the moving party certify that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. Local Rule 37-1 also requires any party wishing to file a motion related to discovery to "confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many disputes as possible." L.R. 37-1.

  Meet and confer rules are in place to "encourage settlement, [and] resolve disputes which need not involve the court . . .[,] thus saving the parties, the courts, and the taxpayers' limited time, money and resources." <u>Mull v. Motion Picture Indus. Health Plan</u>, No. LA CV 12-06693-VBF, 2015 WL 11233510, at *1 (C.D. Cal. Oct. 5, 2015). "The failure of any counsel to comply with or cooperate in [the pre-filing conference of counsel or joint stipulation] procedures may result in the imposition of sanctions." L.R. 37-4; <u>see also</u> L.R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to . . . [any] sanctions the Court may deem appropriate under the circumstances.").

  As noted above, the Court previously struck Richardson's motion for failure to meet and confer. Richardson contends that she has satisfied the meet and confer requirement this time through her phone conversation with Thomson's counsel on May 7, 2025 and follow-up correspondence on May 9, 2025 and June 6, 2025. Mot. at 2. Thomson argues that Richardson failed to meet and confer in good faith, as she has repeatedly failed to respond to counsel's emails regarding her own discovery disclosures and filed the instant motion on July 29, 2025 without meeting or conferring with Thomson's counsel. Opp. at 3–4.

  Richardson claims she and Thomson's counsel met telephonically on May 7, 2025 but were unable to determine a time for Thomson's deposition. Mot. at 2. Although Thomson does not discuss any such phone call, an email sent May 7, 2025 by Richardson indicates that the parties were unable to come to an understanding of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-04669-MEMF-MAR                                            Date:  October 10, 2025

Title:       <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u>

whether Thomson was required to be available for deposition when Richardson had failed to provide sufficient discovery to alert Thomson of the "who, what, when and where" of her allegations.  Richardson Decl. Dkt. 103, Ex A, at 4; Opp. at 9.  After the May 7, 2025 call, Richardson requested Thomson's counsel confirm Thomson's availability for a deposition by May 9th.  Richardson Decl. Dkt. 103, Ex. A at 4.  It appears that Thomson's counsel did not provide an amenable date for her deposition but nevertheless continued to pursue interrogatory answers and document production from Richardson.  <u>See</u> <u>e.g.</u>, Sur-Reply, Declaration of Todd Harrison in Support of Plaintiff's Sur-Reply in Opposition to Defendant Ashley Richardson's Motion to Compel and Request for Sanctions ("Sur-Reply, Harrison Decl."), Ex A.

Richardson emailed Thomson's counsel on July 29, 2025 requesting to meet and confer, but filed her motion to compel the same day, before receiving a response. Mot. at 5; Sur-Reply, Harrison Decl., Ex A at 6–8.  Counsel responded on July 31, 2025 that he was out of town and unable to meet until August 11, 2024.  Sur-Reply, Harrison Decl., Ex A at 6.  It appears the parties did not meet but continued to exchange emails regarding the discovery dispute.  <u>See</u>, <u>e.g.</u>, Sur-Reply, Harrison Decl., Ex A.

It appears, due to the parties' differing understandings of their discovery obligations, a good faith effort "would not have aided the resolution of the dispute without judicial intervention."  <u>Castillo v. Bank of Am. N.A.</u>, No. 8:17-cv-00580-DOC-KESx, 2018 WL 6074580, at *2 (C.D. Cal. Sept. 28, 2018).  Accordingly, and to facilitate "the just, speedy, and inexpensive determination" of the instant proceeding, the Court will overlook Richardson's failure to comply with the meet and confer requirements and consider the motion on the merits.  Fed. R. Civ. P. 1.  Similarly, as discussed above, the Court will consider Thomson's motion to compel despite its untimeliness.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:23-cv-04669-MEMF-MAR | Date:  October 10, 2025 |
| Title:   *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | |

