JULIAN L. ANDRE (251120)
jandre@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Thomson<br><br>   Plaintiff,<br><br>   v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>   Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S EX PARTE APPLICATION** |

## I. INTRODUCTION

Plaintiff Taylor Thomson ("Plaintiff") respectfully submits this opposition to Defendant Ashley Richardson's ("Defendant") Ex Parte Application for Order (1) Granting Motion to Compel Deposition on the Papers, or Alternatively, (2) Setting Hearing on Shortened Time, or (3) Continuing Discovery Cutoff for Limited Purpose, and (4) Entering Protective Order.

Defendant's application should be denied in its entirety. It is procedurally improper, fails to satisfy the stringent standards for ex parte relief, and raises issues that are either moot or properly addressed through normal noticed motion procedures. Ex parte relief is reserved for true emergencies where irreparable prejudice will result if the matter proceeds in the ordinary course. No such showing has been made here.

## II. BACKGROUND

On October 10, 2025, Defendant filed an ex parte application seeking various discovery relief, including an order compelling Plaintiff's deposition, seeking a unilateral extension of discovery deadlines, and the entry of a protective order

As an initial matter, Defendant failed to comply with Local Rule 7-19.1, which requires that a party filing an ex parte application "make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application" and advise the Court, under oath, of those efforts. Plaintiff received no such notice or communication prior to the filing of this ex parte application, despite the fact that the parties met and conferred on related discovery issues October 7, 2025.

Further, Defendant's arguments regarding Plaintiff's deposition simply rehash those raised in her prior motion to compel, (Dkt. 96), which Magistrate Judge Rocconi has already ruled upon, ordering the parties to "meet and confer to determine mutually agreeable dates for each deposition and complete both depositions on mutually

///

agreeable dates at any mutually agreed non-residential office space," (Dkt. 122 at 13).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION
(No. 2:23-cv-04669-MEMF-MAR)

1  As a result, her deposition-related request is moot.

2  Plaintiff has continued to act in good faith to advance discovery. The parties met and conferred on October 7, 2025, during which Defendant promised to produce supplemental interrogatory responses and additional documents responsive to Plaintiff's RFPs by October 10, 2025. To date, she has failed to do so.

Finally, Defendant's request for a protective order is disingenuous. Plaintiff proposed a stipulated protective order more than a year ago, which Defendant flatly refused. Given Defendant's refusal, Plaintiff was forced to request a protective order from the Court in its opposition to Defendant's motion to compel Plaintiff's deposition, (Dkt. 99 at 9-10), which was denied, (*see* Dkt. 122 at 4-5). Plaintiff again proposed a protective order on October 7, 2025, and Defendant failed to respond, in spite of the fact that Defendant specifically stated during the discovery-related meet and confer on October 7, 2025 that she was now interested in agreeing to a protective order. Plaintiff continues to agree that such an order is appropriate but rejects Defendant's attempt to frame her own inaction over the past year as a current "emergency."

### III.  ARGUMENT

#### A.  Defendant's Ex Parte Application is Procedurally Improper

Defendant's ex parte application should be denied outright because it fails to comply with Local Rule 7-19.1, which requires that an ex parte applicant (1) make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application, and (2) advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application. Defendant did neither. Her failure to follow these basic procedural safeguards has deprived Plaintiff of an opportunity to address the issues informally and further demonstrates that no emergency exists.

This procedural defect alone warrants denial of the application.

/ / /

### B. Defendant Fails to Meet the High Standard for Ex Parte Relief

Ex parte applications are strongly disfavored and may only be granted where the applicant demonstrates that they will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, the moving party must show that she "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

Defendant has made no such showing. Any purported urgency is of her own making, as she waited until mere days before the discovery cutoff to seek relief on issues that she never sought to informally resolve with Plaintiff's counsel, in spite of having a meet and confer on related discovery issues on October 7, 2025, mere days before the filing of her "ex parte" application. The supposed "crisis" is entirely self-created and does not warrant emergency intervention.

### C. The Deposition Issue is Moot

Defendant's request to grant her motion to compel Plaintiff's deposition has already been resolved by the Court. Magistrate Judge Rocconi has issued a ruling, ordering the parties to meet and confer to determine mutually agreeable dates for the parties' depositions at a mutually agreeable location, (Dkt. 122 at 13), rendering this issue moot. Plaintiff has since contacted Defendant concerning potential options regarding the scheduling of Defendant's deposition and remains willing to cooperate in scheduling both parties' depositions and will continue to meet and confer in good faith to find mutually agreeable dates.

### D. The Requested One-Sided Discovery Extension Is Unreasonable

At one point in her motion, Defendant also seeks to extend the discovery deadline solely for her own benefit. Such a one-sided extension would be completely unfair, uncalled for, and inappropriate. Defendant has not met her own discovery

- 3 -

obligations, with the fact discovery cutoff quickly approaching. She has failed to produce supplemental interrogatory responses and additional responsive documents that she agreed to provide by October 10, 2025 during a meet-and-confer between the parties which occurred on October 7, 2025. Her noncompliance cannot form the basis of an "emergency" request to extend discovery. Nevertheless, Plaintiff is amenable to a reasonable, bilateral extension of the discovery deadline. Indeed, on October 12, 2025, Plaintiff's counsel proposed to stipulate to a continuance of the fact discovery deadline and other corresponding discovery dates. Defendant has not responded as of the filing of this opposition.

### E. Defendant's Request for a Protective Order is Misleading

Defendant's request for a protective order is misleading and unnecessary. Plaintiff's counsel first proposed a stipulated protective order more than a year ago, which Defendant refused. Following the recent meet and confer on October 7, 2025, at which Plaintiff again raised the issue of a protective order and Defendant indicated a new interest in potentially entering into such a protective order, Plaintiff's counsel again circulated a proposed protective order on October 7, 2025 (prior to the filing of Defendant's ex parte application), to which Defendant has not yet responded, despite follow-up from Plaintiff's counsel.

Plaintiff agrees that a protective order is appropriate and remains willing to stipulate to one. However, this matter does not justify ex parte treatment, as it is neither urgent nor the result of any newly arising circumstance.

## IV. CONCLUSION

Defendant's ex parte application is procedurally defective, fails to meet the demanding standard for emergency relief, and raises issues that are either moot or properly addressed through ordinary motion practice.

/ / /

/ / /

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Ex Parte Application in its entirety.

Dated: October 13, 2025     **MCDERMOTT WILL & SCHULTE LLP**

By: */s/ Julian L. André*
TODD HARRISON
JULIAN L. ANDRÉ
JOSEPH B. EVANS

Attorneys for Plaintiff
TAYLOR THOMSON

- 5 -

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Schulte, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On October 13, 2025, I caused to be served copies of the following documents:

**PLAINTIFF TAYLOR THOMSON'S OPPOSITION TO DEFENDANT ASHLEY RICHARDSON'S EX PARTE APPLICATION**

on the following party via email and U.S. Mail:

Ashley Richardson                              *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 13, 2025 in Los Angeles, California.

*/s/ Joshua Yim*
Joshua Yim