Ashley Richardson

25399 Markham Ln,

Corral De Tierra, CA 93908

(310) 490-2476 |

ashrichardson@mac.com

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
10/8/2025
CENTRAL DISTRICT OF CALIFORNIA
BY_____GSA_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

| | |
|---|---|
| TAYLOR THOMSON,<br><br>　　　　Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>　　　　Defendant and Counterclaim Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br>DEFENDANT ASHLEY RICHARDSON'S SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3 IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS |

**I. Introduction**

　　Plaintiff asks the Court to punish Ms. Richardson for not appearing at a deposition that Plaintiff unilaterally noticed for San Francisco—a location outside this forum district and requiring a 3–4 hour drive each way for Ms. Richardson—on a morning Plaintiff knew she had a pre-existing commitment. For over a year, Ms. Richardson repeatedly offered to sit for her

DEFENDANT ASHLEY RICHARDSON'S SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3 IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS - 1

deposition on mutually agreeable terms (including immediately after Ms. Thomson to conserve resources), proposed a Central District location or remote appearance, and even offered a same-day compromise if Plaintiff would secure a court-entered stipulation so both depositions could be completed promptly. Plaintiff rejected reasonable accommodations and insisted on its unilaterally chosen time, place, and sequence.

On this record, Ms. Richardson's non-appearance was substantially justified under Fed. R. Civ. P. 37(d)(3); sanctions would be unjust. Independently, Plaintiff short-circuited L.R. 37 by serving its "moving portion" before the L.R. 37-1 conference, depriving Ms. Richardson of the seven-day window to serve her portion. The motion should be denied or, at minimum, continued and reset with a compliant schedule and a protective order addressing time, place, and method of both depositions.

**II. Factual Background (with dates and exhibits)**

1. **Plaintiff's unilateral SF notice; Ms. Richardson offers cooperation.**

On August 23, 2025, Plaintiff served a notice to depose Ms. Richardson. (Richardson Decl. Ex. 1.) Within five days, on August 28, Ms. Richardson responded: "I am ready to be deposed immediately after your client is deposed… If you give me definitive dates… I will start my deposition the day after her deposition concludes." (Ex. 2.)

2. **Plaintiff selects an unreasonable location/time and refuses to coordinate.**

On September 15 at 6:09 a.m., Plaintiff's counsel announced it would proceed two days later in San Francisco "for your convenience," despite the case being in the Central District of California, the 3–4 hour each-way drive from Ms. Richardson's home, and a morning

conflict Plaintiff already knew about. (Ex. 4.) That same day (12:55 p.m.), Ms. Richardson objected, explained the conflict, and again offered to appear immediately after Ms. Thomson or proceed if Plaintiff would secure a court-entered stipulation so Ms. Thomson's deposition would follow within 30 days. She even offered to appear in San Francisco on Sept. 15 after her morning commitment to mitigate burden. (Ex. 5.)

3. **Plaintiff refuses any enforceable coordination.**

On September 16 (8:11 a.m.), Plaintiff said "we will agree that Ms. Thomson will sit for a deposition within 30 days" but refused a court order, insisting Ms. Richardson still appear first in San Francisco the very next day. (Ex. 6.) Given Plaintiff's year-long refusal to provide Ms. Thomson's date, an informal "agreement" had no enforceability.

4. **Plaintiff bypasses LR-37 sequence and deprives Ms. Richardson of her 7-day window.**

On September 22, before any L.R. 37-1 conference, Plaintiff emailed its "moving portion" for a joint stipulation; the conference occurred on September 25. Plaintiff never re-served its moving portion after the conference as required; Ms. Richardson's seven-day clock therefore never began. (Exs. 7–8.)

5. **Hearing noticed after the discovery cutoff.**

Plaintiff noticed the motion to be heard after the stated October 15 discovery cutoff. (Ex. 9.)

