Ashley Richardson

25399 Markham Ln,

Corral De Tierra, CA 93908

(310) 490-2476 |

ashrichardson@mac.com

FILED
CLERK, U.S. DISTRICT COURT
10/8/2025
CENTRAL DISTRICT OF CALIFORNIA
BY   GSA   DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON,<br><br>          Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>          Defendant and Counterclaim Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br>DEFENDANT ASHLEY RICHARDSON'S NOTICE OF NON-COMPLIANCE WITH LOCAL RULE 37 AND REQUEST TO STRIKE OR CONTINUE HEARING AND RESET A COMPLIANT SCHEDULE |

    Defendant Ashley Richardson respectfully provides notice that Plaintiff did not comply with Local Rule 37 in connection with its discovery motion and the "Joint Stipulation," and requests the Court strike the currently noticed hearing or continue it and reset a compliant schedule.

**I. Why This Notice Is Necessary (What Happened)**

DEFENDANT ASHLEY RICHARDSON'S NOTICE OF NON-COMPLIANCE WITH LOCAL RULE 37 AND REQUEST TO STRIKE OR CONTINUE HEARING AND RESET A COMPLIANT SCHEDULE - 1

LR 37 requires a simple sequence: (i) the parties hold the LR 37-1 conference; (ii) following that conference, the moving party serves its moving portion (with all declarations/exhibits); (iii) only then does the opposing party's seven-day window to serve its insert begin; and (iv) the moving party circulates the compiled joint stipulation for signature by the next business day. See L.R. 37-2.2. The separate, short LR 37-2.3 supplemental memorandum may be filed by either party no later than 14 days before the hearing.

Here, Plaintiff short-circuited that sequence and then attempted to force a deadline that never began to run:

    1.  Sept. 22, 2025 (pre-conference service). Plaintiff emailed Ms. Richardson its purported "moving portion" and supporting papers before any LR 37-1 conference occurred. (Richardson Decl. Ex. 7.)

    2.  Sept. 25, 2025 (the actual LR 37-1 conference). The conference was held on Sept. 25. (Id. Ex. 8.) Plaintiff did not re-serve its moving portion after the conference as LR 37-2.2 requires to start the seven-day clock.

    3.  Sept. 28–30, 2025 (improper "deadline" demands). Despite never re-serving post-conference, Plaintiff repeatedly asserted Ms. Richardson's "seven days" ran from the premature Sept. 22 transmission and threatened to file "without" her portion. Ms. Richardson responded on Sept. 28 and 29, citing LR 37-2.2, expressly stating that no deadline had started and that she would serve her insert within seven days of proper post-conference service. (Id. Exs. email chain.)

    4.  Hearing noticed after cutoff (as reflected in Plaintiff's papers). Plaintiff noticed the discovery motion for October 22, 2025, while October 15, 2025 is the discovery cutoff stated

in Plaintiff's own papers. (Id. Ex. 9.) If the Court's Scheduling/Civil Trial Order requires discovery motions to be heard by the cutoff, the current hearing date is improperly calendared; at minimum, it should be reset to cure prejudice from Plaintiff's LR-37 noncompliance.

Separately—and underscoring prejudice—Plaintiff's motion also follows a pattern of unilateral, unreasonable scheduling: on Sept. 15 Plaintiff insisted Ms. Richardson appear first for deposition in San Francisco (3–4 hour drive each way for her) on a conflicted morning, while declining to offer any date for Plaintiff Taylor Thomson despite Ms. Richardson's year-long requests and repeated offers to sit immediately after Ms. Thomson or by remote at a reasonable time/place. (Richardson Decl. Exs. 1–6.) Ms. Richardson's non-appearance was substantially justified (Fed. R. Civ. P. 37(d)(3)), but the Court need not reach that merits issue to address this procedural defect: Plaintiff did not follow LR 37's required sequence.

**II. Governing Rules (What LR 37 Requires)**

LR 37-2.2 (Sequence): Following the LR 37-1 conference, the moving party must serve its moving portion with all declarations/exhibits. Only after that post-conference service does the opposing party's seven (7)-day period to serve its insert begin. The movant then compiles and circulates the complete joint stipulation for signature by the next business day.

LR 37-2.3 (Supplement): After a joint stipulation is filed, each party may file a supplemental memorandum not exceeding 5 pages no later than 14 days before the hearing; no other separate memorandum may be filed.

DEFENDANT ASHLEY RICHARDSON'S NOTICE OF NON-COMPLIANCE WITH LOCAL RULE 37 AND REQUEST TO STRIKE OR CONTINUE HEARING AND RESET A COMPLIANT SCHEDULE - 3

LR 37-3 (Notice/Ex Parte): Discovery motions must be properly noticed; ex parte discovery relief requires a showing of irreparable prejudice not attributable to the movant's lack of diligence.

Plaintiff's insistence that Ms. Richardson's "seven days" began on Sept. 22 disregards LR 37-2.2's plain language that the seven-day window begins only upon receipt of the moving portion served after the conference (unless the parties affirmatively agree otherwise—Ms. Richardson did not).

### III. Prejudice

Because Plaintiff never re-served after the Sept. 25 conference, Ms. Richardson's seven-day window never began. Plaintiff's threats to file "without" her portion deprived her of the Rule-mandated opportunity to be heard within the LR-prescribed format, forcing her to expend resources preparing a 5-page LR 37-2.3 supplement simply to ensure her merits position reaches the Court. The post-cutoff hearing date (as noticed) aggravates the prejudice and invites avoidable motion practice.

### IV. Requested Relief

Ms. Richardson respectfully asks the Court to:

1. Strike the currently noticed hearing date or, in the alternative, continue it;
2. Reset a compliant LR 37 schedule that:

    a. requires post-conference re-service of Plaintiff's moving portion (with all declarations/exhibits);

DEFENDANT ASHLEY RICHARDSON'S NOTICE OF NON-COMPLIANCE WITH LOCAL RULE 37 AND REQUEST TO STRIKE OR CONTINUE HEARING AND RESET A COMPLIANT SCHEDULE - 4

b. affords Ms. Richardson her full seven (7) days from receipt of that re-service to serve her opposing portion; and

c. requires Plaintiff to compile and circulate the complete joint stipulation for signature by the next business day;

3. Set any new hearing in compliance with the Court's Scheduling/Civil Trial Order (or, if the Court allows post-cutoff hearings, reset to cure prejudice from Plaintiff's LR-37 noncompliance); and

4. Grant such other relief as is just, including adoption of Ms. Richardson's concurrently lodged [Proposed] Order under Rules 26(c)(1) and 30(b)(4) addressing time, place, and method for both depositions to minimize burden and avoid further gamesmanship.

Respectfully Submitted,

Dated October 7, 2025.

Ashley Richardson
In Pro Per

DEFENDANT ASHLEY RICHARDSON'S NOTICE OF NON-COMPLIANCE WITH LOCAL RULE 37 AND REQUEST TO STRIKE OR CONTINUE HEARING AND RESET A COMPLIANT SCHEDULE - 5