JULIAN L. ANDRE (251120)
jandre@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Taylor Thomson<br><br>                 Plaintiff,<br><br>       v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>                 Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S *EX PARTE* APPLICATION TO CONTINUE DISCOVERY AND RELATED DEADLINES** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 15, 2025, at 10:00 a.m., or as soon thereafter as the Court is available, before the Honorable Maame Ewusi-Mensah Frimpong, in Courtroom 8B of the United States District Court, Central District of California, located at 350 W 1st Street, Los Angeles, California 90012, Plaintiff Taylor Thomson ("Plaintiff") will and hereby does apply *ex parte*, pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7-19, for an order to continue the discovery and related deadlines, in accordance with the schedule below, or other such schedule as is convenient for the Court and the Parties:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Fact Discovery Cutoff | October 15, 2025 | November 30, 2025 |
| Expert Disclosure (Initial) | October 22, 2025 | December 8, 2025 |
| Expert Disclosure (Rebuttal) | November 5, 2025 | December 22, 2025 |
| Expert Discovery Cutoff | November 19, 2025 | January 7, 2025 |
| Last Date to Hear Motions | January 8, 2025 | February 5, 2025 |
| Deadline to Complete Settlement Conference | January 21, 2025 | February 25, 2025 |

The trial-related dates remain unchanged.

This Application is based on this Notice of Application and Application, Memorandum of Points and Authorities, the Declaration of Julian L. André ("André Decl.") and supporting exhibits, and any other matters as may be presented to the Court at or prior to the hearing. On October 14, 2025, Plaintiff's counsel notified Defendant of this Application and its contents. Defendant informed Plaintiff's counsel that she intended to oppose the Application.

/ / /

/ / /

/ / /

/ / /

- 1 -

PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE DISCOVERY DEADLINES
(No. 2:23-cv-04669-MEMF-MAR)

| | |
|---|---|
| Dated: October 14, 2025 | **MCDERMOTT WILL & SCHULTE LLP** |
| | By: /s/ *Julian L. Andre* |
| | JULIAN L. ANDRÉ |
| | TODD HARRISON |
| | JOSEPH B. EVANS |
| | |
| | Attorneys for Plaintiff |
| | TAYLOR THOMSON |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.　INTRODUCTION

Good cause exists to continue the discovery deadlines. Plaintiff Taylor Thomson ("Plaintiff") has diligently pursued discovery for over a year, but Defendant Ashley Richardson ("Defendant") has repeatedly delayed and obstructed the process—failing to timely respond to discovery, serving plainly deficient productions which fail to provide even the most basic facts regarding her Counterclaims, and refusing to appear for her own deposition. These actions have made it impossible to complete discovery before the current October 15, 2025 cutoff.

Plaintiff offered to stipulate to an extension of the discovery deadlines to November 30, 2025, and corresponding extensions to expert and motion deadlines, leaving all trial dates intact. Defendant refused to stipulate, claiming without basis that the proposal was somehow a "trick." Defendant refused to stipulate in spite of the fact that Defendant herself recently requested (unilaterally and without notice to Plaintiff) that the Court extend the discovery deadline *for her benefit only*. Plaintiff therefore seeks the Court's intervention to continue the deadlines so that discovery can be completed efficiently and on the merits.

## II.　BACKGROUND

On September 12, 2024, Plaintiff served Defendant with Requests for Production ("RFPs") and Interrogatories ("ROGs"). Defendant failed to respond, and after months of silence, Plaintiff sent a letter on March 21, 2025, reattaching the discovery and advising Defendant that she had waived objections and must respond by April 30. On that date, Defendant submitted a cursory two-page objection to the RFPs, produced no documents, and ignored the ROGs entirely.

Defendant did not produce any documents until June 6, 2025, and that production was overwhelmingly deficient—consisting almost entirely of irrelevant Telegram screenshots and unrelated emails. She produced no documents concerning

- 3 -

1 her counterclaims or alleged damages and failed to provide a privilege log. Plaintiff sent a detailed deficiency letter on July 11, 2025, followed by another on August 29, 2025, after Defendant's belated and incomplete supplemental responses. Defendant has refused to correct the deficiencies.

Defendant's ROG responses, finally served on August 11, 2025, were also deficient, evasive, and non-responsive. Plaintiff promptly met and conferred under Local Rule 37 on October 7, 2025, during which Defendant agreed to supplement two interrogatories but refused to correct others and again promised—but failed—to produce key documents, including medical records and other evidence supposedly supporting her claims.

Defendant has also filed multiple procedurally improper motions—the first stricken, and the second only partially granted—wasting valuable time and further delaying discovery. She then failed to appear for her own properly noticed deposition.

