# EXHIBIT A

# Yim, Josh

| | |
|---|---|
| **From:** | Harrison, Todd |
| **Sent:** | Tuesday, October 14, 2025 6:13 PM |
| **To:** | Ashley Richardson |
| **Cc:** | Yim, Josh; Andre, Julian |
| **Subject:** | Re: Thomson v. Richardson - Proposed Continuance of Discovery Deadlines |

Ms. Richardson - Your shifting demands and last-minute changes continue to delay this case. As you know, you yourself previously requested extensions of the discovery deadline, so your opposition doesn't make much sense. In response to some of your other statements below, you know full well that there is not sufficient time to conduct depositions today or tomorrow, as you know that I am currently in New York. You also know that Mr. Yim and I already traveled to San Francisco for your noticed deposition on September 17. You were notified well in advance, confirmed your availability, and only refused to appear the evening before the deposition, citing an unspecified "morning commitment." When we offered to accommodate that commitment, you stopped mentioning the supposed "commitment" and still refused to appear.

We also agreed to your request that Ms. Thomson's deposition occur within thirty days of yours, yet you still failed to appear. It is evident that you are avoiding your deposition in an effort to run out the discovery clock. Accordingly, we will submit an *ex parte* application requesting an extension of the discovery deadline.

Finally, as you are aware, on October 10, the magistrate judge ruled that you may not condition your appearance on other discovery issues or continue delaying based on the order of depositions. Finally, your continued (but always entirely vague) accusations of perjury or dishonesty are entirely unfounded and should cease.

Sincerely,

**Todd Harrison**
Partner

**T:** +1 212 547 5727 | **M:** +1 917 797 1728 | **F:** +1 646 417 7667
tdharrison@mwe.com | LinkedIn

McDermott Will & Schulte LLP | mwe.com
One Vanderbilt Avenue, New York, NY 10017



On Oct 14, 2025, at 5:00 PM, Ashley Richardson <ashrichardson@mac.com> wrote:

**[ External Email ]**
Counsel,

I oppose any extension of the schedule, absent your agreement to the following conditions and solely to avoid motion practice:

A confirmed date for Taylors deposition between October 15-30th in Los Angeles or Northern California.

I will agree to be deposed the day after her deposition.

I will not agree to move any other deadlines and this limited relief is without prejudice to my right to seek Rule 37 and other appropriate relief if Ms. Thomson does not appear.

If your application seeks anything broader, I will oppose and seek sanctions for your having missed the deadline. Please confirm by today 4:00 p.m. PT whether you accept the narrow terms above.

Best,
Ashley


Sent from my iPhone


> On Oct 14, 2025, at 1:23 PM, Yim, Josh <jyim@mwe.com> wrote:
>
> Ms. Richardson,
>
> Under Federal Rule of Civil Procedure 16(b)(4), the Court may modify scheduling orders, including discovery deadlines, for good cause. While a stipulation would have simplified this process, since you've declined, we will be moving *ex parte* to continue the discovery deadlines to the dates proposed below.
>
> Please let us know whether you intend to oppose our application.
>
> Best,
> Josh
>
> **Josh Yim**
> Associate
>
> **T:** +1 310 277 4110 | **F:** +1 310 277 4730
> jyim@mwe.com | LinkedIn

2

McDermott Will & Schulte LLP | mwe.com
2049 Century Park East, Suite 3200, Los Angeles, CA 90067



**From:** Ashley Richardson <ashrichardson@mac.com>
**Sent:** Monday, October 13, 2025 9:36 PM
**To:** Yim, Josh <jyim@mwe.com>
**Cc:** Harrison, Todd <Tdharrison@mwe.com>; Andre, Julian <JAndre@mwe.com>
**Subject:** Re: Thomson v. Richardson - Proposed Continuance of Discovery Deadlines

**[ External Email ]**
Apologies for the typos, iPhone without reading glasses.

To be clear:

" I just reread the judge's order and now I realize what you are trying to do. Your firm is trying to trick me, and I will not let that happen again. "



Sent from my iPhone

> On Oct 13, 2025, at 9:24 PM, Ashley Richardson <ashrichardson@mac.com> wrote:
>
> Counsel,
>
> I just reread the judge's order and now I realize what you are trying to do. Your firm is trying to trick, and I will let that happen again.
>
> The magistrate judge said the discovery cutoff is October 15th. And even the magistrate judge said she can't extend that deadline. The judge has to extend it, if the Magistrate Judge can't extend it, then I certainly cannot extend it.  I am not going to agree to any dates which violate the judge's discovery cutoff order.
>
> I agree to be deposed on or before the cutoff, which is October 15th. If you want to depose me tomorrow, tell me where to be within the jurisdiction and I will be there.  If you want to depose me on Wednesday, tell me where to be, and I will be there.

