JULIAN L. ANDRE (251120)
JAndre@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Thomson<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>　　　　Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>The Honorable Margo A. Rocconi, United States Magistrate Judge<br><br>Date: November 12, 2025<br><br>Time: 11:00 a.m.<br><br>Courtroom: 790 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on November 12, 2025, at 11:00 a.m., or as soon thereafter as the Court is available, before the Honorable Margo A. Rocconi, in Courtroom 790 of the United States District Court, Central District of California, located at 255 E. Temple Street, 7th Floor, Los Angeles, California 90012, Plaintiff Taylor Thomson ("Plaintiff") will and hereby does move the Court for the entry of a Protective Order based on the Court's sample protective order pursuant to Federal Rule of Civil Procedure 26(c), on the grounds that good cause exists for entry of a protective order because discovery in this action has involved—and will continue to involve—the exchange of highly confidential personal, financial, and medical information.

Pursuant to Local Rule 37-2.4(a), further meeting and conferring with Defendant regarding this motion would be futile. When Plaintiff first requested a stipulation for a protective order over one year ago, Defendant refused. Since that time, Plaintiff has attempted to confer with Defendant in good faith regarding a stipulated protective order, including recently circulating a draft joint stipulation, to which Defendant has not responded. Rather than engage in the cooperative process required by the Local Rules, strangely, Defendant filed an *ex parte* application seeking her own protective order on October 10, 2025, without any notice to Plaintiff. (*See* Dkt. 121 at 2.) Because Defendant has effectively stopped conferring in good faith and refuses to respond to Plaintiff's reasonable efforts to resolve this issue, Plaintiff now seeks relief from the Court.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Julian L. André and supporting exhibits, the pleadings, records, and files in this action, any reply memoranda or additional briefing on this subject, the attached proposed order, and on such further oral and written matters as the Plaintiff may present at or before the hearing on this matter.

1  For the reasons stated above and set forth in the accompanying Memorandum
2  of Points and Authorities, Plaintiff respectfully requests that the Court grant Plaintiff's
3  Motion for a Protective Order.

4  Dated: October 17, 2025                **MCDERMOTT WILL & SCHULTE LLP**

6  By:   */s/ Julian L. André*
7         JULIAN L. ANDRE
         TODD HARRISON
8         JOSEPH B. EVANS

         Attorneys for Plaintiff
9        TAYLOR THOMSON

- 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Taylor Thomson ("Plaintiff") respectfully moves for entry of a protective order based on this Court's Sample Stipulated Protective Order. For more than a year, Plaintiff has sought Defendant Ashley Richardson's ("Defendant") agreement to such an order to safeguard highly confidential personal, financial, and medical information exchanged in discovery. Though it is standard practice of parties to stipulate to such a protective order in order to avoid unnecessary motion practice, Defendant has thus far refused.

Good cause exists under Rule 26(c). Discovery has already involved—and will continue to involve—nonpublic financial records (including cryptocurrency-related materials) and health information, the unwarranted disclosure of which would cause significant harm and undermine the integrity of these proceedings. Entry of a Court-approved, balanced protective order will protect legitimate privacy interests, prevent further prejudice from extrajudicial publicity, and facilitate the orderly and efficient exchange and other use of information in this case. Accordingly, Plaintiff respectfully requests that the Court enter the Proposed Protective Order. The Proposed Protective Order is substantially based on the Court's Sample Stipulated Protective Order. For the convenience of the Court's review, a redline between the Proposed Protective Order and the Court's Sample Stipulated Protective Order is attached to the Declaration of Julian L. André ("André Decl.") in Support of Plaintiff's Motion for a Protective Order as Exhibit A.

## II. BACKGROUND

Over a year ago, Plaintiff's counsel first proposed a stipulated protective order in this case, which Defendant refused. Following a recent meet and confer on October 7, 2025, Plaintiff again raised the issue of a protective order and Defendant indicated a new interest in entering into such a protective order. Plaintiff's counsel subsequently

circulated a proposed protective order, to which Defendant did not respond despite follow-up from Plaintiff's counsel. André Decl., Ex. B.

