JULIAN L. ANDRE (251120)
JAndre@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Thomson<br><br>Plaintiff,<br><br>v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT ASHLEY RICHARDSON'S RESPONSES TO PLAINTIFF'S RFPS AND ROGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>The Honorable Margo A. Rocconi, United States Magistrate Judge<br><br>Date: November 12, 2025<br><br>Time: 11:00 a.m.<br><br>Courtroom: 790 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on November 12, 2025, at 11:00 a.m., or as soon thereafter as the Court is available, before the Honorable Margo A. Rocconi, in Courtroom 790 of the United States District Court, Central District of California, located at 255 E. Temple Street, 7th Floor, Los Angeles, California 90012, Plaintiff Taylor Thomson ("Plaintiff") will and hereby does move the Court to compel Defendant Ashley Richardson ("Defendant") to (1) fully respond to Plaintiff's ROG Nos. 1 and 8, (2) provide a signed verification for all of her ROG responses, and (3) produce all responsive documents in her possession, pursuant to Federal Rules of Civil Procedure 26 and 37, on the grounds that Plaintiff's discovery requests are relevant, Defendant's objections are untimely and improper, and that Defendant's current responses and production are deficient.

Pursuant to Local Rule 37-2.4(b), Defendant has failed to provide her portion of a Joint Stipulation under Local Rule 37-2.2. The parties met and conferred on this issue on October 7, 2025. During that meet-and-confer, Defendant said that she would supplement her responses to certain ROGs but refused to supplement others and also committed to produce additional documents responsive to Plaintiffs requests. Defendant did not produce any further documents, in spite of repeated requests from Plaintiff. Following that meet and confer, Plaintiff provided her position to Defendant in Joint Stipulation form reflecting the outstanding discovery disputes. Defendant refused to respond with her position, in spite of multiple requests by Plaintiff. Accordingly, Plaintiff now seeks relief from the Court.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Julian L. André ("André Decl.") and supporting exhibits, the pleadings, records, and files in this action, any reply memoranda or additional briefing on this subject, the attached proposed order,

1  and on such further oral and written matters as the Plaintiff may present at or before
2  the hearing on this matter.
3    For the reasons stated above and set forth in the accompanying Memorandum
4  of Points and Authorities, Plaintiff respectfully requests that the Court grant Plaintiff's
5  Motion to Compel.

Dated: October 21, 2025        **MCDERMOTT WILL & SCHULTE LLP**

By:  */s/ Julian L. André*
JULIAN L. ANDRE
TODD HARRISON
JOSEPH B. EVANS

Attorneys for Plaintiff
TAYLOR THOMSON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises from Plaintiff's allegations that Defendant, acting in concert with others, fraudulently induced her to invest over $46 million in a cryptocurrency called XPRT issued by Persistence Technologies. The fifty-nine page First Amended Complaint asserts that Defendant—while secretly receiving a kickback—misled Plaintiff, misrepresented her position, overstated potential returns, and funneled Plaintiff's investments into multiple wallets to manipulate market perception. Plaintiff brings claims under federal and California securities laws, common-law fraud, and related statutes. In response, Defendant asserts vague and completely fact-free counterclaims for defamation and intentional infliction of emotional distress ("IIED").

Defendant's counterclaims fail to allege any of the key facts necessary to support her claims—such as the specific defamatory statements at issue, when they were made, and to whom they were communicated. Without these foundational details, Plaintiff cannot meaningfully evaluate or defend against Defendant's allegations. Accordingly, on September 12, 2024, Plaintiff served targeted discovery—comprised of RFPs and ROGs—seeking information related to her own claims as well as the factual basis and evidentiary support for Defendant's counterclaims.

Defendant failed to respond to Plaintiff's discovery requests by the deadline, and thereby waived her right to object to the discovery demands. Defendant eventually served untimely and incomplete objections, but no documents or response, to Plaintiff's RFPs on April 30, 2025. Defendant's responses to Plaintiff's RFPs were riddled with boilerplate and inapplicable objections, and the accompanying production consisted of documents which were largely irrelevant and were not responsive to the numerous categories of documents sought by Plaintiff. It was not until August 11, 2025, that Defendant served incomplete and unverified responses to Plaintiff's ROGs.

