Ashley Richardson

25399 Markham Ln,

Corral De Tierra, CA 93908

(310) 490-2476 |

ashrichardson@mac.com

FILED
CLERK, U.S. DISTRICT COURT
10/15/2025
CENTRAL DISTRICT OF CALIFORNIA
BY  GSA  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON,<br><br>        Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>        Defendant and Counterclaim Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br>DEFENDANT ASHLEY RICHARDSON'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DISCOVERY DEADLINES |

**I. Introduction**

    The Court should deny Plaintiff's ex parte bid to continue discovery. Four days ago, the Magistrate Judge granted both sides' motions to compel and ordered the parties to meet and confer in good faith and complete each deposition at a mutually agreeable non-residential office—while expressly denying any extension of the discovery cut-off and noting only the District Judge may modify the schedule.

    Since that order, Ms. Richardson—proceeding alone, pro se—did exactly what the Court directed: she pressed for dates, offered to make herself available immediately (including by the October 15 cut-off), and asked Plaintiff to provide firm dates for Ms. Thomson. Plaintiff—a billion-dollar-backed plaintiff represented by multiple attorneys across two offices—refused to provide dates and instead raced in with this ex parte application seeking a

DEFENDANT ASHLEY RICHARDSON'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DISCOVERY DEADLINES -

blanket extension that would postpone the very deposition the Court just compelled. That is not "good cause"; it is gamesmanship wrapped in a self-created emergency.

If the Court is nevertheless inclined to grant any relief, it should be strictly limited: date-certain depositions of Ms. Thomson and Ms. Richardson to be completed immediately (e.g., by October 30) at a reasonable C.D. Cal. location, and no other deadlines moved. Nothing more.

**II. Background (post-Order conduct)**

1. October 10, 2025 Order. The Magistrate Judge granted both motions to compel, directed the parties to "meet and confer in good faith to determine deposition dates and locations that are amenable to all," and denied any request to extend the discovery cut-off because the Magistrate lacks authority to alter the District Judge's schedule.
2. October 13–14, 2025. Ms. Richardson told Plaintiff she would sit within the existing schedule—including October 14 or 15—and asked for Ms. Thomson's near-term dates so both depositions could be set promptly. Plaintiff did not provide dates and instead announced it would move ex parte to continue the schedule.
3. Counseling/availability posture. For months, Plaintiff's day-to-day correspondence came from Los Angeles counsel (Josh Yim, Julian André). On October 14, New York lead counsel invoked his personal travel to claim "insufficient time." No other attorney offered to defend Ms. Thomson's deposition in Los Angeles within the cut-off, despite the size of Plaintiff's team.

**III. Argument**

**1. No "good cause": Plaintiff's predicament is self-created and contradicts the October 10 Order.**

"Good cause" requires diligence. Plaintiff has long known the October 15 cut-off. The Magistrate already flagged Plaintiff's own untimeliness issues and ordered the parties to promptly set both depositions. Rather than supply dates for Ms. Thomson, Plaintiff seeks a blanket extension that would undo the Order it just lost. That is the opposite of diligence.

**2. Ex parte relief is improper: no irreparable prejudice and no urgency not of Plaintiff's making.**

Ex parte relief is reserved for emergencies not caused by the movant. Any "urgency" here flows from Plaintiff's refusal to provide dates after the Order and its last-minute effort to push Ms. Thomson's compelled deposition. Ms. Richardson stood ready to proceed immediately and asked for dates; Plaintiff declined and filed this application. The Order expressly cautioned that failures to cooperate on scheduling may warrant sanctions—not a global reset.

DEFENDANT ASHLEY RICHARDSON'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DISCOVERY DEADLINES - 2

**3. Plaintiff's renewed reliance on the September 17 San Francisco notice is immaterial—the Court a already accounted for it.**

Plaintiff rehashes the SF notice/non-appearance. The October 10 Order already considered that history, compelled both depositions, and directed a mutually agreeable, non-residential office location. The task now is to provide dates and proceed—not to relitigate blame.

**4. Record of obstruction and imbalance: one pro se litigant vs. a multi-lawyer team; no internal emails produced; discovery weaponized.**

For more than a year, Ms. Richardson has sought Ms. Thomson's deposition and served targeted discovery. Plaintiff has produced no meaningful internal communications—not a single internal text message Ms. Richardson requested and is informed, believes, and thereon alleges exist and frames the accusations at the heart of this case— production continues to be withheld despite Ms. Richardson's July 2022 preservation notice and repeated meet-and-confer efforts. By contrast, Ms. Richardson has verified and supplemented her responses and produced over 1000 relevant documents and 45 pages of interrogatories.

The imbalance matters. Plaintiff has repeatedly used process as leverage instead of producing evidence: attempting to condition relief on Ms. Richardson adopting Plaintiff's narrative; leveraging a now-dismissed protective-order proceeding for publicity; deploying investigators to Ms. Richardson's elderly family (causing stress and a hospital visit); and using outside operatives to seed false statements with the press. None of that is diligence. It is pressure. The October 10 Order was designed to stop precisely this pattern: compel testimony and move the case on evidence, not theatrics.

