JULIAN L. ANDRE (251120)
JAndre@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff
TAYLOR THOMSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Thomson<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br><br>　　　　Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**<br><br>The Honorable Margo A. Rocconi, United States Magistrate Judge<br><br>Date: November 12, 2025<br><br>Time: 11:00 a.m.<br><br>Courtroom: 790 |

## I. INTRODUCTION

Defendant Ashley Richardson's ("Defendant") Opposition, (Dkt. 136 [hereinafter, "Opp."]), is untethered from the facts and the law. Plaintiff Taylor Thomson's ("Plaintiff") Motion for a Protective Order, (Dkt. 127 [hereinafter, "Mot."]), seeks nothing extraordinary—only entry of a protective order based on this Court's sample protective order, which applies equally to *both parties* and is designed to safeguard confidential discovery information, including financial, medical, and personal materials.

Rather than address that straightforward issue, Defendant's Opposition is divorced from reality and filled with irrelevant, inaccurate, and inflammatory accusations. None of Defendant's arguments refute that good cause exists for entry of the protective order under Rule 26(c). Plaintiff's Motion should therefore be granted in full.

## II. ARGUMENT

### A. Plaintiff Seeks the Court's Standard Protective Order

Plaintiff's motion seeks entry of a protective order based on this Court's Sample Stipulated Protective Order, with only minimal edits for case-specific clarity. The proposed order protects confidential information for *both sides* and ensures that discovery materials containing sensitive financial or medical data are not publicly misused. It is a routine, balanced measure consistent with the Court's own model form.

For more than a year, Plaintiff's counsel has attempted in good faith to obtain Defendant's agreement to this standard order. Defendant repeatedly refused, ignored multiple meet-and-confer efforts, and then filed her own unilateral "protective order" request without notice to Plaintiff. (Mot. at 1–2.) Plaintiff was therefore left with no choice but to seek the Court's assistance.

In response, Defendant offers a litany of irrelevant and inaccurate accusations, claiming that the motion is an "asymmetric speech restraint" or an effort to "gag" her.

(Opp. at 3–4.) Those assertions are demonstrably false. The proposed order applies *equally to both parties* and imposes no restrictions on public discussion of non-discovery information or facts already in the public record. It simply ensures that confidential discovery materials—whether produced by Plaintiff or Defendant—remain protected from misuse outside this litigation.

Defendant's rhetoric about "media campaigns," "public narratives," and "PR gags," (*see* Opp. at 3–5), has nothing to do with the governing standard under Federal Rule of Civil Procedure 26(c). The only question before the Court is whether good cause exists for entry of a protective order governing confidential discovery materials—and there plainly is. Defendant's filing, devoid of legal authority or factual support, reflects a fundamental misunderstanding of the purpose of Rule 26(c), which is not to control public relations but to preserve the integrity and fairness of discovery.

**B.     Good Cause Exists for Entry of the Protective Order**

Plaintiff has easily met the Rule 26(c) "good cause" standard. Discovery in this case has involved, and will continue to involve, the exchange of highly confidential materials, including nonpublic financial records, such as banking, investment, and cryptocurrency information; and medical records related to Defendant's own claims. Courts routinely find good cause to protect such materials. *See Mei Ma v. Convergent Outsourcing, Inc.*, 2017 WL 11634740, at *1 (C.D. Cal. Apr. 21, 2017) (protective order appropriate over financial information).

Defendant offers no contrary authority. Instead, she again irrelevantly discusses "ordinary designations" or lack of explanation of how "Defendant has misused any discovery" and falsely asserts that Plaintiff herself "placed materials in the public record and press." (Opp. at 3.) While Plaintiff, correctly, is focused on the parties' mutual interest in the confidentiality of the documents and information produced in this action, Defendant remains obsessed with the press and public relations.

Defendant's Opposition only underscores the need for a protective order to safeguard confidential information in this case.

The Court's standard protective order will protect *both parties* equally and prevent further harm. Defendant's refusal to agree to such routine safeguards only confirms that judicial intervention is required.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Protective Order and enter the Proposed Protective Order.

Dated: October 29, 2025          **MCDERMOTT WILL & SCHULTE LLP**

By:  */s/ Julian L. André*
     JULIAN L. ANDRE
     TODD HARRISON
     JOSEPH B. EVANS

     Attorneys for Plaintiff
     TAYLOR THOMSON

- 3 -

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Taylor Thomson certifies that this brief contains 640 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 29, 2025  /s/ *Julian L. André*
Julian L. André

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Schulte, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On October 29, 2025, I caused to be served copies of the following documents:

**PLAINTIFF TAYLOR THOMSON'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

on the following party via U.S. Mail and Electronic Mail:

Ashley Richardson                                        *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 29, 2025 in Los Angeles, California.

*/s/ Joshua Yim*
Joshua Yim