UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | November 13, 2025 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

Deputy Clerk                                      Court Reporter / Recorder

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING EX PARTE APPLICATION TO CONTINUE DISCOVERY DEADLINES [DKT NO. 126]**

This Court is in receipt of the Plaintiff's Ex Parte Application to Continue Discovery Deadlines (Dkt. No. 126) and Defendant Ashley Richardson's ("Richardson") Opposition (Dkt. No. 127). The Court, having considered the Ex Parte Application and Opposition, hereby DENIES the Ex Parte Application for the reasons stated herein.

**I.      Factual and Procedural Background**

On June 13, 2023, Plaintiff filed a Complaint against Richardson, Defendant Persistence Technologies BVI Pte Ltd. ("Persistence"), and Defendant Tushar Aggarwal ("Aggarwal"), alleging a series of false statements made by Defendants to Plaintiff regarding cyptocurrency investments. Dkt. No. 1. On February 2, 2024, Richardson filed a counterclaim, alleging defamation against Plaintiff. Dkt. No. 58. Persistence and Aggarwal filed a Motion to Dismiss Thomson's claims, and Thomson filed a Motion to Dismiss Richardson's Counterclaims. See Dkt. Nos. 34, 61. The Court issued an Order granting Defendants' Motion to Dismiss and Denying Thomson's Motion to Dismiss on July 15, 2024. *See* Dkt. No. 76.

On July 13, 2025, the Court issued a Scheduling Order which set trial for April 20, 2026 and Fact Discovery Cutoff for October 15, 2025. Dkt. No. 95. As discussed by the Magistrate Judge's October 10, 2025 Minute Order, the parties have been unable to conduct depositions, despite constant communications between the parties, for over a year. Dkt. No. 122. The Minute Order also discussed the parties ongoing dispute pertaining to the production of discovery documents. *Id.* Per the Minute Order, the parties were instructed to meet and confer to determine deposition dates. *Id.* The parties have failed to agree on deposition dates. Dkt. Nos. 126, 130.

On October 14, 2025, Plaintiff filed the instant ex parte application, seeking to continue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | November 13, 2025 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

discovery deadlines by six weeks. Dkt. No. 126. Richardson filed an opposition on October 15, 2025. Dkt. No. 130. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

### II.     Applicable Law

A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co.*, 883 F. Supp. at 490. This Court's Civil Standing Order emphasizes this. Civil Standing Order, § XII ("[E]x parte applications are solely for extraordinary relief.").

### III.    Discussion

Plaintiff advances that she has acted diligently during the discovery process and that Richardson's obstructive conduct has "created the present scheduling impasse." Dkt. No. 126. Plaintiff asserts that the continuance is necessary to: (1) prevent Plaintiff from facing prejudice by the inability to depose Defendant or obtain discovery documents; and (2) account for the geographical and time zone differences among the parties and counsel. *Id.*

Richardson argues that: (1) Plaintiff failed comply with the Magistrate Court's Minute Order by not providing deposition dates and instead filing the instant Ex Parte Application; (2) Plaintiff will not suffer irreparable prejudice; and (3) Plaintiff has not demonstrated good cause for continuing discovery deadlines. Dkt. No. 130.

As a threshold matter, Plaintiff has not shown that she is without fault in creating the crisis that requires ex parte relief. *Mission Power Eng'g Co.*, 883 F. Supp. at 492. The Magistrate Judge's Minute Order clearly directed the parties to meet and confer to discuss available deposition dates. Dkt. No. 122. It appears that rather than providing Richardson with available dates, Plaintiff tried to obtain Richardson's agreement to modify the scheduling order, and—when Richardson refused to do so after proposing deposition dates—filed the instant ex parte application. As detailed in the Minute Order, the parties have engaged in ongoing discovery-related disputes for over a year, with Plaintiff and Richardson failing to appear for depositions. *Id.* Although the Plaintiff may now be unable to conduct depositions or obtain discovery documents, the Court does not find that the parties' inability to effectively engage in discovery for over a year to be a proper basis for granting ex parte relief. Plaintiff has not sufficiently established that it exhibited due diligence and best efforts to avoid a scheduling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | November 13, 2025 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

conflict.

Additionally, the Court does not find the Plaintiff's geographic and time zone contentions warrant ex parte relief. As discussed, for ex parte relief to be proper due to a scheduling conflict, the moving party must demonstrate that they are without fault in the creation of the crisis that requires ex parte relief. Here, Plaintiff selected the forum and the parties have had over a year to conduct depositions and discovery-related matters, so any geographic or time zone conflict is not anything new and should have been resolved long before now. Thus, Plaintiff has not met the ex parte standard on this basis.

**IV.  Conclusion**

For the foregoing reasons, the Court hereby ORDERS that Plaintiff's Ex Parte Application is DENIED.

**IT IS SO ORDERED.**

:  
Initials of Deputy Clerk