Ashley Richardson
25399 Markham Ln,
Corral De Tierra, CA 93908
(310) 490-2476 |
ashrichardson@mac.com

```
           FILED
  CLERK, U.S. DISTRICT COURT
         1/9/2026
 CENTRAL DISTRICT OF CALIFORNIA
 BY      RYO      DEPUTY
 DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON,<br><br>          Plaintiff and Counterclaim Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>          Defendant and Counterclaim Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br>DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT |

**DECLARATION OF ASHLEY RICHARDSON**

**I, Ashley Richardson, declare:**

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT -

1. I am the Defendant and Counterclaimant in this action, appearing pro se. I have personal knowledge of the facts stated herein and would testify to them if called as a witness.

## I. FACTS REGARDING THE HEARING DATE NOTICED FOR PLAINTIFF'S MSJ

2. Plaintiff noticed its Motion for Summary Judgment ("MSJ") for hearing on February 5, 2026.

3. I reviewed the Court's Scheduling Order (ECF No. 95), which states, without exception: "Last date to hear motions: January 8, 2026."

4. I have carefully reviewed the docket. I found no stipulation, motion, request, or Court order modifying the January 8, 2026 motion-hearing deadline.

5. Before receiving notice that the Plaintiff had filed an MSJ, I had no knowledge that Plaintiff intended to seek a hearing date after the January 8 cutoff. No one from Plaintiff's counsel contacted me to discuss any proposed scheduling changes.

6. On January 1, 2026, Plaintiff's counsel emailed me stating that they had "requested" multiple hearing dates and that "the Court reserved the February 5

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 2

1  date." They had suggested. A true and correct copy of this email is attached as

2  (Exhibit A).

3      7.    On November 13, 2025, Judge Frimpong denied Plaintiff's request to modify the Scheduling Order. I understood this denial to mean that the existing deadlines, including the January 8 hearing cutoff, remained firm. To my knowledge, Plaintiff did not seek further modification after that ruling.

    8.    I have not seen any corresponding order from Judge Frimpong authorizing a hearing after January 8. My understanding is that only the Court—not chambers staff—may modify a Scheduling Order under FRCP 16(b)(4).

    9.    This is consistent with prior admonitions the Court issued to Plaintiff regarding missed deadlines. Plaintiff's decision to notice its MSJ for a date beyond the cutoff—without leave of Court—continues the same pattern of disregard. Accordingly, the February 5 hearing date is not a clerical anomaly but a direct violation of the Scheduling Order the Court has already reaffirmed.

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT -

## II. THE DEPOSITION TIMELINE ENGINEERED BY PLAINTIFF FORECLOSED MY ABILITY TO FILE AN MSJ AND MAGNIFIED THE CALENDAR VIOLATION

10. For more than a year, I served deposition notices for Ms. Thomson, and Plaintiff repeatedly declined to make her available. The Court eventually granted my motion to compel on October 10, 2025.

11. Even after the Court ordered Plaintiff to produce Ms. Thomson, Plaintiff stated she could not sit until November 7, 2025. This date was selected solely by Plaintiff and positioned after the MSJ cutoff window, permitted by the Scheduling Order.

12. At the same time, Plaintiff insisted that *my* deposition occur no later than October 27, 2025 (Exhibit C). I explained in writing that traveling to San Francisco required approximately eight hours of total travel time, significant cost, and that scheduling depositions back-to-back would avoid duplicative expense. Plaintiff declined to accommodate.

13. As a result, I was required to travel to San Francisco for my deposition on October 27, and again to Los Angeles ten days later for Ms. Thomson's deposition on November 7, immediately after the expiration of the MSJ briefing sequence.

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 4

14. At 11:31 p.m. on November 6, 2025—the night before Ms. Thomson's deposition—Plaintiff emailed me its completed MSJ draft (Exhibit B & E). The draft itself listed a January 8, 2026 hearing date , and was sent 63 days before hearing cutoff, demonstrating Plaintiff's recognition of the Scheduling Order's cutoff.

15. Because Ms. Thomson's deposition occurred the next morning and because the certified transcript was not available during the period when an MSJ could have been filed under the Scheduling Order, I had no practical ability to prepare or file my own summary judgment motion, or to appropriately respond the MSJ of Plaintiff.

