UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    2:23-cv-04669-MEMF-MAR                        Date: February 19, 2026

Title    *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al*


Present: The Honorable:    Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |


**Proceedings: Order re Motion for Summary Judgment (Dkt. No. 144)**

Before the Court is the Motion for Summary Judgment filed by Plaintiff Taylor Thomson. Dkt. No. 144 ("Motion"). For the foregoing reasons, the Court STRIKES the Motion.


**Background**

On July 14, 2025, the Court issued a Civil Trial Order, which set the deadline for the last day to hear motions as January 8, 2026. Dkt. No. 95.

On October 14, 2025, Plaintiff Taylor Thomson filed an Ex Parte Application to Continue Discovery and Related Deadlines. Dkt. No. 126. Defendant Ashley Richardson filed an Opposition to the Ex Parte Application on October 15, 2025. On November 6, 2025, Plaintiff's counsel, pursuant the Court's Civil Standing Order and pending Ex Parte Application, sought to reserve January 8, 2026 and February 5, 2026 for a hearing on Plaintiff's Motion for Summary Judgment.[1] The Court reserved February 5, 2026, contingent on the Court's ruling on the Ex Parte Application. On November 13, 2025, the Court denied the Ex Parte Application. Dkt. No. 142.

On November 26, 2025, Plaintiff filed a Motion for Summary Judgment, which noticed a hearing date for February 5, 2026. Motion. Defendant filed an Opposition to the Motion on December 10, 2025, Dkt. Nos. 149-52, and Thomson filed a Reply on December 17, 2025, Dkt. No. 148.

---

[1] The Court's Civil Standing Order states: "Parties must reserve a hearing date for motions for summary judgment at least seventy-five (75) days in advance." Because Plaintiff sought to reserve a MSJ hearing on November 6, 2025 for January 8, 2026—seventy-three days in advance—Plaintiff's request was in violation of the Civil Standing Order. Civil Standing Order § IX.D.

---

CV-90 (03/15)                          Civil Minutes – General                          Page **1** of **2**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:23-cv-04669-MEMF-MAR                                    Date: February 19, 2026

Title      _Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al_

On January 12, 2026, Defendant emailed the Court an Ex Parte Application to Strike the Motion. Plaintiff filed an Opposition to the Ex Parte Application on January 12, 2026. Dkt. No. 153.

**Applicable Law**

Under Local Rule 7-12, "[a] Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."

**Discussion**

Pursuant to the Court's Civil Trial Order, Dkt. No. 95, the last day to hear motions is January 8, 2026. Although Defendant reserved February 5, 2026 with the Court, the reservation was dependent upon the Court's granting of Plaintiff's Ex Parte Application to Continue Discovery and Related Deadlines. As the Court denied Plaintiff's Ex Parte Application to Continue Discovery and Related Deadlines, the Civil Trial Order remained in effect. Because the Motion was set for hearing beyond the deadline to hear motions, the Motion was in violation of the Court's Civil Trial Order. Dkt. No. 95. Accordingly, the Court finds that the Motion shall be stricken.

**Conclusion**

The Court will hereby STRIKE all pending filings related to the Motion (Dkt. Nos. 144, 148-52). Given the Court's ruling, the Court ORDERS that Defendant's Ex Parte Application is DENIED as moot.

**IT IS SO ORDERED.**

|   |   :   |
| --- | --- |
| **Initials of Preparer** | DBE |