JULIAN L. ANDRÉ (251120)
JAndre@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone:  +1 310 277 4110
Facsimile:   +1 310 277 4730

JOSEPH B. EVANS (appearing *pro hac vice*)
jbevans@mwe.com
TODD HARRISON (appearing *pro hac vice*)
tdharrison@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5767
Facsimile: (212) 547-5444

Attorneys for Plaintiff TAYLOR THOMSON

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Taylor Thomson<br>            Plaintiff,<br>      v.<br>Persistence Technologies BVI Pte Ltd., Tushar Aggarwal, Ashley Richardson,<br>            Defendants. | Case No. 2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF TAYLOR THOMSON'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S WEALTH**<br><br>FPTC Date:  April 1, 2026<br>FPTC Time: 9:00 a.m.<br>Trial Date:  April 20, 2026<br>Trail Time: 8:30 a.m.<br><br>The Hon. Maame Ewusi-Mensah Frimpong<br><br>*[Proposed] Order Lodged Concurrently Herewith* |

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

## I.      INTRODUCTION

Plaintiff Taylor Thomson ("Ms. Thomson") moves in limine for an order excluding any and all evidence, references to evidence, testimony, or argument relating to Ms. Thomson's financial condition unless and until the trier of fact returns a verdict for Defendant/Counter-Plaintiff Ashley Richardson ("Ms. Richardson") awarding actual damages and finding on clear and convincing evidence that Ms. Thomson was guilty of malice, oppression or fraud, in accordance with California Civil Code section 3294.[1] Such evidence—absent a finding by the trier of fact of malice based on clear and convincing evidence—is entirely irrelevant to either Ms. Thomson's claims or Ms. Richardson's counterclaims at issue in this case and would be highly prejudicial. Accordingly, it must be excluded.

To facilitate the exclusion of prejudicial and irrelevant wealth evidence, Ms. Thomson also requests an order bifurcating this trial into a liability phase and a punitive damages phase.

## II.     BACKGROUND

This case is fundamentally about Ms. Richardson's betrayal of Ms. Thomson's trust, a secret kickback, and the unauthorized trading and misuse of cryptocurrency assets entrusted to Ms. Richardson by Ms. Thomson. At its center is Ms. Richardson's attempt to evade all accountability for that fraud and misconduct through meritless counterclaims, and her threats to Ms. Thomson of public attacks made in an attempt to gain a completely undeserved multi-million-dollar windfall.

To summarize Ms. Richardson's action that gave rise to this litigation: Ms. Richardson secretly negotiated a kickback for herself from a third party while negotiating a deal on Ms. Thomson's behalf, and while holding herself out to Ms. Thomson as a trusted adviser. Ms. Richardson deliberately concealed that compensation from Ms. Thomson and her lawyers, and later continued trading Ms. Thomson's assets

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

---

[1] Pursuant to Local Rule 16-4.3, Plaintiff has also included in her Memorandum of Contentions of Fact and Law a request for bifurcation of issues regarding the issues of liability and the amount of punitive damages.

PLAINTIFF'S MIL NO. 1 (EXCLUDE EVIDENCE OF PLAINTIFF'S WEALTH)
(No. 2:23-cv-04669-MEMF-MAR)

after Ms. Richardson's authority had been terminated—unauthorized conduct by Ms. Richardson that resulted in catastrophic losses for Ms. Thomson.

Rather than confront those facts, Ms. Richardson has pursued counterclaims for defamation and intentional infliction of emotional distress that are facially meritless, unsupported by any evidence, and transparently tactical.

## III. EVIDENCE REGARDING MS. THOMSON'S WEALTH MUST BE EXCLUDED

### A. Evidence of Ms. Thomson's Wealth Is Irrelevant and Unfairly Prejudicial

Evidence relating to Plaintiff's wealth must be excluded for two reasons.

First, this evidence is not relevant to any of the claims at issue in this case. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, Ms. Richardson brings counterclaims for defamation and intentional infliction of emotional distress ("IIED"). To prevail on her claim of defamation, Ms. Richardson must prove that Ms. Thomson made false and defamatory statements about Ms. Richardson to a third party despite knowing the statements were false or having serious doubts about the truth of the statements. *See* Judicial Council of California Civil Jury Instructions (2025 edition) ("CACI") No. 1700. The facts of consequence as to the defamation claim are thus: whether or not Ms. Thomson made a statement to a third party; whether the statement was false; whether it was defamatory; and whether Ms. Thomson knew the statement was false. Evidence of Ms. Thomson's wealth—indeed, any person's wealth—does not have a tendency to make those facts of consequence more or less probable, rendering such evidence entirely irrelevant.

Such evidence likewise does not bear upon the determination of Ms. Richardson's IIED claim, which requires Ms. Richardson to prove that Ms. Thomson engaged in

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

outrageous conduct outside the bounds of civilized society, and Ms. Thomson intentionally, or with reckless disregard, inflicted severe emotional distress on Ms. Richardson by engaging in the outrageous conduct. The facts at issue in litigating the IIEC claim thus include whether Ms. Thomson engaged in certain conduct, whether that conduct was outrageous, whether the conduct resulted in Ms. Richardson's severe emotional distress, and Ms. Thomson's state of mind while engaging in the alleged conduct. Evidence of Ms. Thomson's wealth has no tendency whatsoever to make any of these facts more or less probable. Evidence of Ms. Thomson's wealth should, therefore, be excluded on this basis alone.

Second, evidence regarding Plaintiff's wealth must be excluded under Federal Rule of Evidence 403. The court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, even if evidence related to Ms. Thomson's wealth were somehow relevant to Ms. Thomson's liability (it is not), any probative value would be substantially outweighed by the risk of unfair prejudice. *Rodriguez v. JLG Indus., Inc.*, No. CV1104586MMMSHX, 2012 WL 12882925, at *12-*13 (C.D. Cal. Oct. 29, 2012) (citing *Loussier v. Universal Music Grp., Inc.*, No. 02 CIV. 2447(KMW), 2005 WL 5644421, at *2 (S.D.N.Y. July 14, 2005). In fact, any reference to this evidence prior to a finding of liability would reflect an attempt to use Plaintiff's wealth to impugn Plaintiff's image and unfairly influence the jury. *See Gunchick v. Fed. Ins. Co.*, No. CV 14-1162 RSWL PJWX, 2015 WL 1781404, at *7 (C.D. Cal. Apr. 20, 2015) (granting defendant's motion *in limine* preventing plaintiff's counsel from "making any reference to Defendant's 'putative wealth until such time as Plaintiff has met his burden of establishing malice, oppression or fraud sufficient to enable the trier of fact to contemplate an award of punitive damages.'") This is plainly improper, will confuse the issues, mislead the jury, and be a complete waste of time.

PLAINTIFF'S MIL NO. 1 (EXCLUDE EVIDENCE OF PLAINTIFF'S WEALTH)
(No. 2:23-cv-04669-MEMF-MAR)

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

*San Diego Comic Convention v. Dan Farr Prods.*, No. 14-CV-1865-AJB-JMA, 2019 WL 159918, at *8 (S.D. Cal. Apr. 15, 2019) ("Referencing a party's wealth to play off the bias of the jury is clear misconduct."), *aff'd in part, vacated in part on other grounds* 807 F. App'x 674 (9th Cir. 2020).  Accordingly, evidence or argument related to Ms. Thomson's wealth should be excluded on this basis.

**B.     To The Extent Evidence of Ms. Thomson's Wealth May Be Relevant to Proving Punitive Damages, This Court Should Prevent Unfair Prejudice via Bifurcation**

To the extent Ms. Richardson argues that evidence of Ms. Thomson's wealth is required for her to establish a proper amount for punitive damages), so it must not be excluded or restricted at all, this argument puts the cart before the horse and ignores the clear weight of this District's precedent allowing for bifurcation.

Pursuant to Federal Rules of Civil Procedure, Rule 42(b), a district court has broad discretion to split a trial to permit deferral of costly and unnecessary proceedings pending resolution of potentially dispositive preliminary issues. *See* Fed. R. Civ. P. 42(b); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Factors to be considered when determining whether to bifurcate a trial include avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing the risk of confusion. *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001). Courts in the Central District thus routinely bifurcate the liability phase and punitive damages phase of trial and accordingly, specifically toexclude evidence of a party's wealth from the liability phase. *See, e.g., Zucchella v. Olympusat, Inc.*, No. CV197335DSFPLAX, 2023 WL 2633947, at *14 (C.D. Cal. Jan. 10, 2023); *Karma Auto. LLC v. Lordstown Motors Corp.*, No. SACV202104JVSDFMX, 2022 WL 20401205, at *1 (C.D. Cal. Dec. 12, 2022); *Fitzgerald v. Mercedes Benz USA, LLC*, No. CV206349DSFRAOX, 2022 WL 16958627, at *2-*3 (C.D. Cal. Oct. 28, 2022).

/ / /

This is unsurprising, as litigants seeking punitive damages in this District often do so based on California state law claims, which requires a showing of a defendant's wealth to establish the amount of punitive damages. *See Adams v. Murakami*, 54 Cal. 3d 105, 119 (1991). California has recognized the unfair prejudice inherent in admitting evidence of a party's wealth, which is why California law effectively mandates bifurcation of a trial's liability phase from its damages phase upon a party's request where punitive damages are sought. *See* Cal. Civ. Code § 3295(d).

Although this Court is not bound by California statute to bifurcate, the reasoning inherent in California's statutory bifurcation strongly supports bifurcation in this case. As discussed above, evidence of Thomson's wealth has no discernible probative value in determining any facts material to either of Richardson's counterclaims, which are for defamation and intentional infliction of emotion distress. Such evidence does, however, present a palpable risk of unfair prejudice in that it would certainly suggest to the jury that they should make a damage award based solely on Plaintiff's wealth. To avoid these issues, this Court should bifurcate the trial into a liability phase and punitive damages phase and thereby preclude evidence of Ms. Thomson's wealth unless and until the jury returns a verdict establishing not only Ms. Thomson's liability, but also the malice, oppression, or fraud required to warrant punitive damages in the first place.

## IV. CONCLUSION

For the foregoing reasons, Ms. Richardson should be precluded from offering any evidence or argument regarding Ms. Thomson's wealth unless and until Ms. Thomson's liability and malice, oppression, or fraud has been established. This improper evidence is irrelevant, unfairly prejudicial, and likely a waste of time.

/ / /

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S MIL NO. 1 (EXCLUDE EVIDENCE OF PLAINTIFF'S WEALTH)
(No. 2:23-cv-04669-MEMF-MAR)

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

Dated: March 4, 2026                    **MCDERMOTT WILL & SCHULTE LLP**


                                        **By:**     */s/ Todd Harrison*
                                                    JULIAN L. ANDRÉ
                                                    TODD HARRISON
                                                    JOSEPH B. EVANS

                                                    Attorneys for Plaintiff
                                                    TAYLOR THOMSON


## Certificate of Compliance Pursuant to L.R. 7-3

Pursuant to Local Rule 7-3, the parties met and conferred via telephone on February 25, 2026, regarding this Motion in Limine but were unable to resolve the issues raised herein.


Dated: March 4, 2026                    **By:**     */s/ Todd Harrison*
                                                    TODD HARRISON

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

PLAINTIFF'S MIL NO. 1 (EXCLUDE EVIDENCE OF PLAINTIFF'S WEALTH)
(No. 2:23-cv-04669-MEMF-MAR)

## **PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Schulte, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On March 4, 2026, I caused to be served copies of the following documents:

**PLAINTIFF TAYLOR THOMSON'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S WEALTH**

on the following party via email:

Ashley Richardson                                    *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 4, 2026, in Los Angeles, California.


                                        */s/ Diksha Vadan*
                                        Diksha Vadan

- 7 -

PLAINTIFF'S MIL NO. 1 (EXCLUDE EVIDENCE OF PLAINTIFF'S WEALTH)
(No. 2:23-cv-04669-MEMF-MAR)