Ashley Richardson
915 Monterey Cir
Monterey CA, 93940
(310) 490-2476 |
ashrichardson@mac.com

IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON, | Case No.: 2:23-cv-04669-MEMF-MAR |
| Plaintiff and Counterclaim Defendant | |
| vs. | DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 5 |
| ASHLEY RICHARDSON, | |
| Defendant and Counterclaim Plaintiff | |

# DEFENDANT'S MOTION IN LIMINE NO. 5

## Motion in Limine to Exclude Expert Testimony that Assumes Disputed Facts or Offers Impermissible Legal Conclusions

### I. INTRODUCTION

Defendant Ashley Richardson hereby moves in limine for an order precluding Plaintiff Taylor Thomson from introducing evidence, testimony, or argument concerning Expert Testimony that assumes disputed facts, offers impermissible legal conclusions, or otherwise invades the province of the jury.

Plaintiff's designated experts repeatedly frame disputed conduct as "unauthorized," improper, or wrongful—determinations that are reserved exclusively for the jury. Allowing such testimony would improperly permit experts to adopt Plaintiff's narrative and present it to the jury cloaked with the authority of expert opinion.

Accordingly, Defendant respectfully requests that the Court preclude any expert testimony that:

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 5 - 1

- characterizes trades or conduct as "unauthorized," "improper," or otherwise wrongful
- assumes disputed facts concerning authorization, control, or intent
- offers conclusions regarding legal duties or breaches
- otherwise tells the jury what result to reach.

## II. Experts May Not Resolve Disputed Facts or Offer Legal Conclusions

Federal Rule of Evidence 702 permits expert testimony only where the expert applies reliable methods to assist the jury in understanding technical matters. Experts may not, however, offer opinions that merely assume the truth of one party's narrative or resolve disputed factual issues that the jury must decide.

Courts consistently exclude expert testimony that:

- assumes contested facts
- offers legal conclusions
- or tells the jury what result to reach.

Such testimony does not assist the jury; it supplants the jury's role.

Here, Plaintiff's expert disclosures indicate that Plaintiff intends to present expert testimony characterizing certain cryptocurrency trades as "unauthorized" and attributing losses to alleged misconduct. Whether Defendant possessed authority to conduct trades, however, is a central disputed issue in this case. It is therefore not a proper subject for expert determination.

Allowing an expert to label trades "unauthorized" would improperly convey a legal conclusion to the jury and would risk unfairly prejudicing Defendant by presenting Plaintiff's theory of liability under the guise of expert analysis.

## III. Experts May Not Simply Adopt a Party's Narrative

Expert testimony must reflect an independent analysis based on specialized knowledge. An expert may not simply accept a party's version of events and repeat it as expert opinion.

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 5 - 2

Where an expert's conclusions depend on assuming that a party lacked authority, acted improperly, or violated legal duties, the testimony ceases to be technical analysis and instead becomes an advocacy tool.

Courts routinely exclude such testimony because it:

- invades the province of the jury
- carries the misleading imprimatur of expert authority
- and risks unfair prejudice under Rule 403.

**IV. Permitting Such Testimony Would Unfairly Prejudice the Jury**

Experts carry substantial weight with juries. When an expert labels conduct "unauthorized" or improper, jurors may interpret that statement as a determination of wrongdoing rather than as a disputed factual issue.

The danger is particularly acute in cases involving complex financial or technical subject matter. Jurors may defer to the expert's framing rather than independently evaluating the underlying facts.

Rule 403 therefore supports exclusion of any expert testimony that characterizes conduct using legally loaded terminology or otherwise resolves disputed factual issues.

**V. Experts May Testify Only to Technical Matters**

Defendant does not seek to exclude proper technical testimony.

Experts may, if otherwise admissible:

- describe cryptocurrency trading mechanics
- explain exchange systems or transaction histories
- or perform mathematical calculations based on specified assumptions.

What experts may not do is decide:

- whether Defendant had authority to trade
- whether particular trades were "unauthorized"
- or whether Defendant breached legal duties.

Those determinations belong solely to the jury.

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 5 - 3

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court enter an order precluding Plaintiff's experts from:

• offering legal conclusions
• assuming disputed facts
• characterizing trades as "unauthorized" or otherwise improper
• or otherwise invading the province of the jury.

Experts may testify only to technical matters within their expertise and may not serve as conduits for Plaintiff's liability narrative.

Dated March 3, 2026

_____
Ashley Richardson
In Pro Per

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 5 - 5