Ashley Richardson
915 Monterey Cir
Monterey CA, 93940
(310) 490-2476 |
ashrichardson@mac.com

IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

3/6/26

CENTRAL DISTRICT OF CALIFORNIA

BY _____CS_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON,<br><br>       Plaintiff and Counterclaim<br><br>Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>       Defendant and Counterclaim<br><br>Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br><br>DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 1 |

**DEFENDANT'S MOTION IN LIMINE NO. 1 - TO EXCLUDE EVIDENCE, EXPERT TESTIMONY, AND ARGUMENT CONCERNING CRYPTOCURRENCY TRADING ACTIVITY OUTSIDE THE PERSISTENCE/XPRT TRANSACTIONS**

**I. INTRODUCTION**

Defendant Ashley Richardson hereby moves in limine for an order precluding Plaintiff Taylor Thomson from introducing evidence, testimony, or argument concerning Expert Testimony that includes cryptocurrency trading activity outside the Persistence/XPRT transactions.

This case, as defined by Plaintiff's First Amended Complaint, concerns alleged misrepresentations and conduct surrounding Plaintiff's investment in Persistence and XPRT tokens (the "Persistence Offering").

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 1 - 1

Plaintiff now seeks to introduce expert testimony, trading records, and damages calculations relating to:

- margin trading,
- futures trading,
- exchange-based spot trading (e.g., Binance, Bybit, PrimeXBT, Gate.io),
- altcoin trading activity,
- portfolio-wide loss calculations, and
- generalized "unauthorized trading" narratives unrelated to the Persistence/XPRT transactions.

Those subjects do not appear in the operative complaint. They are not elements of any pleaded claim. And they would require the jury to adjudicate vast categories of trading activity never placed at issue by the pleadings.

**Under Rules 401, 403, and 702, such evidence must be excluded.**

This motion does not seek to exclude evidence directly tied to the Persistence/XPRT transactions themselves. It seeks only to prevent the expansion of this trial into a sprawling examination of Plaintiff's entire cryptocurrency trading history.

**II. THE PLEADINGS DEFINE THE SCOPE OF THIS TRIAL**

The First Amended Complaint frames this case as arising from Plaintiff's alleged inducement into investing in Persistence's XPRT token and related representations about yield and compensation.

The pleading further specifies that Plaintiff seeks recovery in connection with additional investments in the Persistence Offering.

The complaint does not allege:

- unauthorized margin trading,
- misconduct relating to exchange-based futures trading,
- portfolio-wide altcoin mismanagement,
- generalized trading across centralized exchanges,
- or damages arising from broad cryptocurrency trading activity outside the Persistence/XPRT investment.

The claims are transaction-specific. Trial must be as well.

**III. PLAINTIFF'S EXPERT REPORTS IMPROPERLY EXPAND THE CASE**

Despite the pleaded scope, Plaintiff's expert reports attempt to introduce "other losses" attributed to trades made on behalf of the Plaintiff which included but is not limited to:

- exchange futures trading,

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 1 - 2

- altcoin trading,
- and portfolio-wide trading activity,

and expressly assume that such trading was "unauthorized."

Those opinions are not confined to the Persistence/XPRT investment. They instead aggregate trading losses across multiple exchanges and instruments and present them as part of Plaintiff's damages narrative.

Allowing this evidence would materially expand the scope of trial beyond the pleaded claims.

## IV. EVIDENCE OF NON-PERSISTENCE TRADING ACTIVITY IS IRRELEVANT (RULES 401–402)

Evidence is relevant only if it tends to make a fact of consequence more or less probable in this case.

The facts of consequence here concern:
- whether Plaintiff was induced into the Persistence/XPRT investment,
- whether representations regarding that investment were false,
- and whether Plaintiff suffered damages tied to that transaction.

Evidence regarding unrelated altcoin purchases, margin trading, futures trading, or altcoin activity does not bear on those elements.

Introducing portfolio-wide exchange histories and trading datasets would ask the jury to decide issues never pleaded:
- whether other trades were authorized,
- whether leverage decisions were prudent,
- whether exchange-based positions were reasonable,
- and whether market volatility caused losses.

Those are different questions than those presented by the complaint.

Because the pleadings do not place non-Persistence trading activity at issue, such evidence is irrelevant under Rules 401 and 402.

## V. EVEN IF MARGINALLY RELEVANT, THE EVIDENCE MUST BE EXCLUDED UNDER RULE 403

Rule 403 permits exclusion where probative value is substantially outweighed by:
- danger of unfair prejudice,
- confusion of the issues,

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 1 - 3

- misleading the jury,
- undue delay,
- or waste of time.

All of those risks are present here.

**A. Mini-Trials on Hundreds or Thousands of Trades**

Plaintiff's expert reports reference trading across multiple exchanges and instruments.

Admitting that evidence would require testimony regarding:
- how centralized exchanges operate,
- how leverage and liquidation mechanics function,
- how instructions were communicated,
- definition of authorization,
- and what market conditions existed at the time.

Each category would require separate evidentiary development and cross-examination.

This would add multiple days of collateral testimony unrelated to the Persistence/XPRT transaction.

**B. Jury Confusion and Issue Substitution**
There is a substantial risk the jury would be asked to decide whether Defendant was a prudent cryptocurrency trader generally, rather than whether Plaintiff was fraudulently induced into a specific investment.

Rule 403 exists precisely to prevent trials from being overwhelmed by collateral issues that distract from the elements of the claims.

**C. Unfair Prejudice Through Aggregated Loss Figures**

Plaintiff's experts present aggregated "other losses" attributed to trading outside the Persistence investment.

Large portfolio-wide loss figures carry powerful emotional impact and risk inviting jurors to attribute market-driven or unrelated losses to Defendant based on volume alone.

Such prejudice substantially outweighs any marginal probative value.

**D. Admission of Portfolio-Wide Trading Evidence Would Undermine the Court's Mandate to Streamline Trial and Avoid Unnecessary Expansion**

The Court's Civil Trial Order emphasizes streamlining trial presentation, narrowing issues to ultimate fact questions, and avoiding unnecessary expansion of proceedings.

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 1 - 4

Permitting evidence of cryptocurrency trading activity beyond the Persistence/XPRT transactions would directly undermine those objectives.

Plaintiff's expert materials reference trading across multiple exchanges, instruments, and time periods.   Introducing such evidence would require:
- foundational testimony regarding exchange mechanics,
- explanations of margin and futures structures,
- authentication of extensive trading datasets,
- testimony regarding authorization for categories of trades,
- and forensic tracing across numerous transactions.

Each of those subjects constitutes a separate factual inquiry unrelated to the elements of Plaintiff's pleaded claims.

The jury would effectively be required to evaluate large volumes of trading activity that are not themselves the subject of the alleged Persistence inducement.

The resulting collateral inquiries would:
- materially extend the length of trial,
- distract from the pleaded transaction at issue,
- and risk confusing the jury with technical trading data unrelated to the claims.

Rule 403 permits exclusion where evidence would result in undue delay, waste of time, or confusion of issues. Those concerns are acute here. Confined to the Persistence/XPRT transactions, this case is manageable. Expanded to portfolio-wide trading activity, it is not.

## VI. THE EXPERT TESTIMONY ALSO EXCEEDS RULE 702

Rule 702 permits expert testimony only if it assists the trier of fact regarding matters at issue.

An expert may not:
- expand the scope of the pleadings,
- assume disputed liability,
- or present aggregated damages untethered to the claims.

The expert report here assumes certain trading activity was "unauthorized"   and calculates losses beyond the Persistence/XPRT investment.

To the extent the expert testimony quantifies or characterizes losses from non-Persistence trading activity, it does not assist the jury in resolving the pleaded claims and instead risks usurping the jury's role.

Such testimony should be excluded.

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 1 - 5

## VII. RELIEF REQUESTED

Defendant respectfully requests an order precluding Plaintiff, her experts, and her witnesses from introducing:

1.    Evidence, testimony, or argument concerning cryptocurrency trading activity unrelated to the Persistence/XPRT transactions;

2.    Margin trading, futures trading, or exchange-based trading evidence not directly tied to the Persistence investment;

3.    Portfolio-wide exchange histories, wallet histories, or aggregated trading datasets outside the pleaded transactions;

4.    Portfolio-level or "other losses" calculations not specifically attributable to the Persistence/XPRT investment;

5.    Expert testimony quantifying or characterizing such outside-scope trading activity.


## VIII. CONCLUSION

This motion does not seek to prevent Plaintiff from presenting evidence concerning the Persistence/XPRT investment she chose to place at issue.

It seeks only to ensure that trial remains confined to the claims actually pleaded.

Permitting evidence of unrelated cryptocurrency trading activity would transform a defined transaction dispute into an unfocused examination of Plaintiff's entire trading history, creating jury confusion, undue delay, and substantial unfair prejudice.

This motion does not seek to exclude evidence concerning the Persistence/XPRT investment itself. It seeks only to prevent trial from expanding into adjudication of unrelated cryptocurrency trading activity not placed at issue by the pleadings.

The Court should exclude such evidence.


Dated March 3, 2026

Ashley Richardson
In Pro Per

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 1 - 6

DEFENDANT ASHLEY RICHARDSON'S MOTION IN LIMINE NO. 1 - 7