UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TAYLOR THOMSON,<br><br>                    Plaintiff,<br><br>        v.<br><br><br>PERSISTENCE TECHNOLOGIES BVI PTE LTD., TUSHAR AGGARWAL, ASHLEY RICHARDSON,<br><br>                    Defendants. | Case No.:  2:23-cv-04669-MEMF-MAR<br><br>**PLAINTIFF'S DISPUTED JURY INSTRUCTIONS** |

# Index of Jury Instructions

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Fraud— Concealment | CACI 1901, 1904, 1907, 1908 | 1 |
| 2 | Fraud—Negligent Misrepresentation | CACI 1903. 1907, 1908 | 5 |
| 3 | Civil Conspiracy to Commit Fraud—Essential Factual Elements | CACI 3600 | 8 |
| 4 | Aiding and Abetting Fraud | CACI 3610 | 10 |
| 5 | Violation of Section 10(b)— Securities—Purpose and Definition (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5) | 9th Cir. 18.1 | 12 |
| 6 | Violation of Section 10(b)— Securities—Rule 10b-5 Claim (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5) | 9th Cir. 18.2 | 14 |
| 7 | Violation of Section 10(b)— Securities— Misrepresentations or Omissions—Materiality (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5) | 9th Cir. 18.3 | 16 |
| 8 | Violation of Section 10(b)— Securities—Knowing and Recklessly (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5) | 9th Cir. 18.5 | 17 |
| 9 | Violation of Section 10(b)— Securities—Justifiable Reliance Generally | 9th Cir. 18.6 | 18 |

2

| | | | |
|---|---|---|---|
| | (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5) | | |
| 10 | Violation of Section 10(b)—Securities—Causation (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5) | 9th Cir. 18.8 | 19 |
| 11 | Violation of Section 10(b)—Securities—Damages (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5) | 9th Cir. 18.9 | 20 |
| 12 | Misrepresentation or Omission of Material Fact in the Sale of Securities (Cal. Corp. Code) | Cal. Corp. Code §§ 25401 and 25501 | 21 |
| 13 | Violation of California Unfair Competition Law—Secret Rebates—Essential Factual Elements (Cal. Bus. & Prof. Code § 17200 et. seq.) | CACI 3320 | 22 |
| 14 | Violation of California Unfair Competition Law—Secret Rebates—Definition of "Secret" | CACI 3321 | 23 |
| 15 | Cal. Corp. Code § 25004—Essential Factual Elements and damages | Cal. Corp. Code § 25501.5 | 24 |
| 16 | Consumers Legal Remedies Act (False Advertising—Essential Factual Elements (Civ. Code, § 1770) | CACI 4700 | 25 |
| 17 | Cal. Corp. Code § 25009—Essential Factual Elements and damages | CACI 4560 | 27 |

3

| 18 | Defamation per quod—Essential Factual Elements (Limited Public Figure) | CACI 1701 | 30 |
|---|---|---|---|
| 19 | Defamation per quod—Essential Factual Elements (Private Figure—Matter of Public Concern) | CACI 1703 | 33 |
| 20 | Defamation per quod—Essential Factual Elements (Private Figure—Matter of Private Concern) | CACI 1705 | 36 |
| 21 | Introduction to Tort Damages—Liability Contested | CACI 3900, 3925 | 38 |
| 22 | Common Interest Privilege—Malice (Civ. Code, § 47(c)) | CACI 1723 | 39 |
| 23 | Affirmative Defense—Statute of Limitations—Defamation | CACI 1722 | 40 |
| 24 | Intentional Infliction of Emotional Distress—Essential Factual Elements | CACI 1600, 3900, 3925 | 42 |
| 25 | Affirmative Defense—Statute of Limitations—IIED | CACI 1722 | 44 |

4

**Plaintiff's Disputed Jury Instruction No. 1**

**1901. Concealment**

In Count II, [Name of plaintiff]Ms. Thomson also claims that she[he/she/nonbinary pronoun] was harmed because [name of defendant] Ms. Richardson concealed certain information. To establish this claim, [name of plaintiff]Ms. Thomson must prove all of the following:

[1. (a) That [name of defendant] and [name of plaintiff] were [insert type of fiduciary relationship, e.g., "business partners"]; and

[1. (b) That [name of defendant] intentionally failed to disclose certain facts to [name of plaintiff];]

[1. [or]

[1. That [name of defendant] disclosed some facts to [name of plaintiff] but intentionally failed to disclose [other/another] fact[s], making the disclosure deceptive;]

[1. [or]

[1. That [name of defendant] intentionally failed to disclose certain facts that were known only to [him/her/nonbinary pronoun/it] and that [name of plaintiff] could not have discovered;]

[1. [or]

[1. That [name of defendant] prevented [name of plaintiff] from discovering certain facts;]Ms. Richardson made investment decisions using Ms. Thomsons funds on behalf of Ms. Thomson and otherwise facilitated Ms. Thomson's purchase of Persistence XPRT; and (b) that Ms. Richardson concealed a fact from Ms. Thomson in the process of facilitating Ms. Thomson's purchase of Persistence XPRT.

2. That [name of plaintiff] Ms. Thomson did not know of the concealed fact[s];

3. That [name of defendant]Ms. Richardson intended to deceive [name of plaintiff]Ms. Thomson by concealing the fact[s];

1

4. That had the omitted information been disclosed, [name of plaintiff]Ms. Thomson reasonably would have behaved differently;

5. That [name of plaintiff]Ms. Thomson was harmed; and

6. That [name of defendant]Ms. Richardson's concealment was a substantial factor in causing [name of plaintiff]Ms. Thomson's harm.

## 1907. Reliance

[Name of plaintiff]Ms. Thomson relied on [name of defendant]Ms. Richardson's's [misrepresentation/concealment/ false promise] if:

1. The [misrepresentation/concealment/false promise]concealment substantially influenced [him/her/nonbinary pronoun/it]her to [insert brief description of the action, e.g., "buy the house"]make the investments in the Persistence XPRT cryptocurrency; and

1. [He/She/Nonbinary pronoun/It]She would probably not have [e.g., bought the house]made the investments in the Persistence XPRT without the [misrepresentation/concealment/false promise concealment to be the only reason for Ms. Thomson's decision to make the investments in the Persistence XPRT].

## 1908. Reasonable Reliance

In determining whether [name of plaintiff] Ms. Thomson's reliance on the [misrepresentation/ concealment/false promise]concealment was reasonable, [he/she/nonbinary pronoun/it]she must first prove that the matter was material. A matter is material if a reasonable person would find it important in deciding what to do. If you decide that the matter is material, you must then decide whether it was reasonable for [name of plaintiff]Ms. Thomson to rely on the [misrepresentation/concealment/false promise]concealment. In making this decision,

take into consideration [name of plaintiff]Ms. Thomson's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a [misrepresentation/concealment/false promise]concealment that is preposterous. It also is not reasonable for anyone to rely on a concealment[misrepresentation/concealment/false promise] if facts that are within [his/her/nonbinary pronoun] her observation show that it is obviously false.

**Plaintiff's Position in Support:**

This instruction is based on the Judicial Council of California Civil Jury Instructions (CACI 2026) Nos. 1901, 1907, and 1908.

This instruction is applicable where a plaintiff has alleged that the defendant concealed certain information to the detriment of the plaintiff. *See* Cal. Civ. Code, § 1710(3). In transactions that do not involve fiduciary or confidential relations, a duty to disclose material facts may arise in at least three instances: (1) the defendant makes representations but does not disclose facts that materially qualify the facts disclosed, or that render his disclosure likely to mislead; (2) the facts are known or accessible only to defendant, and defendant knows they are not known to or reasonably discoverable by the plaintiff; (3) the defendant actively conceals discovery from the plaintiff. See *Warner Constr. Corp. v. L.A.* (1970) 2 Cal.3d 285, 294

Plaintiff has adduced evidence showing that Defendant secretly negotiated receipt of a series of kickback payments for her role in convincing Plaintiff to invest in Persistence XPRT, and that Defendant concealed the existence of the kickback payment scheme by ensuring it was not included in Plaintiff's Token Sale Agreement. Plaintiff has also adduced evidence showing that Defendant affirmatively represented

to Plaintiff that Defendant would receive no commission or fees in connection with the Persistence transaction. This instruction thus proper at trial.

**<u>Plaintiff's Disputed Jury Instruction No. 2</u>**

**1903. Negligent Misrepresentation**

[Name of plaintiff] Ms. Thomson claims [he/she/nonbinary pronoun/it] she was harmed because [name of defendant]Ms. Richardson negligently misrepresented a fact. To establish this claim, [name of plaintiff]Ms. Thomson must prove all of the following:

1. That Ms. Richardson [name of defendant] represented to Ms. Thomson[name of plaintiff] that a fact was true;

2. That Ms. Richardson[name of defendant]'s representation was not true;

3. That [although [name of defendant] Ms. Richardson may have honestly believed that the representation was true,] [[name of defendant]/he/she/nonbinary pronoun] she had no reasonable grounds for believing the representation was true when she[he/she/nonbinary pronoun] made it;

4. That Ms. Richardson[name of defendant] intended that Ms. Thomson[name of plaintiff] rely on this representation;

5. That Ms. Thomson[name of plaintiff] reasonably relied on [name of defendant] Ms. Richardson's representation;

6. That Ms. Thomson[name of plaintiff] was harmed; and

7. That [name of plaintiff] Ms. Thomson's reliance on [name of defendant] Ms. Richardson's representation was a substantial factor in causing [his/her/nonbinary pronoun/its]her harm.


**1907. Reliance**

Ms. Thomson[Name of plaintiff] relied on Ms. Richardson[name of defendant]'s [misrepresentation/concealment/false promise]misrepresentation if:

1. The [misrepresentation/concealment/false promise]misrepresentation substantially influenced [him/her/nonbinary pronoun/it]her to make investments

5

in the Persistence Offering XPRT[insert brief description of the action, e.g., "buy the house"]; and

2. [He/She/Nonbinary pronoun/It] She would probably not have made the investments in Persistence XPRT[e.g., bought the house] without the misrepresentation to be the only reason for Ms. Thomson's decision to invest in the Persistence XPRT[misrepresentation/concealment/false promise].

### 1908. Reasonable Reliance

In determining whether [name of plaintiff]Ms. Thomson's reliance on the [misrepresentation/concealment/false promise]misrepresentation was reasonable, [he/she/ nonbinary pronoun/it]she must first prove that the matter was material. A matter is material if a reasonable person would find it important in deciding what to do.

If you decide that the matter is material, you must then decide whether it was reasonable for [name of plaintiff]Ms. Thomson to rely on the [misrepresentation/concealment/false promise]. In making this decision, take into consideration [name of plaintiff]'s intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a [misrepresentation/concealment/false promise] that is preposterous. It also is not reasonable for anyone to rely on a [misrepresentation/concealment/false promise] if facts that are within [his/her/nonbinary pronoun]her observation show that it is obviously false.

**<u>Plaintiff's Position in Support:</u>**

This instruction is based on the CACI 2026 Nos. 1903, 1907, and 1908. Defendant has not provided a proposed alternative.

6

"Negligent misrepresentation requires an assertion of fact, falsity of that assertion, and the tortfeasor's lack of reasonable grounds for believing the assertion to be true. It also requires the tortfeasor's intent to induce reliance, justifiable reliance by the person to whom the false assertion of fact was made, and damages to that person. An implied assertion of fact is 'not enough' to support liability. *SI 59 LLC v. Variel Warner Ventures, LLC*, 29 Cal.App.5th 146, 154 (2018) (internal citation omitted).

Here, Plaintiff has adduced evidence showing that Defendant made false representations regarding the value of Persistence XPRT, the value of other cryptocurrency investments, and the requirements for investing. Further, the evidence shows that Defendant made the false statements to induce Plaintiff's investment. Defendant , meanwhile, alleges that she genuinely believed the statements she made were true when she made them, despite having no reasonable basis to believe any of the statement. Accordingly, this instruction is proper in this case.

**<u>Plaintiff's Disputed Jury Instruction No. 3</u>**

**3600. Conspiracy—Essential Factual Elements**

In Count II, Ms. Thomson[Name of plaintiff] claims that [he/she/nonbinary pronoun] shewas harmed by Persistence Technologies' and Tushar Aggarwal's conspiracy to fraudulently induce Ms. Thomson to invest in Persistence XPRT[name of coconspirator]'s [insert tort theory] and that [name of defendant] Ms. Richardson is responsible for the harm because [he/she/nonbinary pronoun]she was part of a conspiracy to fraudulently induce Ms. Thomson's investmentscommit [insert tort theory]. A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties.

If you find that Persistence Technologies and Tushar Aggarwal[name of coconspirator] committed a fraudulent misrepresentation or fraudulent concealment[a/an] [insert tort theory] that harmed [name of plaintiff]Ms. Thomson, then you must determine whether [name of defendant]Ms. Richardson is also responsible for the harm. [Name of defendant]Ms. Richardson is responsible if [name of plaintiff]Ms. Thomson proves both of the following:

1. That [name of defendant] Ms. Richardson was aware that Persistence Technologies and Tushar Aggarwal[name of coconspirator] [and others] planned to fraudulently induce Ms. Thomson to invest in Persistence XPRT by concealing material facts or misrepresenting material facts[insert wrongful act]; and

2. That [name of defendant]Ms. Richardson agreed with Persistence Technologies and Tushar Aggarwal[name of coconspirator] [and others] and intended that the fraudulent inducement[insert wrongful act] be committed.

8

Mere knowledge of a wrongful act without cooperation or an agreement to cooperate is insufficient to make [name of defendant]Ms. Richardson responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators. [Name of plaintiff]Ms. Thomson is not required to prove that [name of defendant]Ms. Richardson personally committed a wrongful act or that [he/she/nonbinary pronoun] knew all the details of the agreement or the identities of all the other participants.

**Plaintiff's Position in Support:**

This instruction is based on the CACI 2026 No. 3600. Defendant has not provided a proposed alternative.

"To support a conspiracy claim, a plaintiff must allege the following elements: '(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct.'" *AREI II Cases* (2013) 216 Cal.App.4th 1004, 1022 (internal citation omitted).

Plaintiff has alleged and adduced evidence in this case showing that Defendant agreed with Tushar Aggarwal to induce Plaintiff's investment into Persistence XPRT via fraudulent misrepresentations. Richardson received a series of kickback payments as part of the conspiracy, while Tushar's company received liquidity and an artificial inflation in value. This ultimately caused Plaintiff to lose millions of dollars.

**Plaintiff's Disputed Jury Instruction No. 4**

**3610. Aiding and Abetting Common Law Fraud—Essential Factual Elements**

In Count VIII, Ms. Thomson~~[Name of plaintiff]~~ claims that ~~[he/she/nonbinary pronoun]~~she was harmed by Tushar Aggarwal and Persistence's fraud~~[name of actor]'s [insert tort theory, e.g., assault and battery]~~ and that ~~[name of defendant]~~ Ms. Richardson is responsible for the harm because ~~[he/she/nonbinary pronoun]~~she aided and abetted Tushar Aggarwal and Persistence~~[name of actor]~~ in committing the ~~[e.g., assault and battery]~~fraud.

If you find that Tushar Aggarwal or Persistence~~[name of actor]~~ committed ~~[a/an] [e.g., assault and battery]~~a fraud that harmed ~~[name of plaintiff]~~Ms. Thomson, then you must determine whether ~~[name of defendant]~~ Ms. Richardson is also responsible for the harm. ~~[Name of defendant]~~Ms. Richardson is responsible as an aider and abetter if ~~[name of plaintiff]~~Ms. Thomson proves all of the following:

1. That ~~[name of defendant]~~Ms. Richardson knew that a fraud was being committed by Tushar Aggarwal or Persistence against Ms. Thomson~~[a/an] [e.g., assault and battery] was [being/going to be] committed by [name of actor] against [name of plaintiff]~~;

2. That ~~[name of defendant]~~Ms. Richardson gave substantial assistance or encouragement to Tushar Aggarwal or Persistence~~[name of actor]~~; and

3. That ~~[name of defendant]~~Ms. Richardson's conduct was a substantial factor in causing harm to ~~[name of plaintiff]~~Ms. Thomson.

Mere knowledge that a fraud was being committed and the failure to prevent it do not constitute aiding and abetting.

**Plaintiff's Position in Support:**

This instruction is based on the CACI 2026 Nos. 3610. Defendant has not provided a proposed alternative.

"'Despite some conceptual similarities, civil liability for aiding and abetting the commission of a tort, which has no overlaid requirement of an independent duty, differs fundamentally from liability based on conspiracy to commit a tort. [A]iding-abetting focuses on whether a defendant knowingly gave "substantial assistance" to someone who performed wrongful conduct, not on whether the defendant agreed to join the wrongful conduct.'" *Stueve Bros. Farms, LLC v. Berger Kahn* (2013) 222 Cal.App.4th 303, 324 (internal citations omitted).

11

**Plaintiff's Disputed Jury Instruction No. 5**

**18.1 Securities--Purpose and Selected Definitions**

Congress enacted the securities laws to protect the integrity of financial markets. In Count III, Ms. Thomson ~~The plaintiff~~ claims to have suffered a loss caused by the ~~defendant's~~ Ms. Richardson's violation of certain of these laws.

There are terms concerning securities laws that have a specific legal meaning. The following definitions apply throughout these instructions, unless noted otherwise.

[A security is an investment of money in a commercial, financial, or other business enterprise, with the expectation of profit or other gain produced by the efforts of others. Some common types of securities are [stocks,] [bonds,] [debentures,] [warrants,] [and] [investment contracts].]

The buying and selling of securities are controlled by the Securities Laws. Many of these laws are administered by the United States Securities and Exchange Commission (SEC).

A "10b-5 Claim" is a claim brought under a federal statute, Section 10(b) of the Securities Exchange Act of 1934, which prohibits acts of deception in connection with the purchase or sale of a security and in violation of rules and regulations that the SEC has the duty and power to issue. A corresponding SEC Rule, Rule 10b-5, prohibits the misrepresentation of material facts and the omission of material facts in connection with the purchase or sale of securities. A person or business entity who violates the securities laws, including Rule 10b-5, may be liable for damages caused by the violation.

[A misrepresentation is a statement of material fact that is false or misleading when it is made. [A statement may be misleading even if it is literally true if the context in which the statement was made caused the listener or reader to remain unaware of the actual state of affairs.]]

12

[An omission is a failure to disclose a material fact that needed to be disclosed to prevent other statements that were made from being misleading.]

[A broker buys and sells securities for clients, usually for a commission.  A broker can also be a dealer.]

[A dealer buys securities and resells them to clients. A dealer also can be a broker.]

[A controlling person is [an individual who] [a company that] possesses the power to direct the management or policies of a business enterprise or of another person involved in the management or policymaking of the enterprise. A broker or a dealer may be a controlling person.]

["In connection with" means that there was some relationship, or nexus, between the allegedly fraudulent conduct and the [sale] [purchase] of the securities. [The defendantMs. Richardson's conduct may be in connection with a purchase or sale of a security even if the defendantMs. Richardson did not actually participate in any securities transaction.]]

An instrumentality of interstate commerce includes the postal mails, e-mails, telephone, telegraph, telefax, interstate highway system, internet and similar methods of communication, and travel from one state to another within the United States.

**Plaintiff's Position in Support:**

This instruction is based on the Ninth Circuit's Manual of Model Civil Jury Instructions ("9th Cir.") No. 18.1. Defendant has not provided a proposed alternative, and Plaintiff is unaware of any other instruction that would comply with this Court's Civil Trial Order. Moreover, many terms related to securities are esoteric, so a definitional instruction would be helpful to the jury.

13

**<u>Plaintiff's Disputed Jury Instruction No. 6</u>**

**18.2 Securities—Rule 10b-5 Claim**

In Count III, Ms. Thomson ~~The plaintiff [*name*]~~ alleges that the ~~defendant~~ Ms. Richardson defrauded ~~[him]~~ [her] ~~[*other pronoun*]~~ [it] by ~~[*describe the plaintiff's "10b-5" claim*]~~ inducing Ms. Thomson's purchase of the Persistence Offering, which was an unregistered security not exempt from SEC registration, by making false statements of material fact to Ms. Thomson regarding the profitability of the Persistence Offering, and by concealing that Ms. Richardson was receiving a kickback in connection with Ms. Thomson's purchase of the Persistence Offering.~~.~~ This is referred to as "the plaintiff's 10b-5 claim."

To succeed on this claim, ~~the plaintiff [*name*]~~Ms. Thomson has the burden of proving each of the following five elements by a preponderance of the evidence:

First, the defendant ~~[*name*]~~Ms. Richardson ~~[~~made an untrue statement of a material fact or~~]~~ ~~[~~omitted a material fact necessary under the circumstances to keep the statements that were made from being misleading~~]~~ in connection with the Ms. Thomson's ~~[~~purchase~~]~~ ~~[sale]~~ of securities;

Second, ~~the defendant [*name*]~~Ms. Richardson acted ~~[knowingly]~~ [knowingly or recklessly~~] [recklessly]~~;

Third, ~~the defendant [*name*]~~Ms. Richardson ~~[~~used~~] [caused the use of]~~ [an instrumentality of interstate commerce, such as mail, telephone, or internet~~] [a facility of a national securities exchange]~~ in connection with the [purchase~~] [sale]~~ of securities, regardless of whether the [instrumentality~~] [facility]~~ itself was used to make an untrue statement or a material omission;

Fourth, Ms. Thomson~~the plaintiff [*name*]~~ justifiably relied on ~~[the defendant [*name*]~~Ms. Richardson's untrue statement of a material fact~~]~~ or ~~[the defendant [*name*]~~Ms. Richardson's omission to state a necessary material fact~~]~~ in [buying~~] [selling]~~ securities; and

Fifth, ~~the defendant' [*name*] s~~Ms. Richardson's ~~[misrepresentation}~~{ or omission} caused ~~the plaintiff [*name*]~~ Ms. Thomson to suffer damages.

If you find that the ~~plaintiff [*name*]~~Ms. Thomson has proved each of these elements, your verdict should be for ~~the plaintiff [*name*]~~Ms. Thomson. If, on the other hand, you find that ~~the plaintiff [*name*]~~Ms. Thomson has failed to prove any of these elements, your verdict should be for ~~the defendant [*name*]~~Ms. Richardson.

**Plaintiff's Position in Support:**

This instruction is based on 9th Cir. No. 18.2. Defendant has not provided a proposed alternative, and Plaintiff is unaware of any other instruction that would comply with this Court's Civil Trial Order.

15

**<u>Plaintiff's Disputed Jury Instruction No. 7</u>**

**18.3 Securities—Misrepresentations or Omissions—Materiality**

In Count III, Ms. Thomson ~~The plaintiff [*name*]~~ must prove by a preponderance of the evidence that ~~the defendant~~Ms. Richardson's ~~[*name*]'s~~ misrepresentation or omission was material. A factual representation concerning a security is material if there is a substantial likelihood a reasonable investor would consider the fact important in deciding whether to buy or sell that security. An omission concerning a security is material if a reasonable investor would have regarded what was not disclosed to ~~[him] [her] [*other pronoun*]~~her as having significantly altered the total mix of information ~~[he] [she] [*other pronoun*]~~she took into account in deciding whether to buy or sell the security.

You must decide whether something was material based on the circumstances as they existed at the time of the statement or omission.

**<u>Plaintiff's Position in Support:</u>**

This instruction is based on the 9th Cir. No. 18.3. Defendant has not provided a proposed alternative, and Plaintiff is unaware of any other instruction that would comply with this Court's Civil Trial Order. Moreover, definitional instructions such as this would be helpful to the jury.

**Plaintiff's Disputed Jury Instruction No. 8**

**18.5 Securities—Knowingly and Recklessly**

In Count III, [aA defendant acts knowingly when [he] [she] [*other pronoun*] she makes an untrue statement with the knowledge that the statement was false or with reckless disregard for whether the statement was true.] [A defendant acts knowingly when [he] [she] [*other pronoun*]she omits necessary information with the knowledge that the omission would make the statement false or misleading or with reckless disregard for whether the omission would make the statement false or misleading.]

[A defendant acts recklessly when [he] [she] [*other pronoun*]she engages in highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or is so obvious that the defendant must have been aware of it.]

**Plaintiff's Position in Support:**

This instruction is based on the 9th Cir. No. 18.5. Defendant has not provided a proposed alternative, and Plaintiff is unaware of any other instruction that would comply with this Court's Civil Trial Order. Moreover, definitional instructions such as this would be helpful to the jury.

17

**<u>Plaintiff's Disputed Jury Instruction No. 9</u>**

**18.6 Securities—Justifiable Reliance Generally**

~~The plaintiff~~In Count III, Ms. Thomson must prove by a preponderance of the evidence that ~~[he] [she] [*other pronoun*]~~she justifiably relied on the alleged misrepresentation or omission in deciding to engage in the ~~[purchase]~~ ~~[sale]~~ of the ~~[security]~~ [securities] in question. The plaintiff may not intentionally close ~~[his] [her]~~ ~~[*other pronoun*] [its]~~ her eyes and refuse to investigate the circumstances or disregard known or obvious risks.

**<u>Plaintiff's Position in Support:</u>**

This instruction is based on the 9th Cir. No. 18.6. Defendant has not provided a proposed alternative, and Plaintiff is unaware of any other instruction that would comply with this Court's Civil Trial Order. Moreover, definitional instructions such as this would be helpful to the jury.

18

**<u>Plaintiff's Disputed Jury Instruction No. 10</u>**

**18.8 Securities—Causation**

In Count III, Ms. Thomson~~The plaintiff~~ must prove by a preponderance of the evidence that the alleged material misrepresentations or omissions were the cause of ~~[his]~~ [her] ~~[its]~~ economic injury. To establish economic injury or loss, Ms. Thomson~~the plaintiff~~ must prove that the alleged misrepresentation[s] or omission[s] artificially inflated the price of the security. To establish causation, Ms. Thomson~~the plaintiff~~ must prove that the alleged misrepresentation[s] or omission[s] played a substantial part in causing the injury or loss Ms. Thomson~~the plaintiff~~ suffered. Ms. Thomson~~The plaintiff~~ need not prove that the alleged misrepresentation[s] or omission[s] ~~[was]~~ [were] the sole cause of the economic injuries.

**<u>Plaintiff's Position in Support:</u>**

This instruction is based on the 9th Cir. No. 18.8. Defendant has not provided a proposed alternative, and Plaintiff is unaware of any other instruction that would comply with this Court's Civil Trial Order. Moreover, causation instructions such as this would be helpful to the jury and are proper in this case.

**<u>Plaintiff's Disputed Jury Instruction No. 11</u>**

**18.9 Securities—Damages**

In Count III, i~~If~~f you find for Ms. Thomson~~the plaintiff~~ on the 10b-5 claim, then you must consider and decide the amount of money damages, if any, to be awarded to Ms. Thomson~~the plaintiff~~. You may award only actual damages in an amount that will reasonably and fairly compensate Ms. Thomson~~the plaintiff~~ for the economic loss ~~[he] [~~she] ~~[other pronoun] [it]~~ sustained. Your award must be based on evidence and not upon speculation, guesswork, or conjecture. Ms. Thomson~~The plaintiff~~ has the burden of proving damages by a preponderance of the evidence.

**<u>Plaintiff's Position in Support:</u>**

This instruction is based on the 9th Cir. No. 18.9. Defendant has not provided a proposed alternative, and Plaintiff is aware of any other instruction that would comply with this Court's Civil Trial Order. Moreover, damages instructions such as this would be helpful to the jury and are proper in this case.

**Plaintiff's Disputed Jury Instruction No. 12**

**Cal. Corp. Code §§ 25401 and 25501**

In Counts IV and V, Ms. Thomson alleges that Ms. Richardson offered or sold, or aided in the offer or sale of, a security to Ms. Thomson in California by means of a written or oral communication that included an untrue statement of a material fact, or that omitted a material fact necessary to make the statements made not misleading.

Ms. Richardson is liable to Ms. Thomson if you find the above allegation to be true unless Ms. Richardson can prove by a preponderance of the evidence that Ms. Thomson knew the facts concerning the untruth or omission or that Ms. Richardson exercised reasonable care and did not know of the untruth or omission. Ms. Richardson may, therefore, be liable to Ms. Thomson under California Corporation Code, Sections 25401 and 25501 even if Ms. Richardson did not intend to mislead Ms. Thomson.

If you find Ms. Richardson is liable to Ms. Thomson, Ms. Thomson's damages shall be an amount equal to the difference between (a) the price at which the security was bought plus interest at the legal rate from the date of purchase and (b) the value of the security at the time it was disposed of by Ms. Thomson plus the amount of any income received on the security by Ms. Thomson.

**Plaintiff's Position in Support:**

This instruction is based on the relevant statutory language from Cal. Corp. Code §§ 25401 and 25501, under which Plaintiff's Count V is brought. Defendant has not provided a proposed alternative.

21

**<u>Plaintiff's Disputed Jury Instruction No. 13</u>**

**Violation of California Unfair Competition Law—Secret Rebates—Essential Factual Elements**

**3320. Secret Rebates—Essential Factual Elements**

In Count VII, Ms. Thomson~~[Name of plaintiff]~~ claims that Ms. Richardson~~[name of defendant]~~ secretly received payments not given to others selling Persistence Offerings to Ms. Thomson.~~[insert one or both of the following:]~~ ~~[secretly [gave/received] [payments/rebates/refunds/ commissions/ unearned discounts;]] [or] [secretly [gave to some buyers/received] services or privileges that were not given to other buyers purchasing on like terms and conditions.]~~

To establish this claim, Ms. Thomson~~[name of plaintiff]~~ must prove all of the following:

1. That Ms. Richardson~~[name of defendant]~~ secretly ~~[[gave/~~received~~]~~ ~~[~~payments~~/rebates/refunds/commissions/unearned discounts]] [or]~~ ~~[[gave to some buyers/received] services or privileges~~ that were not given to other buyers purchasing on like terms and conditions~~]~~;

2. That a competitor was harmed;

3. That the ~~[~~payment~~/allowance]~~ had a tendency to destroy competition;

4. That ~~[name of plaintiff]~~Ms. Thomson was harmed; and

5. That ~~[name of defendant]~~Ms. Richardson's conduct was a substantial factor in causing ~~[name of plaintiff]~~Ms. Thomson's harm.


**<u>Plaintiff's Position in Support:</u>**

This instruction is based on the CACI 2026 No. 3320 with language modified to fit the facts of this case. Defendant has not provided a proposed alternative for Plaintiff's Count VII.

22

<u>**Plaintiff's Disputed Jury Instruction No. 14**</u>

**3321. Secret Commission—Definition of "Secret"**

[Rebates/Refunds/Commissions/Unearned discounts/Services or privileges] are "secret" if they are concealed from or not disclosed to the consumer.

<u>**Plaintiff's Position in Support:**</u>

This instruction is based on the CACI 2026 No. 3321. Defendant has not provided a proposed alternative.

23

**<u>Plaintiff's Disputed Jury Instruction No. 15</u>**

**Essential Elements and Damages for Action Under Cal. Corp. Code § 25004**

In Count IX, Ms. Thomson claims that Ms. Richardson violated California Corporation Code Section 25004(a)(1). To prevail, Ms. Thomson must prove that she purchased a security from Ms. Richardson, and that Ms. Richardson was required to be licensed but Ms. Richardson had not, at the time of the sale or purchase, applied for and secured from the California commissioner a certificate to act as a broker-dealer of securities.

Damages recoverable under this section by a purchaser shall be an amount equal to the difference between the following:

(A) The price at which the security was bought plus interest at the legal rate from the date of purchase.

(B) The value of the security at the time it was disposed of by Ms. Thomson plus the amount of any income received on the security by Ms. Thomson.


**<u>Plaintiff's Position in Support:</u>**

This instruction is based on the relevant statutory language from Cal. Corp. Code § 25004, under which Plaintiff's Count IX is brought. Defendant has not provided a proposed alternative.

24

**<u>Plaintiff's Disputed Jury Instruction No. 16</u>**

**4700. Consumers Legal Remedies Act (False Advertising—Essential Factual Elements (Civ. Code, § 1770)**

In Count VI, Ms. Thomson[Name of plaintiff] claims that [name of defendant]Ms. Richardson engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted, or was intended to result, in the sale or lease of goods or services to a consumer, and that [name of plaintiff]Ms. Thomson was harmed by [name of defendant]Ms. Richardson's violation. To establish this claim, [name of plaintiff]Ms. Thomson must prove all of the following:

1. That Ms. Thomson acquired, or sought to acquire, by purchase or lease, [specify product or service]Persistence XPRT for personal, family, or household purposes;

2. That Ms. Richardson [specify one or more prohibited practices from Civ. Code, § 1770(a), e.g., represented that [product or service]Persistence XPRT had characteristics, uses, or benefits that it did not have];

3. That Ms. Thomson was harmed; and

4. That Ms. Thomson's harm resulted from Ms. Richardson's conduct.

[[Name of plaintiff]Ms. Thomson's harm resulted from [name of defendant]Ms. Richardson's conduct if [name of plaintiff]Ms. Thomson relied on [name of defendant]Ms. Richardson's representation. To prove reliance, [name of plaintiff]Ms. Thomson need only prove that the representation was a substantial factor in [his/her/nonbinary pronoun] decision. [He/She/Nonbinary pronoun] does not need to prove that it was the primary factor or the only factor in the decision.

If [name of defendant]Ms. Richardson's representation of fact was material, reliance may be inferred. A fact is material if a reasonable consumer would consider it important in deciding whether to buy or lease the [goods/services].]

**Plaintiff's Position in Support:**

This instruction is based on the CACI 2026 No. 4700 with modifications based on the facts of this case. Facts supporting use of this instruction include the many instances of Defendant acting as a mouthpiece for the misrepresentations of Persistence regarding, among other things, its value. Defendant has not provided a proposed alternative.

**Plaintiff's Disputed Jury Instruction No. 17**

**Essential Elements under Cal. Corp. Code § 25009 for Action Against Unlicensed Investment Advisor—Definition of Investment Advisor**

**(4560. Recovery of Payments to Unlicensed Contractor—Essential Factual Elements (Bus. & Prof. Code, § 7031(b)))**

In Count X, [Name of plaintiff]Ms. Thomson claims that [name of defendant]Ms. Richardson did not have a valid contractor's investment adviser's license during all times when [name of defendant]Ms. Richardson was was providing investment brokering services[performing services/supervising construction] for [name of plaintiff]Ms. Thomson. To establish this claim and recover all compensation paid for these services, [name of plaintiff]Ms. Thomson must prove all of the following:

1. That [name of plaintiff]Ms. Thomson [[engaged/hired]/ [or] contracted with] [name of defendant]Ms. Richardson to perform services for [name of plaintiff]Ms. Thomson;

2. That a valid contractor's investment adviser's license was required to perform these services; and

3. That [name of plaintiff]Ms. Thomson paid [name of defendant]Ms. Richardson for services that [name of defendant]Ms. Richardson performed.

[[Name of plaintiff]Ms. Thomson is not entitled to recover all compensation paid if [name of defendant]Ms. Richardson proves that at all times while [performing/supervising] these services, [he/she/nonbinary pronoun/it] had a valid contractor's investment adviser's license as required by law.]

"Investment adviser" means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as a part of a regular business, publishes analyses or reports concerning securities. "Investment adviser" does not include (1) a

27

bank, trust company or savings and loan association; (2) an attorney at law, accountant, engineer or teacher whose performance of these services is solely incidental to the practice of his or her profession; (3) an associated person of an investment adviser; (4) a broker-dealer or agent of a broker-dealer whose performance of these services is solely incidental to the conduct of the business of a broker-dealer and who receives no special compensation for them; or (5) a publisher of any bona fide newspaper, news magazine or business or financial publication of general, regular and paid circulation and the agents and servants thereof, but this paragraph (5) does not exclude any such person who engages in any other activity which would constitute that person an investment adviser within the meaning of this section.

"Investment adviser" also includes any person who uses the title "financial planner" and who, for compensation, engages in the business, whether principally or as part of another business, of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as part of a regular business, publishes analyses or reports concerning securities. This subdivision does not apply to: (1) a bank, trust company, or savings and loan association; (2) an attorney at law, accountant, engineer, or teacher whose performance of these services is solely incidental to the practice of his or her profession, so long as these individuals do not use the title "financial planner;" (3) an associated person of an investment adviser where the investment adviser is licensed or exempt from licensure under this law; (4) an agent of a broker-dealer where the broker-dealer is licensed or exempt from licensure under this law, so long as (A) the performance of these services by the agent is solely incidental to the conduct of the business of the broker-dealer, and (B) the agent receives no special compensation for the performance of these services; or (5) a publisher set forth in paragraph (5) of subdivision (a), so long as the publisher or

28

the agents and servants of the publisher are not engaged in any other activity which would constitute that person an investment adviser within the meaning of this section.

**Plaintiff's Position in Support:**

This instruction is based on the CACI 2026 No. 4560, with modifications based on the relevant statutory language of Cal. Corp. Code § 25009, the statute under which Plaintiff's Count X is brought. Defendant has not provided a proposed alternative. Defendant believes the definitional aspect of this instruction is critical to assist the jury in understanding Plaintiff's Count X.

<u>**Plaintiff's Disputed Jury Instruction No. 18**</u>

**Defamation per quod—Essential Factual Elements (Limited Public Figure)**

In Counterclaim I, [Name of plaintiff]Ms. Richardson claims that [name of defendant]Ms. Thomson harmed [him/her/nonbinary pronoun] by making [one or more of] the following statement(s): **"Ashley Richardson took a hidden fee."; "Ashley Richardson took a secret kickback."; "Ashley Richardson committed fraud."; and "Ashley Richardson stole from Taylor Thomson."**[list all claimed per quod defamatory statements].

Liability

To establish this claim, [name of plaintiff]Ms. Richardson must prove that all of the following are more likely true than not true:

1. That [name of defendant]Ms. Thomson made [one or more of] the statement(s) to [a person/persons] other than [name of plaintiff]Ms. Richardson;

2. That [this person/these people] reasonably understood that the statement(s) [was/were] about [name of plaintiff]Ms. Richardson;

3. That because of the facts and circumstances known to the [listener(s)/reader(s)] of the statement(s), [it/they] tended to injure Ms. Richardson[name of plaintiff] in [his/her/nonbinary pronoun] occupation [or to expose [him/her/nonbinary pronoun] to hatred, contempt, ridicule, or shame] [or to discourage others from associating or dealing with [him/her/nonbinary pronoun]];

4. That the statement(s) [was/were] false;

5. That [name of plaintiff]Ms. Richardson suffered harm to [his/her/nonbinary pronoun] property, business, profession, or occupation [including money spent as a result of the statement(s)]; and

6. That the statement(s) [was/were] a substantial factor in causing [name of plaintiff]Ms. Richardson's harm.

In addition, [name of plaintiff]Ms. Richardson must prove by clear and convincing evidence that [name of defendant]Ms. Thomson knew the statement(s) [was/were] false or had serious doubts about the truth of the statement(s).

Actual Damages

If Ms. Richardson[name of plaintiff] has proved all of the above, then [he/she/nonbinary pronoun] is entitled to recover if [he/she/nonbinary pronoun] proves it is more likely true than not true that Ms. Thomson[name of defendant]'s wrongful conduct was a substantial factor in causing any of the following actual damages:

a. Harm to Ms. Richardson[name of plaintiff]'s property, business, trade, profession, or occupation;

b. Expenses Ms. Richardson[name of plaintiff] had to pay as a result of the defamatory statements;

c. Harm to Ms. Richardson[name of plaintiff]'s reputation; or

d. Shame, mortification, or hurt feelings.

**Plaintiff's Position in Support:**

This instruction is based on the CACI 2026 No. 1701. Defendant has provided a proposed alternative, which is based on CACI 2026 No. 1705.

Defendant's proposed instruction assumes that Defendant is a private figure for purposes of her defamation claims. Plaintiff's position, however, is that Defendant was in fact a limited-purpose public figure during the period relevant to Defendant's claims.

A person who voluntarily injects herself or is drawn into a particular public controversy is a limited purpose public figure. It is not necessary to show that

31

Defendant actually achieved prominence in public debate; her attempts to thrust herself in front of the public are sufficient. *Copp v. Paxton*, 45 Cal. App. 4th 829, 844 (1996); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974).

The evidence at trial will show that Defendant: (1) maintained an online presence under the name "cryptomoksha" through which she sought prominence as a cryptocurrency influencer; and (2) claimed influence within the cryptocurrency field, including through personal connections with executives in the field.

Because Richardson is a limited purpose public figure, she must show by clear and convincing evidence that Plaintiff acted with "actual malice" in making any of the alleged statements—i.e., that Thomson knew the statements were false or acted with reckless disregard for their truth or falsity. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964); *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259 (2017). Accordingly, Plaintiff's proposed instruction should be used in this trial.

## Plaintiff's Disputed Jury Instruction No. 19

**1703. Defamation per quod—Essential Factual Elements (Private Figure—Matter of Public Concern)**

In Counterclaim I, [Name of plaintiff]Ms. Richardson claims that [name of defendant]Ms. Thomson harmed [him/her/nonbinary pronoun] by making [one or more of] the following statement(s): **"Ashley Richardson took a hidden fee."; "Ashley Richardson took a secret kickback."; "Ashley Richardson committed fraud."; and "Ashley Richardson stole from Taylor Thomson."**[list all claimed per quod defamatory statements].

Liability

To establish this claim, [name of plaintiff]Ms. Richardson must prove that all of the following are more likely true than not true:

1. That [name of defendant]Ms. Thomson made [one or more of] the statement(s) to [a person/persons] other than [name of plaintiff]Ms. Richardson;

2. That [this person/these people] reasonably understood that the statement(s) [was/were] about [name of plaintiff]Ms. Richardson;

3. That because of the facts and circumstances known to the [listener(s)/reader(s)] of the statement(s), [it/they] tended to injure Ms. Richardson[name of plaintiff] in [his/her/nonbinary pronoun] occupation [or to expose [him/her/nonbinary pronoun] to hatred, contempt, ridicule, or shame] [or to discourage others from associating or dealing with [him/her/nonbinary pronoun]];

4. That the statement(s) [was/were] false;

5. That [name of defendant]Ms. Thomson failed to use reasonable care to determine the truth or falsity of the statement(s);

6. That [name of plaintiff]Ms. Richardson suffered harm to [his/her/nonbinary pronoun] property, business, profession, or occupation [including money spent as a result of the statement(s)]; and

7. That the statement(s) [was/were] a substantial factor in causing [name of plaintiff]Ms. Richardson's harm.

Actual Damages

If Ms. Richardson[name of plaintiff] has proved all of the above, then [he/she/nonbinary pronoun] is entitled to recover if [he/she/nonbinary pronoun] proves it is more likely true than not true that Ms. Thomson[name of defendant]'s wrongful conduct was a substantial factor in causing any of the following actual damages:

a. Harm to Ms. Richardson[name of plaintiff]'s property, business, trade, profession, or occupation;

b. Expenses Ms. Richardson[name of plaintiff] had to pay as a result of the defamatory statements;

c. Harm to Ms. Richardson[name of plaintiff]'s reputation; or

d. Shame, mortification, or hurt feelings.

**Plaintiff's Position in Support:**

This instruction is based on the CACI 2026 No. 1703. Defendant has provided a proposed alternative, which is based on CACI 2026 No. 1705.

In the event this Court finds that Defendant is a private figure for purposes of her defamation counterclaim, Plaintiff respectfully requests that the Court find that the alleged statements were made concerning a matter of public concern.

The "Crypto Winter" of late 2021 and early 2022, during which the events giving rise to this litigation took place, was an inflection point in the world of cryptocurrency. This is demonstrated by the high volume of both civil and criminal litigation

34

stemming from it and continuing to this day. Even assuming Plaintiff made any of the alleged statements, they were made in relationship to a matter of paramount importance—cryptocurrency fraud and losses—at the time they were made. Accordingly, this instruction should be used in the event this Court does not find that Defendant was a limited-purpose public figure.

**Plaintiff's Disputed Jury Instruction No. 20**

**1705. Defamation per quod—Essential Factual Elements (Private Figure—Matter of Private Concern)**

In Counterclaim I, [Name of plaintiff]Ms. Richardson claims that [name of defendant]Ms. Thomson harmed [him/her/nonbinary pronoun] by making [one or more of] the following statement(s): **"Ashley Richardson took a hidden fee."; "Ashley Richardson took a secret kickback."; "Ashley Richardson committed fraud."; and "Ashley Richardson stole from Taylor Thomson."**[list all claimed per quod defamatory statements].

Liability

To establish this claim, [name of plaintiff]Ms. Richardson must prove that all of the following are more likely true than not true:

1. That [name of defendant]Ms. Thomson made [one or more of] the statement(s) to [a person/persons] other than [name of plaintiff]Ms. Richardson;

2. That [this person/these people] reasonably understood that the statement(s) [was/were] about [name of plaintiff]Ms. Richardson;

3. That because of the facts and circumstances known to the [listener(s)/reader(s)] of the statement(s), [it/they] tended to injure Ms. Richardson[name of plaintiff] in [his/her/nonbinary pronoun] occupation [or to expose [him/her/nonbinary pronoun] to hatred, contempt, ridicule, or shame] [or to discourage others from associating or dealing with [him/her/nonbinary pronoun]];

4. That [name of defendant]Ms. Thomson failed to use reasonable care to determine the truth or falsity of the statement(s);

5. That [name of plaintiff]Ms. Richardson suffered harm to [his/her/nonbinary pronoun] property, business, profession, or occupation [including money spent as a result of the statement(s)]; and

36

6. That the statement(s) [was/were] a substantial factor in causing [name of plaintiff]Ms. Richardson's harm.

Actual Damages

If Ms. Richardson[name of plaintiff] has proved all of the above, then [he/she/nonbinary pronoun] is entitled to recover if [he/she/nonbinary pronoun] proves it is more likely true than not true that Ms. Thomson[name of defendant]'s wrongful conduct was a substantial factor in causing any of the following actual damages:

a. Harm to Ms. Richardson[name of plaintiff]'s property, business, trade, profession, or occupation;

b. Expenses Ms. Richardson[name of plaintiff] had to pay as a result of the defamatory statements;

c. Harm to Ms. Richardson[name of plaintiff]'s reputation; or

d. Shame, mortification, or hurt feelings.

**Plaintiff's Position in Support:**

Plaintiff only agrees to the use of this instruction in the event the Court does not find that Defendant was a limited-purpose public figure and does not find that the matters about which the alleged statements were made constitutes a matter of public concern. This instruction is based on the CACI 2026 Nos. 1903, 1907, and 1908. Defendant has provided a proposed alternative, also based on CACI 2026 No. 1705, but it does not adhere as closely to that instruction as Plaintiff's.

**Plaintiff's Disputed Jury Instruction No. 21**

**3900. Introduction to Tort Damages—Liability Contested**

If you decide that Ms. Richardson has proved Counterclaim I for defamation against Ms. Thomson, you also must decide how much money will reasonably compensate MS. Richardson for the harm. This compensation is called "damages." The amount of damages must include an award for each item of harm that was caused by Ms. Thomson's wrongful conduct, even if the particular harm could not have been anticipated. Ms. Richardson does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages. The following are the specific items of damages claimed by Ms. Richardson: past and future lost opportunities, medical expenses, emotional distress.

**3925. Arguments of Counsel Not Evidence of Damages**

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**Plaintiff's Position in Support:**

This instruction is based on the CACI 2026 Nos. 3900 and 3925. Defendant has provided proposed alternatives that do not account for the fact that Plaintiff's liability is contested in this case. Moreover, Plaintiff has concerns that Defendant will use her status as a pro se party to inject her testimony with oral advocacy and vice versa, which is why Plaintiff proposed CACI 2026 No. 3925.

38

### Plaintiff's Disputed Jury Instruction No. 22

**1723. Common Interest Privilege—Malice (Civ. Code, § 47(c))**

Ms. Richardson[~~Name of plaintiff~~] cannot recover damages from [~~name of defendant~~]Ms. Thomson, even if the statement(~~s~~) [~~was/~~were] false, unless [~~name of plaintiff~~]Ms. Richardson also proves either:

1. That in making the statement(~~s~~), Ms. Thomson[~~name of defendant~~] acted with hatred or ill will toward [~~him/~~her~~/nonbinary pronoun~~], showing [~~name of defendant~~]Ms. Thomson's willingness to vex, annoy, or injure [~~him/~~her~~/nonbinary pronoun~~]; or

2. That [~~name of defendant~~]Ms. Thomson had no reasonable grounds for believing the truth of the statement(~~s~~).


**Plaintiff's Position in Support:**

This instruction is based on the CACI 2026 No. 1723. Defendant has not provided a proposed alternative.


Civil Code section 47, subdivision (c), extends a privilege to statements made 'without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. *Barker v. Fox & Associates*, 240 Cal.App.4th 333, 353 (2015).


Here, to the extent Thomson communicated any of the alleged statements to a third party, it was done in the context of Thomson discussing with her employees the issue of Richardson refusing to return her assets, and then eventually the discovery that Richardson had misappropriated her assets. This is protected from defamation liability by the common-interest privilege.

**<u>Plaintiff's Disputed Jury Instruction No. 23</u>**

**1722. Affirmative Defense—Statute of Limitations—Defamation**

[*Name of defendant*]Ms. Thomson contends that [*name of plaintiff*]Ms. Richardson's lawsuit counterclaim for defamation was not filed within the time set by law. To succeed on this defense, [*name of defendant*]Ms. Thomson must prove that [he/she/*nonbinary pronoun*/it] first communicated the alleged defamatory statement to a person other than [*name of plaintiff*]Ms. Richardson before [*insert date one year before date of filing*]December 22, 2022. [For statements made in a publication, the claimed harm occurred when the publication was first generally distributed to the public.] [If, however, [*name of plaintiff*]Ms. Richardson proves that on [*insert date one year before date of filing*]December 22, 2022 [he/she/*nonbinary pronoun*/it] had not discovered the facts constituting the defamation, and with reasonable diligence could not have discovered those facts, the lawsuit was filed on time.]

**<u>Plaintiff's Position in Support:</u>**

This instruction is based on the CACI 2026 No. 1722. Defendant has not provided a proposed alternative.

Defamation claims are subject to a one-year statute of limitations. Cal. Civ. Proc. Code § 340(c). California applies the single-publication rule under which any single integrated communication gives rise to only one cause of action, and the statute of limitations begins to run upon first publication. Cal. Civ. Code § 3425.3.

Because Richardson has not alleged any specific statement at all prior to these pretrial filings, and therefore has yet to allege when any statement may have been made, it is still difficult to assess when the statute of limitations ran. In any event, Richardson cannot bring a claim regarding any purported statements made before December 22, 2022, which is one year prior to when Richardson first asserted her defamation

counterclaim. Accordingly, this affirmative defense for each alleged statement should be provided to the jury as an instruction.

41

**Plaintiff's Disputed Jury Instruction No. 24**

**1600. Intentional Infliction of Emotional Distress—Essential Factual Elements**

In Counterclaim II, Ms. Richardson~~[Name of plaintiff]~~ claims that ~~[name of defendant]~~Ms. Thomson's conduct caused ~~[him/ her/nonbinary pronoun]~~her to suffer severe emotional distress. To establish this claim, ~~[name of plaintiff]~~Ms. Richardson must prove all of the following:

1. That ~~[name of defendant]~~Ms. Thomson's conduct was outrageous;

2. ~~[~~That ~~[name of defendant]~~Ms. Thomson intended to cause Ms. Richardson~~[name of plaintiff]~~ emotional distress;~~]~~

~~[or]~~

~~2. [That [name of defendant] acted with reckless disregard of the probability that [name of plaintiff] would suffer emotional distress, knowing that [name of plaintiff] was present when the conduct occurred;]~~

3. That ~~[name of plaintiff]~~Ms. Richardson suffered severe emotional distress; and

4. That ~~[name of defendant]~~Ms. Thomson's conduct was a substantial factor in causing ~~[name of plaintiff]~~Ms. Richardson's severe emotional distress.


**3900. Introduction to Tort Damages—Liability Contested**

If you decide that Ms. Richardson has proved Counterclaim I for defamation against Ms. Thomson, you also must decide how much money will reasonably compensate MS. Richardson for the harm. This compensation is called "damages." The amount of damages must include an award for each item of harm that was caused by Ms. Thomson's wrongful conduct, even if the particular harm could not have been anticipated. Ms. Richardson does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages. The following are the specific items of damages claimed by Ms. Richardson: past and future lost opportunities, medical expenses, emotional distress.

42

### 3925. Arguments of Counsel Not Evidence of Damages

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**<u>Plaintiff's Position in Support:</u>**

This instruction is based on the CACI 2026 Nos. 1600, 3900, and 3925. Defendant has provided a proposed alternative similar to this instruction, except Defendant's instruction includes language regarding "reckless disregard."

"It is not enough that the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." (*Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903–904. "Where reckless disregard of the plaintiff's interests is the theory of recovery, the presence of the plaintiff at the time the outrageous conduct occurs is recognized as the element establishing a higher degree of culpability which, in turn, justifies recovery of greater damages by a broader group of plaintiffs than allowed on a negligent infliction of emotional distress theory." *Id.* at 905–906.

Much of the Plaintiff's alleged conduct Defendant has claimed in support of Defendant's claim for IIED is based on remote events that Defendant apparently learned of after the fact, including alleged breakdowns in the employment relationship between Plaintiff and her employees. Because Defendant was not present for any of these alleged events, reckless disregard cannot be a theory of liability in this case.

**Plaintiff's Disputed Jury Instruction No. 25**

**1722. Affirmative Defense—Statute of Limitations—IIED**

[*Name of defendant*]Ms. Thomson contends that [*name of plaintiff*]Ms. Richardson's lawsuit counterclaim for intentional infliction of emotional distress was not filed within the time set by law. To succeed on this defense, [*name of defendant*]Ms. Thomson must prove that [he/she/*nonbinary pronoun*/it] first communicated the alleged defamatory statement to a person other than [*name of plaintiff*]Ms. Richardson before [*insert date one year before date of filing*]December 22, 2022. [For statements made in a publication, the claimed harm occurred when the publication was first generally distributed to the public.] [If, however, [*name of plaintiff*]Ms. Richardson proves that on [*insert date one year before date of filing*]December 22, 2022 [he/she/*nonbinary pronoun*/it] had not discovered the facts constituting the defamation, and with reasonable diligence could not have discovered those facts, the lawsuit was filed on time.]

**Plaintiff's Position in Support:**

This instruction is based on the CACI 2026 No. 1722. Defendant has not provided a proposed alternative.

The point at which a cause of action accrues is when it is complete with all of its elements. Norgart v. Upjohn Co. (1999) 21 Cal.4th 383, 397. The statute of limitations for IIED is two years. Cal. Civ. Proc. Code § 335.1. The conduct that Richardson alleges Thomson engaged in and on which Richardson bases her claim spans a period of almost a decade (during which time period all evidence demonstrates that Thomson and Richrdson communicated in a very friendly manner, spent time together cordially, and Thomson paid for many of Richardson's (and others) travel, vacations, and meals. Richardson does not plead her claim on the basis that Thomson's alleged conduct formed a continuous course of conduct (it plainly did not) and Richardson's pleaded

44

claim is expressly that the severe emotional distress Richardson allegedly suffered was experienced with each instance of discrete conduct. A substantial number of the events on which Richardson's IIED claim is predicated became time-barred before (in almost all cases, many years before) Richardson first asserted them.

Dated: March 18, 2026              **MCDERMOTT WILL & SCHULTE LLP**


By:   */s/ Julian L. André*
      JULIAN L. ANDRE
      TODD HARRISON
      JOSEPH B. EVANS

      Attorneys for Plaintiff
      TAYLOR THOMSON

## PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, California. My business address is McDermott Will & Schulte, LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067. I am over the age of eighteen years and not a party to this action.

On March 19, 2026, I caused to be served copies of the following documents:

**PLAINTIFF'S DISPUTED JURY INSTRUCTIONS**

on the following party via email:

Ashley Richardson                                    *Defendant in Pro Per*
25399 Markham Lane
Salinas, CA 93908
ashrichardson@mac.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 19, 2026, in Los Angeles, California.

                                        */s/ Diksha Vadan*
                                        Diksha Vadan

PROOF OF SERVICE
(No. 2:23-cv-04669-MEMF-MAR)