Ashley Richardson
915 Monterey Cir
Monterey CA, 93940
(310) 490-2476 |
ashrichardson@mac.com

IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

MAR 18 2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____ rsm _____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR THOMSON,<br><br>      Plaintiff and Counterclaim<br><br>Defendant<br><br>vs.<br><br>ASHLEY RICHARDSON,<br><br>      Defendant and Counterclaim<br>Plaintiff | Case No.: 2:23-cv-04669-MEMF-MAR<br><br>**DEFENDANT ASHLEY RICHARDSON'S PROPOSED VOIR DIRE QUESTIONS** |

### DEFENDANT ASHLEY RICHARDSON'S PROPOSED VOIR DIRE QUESTIONS

Defendant Ashley Richardson respectfully submits the following proposed case-specific voir dire questions for the Court's consideration:

**1.    Relationship bias / same-sex relationship context**

DEFENDANT ASHLEY RICHARDSON'S PROPOSED VOIR DIRE QUESTIONS  - 1

Would any prospective juror have difficulty being fair and impartial in a case that involves a long-term same-sex relationship, including testimony about the emotional dynamics, attachments, or conflicts that can arise within such a relationship?

### 2.    Entangled personal and financial relationships

Have you ever seen, experienced, or formed strong views about a situation in which a close personal relationship became financially entangled, and later broke down in a way that made blame, loyalty, and responsibility difficult to untangle?

### 3.    Scorned-relationship / emotional motive bias

Would any prospective juror have difficulty fairly considering evidence that personal feelings, jealousy, rejection, or emotional attachment may have influenced the way one person later characterized another person's conduct?

### 4.    Informal arrangements

Would you have difficulty fairly evaluating a case involving an informal relationship in which one person performed significant services or assistance without a written contract, formal title, or salary?

### 5.    Wealth / status credibility bias

Do you tend to assume that a person with greater wealth, status, influence, or access to professional advisors is more likely to be accurate, careful, or credible than a person with fewer resources?

DEFENDANT ASHLEY RICHARDSON'S PROPOSED VOIR DIRE QUESTIONS  - 2

**6.      Bias against financially distressed or emotionally overwhelmed people**

Do you tend to assume that a person who was under financial strain, psychological stress, or emotional pressure is less credible or less worthy of belief?

**7.      Angry or distressed communications**

Can you fairly evaluate testimony from a witness who may have sent angry, distressed, panicked, or emotionally charged messages during a period of severe stress, without automatically concluding that the witness was dishonest or malicious?

**8.      Crypto / speculative investment bias**

Do you have strong positive or negative views about cryptocurrency, speculative investing, or people who participate in those markets that would make it difficult for you to be fair in a case involving crypto transactions?

**9.      Responsibility for risky investments**

Do you believe that when an adult chooses to make a risky or speculative investment, another person who assisted with information, logistics, or execution is automatically responsible if the investment later performs badly?

**10.      Multiple sources of advice / independent decision-making**

DEFENDANT ASHLEY RICHARDSON'S PROPOSED VOIR DIRE QUESTIONS  - 3

Would you have difficulty accepting that a person could receive input from multiple sources — including friends, advisors, or unconventional sources — and still remain independently responsible for their own decisions?

**11.    Judging credibility based on beliefs**

Would any prospective juror have difficulty being fair in a case where evidence may show that one or more individuals consulted or relied on spiritual advisors, psychics, astrology, or other unconventional sources when making decisions?

**11.    Reputational harm / circumstantial proof**

Do you believe that harm to a person's reputation must always be proved by direct written evidence, or can you fairly consider circumstantial evidence such as changed relationships, altered behavior, or the surrounding facts?

**12.    Power imbalance and coercion**

Would any prospective juror have difficulty recognizing that a significant imbalance of wealth, power, or influence within a relationship may affect how pressure, demands, accusations, or threats are experienced by the less powerful person?

**13.    Unconventional decision-making frameworks**

Do you have such strong views about psychics, spiritual advisors, astrology, or other unconventional decision-making frameworks that you would be unable to

DEFENDANT ASHLEY RICHARDSON'S PROPOSED VOIR DIRE QUESTIONS  - 4

remain fair if evidence showed that such topics were discussed by one or more witnesses?

### 14.    Ultimate fairness question

Is there anything about a case involving a close personal relationship, cryptocurrency, accusations of dishonesty, emotional harm, and disputed motivations that would make it difficult for you to be fair to both sides?

Dated March 18, 2026

Ashley Richardson
In Pro Per

DEFENDANT ASHLEY RICHARDSON'S PROPOSED VOIR DIRE QUESTIONS  - 5