## B. MOTIONS TO COMPEL THE DEPOSITIONS OF THOMSON AND RICHARDSON

Richardson argues that Thomson has failed to appear for two noticed depositions. Mot. at 2. She further contends that Thomson has failed to offer alternative dates for the depositions. Id. Thomson argues that she did not fail to appear because her counsel informed Richardson that she was unavailable on the unilaterally selected dates and offered to work cooperatively to schedule the depositions at mutually agreeable dates and locations. Opp. at 7. Thomson further argues that there is no outstanding deposition notice or scheduled deposition date, and that Richardson must respond to Thomson's document demands and interrogatories before Thomson is deposed so that she can adequately prepare for the deposition. Id. at 7, 9.

### 1. Applicable Law

Federal Rule of Civil Procedure 30 governs depositions by oral examination. See Fed. R. Civ. P. 30. Rule 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. FRCP 30(b)(1).

While neither the federal rules nor this Court's local rules necessarily require a party to consult a deponent and their counsel about availability before setting deposition dates, "[t]he Central District's Civility and Professionalism Guidelines— which can be found at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines—call for counsel to 'consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts.'" Bradshaw v. City of Los Angeles, No. 2:19-CV-06661-VAP-JC, 2023 WL 3400624, at *6 n.2 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-04669-MEMF-MAR | Date: October 10, 2025 |
| Title: Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al | |

Cal. Apr. 13, 2023). Accordingly, courts have required parties "to meet and confer about the date and the subject matter of the Rule 30(b)(6) deposition" as a part of their general responsibilities to meet and confer under the Federal and Local Rules. See, e.g., Ashley v. Moore, No. CV 22-4909-DMG (KSX), 2023 WL 8165520, at *1–*2 (C.D. Cal. Oct. 23, 2023). Courts have also quashed subpoenas that "unilaterally noticed depositions in locations and on dates such that neither …counsel nor the deponent could attend." See, e.g., Thompson v. Cnty. of Riverside, No. 5:19-CV-00122-AB-SHK, 2023 WL 8168859, at *8 (C.D. Cal. July 26, 2023), reconsideration denied, No. 5:19-CV-00122-AB-SHK, 2023 WL 6194322 (C.D. Cal. Aug. 7, 2023).

Pursuant to Fed. R. Civ. P. 26(d), "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." The advisory committee notes state that this provision was meant to "eliminate any fixed priority in the sequence of discovery." Fed. R. Civ. P. 26(d), 1970 advisory committee notes. Numerous courts have held that Rule 26(d) prohibits a party from delaying or withholding discovery on the basis that the party has not obtained responses to its own discovery requests. See, e.g., Infanzon v. Allstate Ins. Co., 335 F.R.D. 305 (C.D. Cal. 2020), aff'd, No. 22-56070, 2024 WL 3631140 (9th Cir. Aug. 2, 2024) ("Rule 26(d)(3) also makes clear that ... a party cannot delay responding to discovery simply because the other party has not yet responded to its discovery.") (citing Liguria Foods, Inc. v. Griffith Labs., Inc., 320 F.R.D. 168, 186 (N.D. Iowa 2017)); Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc., 224 F.R.D. 644, 653 (N.D. Cal. 2004) (noting that a party may not "condition its compliance with its discovery obligations on receiving discovery from its opponent."); Zamora v. D'Arrigo Bros. Co. of Cal., No. C04-00047 JW (HRL), 2006 WL 931728, at *5 (N.D. Cal. Apr. 11, 2006) ("[I]t is improper for plaintiffs to refuse to attend depositions until after plaintiffs' discovery is completed."); Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 308 (D. Kan. 1996) ("A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-04669-MEMF-MAR                                           Date:  October 10, 2025

Title:     <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u>

**2.   Analysis**

In her motion to compel, Richardson argues that Thomson has failed to attend two previous depositions.  Thomson argues that the depositions were unilaterally scheduled, that she alerted Richardson to her unavailability, and that Richardson must produce her own discovery before Thomson can sit for a deposition.

In her motion to compel, Thomson argues that Richardson failed to attend her noticed deposition despite agreeing that she was available on the noticed date.  Further, she argues that Richardson has improperly conditioned attendance at her deposition on Thomson's deposition occurring first.

Neither Richardson nor Thomson is permitted to unilaterally withhold her own responses to discovery requests.  This is because, "[s]imply put, discovery is not conducted on a 'tit-for-tat basis.'"  <u>Infanzon v. Allstate Ins. Co.</u>, 335 F.R.D. 305, 312 (C.D. Cal. 2020) (citation and quotation marks omitted), <u>aff'd,</u> No. 22-56070, 2024 WL 3631140 (9th Cir. Aug. 2, 2024).  "If the opposing party is recalcitrant in responding to discovery requests, the rules provide a mechanism for compelling responses and/or imposing sanctions.  The rules do not authorize one party to withhold discoverable material in retaliation for the opposing party's withholding of discoverable material."  <u>Id.</u>  (quoting <u>Lumbermens Mut. Cas. Ins. Co. v. Maffei</u>, No. 3:03 CV 262 JWS, 2006 WL 2709835, *5 n.21 (D. Alaska Sept. 20, 2006)).

Furthermore, although Thomson claims that she cannot commit to her deposition without knowing the "basic details of the allegations against her," because "[w]ithout clarification of Ms. Richardson's claims through discovery, Ms. Thomson cannot adequately prepare for her deposition," Richardson is correct that "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery."  Opp. at 8–9; Fed. R. Civ. P. 26(d).  Thomson may not, therefore, withhold her deposition simply because the other party has not yet responded to its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-04669-MEMF-MAR | Date:  October 10, 2025 |
| Title: Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al | |

discovery. See Fresenius, 224 F.R.D. at 653 (noting that a party may not "condition its compliance with its discovery obligations on receiving discovery from its opponent."). Similarly, Richardson may not condition her own deposition on Thomson's agreement to sit for a deposition first.

Moreover, as noted above, the Central District's Civility and Professionalism Guidelines call for counsel to "consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts." Bradshaw, No. 2:19-CV-06661-VAP-JC, 2023 WL 3400624, at *6 n.2. The parties should meet and confer in good faith to determine deposition dates and locations that are amenable to all. Any failure to determine mutually agreeable dates for depositions or failure to attend noticed depositions that brings this dispute back to the Court may affect the Court's inclination to grant sanctions.

Accordingly, Richardson's motion to compel Thomson to attend her deposition is **GRANTED**. Thomson's motion to compel Richardson to attend her deposition is **GRANTED**. The parties shall meet and confer to determine mutually agreeable dates for each deposition and complete both depositions on mutually agreeable dates at any mutually agreed non-residential office space.[6]

///
///
///
///

---

[6] To the extent Thomson's motion seeks an extension of the discovery cutoff, the motion is denied. The undersigned does not have the authority to modify the district judge's scheduling order. See Watts v. Allstate Indem. Co., No. 2:08-cv-01877 LKK KJN, 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) (finding that a magistrate judge does not have authority to amend a district judge's scheduling order); UMG Recordings, Inc. v. Disco Azteca Distribs., No. CIV.S-04-2611 FCD DAD, 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order."). Any request to extend the discovery deadline must be made to the district judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:23-cv-04669-MEMF-MAR                                              Date:  October 10, 2025

Title:     *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al*

## C.  REQUESTS FOR SANCTIONS

Richardson requests sanctions for Thomson's failure to appear at the October 2024 and March 2025 depositions.  Mot. at 4.  Thomson argues that sanctions are inappropriate because the depositions were not properly noticed and because she informed Richardson of her unavailability.  Opp. at 11–12.  She also argues that, since the depositions did not take place, Thomson could not have "failed to appear."  Id.

Thomson requests sanctions for Richardson's failure to appear at the September 17, 2025 deposition.  Thomson Mot. at 10.  She argues sanctions are appropriate because she properly noticed the deposition, confirmed that Richardson was available on the date, and counsel appeared at the noticed location with a court reporter.  Id. at 7–9.  She further notes that the deposition was scheduled in San Francisco to accommodate Richardson's request that she not be required to travel to Los Angeles.  Id. at 8.

### 1.     Applicable law

Federal Rule of Civil Procedure 37(d) ("Rule 37(d)") allows the court to "order sanctions if" "a party or . . . a person designated under Rule 30(b)(6) or 31(a)(4) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).  "Sanctions for a party's failure to appear at a deposition 'may include any of the orders listed in Rule 37(b)(2)(A)(i)–(iv)'." *RG Abrams Ins. v. Law Offices of C.R. Abrams*, No. CV 21-00194-FLA (MAAx), 2021 WL 4974049, at *8 (C.D. Cal. Aug. 19, 2021) (quoting Fed. R. Civ. P. 37(d)(3)).  Rule 37(d)(3) further states that:

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 2:23-cv-04669-MEMF-MAR            Date: October 10, 2025

Title: <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u>

Fed. R. Civ. P. 37(d)(3). The party opposing the imposition of sanctions has the burden of showing the failure was substantially justified or that sanctions are otherwise unjust. <u>RG Abrams</u>, 2021 WL 4974049, at *8 (citing <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994)).

Regarding sanctions for failure to appear for a deposition, the only requirement is that the party be "served with proper notice" of the deposition beforehand. <u>See</u> Fed. R. Civ. P. 37(d)(1)(A)(i); <u>see also</u> <u>Jules Jordan Video, Inc. v. 144942 Can. Inc.</u>, 617 F.3d 1146, 1158 (9th Cir. 2010) (observing that "a simple notice of deposition is sufficient to compel [a party's] attendance").

Rule 30 requires only the following: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). With respect to notice, courts in this Circuit have found that "a week to ten day notice is reasonable where the party is seeking a deposition without the production of documents." <u>Reddy v. Precyse Solutions LLC</u>, No. 1:12-cv-02061-AWI-SAB, 2015 WL 3407447, at *3, 2015 U.S. Dist. LEXIS 67887, at *8 (E.D. Cal. May 26, 2015) (listing cases).

    **2.**     **Analysis**

Here, Richardson's notices of deposition named Thomson as the deponent, stated the date and time of each deposition, provided the location where the depositions would proceed, and were addressed to Thomson's counsel of record. Opp., Harrison Decl., Ex A. Richardson provided over a month's notice to Thomson for the October deposition and over two months' notice for the March deposition. Thomson does not cite any legal authority to support her argument that Richardson's unilateral scheduling of depositions rendered the notices invalid (<u>see generally</u> Opp.), and the Court is aware of none. See <u>Comcast of Los Angeles, Inc. v. Top End Int'l</u>,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:23-cv-04669-MEMF-MAR                                        Date:  October 10, 2025

Title:   Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al

Inc., 2003 WL 22251149, at *2 (C.D. Cal. July 2, 2003) ("The party who resists discovery has the burden to show discovery should not be allowed," as well as "the burden of clarifying, explaining, and supporting its objections." (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975))).

However, Thomson argues sanctions are inappropriate because she alerted Richardson that she was unavailable for the dates noticed and offered to work to find a mutually agreeable time and date to complete the deposition.  Richardson does not assert that she appeared at the noticed time and date in an effort to take Thomson's deposition, nor is there an affidavit of non-appearance on record.  Further, even if she had, the record reflects that counsel confirmed that Thomson would not be able to attend the deposition prior to Richardson incurring costs related to the rental of the deposition space.  Opp., Harrison Decl. Ex I.  Without any indication in the record that a deposition was held at which Thomson failed to appear, the Court is not inclined to grant sanctions.  Accordingly, the court **DENIES** Richardson's request for sanctions.[7]

In her motion to compel, Thomson requests sanctions in the amount of reasonable expenses and attorney's fees for Richardson's failure to attend the September 17, 2025 Deposition.  Thomson Mot. at 10–11.  She argues that Richardson was properly noticed, that she confirmed receipt of the notice, and that she improperly conditioned her appearance on the completion of Thomson's deposition.  Id.  She further notes that this condition was untenable as Richardson had not served a current notice for Thomson's deposition and would not accept counsel's written promise that Thomson would sit for her deposition within thirty

---

[7] In her opposition, Thomson requests attorney's fees under rule 37(a)(5)(b) for Richardson's repeated failure to comply with Local Rules, particularly the obligation to meet and confer.  Opp. at 11–12.  As noted above, Richardson failed to meet and confer and failed to file the instant motion as a Joint Stipulation.  However, because, (1) as described above, it appears that a meet and confer would have been fruitless, (2) the Court has reached the issue on the merits, and (3) Thomson also failed to follow proper procedures, the Court **DENIES** the request for fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:23-cv-04669-MEMF-MAR                                            Date:  October 10, 2025

Title:    <u>Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al</u>

days of Richardson's occurring.  <u>Id.</u> at 8–9.  It appears that counsel incurred costs in traveling to and attempting to complete Richardson's deposition.  <u>Id.</u>  Richardson has not opposed the request for sanctions and has not argues her non-appearance was substantially justified.

Nevertheless, it appears Richardson failed to appear, in part, based on an objection to the sequencing of the depositions.  Indeed, Thomson has taken a similar position, arguing that her deposition should be postponed until Richardson completes certain discovery obligations.  Based on each party's apparent gamesmanship to avoid deposition, and the parties' seemingly mutual misapprehension of the applicable law, the court finds that the imposition of sanctions would be unjust.  Accordingly, the Court **DENIES** Thomson's request for sanctions.

### D.    COSTS AND FEES

Under Rule 37(a)(5)(C), if a discovery motion "is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. of Civ. P. 37(a)(5)(B).  Richardson asks for costs and Thomson asks for attorney's fees and sanctions.  Mot. at 4; Opp. at 11–12; Thomson Mot. at 10.  However, each motion **was granted in part and denied in part,** showing that each side was warranted in seeking resolution as to some of the discovery disputes.  As such, the Court declines to award costs and each party will be responsible for its own costs incurred.

However, in reviewing the emails and filings submitted to the Court as exhibits, the Court notes that these Motions could have been avoided.  Richardson routinely failed to respond to Thomson's counsel's communications and failed to adequately meet and confer before filing her motion.  On the other hand, Thomson improperly delayed providing a date that she would be available for deposition.  The parties both must conduct discovery with due diligence, good faith, and in compliance with all applicable rules.  The Court will be more inclined to impose sanctions in the future if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-04669-MEMF-MAR | Date:  October 10, 2025 |
| Title:  *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | |

either party's actions again unnecessarily force the parties to procced with motion practice.  See, e.g., Oliver v. Luner, CV 18-2562 VAP (AFMx), 2018 WL 5928170, at *1 (C.D. Cal. May 21, 2018) (pro se litigants not exempt from L.R. 7-3 requirement to meet and confer); Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. Dec. 19, 2012) ("Rules requiring meet-and-confer efforts apply to pro se litigants."); Ho v. City of Long Beach, Pub. Works, No. 2:19-CV-09430-DOC-KES, 2021 WL 6104406, at *2 (C.D. Cal. Oct. 19, 2021) (noting "Plaintiff's pro se status does not, in and of itself, insulate her from sanctions for failing to respond to discovery[,]" collecting cases).

# IV.
# ORDER

**IT IS THEREFORE ORDERED** that:

1) Richardson's motion is **GRANTED** with respect to the Deposition of Taylor Thomson, and **DENIED** with respect to sanctions;
2) Thomson's motion is **GRANTED** with respect to the Deposition of Ashley Richardson, and **DENIED** with respect to sanctions; and,
3) The Court declines to apportion fees.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

**Initials of Preparer**  :  vv