Argument

I. Ms. Richardson's non-appearance was substantially justified; sanctions are improper.

A. Unreasonable place and burden (Rules 26(c)(1)(B), 30(b)(4)).

DEFENDANT ASHLEY RICHARDSON'S SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3 IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS - 3

Plaintiff chose San Francisco—outside the forum district—requiring Ms. Richardson to dedicate an entire day to travel (3–4 hours each way) on 48 hours' notice, despite a documented morning conflict. The Rules empower the Court to protect parties from undue burden/expense by setting time/place or ordering remote testimony. Fed. R. Civ. P. 26(c)(1)(B), 30(b)(4). Ms. Richardson promptly proposed reasonable alternatives: a Central District location, remote appearance, or a modest adjustment to the start time. Plaintiff refused all three.

B. Ms. Richardson consistently sought mutually agreeable scheduling.

From August 28 forward, Ms. Richardson confirmed she would sit immediately after Ms. Thomson "for everyone's convenience." (Ex. 2.) On September 14 and 15, she repeated the offer and asked for dates. (Exs. 3–5.) On September 15, she specifically offered to appear the same day (Sept. 17) after her morning commitment if Plaintiff would submit a court-entered stipulation guaranteeing Ms. Thomson's deposition within 30 days—an efficient, enforceable solution. (Ex. 5.) Plaintiff refused to submit any stipulation and insisted on its unilateral plan.

C. Legal standard (Rule 37(d)(3)).

Even where a notice issued, Rule 37(d)(3) bars fees where the failure to appear was substantially justified or circumstances make an award unjust. Forcing a 3–4 hour each-way trip to a non-forum location on a conflicted morning—while rejecting reasonable alternatives—creates undue burden that Ms. Richardson tried to avoid, not manufacture. Her non-appearance was substantially justified. Fees would be unjust given Plaintiff's insistence on an unreasonable location/time and its refusal to accommodate.

DEFENDANT ASHLEY RICHARDSON'S SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3 IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS - 4

### III. Plaintiff's LR-37 non-compliance independently warrants denial or a reset.

**A. Premature service; no seven-day window (L.R. 37-2.2).**

L.R. 37 requires the moving party to serve its portion following the L.R. 37-1 conference, together with all declarations and exhibits; only then does the opposing party's seven-day period run, after which the movant circulates the compiled stipulation by the next business day. Plaintiff served before the conference (Sept. 22) and never re-served after the Sept. 25 conference; Ms. Richardson's seven-day clock never began. Filing without her portion violated L.R. 37-2.2.

**B. This filing is the correct vehicle (L.R. 37-2.3).**

Once a joint stipulation is on file, each party may file a ≤5-page supplemental memorandum no later than 14 days before the hearing; no other separate brief is permitted. This memorandum complies with L.R. 37-2.3.

**C. Hearing/cutoff alignment.**

Plaintiff noticed the hearing after the stated discovery cutoff. If the Court's Scheduling Order requires discovery motions to be heard by the cutoff (as many do), the hearing should be stricken or reset; at minimum, the Court should reset the schedule to cure the L.R. 37 prejudice.

### IV. Requested Relief

Ms. Richardson respectfully asks the Court to:

1. Deny Plaintiff's motion to compel and deny sanctions under Rule 37(d)(3); or

DEFENDANT ASHLEY RICHARDSON'S SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3 IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS - 5

    2.    Alternatively, continue the hearing and reset a compliant L.R. 37 schedule (post-conference service; full seven-day insert; compiled stipulation next business day); and

    3.    Enter a protective order under Rule 26(c)(1) and Rule 30(b)(4) providing that:

(a) any deposition of Ms. Richardson shall occur at a reasonable location within the Central District of California or by remote videoconference at her election;

(b) the date/time shall accommodate the previously identified morning conflict; and

(c) to promote efficiency, if logistics warrant, Ms. Thomson's deposition may proceed first with Ms. Richardson's deposition immediately thereafter (same day if practicable, or next business day).

Respectfully Submitted,

Dated October 7, 2025.

_____
Ashley Richardson
In Pro Per

DEFENDANT ASHLEY RICHARDSON'S SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3 IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS - 6