On October 10, 2025, Magistrate Judge Rocconi granted in part and denied in part the parties' motions to compel each other's depositions and ordered the parties to meet and confer to set dates and locations. Plaintiff has attempted to confer with Defendant regarding deposition dates, but Defendant continues to employ the same tactics which Magistrate Judge Rocconi ordered the Defendant to stop employing. The depositions cannot be completed within the current discovery period.

With the October 15, 2025 fact discovery cutoff approaching, Plaintiff proposed a reasonable extension of the discovery and related deadlines on October 12, 2025. *See* André Decl., Ex. A at 5-6. After Plaintiff's counsel followed up the next day, Defendant refused to agree to the extension unless Plaintiff first provided dates for Plaintiff's deposition. *Id.* at 4-5. On October 14, 2025, Defendant escalated the exchange by accusing Plaintiff's counsel of attempting to "trick" her and demanding to be deposed before the October 15 cutoff. *Id.* at 3-4. Plaintiff's counsel explained that the extension was being sought under Federal Rule of Civil Procedure 16(b)(4) by stipulation, but

because Defendant declined, Plaintiff would have to proceed *ex parte*. *Id.* at 2. Defendant then confirmed that she would oppose the *ex parte* application. *Id.*

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The good cause inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A showing of good cause exists when the moving party demonstrates that the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

In addition, because this application seeks ex parte relief, Plaintiff must also show that "(1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures, and (2) the moving party is without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### IV. ARGUMENT

Plaintiff has been diligent throughout discovery—serving written discovery over a year ago, repeatedly following up on Defendant's non-responses, meeting and conferring in good faith, and moving to compel when necessary. The need for an extension arises entirely from Defendant's repeated discovery violations, including months of delay in responding to discovery, incomplete and irrelevant document productions, refusal to correct deficient interrogatory responses, and failure to appear for her own properly noticed deposition.

Despite these delays, Plaintiff attempted to resolve this issue cooperatively. On October 12, 2025, Plaintiff's counsel proposed a reasonable stipulation to extend the discovery and related deadlines by a few weeks to accommodate the remaining discovery and comply with the Court's orders. Defendant refused to stipulate, claiming the proposal was some sort of "trick," and instead appears to be seeking a unilateral

extension on her own terms. Plaintiff is therefore left with no alternative but to seek this relief through the Court.

The Court's October 10, 2025 order granting in part the parties' motions to compel and directing them to meet and confer on deposition scheduling further demonstrates the necessity of additional time. The depositions required by that order cannot reasonably occur before the current October 15, 2025 discovery cutoff. A brief continuance is therefore essential to comply with the Court's directive and allow both parties to complete discovery in an orderly and fair manner.

Because the discovery cutoff is imminent, *ex parte* relief is warranted. Plaintiff has acted diligently and in good faith, while Defendant's obstructive conduct has created the present scheduling impasse. Without a short extension, Plaintiff will be unable to depose Defendant or obtain the discovery necessary to prepare expert disclosures and dispositive motions, resulting in significant prejudice. The requested extension is further warranted given the geographical and time zone differences among the parties and counsel: Defendant resides in Salinas, California; Plaintiff is based in London, England; Plaintiff's counsel is located in New York, New York; and the Court sits in Los Angeles, California. Coordinating depositions and discovery across multiple locations and time zones has proven logistically challenging and supports a brief extension of the current deadlines.

The requested continuance is modest and will not affect the trial date. Plaintiff seeks only a six-week extension of fact discovery and corresponding adjustments to expert and motion deadlines. This brief continuance will facilitate compliance with the Court's October 10 order and promote resolution of this matter on the merits. Defendant will not be prejudiced by the extension and, in fact, benefits equally from the additional time.

/ / /

/ / /

- 6 -

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this *Ex Parte* Application and continue discovery and related deadlines as proposed below.

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Fact Discovery Cutoff | October 15, 2025 | November 30, 2025 |
| Expert Disclosure (Initial) | October 22, 2025 | December 8, 2025 |
| Expert Disclosure (Rebuttal) | November 5, 2025 | December 22, 2025 |
| Expert Discovery Cutoff | November 19, 2025 | January 7, 2025 |
| Last Date to Hear Motions | January 8, 2025 | February 5, 2025 |
| Deadline to Complete Settlement Conference | January 21, 2025 | February 25, 2025 |

Dated: October 14, 2025   **MCDERMOTT WILL & SCHULTE LLP**

By:   */s/ Julian L. Andre*
   JULIAN L. ANDRÉ
   TODD HARRISON
   JOSEPH B. EVANS

   Attorneys for Plaintiff
   TAYLOR THOMSON

- 7 -