All that I am suggesting, for your clients convenience, as well as mine, is that your client agree to be deposed the day before or after I am deposed. You can pick the order in which you want to proceed. I can be deposed tomorrow and she can be deposed on the 15th. Or she can be deposed tomorrow and I can be deposed on the 15th.

It has been over a year since I began trying to get a deposition date out of your firm. You have played games on repeat to make me look like the fool. Not you personally, but your associate Todd first tried to get me to perjure myself in exchange for dismissing the claims against me, and then he lied to the court repeatedly about conversations that he had relating to our efforts to settle this case.

Tell me where you want me to be either tomorrow or Wednesday and I will be there for my deposition. If you don't give me a date on which your client will appear before the deadline, I will still appear, but I will move for sanctions and ask that a verdict to be entered against her for failure to cooperate with the discovery order.

This has gone on long enough.

Regards,
Ashley

Sent from my iPhone

> On Oct 13, 2025, at 4:06 PM, Ashley Richardson <ashrichardson@mac.com> wrote:
>
> Counsel,
>
> Until I receive a response to the email I sent out earlier today, I will not agree to a joint stipulation extending discovery unless we have firm, near-term dates set for both depositions—Ms. Thomson's and mine—with no delay.
>
> Please provide three firm dates for Ms. Thomson's deposition to proceed on or before October 30th. Once those dates are locked, I will consider a narrow, purpose-limited extension solely to complete those two depositions and any directly related production and follow-up discovery relating to depositions. I will not agree to a global schedule change.

4

Best,
Ashley

> On 13 Oct 2025, at 13:48, Yim, Josh <jyim@mwe.com> wrote:
>
> Ms. Richardson,
>
> Following up on this. Given the ongoing efforts to schedule depositions, an extension of the discovery deadlines will be needed. Please let us know if the schedule below is amenable to you.
>
> Best,
>
> **Josh Yim**
> Associate
>
> **T:** +1 310 277 4110 | **F:** +1 310 277 4730
> jyim@mwe.com | LinkedIn
>
> McDermott Will & Schulte LLP | mwe.com
> 2049 Century Park East, Suite 3200, Los Angeles, CA 90067



---

**From:** Yim, Josh
**Sent:** Sunday, October 12, 2025 5:32 PM
**To:** Ashley Richardson <ashrichardson@mac.com>
**Cc:** Harrison, Todd <Tdharrison@mwe.com>; Andre, Julian <JAndre@mwe.com>
**Subject:** Thomson v. Richardson - Proposed Continuance of Discovery Deadlines

Ms. Richardson,

In your recent ex parte application, you requested an extension of the fact and expert discovery deadlines. In light of that request, we are willing to stipulate to a reasonable extension of the discovery deadlines to avoid unnecessary motion practice.

5

Specifically, we propose the following revised deadlines:

1. **Fact Discovery Cutoff:** November 30, 2025
2. **Expert Disclosure (Initial):** December 8, 2025
3. **Expert Disclosure (Rebuttal):** December 22, 2025
4. **Expert Discovery Cutoff:** January 7, 2026
5. **Last Date to Hear Motions (Thursday):** February 5, 2026
6. **Deadline to Complete Settlement Conference:** February 25, 2026

The trial-related deadlines will remain unchanged:

1. **Trial Filings (First Round):** March 4, 2026
2. **Trial Filings (Second Round):** March 18, 2026
3. **Final Pretrial Conference:** April 1, 2026
4. **Trial:** April 20, 2026

Please confirm if you agree to these proposed extensions. Upon your confirmation, I will circulate a draft stipulation and proposed order for your review.

Best,

**Josh Yim**
Associate

**T:** +1 310 277 4110 | **F:** +1 310 277 4730
jyim@mwe.com | LinkedIn

McDermott Will & Schulte LLP | mwe.com
2049 Century Park East, Suite 3200, Los Angeles, CA 90067



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

6

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please visit http://www.mwe.com/ for more information about our Firm.