Instead, on October 10, 2025, Defendant filed an *ex parte* application seeking, in part, her own, unilateral protective order. (*See* Dkt. 121 at 2.) In response, Plaintiff's counsel again followed up with Defendant concerning the proposed stipulated protective order. André Decl., Ex. B. Defendant, again, did not respond.

### III. <u>LEGAL STANDARD</u>

"It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. United States Dist. Court N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, Rule 26(c) "authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc.*, 187 F.3d at 1103. Under Rule 26(c), a protective order should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.), *cert. denied*, 506 U.S. 868, 113 S. Ct. 197 (1992).

### IV. <u>GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER</u>

The entry of a protective order based on the Sample Stipulated Protective Order provided by this Court is warranted for good cause under Rule 26(c) of the Federal Rules of Civil Procedure. Discovery in this case has already involved—and will continue to involve—the production of records containing highly confidential personal and financial information. Plaintiff has produced, and may be required to produce,

- 2 -

additional materials concerning her personal cryptocurrency holdings over which she alleges Defendant exercised custody and control. These productions include sensitive financial records such as bank statements, investment account records, cryptocurrency wallet data, and tax documents—all of which contain nonpublic personal and financial details entitled to protection. *See, e.g.*, *Mei Ma v. Convergent Outsourcing, Inc.*, 2017 WL 11634740, at *1 (C.D. Cal. Apr. 21, 2017) (finding a protective order is appropriate when a discovery request seeks financial information).

In addition, Defendant has produced, and may be required to produce further, records relating to her claim for intentional infliction of emotional distress, including medical and psychological treatment records containing health information protected by federal and state privacy laws. Without appropriate safeguards, both parties risk serious and irreparable harm through the public dissemination or misuse of such materials.

Good cause for a protective order is further supported by Defendant's conduct during the course of this litigation. Plaintiff previously sought Defendant's agreement to a stipulated protective order based on the Court's model form—an order routinely entered in this District—to ensure the confidentiality of sensitive materials. Defendant refused to agree to any such order, while simultaneously engaging in conduct suggesting an intent to intentionally publicize private and sensitive information obtained through the discovery process. Defendant and her counsel repeatedly threatened to share adverse or misleading narratives about Plaintiff with the media, with the intent of intimidating Plaintiff into paying Defendant millions of dollars. Defendant then produced information and documents related to this case to a Wall Street Journal reporter. A press article concerning Plaintiff and Defendant was then published by the Wall Street Journal on August 23, 2025, in connection with this dispute. André Decl., Ex. C. Without a strict protective order in place to stop

Defendant from abusing the discovery process, such abusive and improper behavior will continue.

The publication of such material underscores the risk that confidential discovery information could be misused for purposes outside the legitimate bounds of this proceeding, thereby undermining the integrity of the judicial process and exposing both parties to unnecessary harm. These circumstances satisfy the "good cause" requirement of Rule 26(c) by demonstrating a concrete need to protect sensitive personal and financial information from improper public dissemination. Accordingly, because confidential materials have already been exchanged, additional disclosures are anticipated, and the risk of further misuse is ongoing, entry of a blanket protective order is both necessary and appropriate to ensure the orderly and fair administration of discovery in this matter.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Protective Order and enter the Proposed Protective Order.

Dated: October 17, 2025　　　　**MCDERMOTT WILL & SCHULTE LLP**

By: 　*/s/ Julian L. André*
　　　JULIAN L. ANDRÉ
　　　TODD HARRISON
　　　JOSEPH B. EVANS

　　　Attorneys for Plaintiff
　　　TAYLOR THOMSON

- 4 -

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Taylor Thomson certifies that this brief contains 1045 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 17, 2025                                 */s/ Julian L. André*
                                                                                Julian L. André

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Schulte, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On October 17, 2025, I served copies of the following documents:

**PLAINTIFF TAYLOR THOMSON'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JULIAN L. ANDRÉ IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND SUPPORTING EXHIBITS**

on the following party via U.S. Mail and Electronic Mail:

Ashley Richardson                                        *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 17, 2025 in Los Angeles, California.

                                                  */s/ Joshua Yim*
                                                  Joshua Yim