In light of Plaintiff's pending *Ex Parte* Application to Continue the Discovery Deadlines, Plaintiff brings this Motion to Compel to preserve her discovery rights in the event the Court grants that Application and extends the discovery period. Plaintiff seeks to compel Defendant to (1) fully respond to Plaintiff's ROG Nos. 1 and 8, (2) provide a signed verification for all of her ROG responses, and (3) produce all responsive documents in her possession.

## II.   BACKGROUND

On September 12, 2024, Plaintiff served Defendant with Requests for Production of Documents ("RFPs") and Interrogatories ("ROGs"). *See* André Decl., Exs. A (RFPs) & B (ROGs). After failing to receive any response from Defendant, Plaintiff's counsel sent a letter to Defendant on March 21, 2025, concerning her outstanding responses to discovery and reattaching the previously served discovery demands. André Decl., Ex. C. That letter specifically noted that due to Defendant's failure to timely respond to discovery, she had "waived any and all objections that [she] may have had" and requested that she "respond in full to the Discovery by April 30." *Id.*

On April 30, Defendant responded with a cursory, two-page response and objections to Plaintiff's RFPs and requested a 30-day extension to respond but produced no documents nor did she respond or object to Plaintiff's ROGs. *See* André Decl., Ex. D.

On June 6, 2025, Defendant finally produced documents in response to Plaintiff's initial RFPs. However, Defendant's production was plainly deficient. Out of the 604 documents she produced, 443 are screenshots of a single Telegram conversation with Defendant Aggarwal, 10 are screenshots of a Telegram conversation with another Persistence employee, and 4 are emails with Defendant Aggarwal. The overwhelming majority of the remaining documents are emails that are not relevant to this case.

Critically, Defendant produced no documents in response to the specific discovery demands relating to her counterclaims or to her alleged damages, such as any evidence of the alleged defamatory statements, her employment, income, or medical records; no wallet or transaction data that would show her involvement in the Persistence project or crypto flows; and no communications with any other party relevant to her counterclaims. She did not produce any of the documents she referred to in her pleadings or discovery objections. And Defendant has not produced a privilege log, despite asserting attorney-client and work-product objections. These glaring omissions persist despite Plaintiff's repeated efforts to resolve the issues without court intervention, including a detailed meet-and-confer letter sent on July 11, 2025, outlining these deficiencies. André Decl., Ex. E. Defendant has subsequently supplemented her production with additional documents on or around August 11, 2025. However, this production also failed to include any documents concerning her alleged damages, cryptocurrency transaction records, or any other information related to any of the claims in this case.

On August 11, 2025, Defendant finally served her responses to Plaintiff's ROGs. Despite the nearly year-long delay, the responses were deficient and non-responsive—offering irrelevant and inadmissible assertions to some ROGs and outright refusing to answer others, while still failing to state or document a single specific fact, for instance, relating to her Counterclaim regarding defamation. On August 29, 2025, Plaintiff sent Defendant a detailed letter cataloging the deficiencies in her ROG responses and demanding supplementation. André Decl., Ex. F. To date, Defendant has refused to correct any of the deficiencies.

Given the deficiencies, on October 1, 2025, Plaintiff's counsel contacted Defendant concerning a meet and confer pursuant to Local Rule 37. The parties met and conferred on October 7, 2025. During that meet and confer, Plaintiff raised the various deficiencies in Defendant's responses and production to Plaintiff's discovery

- 3 -

requests. In response, Defendant agreed that she would supplement her responses to ROG Nos. 12 and 15, but would not supplement her responses to ROG Nos. 1, 8, 10, 11, or 13 because she believed that she had responded substantially and sufficiently and the further information she *could* provide in response she was withholding and refusing to produce to Plaintiff until she could produce that information under seal. Further, Defendant agreed that she would produce a number of documents by October 10 which were responsive to Plaintiff's requests requesting medical records documenting her IIED damages and other categories.

Following that meet-and-confer, Defendant supplemented her responses to ROG Nos. 12 and 15 but did not produce any further documents despite her prior assurances. Further, Defendant failed to respond to Plaintiff's multiple attempts to stipulate to a protective order in order to facilitate discovery in this case, forcing Defendant to unilaterally move on October 17, 2025 for a protective order based on this Court's Sample Stipulated Protective Order. (*See* Dkt. 127.)

## III. LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information subject to discovery "need not be admissible in evidence to be discoverable." *Id.*

District courts have "broad discretion" to control discovery and in determining relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation and alteration omitted). Motions to compel are governed by Rule 37, which allows a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer [or] . . . production" if a party fails to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "Upon a motion to compel

discovery, the movant has the initial burden of demonstrating relevance." *United States v. McGraw-Hill Companies, Inc.*, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014).

## IV. ARGUMENT

### A. Plaintiff's Discovery is Relevant

Plaintiff's written discovery follows the logical arc of the operative pleadings. *First*, RFP Nos. 1, 3-32, 71-73, 76 and ROGs 2, 10-11, 13-14 are directly related to Plaintiff's claims for fraud and securities-law violations. For example, these requests seek Defendant's communications with Persistence, marketing material, wallet records, information about any kick-backs or other benefits she received from her promotion of XPRT, and other information relevant to the fraud and securities-law counts raised in the First Amended Complaint. Specifically, **RFP No. 5** asks for "All Documents, Communications, and Records Concerning or in any way related to Taylor Thomson, including, but not limited to, Ms. Thomson's investment in any products offered by Persistence or offered by other entities in connection with Persistence, or any cryptocurrency."; **RFP No. 29** asks for "Documents sufficient to identify all digital wallets associated with You in any way."; and **RFP No. 71** asks for "All Documents, Communications, and Records Concerning all of Your Digital Wallets." *See* André Decl., Ex. A.

*Second*, RFP Nos. 2, 33-70 and ROG Nos. 1, 3-11, 13-15 are directly related to the issues raised in Defendant's counterclaims and initial disclosures. These requests seek documents supporting the allegations Defendant herself made in her counterclaims, the identities of the people to whom Plaintiff's supposed defamatory statements were published, the exact words used, and evidence supporting Defendant's claimed reputational, economic, and emotional-distress damages. For example:

- **RFP No. 39** asks for "All Documents, Communications, and Records sufficient to identify the 'individuals within Richardson's and Thomson's

- 5 -

shared social circle' that You allege Ms. Thomson told that You 'committed Fraud and Theft of cryptocurrency.'"

- **RFP No. 40** asks for "All Documents, Communications, and Records Concerning Your allegation that Ms. Thomson told 'individuals within Richardson's and Thomson's shared social circle' that You 'committed Fraud and Theft of cryptocurrency.'"

- **RFP No. 41** asks for "All Documents, Communications, and Records sufficient to identify the 'individuals within Cryptocurrency and Financial sectors' that You allege Ms. Thomson told that You 'had committed Fraud and Theft of cryptocurrency.'"

- **RFP No. 42** asks for "All Documents, Communications, and Records sufficient to identify the 'individuals within Cryptocurrency and Financial sectors' that You allege Ms. Thomson told that You 'had committed Fraud and Theft of cryptocurrency.'"

- **RFP No. 43** asks for "All Documents, Communications, and Records Concerning the 'false Defamatory Lies' that You allege Ms. Thomson 'spread with malice and with knowledge that they were false, or with a reckless disregard for the truth.'"

- **RFP No. 44** asks for "All Documents, Communications, and Records sufficient to identify Your employment from January 2019 to present.

- **RFP No. 45** asks for "All Documents, Communications, and Records sufficient to identify all sources of Your income from January 2019 to present."

- **RFP No. 46** asks for "All Documents, Communications, and Records sufficient to identify any injury to any of the following: Your 'professional reputation, character, trade [or] business.'"

- **RFP No. 60** asks for "All Documents, Communications, and Records Concerning Your allegation that You 'suffer and continue[] to suffer severe emotional and physical distress, continuous panic attacks, insomnia, and crippling depression as a direct result of Thomson's outrageous conduct.'"
- **RFP No. 65** asks for "All Documents, Communications, and Records Concerning Your allegation that You 'suffered a severe mental and physical breakdown.'"
- **RFP No. 66** asks for "All Documents, Communications, and Records reflecting all injuries, illnesses, diseases, and/or medical conditions incurred by you and for which You seek recovery in relation to this lawsuit, including but not limited to medical Records."
- **RFP No. 67** asks for "All of Your medical Records from 2010 to the present."

André Decl., Ex. A.

These requests are particularly important given that Defendant has repeatedly refused to state any facts concerning her counterclaims and her failure to identify even the basic elements necessary to support her claims for defamation and intentional infliction of emotional distress or the damages that she seeks, while simultaneously asserting that she in fact has such highly relevant documents and information, but refuses to produce them. For example, Defendant has not alleged any statement by Plaintiff, when those statements were made, or the identities of any of the individuals who these statements were purportedly published to. And yet, Defendant has repeatedly asserted that she has such documents and information. *See, e.g.*, André Decl. ¶ 9. Without such information, Plaintiff cannot adequately defend herself against Defendant's counterclaims. Nor has Defendant produced any documents or evidence related to her alleged damages.

*Finally*, RFPs 74-75, 77-81 and ROG 12 ask for the very documents and facts that Defendant herself has relied on in her Answer, Counterclaim and discovery responses. In short, every request is tethered to a pled claim or defense and is therefore relevant under Rule 26(b)(1). Defendant alleges that she has possession of responsive documents and information, but refuses to produce it.

### B. Defendant's RFP Objections Do Not Justify Withholding Responsive Documents

Defendant asserts a "General Objection" that the original service of the discovery requests via email was "improper and ineffective . . . as [Defendant] never consented in writing to electronic service." This is patently untrue. On January 17, 2024, Ms. Richardson expressly agreed to service by email. André Decl., Ex. G. And on September 26, 2024, the Court granted Defendant's Application for Pro Se Electronic Filing and expressly ordered her to register for the Court's CM/ECF system. (Dkt. 81.) Despite this directive, Defendant never complied. And in any event, Plaintiff re-delivered her discovery requests via mail on March 24, 2025. Defendant did not respond to that communication until April 30, 2025—and even then, only with objections to Plaintiff's RFPs. Defendant's untimely responses waive any objection she may have. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection."); *Gee v. Gallardo*, 2020 WL 2083018, at *2 (C.D. Cal. Mar. 5, 2020) ("Generally, when a party fails to timely and properly object to a discovery request, such objections are waived.") (citation omitted).

Defendant also asserts specific objections to three RFPs, each of which are similarly inapposite. Defendant objects to RFP No. 74, which seeks "All Communications between You and any person at Cadwalader, Wickersham & Taft LLP after November 7, 2023[,]" stating "The requests seek information protected by the attorney-client privilege, work product doctrine, or other applicable privileges."

Defendant's assertion of privilege makes no sense given the fact that Defendant is proceeding *pro se* and has claimed *repeatedly* and vociferously that she is unrepresented in this matter and proceeding *pro se,* and has asked the court repeatedly to grant her leeway on that basis. At the very least, Defendant should be compelled to provide a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A).

Defendant's boiler-plate objections to RFP 67 and RFP 71 fare no better. RFP 67 demands "All of Your medical Records from 2010 to the present." RFP 71 demands "All Documents, Communications, and Records Concerning all of Your Digital Wallets." To both of these RFPs, Defendant asserts the following objection:

**1. Overbroad, Burdensome, and Oppressive:**

> The requests are overbroad, unduly burdensome, and oppressive, seeking information disproportionate to the needs of the case.

**2. Privacy and Confidentiality:**

> The requests seek disclosure of confidential, proprietary, financial, or personal information without adequate protections or showing of necessity.

**3. Relevance:**

> The requests seek information that is irrelevant to the claims or defenses at issue and not reasonably calculated to lead to the discovery of admissible evidence.

RFP 67 is reasonably tailored to the time period from 2010 to present and is directly relevant to Defendant's claim that she suffers from "severe emotional and physical distress, continuous panic attacks, insomnia, and crippling depression" which is the basis for her IIED claim. Those records are uniquely in her possession, and because she has repeatedly put her medical condition in issue, they are discoverable. *See Much v. Gessesse*, 339 F.R.D. 625, 630 (C.D. Cal. 2018) (citation omitted) (Medical records are discoverable where a plaintiff has "alleged emotional distress that is 'complex' or has resulted in specific disorders."); *id.* ("[A] plaintiff may waive the right to privacy and the psychotherapist-patient privilege by initiating litigation that

turns on a determination of the plaintiff's medical condition."); *Bertram v. Sizelove*, 2012 WL 273083, at *2-3 (Plaintiff waived any privacy right in his medical records by filing a lawsuit that puts his medical condition at issue); *see also Ferrell v. Glen-Gery Brick*, 678 F. Supp. 111, 112-13 (E.D. Pa. 1987) ("when a party places his or her physical or mental condition in issue, the privacy right is waived."). RFP 71 targets digital wallet addresses and transaction records needed to trace the XPRT payments and validator-node rewards that underlie Plaintiff's fraud and securities claims; those materials reside almost entirely with Defendant and can be produced with minimal effort (export or screenshot). The requests thus satisfy Rule 26(b)(1)'s proportionality factors and are plainly relevant to this action.

Defendant's time-waived, boilerplate objections do not justify her failure to produce responsive documents to Plaintiff's RFPs. To date, Defendant has failed to produce—among other things—any documentation supporting any of her claims of defamation or IIED. Defendant has produced no communications indicating any defamatory statement made by Plaintiff, no medical records showing any of the physical or mental damages she alleges she suffered, nor has Defendant produced any financial or tax records which would substantiate her purported damages to her career. Thus, Defendant should be compelled to produce all such documents in her possession.

### C. Defendant Fails to Adequately Respond to Plaintiff's ROGs

Defendant's responses to Plaintiff's ROGs are wholly irrelevant and non-responsive to the information requested.

Plaintiff's ROG No. 1 demands that Defendant "Identify and state the factual basis and the specific evidence supporting the factual basis for each counterclaim that You have asserted or intend to assert in this action." Defendant's 12-page response to ROG No. 1 (which is too long to practically reproduce here verbatim) fails to identify a single fact or piece of evidence that would support her counterclaims for defamation or IIED.

With respect to her defamation claim, rather than identifying any specific defamatory statement, when it was made, or to whom it was made, Defendant rehashes the vague and conclusory allegations in her complaint stating:

> The factual basis for these counterclaims arises from numerous credible and consistent reports over an extended period from individuals across multiple sectors of my life, including the film and television industry, cryptocurrency and finance sectors, and our formerly close mutual social circle. These individuals have independently relayed that Ms. Thomson has made statements to the effect that I:
>
> - Committed fraud and theft in connection with cryptocurrency,
> - Conspired with others, including members of the Persistence team, to defraud her,
> - Misrepresented my professional background and never had a legitimate career; and
> - Engaged in conduct that directly caused her financial losses.

Defendant asserts that she possesses "Direct Accounts from Multiple Witnesses," "Corroborating Circumstantial Evidence," and "Anticipated Discovery Evidence," yet she has failed to produce or identify any such evidence. Instead, she claims she is "intentionally withholding the names of individuals who expressed concern and relayed the disparaging remarks that Ms. Thomson was disseminating at this stage due to the extraordinary wealth, influence, and reach of Ms. Thomson, combined with her present hostility toward me." Defendant's alleged fear of retaliation is unsubstantiated, false, and does not constitute a proper basis to withhold discovery.

Furthermore, Defendant refused to respond to ROGs No. 8, which demands Defendant "State all facts Concerning each of the 'primary legal issues to be addressed in the Counterclaim of this matter' listed on Pages 5-8 of the Joint Rule 26(f) Report (ECF 77) including, but not limited to, the date and time of each specific event or conversation, the individuals involved in each event or conversation, and the specific contents of each event or conversation."

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

As a threshold matter, Defendant did not serve her unverified responses to Plaintiff's ROGs until August 11, 2025. Her objections are therefore waived as untimely. *See Richmark Corp.*, 959 F.2d at 1473. Moreover, each ROG directly addresses issues that Defendant herself raised in her Rule 26 disclosures or seeks information from third parties who may possess relevant knowledge concerning her claims. The ROGs are plainly relevant, and Defendant has no valid basis for refusing to respond fully and with verified answers.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court compel Defendant to fully respond to Plaintiff's ROG Nos. 1 and 8, provide a signed verification for all of her ROG responses, and produce all documents responsive to Plaintiffs' RFPs in her possession.

Dated: October 21, 2025     **MCDERMOTT WILL & SCHULTE LLP**

By: */s/ Julian L. André*
JULIAN L. ANDRE
TODD HARRISON
JOSEPH B. EVANS

Attorneys for Plaintiff
TAYLOR THOMSON

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Taylor Thomson certifies that this brief contains 3,304 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 21, 2025                                         */s/ Julian L. André*

                                                                        Julian L. André

## PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Schulte, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On October 21, 2025, I served copies of the following documents:

**PLAINTIFF TAYLOR THOMSON'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT ASHLEY RICHARDSON'S RESPONSES TO PLAINTIFF'S RFPS AND ROGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JULIAN L. ANDRÉ IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AND SUPPORTING EXHIBITS**

on the following party via U.S. Mail and Electronic Mail:

Ashley Richardson                                   *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 21, 2025 in Los Angeles, California.

*/s/ Joshua Yim*
Joshua Yim