**5. Non-production makes a blanket extension less justified—narrow, date-certain enforcement is the proper remedy.**

Because Plaintiff has withheld core categories central to publication, falsity, malice, and damages—(a) communications produced in the Singapore arbitration about Ms. Richardson; (b) communications with mutual friends/industry conduits relaying accusations; and (c) the related "message sets"—pushing Ms. Thomson's deposition further prejudices the defense. Pushing depositions while these core materials remain withheld compounds prejudice; the proper remedy is date-certain production now, not a blanket extension. See Fed. R. Civ. P. 34(b)(2), 26(e), 37(a)(3)(B)(iv).

**6. Counsel-availability is not "good cause." A large team cannot bottleneck court-ordered discovery behind one lawyer's travel.**

DEFENDANT ASHLEY RICHARDSON'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DISCOVERY DEADLINES -

Plaintiff cannot manufacture "good cause" by elevating one attorney's calendar over a staffed team, withholding dates until the eleventh hour, then crying urgency. The Order requires cooperation and completion at a mutually agreeable office. Any attorney of record can defend or take the depositions in Los Angeles immediately.

Plaintiff invoked the Central District of California (Los Angeles) to hale a California resident into federal court and to anchor U.S. jurisdiction. Plaintiff is a London-based Canadian citizen; its lead counsel is in New York; and yet Plaintiff chose this forum and has staffed the case with multiple Los Angeles attorneys who have corresponded and appeared throughout. Having selected this forum, Plaintiff cannot now claim that non-local travel or one attorney's calendar makes compliance with the Court's October 10 order "impossible." Any inconvenience is foreseeable and self-inflicted.

The Magistrate Judge directed both sides to "meet and confer in good faith" and complete the depositions at a mutually agreeable, non-residential office in this District. Plaintiff's team is fully capable of defending and taking depositions in Los Angeles immediately; elevating one lawyer's travel over a staffed litigation team is not "good cause." See also Fed. R. Civ. P. 1 (just, speedy, inexpensive determination). The sensible, diligent course is the one the Court already ordered: set dates now and proceed in this District.

**7. Procedural defect: inadequate ex parte notice/service underscores the manufactured urgency.**

Plaintiff did not properly serve its ex parte application before filing; Defendant discovered it on the docket. Even if the Court reaches the merits, the service misstep underscores that this "emergency" is of Plaintiff's own making.

**8. If any relief issues, it must be strictly limited and enforce the Order—not erase it.**

If the Court is inclined to grant relief, it should: (i) set date-certain for Ms. Thomson's deposition within days (e.g., by October 30) at a reasonable C.D. Cal. location; (ii) set Ms. Richardson's deposition the same day or next business day; (iii) order five-court-day production of the three targeted categories above, with a custodial/withholding statement; (iv) clarify that any attorney of record may defend/take; and (v) leave all other deadlines intact, with an OSC re Rule 37(b)/(d) for non-compliance.

### III. Conclusion

DEFENDANT ASHLEY RICHARDSON'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DISCOVERY DEADLINES - 4

       This is a David-versus-Goliath record the Court has now seen up close. A pro se defendant did what the October 10 Order required; a well-resourced plaintiff refused to provide dates and filed an ex parte application to push off its own court-ordered deposition. The Court should deny the application. Alternatively, impose only the narrow, date-certain relief above, compel targeted production now, and keep every other deadline in place.

**IV. Relief Requested**

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Deny Plaintiff's ex parte application to continue discovery deadlines;
   or, alternatively, grant only narrow, date-certain relief that enforces—not erases—the October 10 Order, as follows:
2. Targeted Production (within 5 court days): Order Plaintiff to produce the following, together with a custodian list, search-term disclosure (if used), and a Rule 34-compliant privilege log:

   (a) all communications by or for Plaintiff concerning Ms. Richardson or the events at issue;

   (b) all requested communications with mutual friends/industry conduits relaying accusations about Ms. Richardson; and

   (c) the message sets and substantially similar communications referenced in related proceedings.

   (Certification under Rule 26(g) that the production is complete as to these categories.)

3. Date-Certain Depositions (within 10–14 days):

   (a) Ms. Thomson to appear in person at a mutually agreeable non-residential office in the Central District of California on [DATE CERTAIN] at 10:00 a.m. PT; and

   (b) Ms. Richardson to appear the same day (time permitting) or the next business day at the same location.

   Any attorney of record may take/defend; lead counsel's travel is not good cause to delay.

4. All other case deadlines remain unchanged.
5. Enforcement: Non-compliance to result in an OSC re sanctions under Rule 37(b)/(d), including fees and appropriate issue/evidence preclusion.

       Respectfully submitted,

       Ashley Richardson

DEFENDANT ASHLEY RICHARDSON'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DISCOVERY DEADLINES - 5

Dated October 15, 2025.

_____
Ashley Richardson
In Pro Per

DEFENDANT ASHLEY RICHARDSON'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE DISCOVERY DEADLINES - 6