16. Plaintiff, however, preserved its own ability to file an MSJ by controlling deposition timing, insisting I sit first, and placing Ms. Thomson's deposition at the edge of the cutoff period.

17. No back-to-back scheduling accommodation was offered, despite my repeated written requests. The sequencing—combined with the timing of Plaintiff's MSJ draft—created a structural imbalance in the dispositive-motion process.

18. I do not offer these facts to allege intent, but rather to illustrate the cumulative procedural disadvantage created by Plaintiff's chosen dates. Plaintiff's

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT - 5

MSJ complied with the January 8 cutoff in its November 6 draft, while the same timeline rendered it impossible for me to file one.

19. The now-noticed February 5 hearing date magnifies this imbalance by placing Plaintiff's MSJ entirely outside the framework established by the Scheduling Order.

## III. FACTS REGARDING LACK OF PRE-FILING MEET AND CONFER

20. Prior to filing the MSJ, Plaintiff's counsel did not request a Local Rule 7-3 meet-and-confer of any kind. I received no phone call, email, or Zoom request discussing issues or narrowing of the motion.

21. Important emails from Plaintiff's staff have repeatedly gone to my spam folder. I have never consented to electronic only service, and have notified Plaintiff of this several times and asked that significant filings also be mailed (Exhibit F).

22. On November 6, 2025 at 11:31 p.m., Plaintiff emailed me a completed MSJ draft and instructed me to return my "portions" within 14 days (Ex B).

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT -

23. That email did not mention meeting and conferring, nor propose any date or time to do so. It was the first and only communication I received regarding the MSJ before it was filed.

24. The November 6 MSJ draft was not mailed.

25. Between November 6 and the MSJ filing date, Plaintiff's counsel did not contact me again about the motion, did not inquire whether I received the draft, and did not attempt to meet and confer.

26. The November 6 MSJ draft listed January 8, 2026 as the hearing date, demonstrating Plaintiff's awareness of the Scheduling Order's cutoff. At no point did Plaintiff indicate that it intended to seek or rely upon an alternative hearing date after January 8.

27. I never declined to meet and confer; I was never asked to meet and confer.

**IV. FACTS REGARDING MEDIATION AND RESULTING PREJUDICE**

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT -

29. Mediation with Plaintiff is scheduled for January 20, 2026, pursuant to the Court's order, with final day for Mediation being January 21, 2026.

30. As a self-represented litigant with limited resources, I rely on the free hours available through the Court's ADR program. I cannot afford private mediation.

31. Learning that the MSJ was noticed for a hearing almost a month after the motion cutoff—and after mediation—has created uncertainty in preparing for both ADR and trial. No one informed me prior to the MSJ's filing that Plaintiff intended to request a post-cutoff hearing date.

32. I relied on the January 8 deadline in preparing my case and my Opposition.

**V. FACTS REGARDING THE JANUARY 7 MEET-AND-CONFER WITH PLAINTIFF**

33. On January 7, 2026, Plaintiff's counsel and I held a meet-and-confer call at their request.

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT -

34. During that call, counsel stated that they "could not recall" when the February 5 hearing date was requested from chambers.

35. Plaintiff's counsel did not identify any Court order modifying the Scheduling Order.

36. When I raised my concerns about the February 5 hearing date violating the Scheduling Order, counsel did not dispute that the Scheduling Order sets January 8 as the final date to hear motions.

## VI. MY GOOD-FAITH EFFORTS TO CONFIRM THE ACCURACY OF THE HEARING DATE

37. Because the February 5 hearing date appeared inconsistent with the Scheduling Order, I contacted the Courtroom Deputy for clarification (Exhibit D).

38. On December 31, 2025, the Courtroom Deputy confirmed that the MSJ was set for hearing on February 5, 2026.

39. I made this inquiry to ensure I prepared correctly and complied with the Court's requirements.

40. Throughout this case, I have tried to follow the rules and deadlines to the best of my ability as a pro se litigant.

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT -

## VII. CONCLUSION

41. The facts set forth above are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 9, 2026, in Monterey, California.

**Ashley Richardson**

Defendant / Counterclaimant, Pro Se

DECLARATION OF ASHLEY RICHARDSON IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT ASHLEY RICHARDSON'S APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT -