UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 3, 2026 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

Present:   The Honorable:   Maame Ewusi-Mensah Frimpong

Damon Berry
Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION FOR LEAVE TO FILE CORRECTED WITNESS AND EXHIBIT LISTS OUT OF TIME [DKT NO. 202] AND GRANTING REQUEST TO STRIKE DEFENDANT'S REPLY [DKT. NO. 193]**

This Court is in receipt of Defendant's Ex Parte Application For Leave to File Corrected Witness and Exhibit Lists Out of Time, Dkt. No. 202 ("Application"), and Plaintiff's Request to Strike Defendant's Reply, Dkt. No. 193 ("Request"). For the reasons stated herein, the Court hereby GRANTS the Application and the Request.

## I.     Factual and Procedural Background

The Court addressed the background of this litigation at length in a previous Order. *See* Dkt. No. 76. The Court will only address aspects here that are relevant to this Order.

Plaintiff and Counterclaim Defendant Taylor Thomson ("Thomson") is an individual. *See* Dkt. No. 25 ¶ 13. Defendant and Counterclaim Plaintiff Ashley Richardson ("Richardson") is also an individual. *See id.* ¶ 16. Thomson alleges, in summary, that Richardson and other Defendants conspired to target Thomson and induce Thomson to invest in a certain cryptocurrency, and made a series of false statements to both Thomson and the public in furtherance of this. *See id.* ¶¶ 37–241. Richardson alleges in turn, via her counterclaims, that she and Thomson were friends, that Thomson demanded that Richardson invest in cryptocurrency on Thomson's behalf, that Thomson made rude statements to Richardson and called on Richardson at all hours with requests, and that Thomson eventually made defamatory statements about Richardson. *See* Dkt. No. 58.

Thomson filed suit in this Court on June 13, 2024, against Richardson, Defendant Persistence Technologies BVI Pte Ltd. ("Persistence"), and Defendant Tushar Aggarwal ("Aggarwal"). *See* Dkt. No. 1. Thomson filed her First Amended Complaint on September 23, 2023. *See* Dkt. No. 25 ("1AC").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-04669-MEMF-MAR | | Date | April 3, 2026 |
|---|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | | |

The 1AC asserts ten causes of action: (1) fraud, against all Defendants; (2) civil conspiracy to commit fraud, against all Defendants; (3) violation of section 10(b) of the Securities Exchange Act of 1934, against all Defendants; (4) selling unregistered securities in violation of California Corporations Code sections 25503 and 25110, against Persistence and Aggarwal; (5) misrepresentation or omission of material fact in the sale of securities in violation of California Corporations Code sections 25501 and 25401, against all Defendants; (6) false advertising in violation of California Business and Professions Code Section 17500, against all Defendants; (7) violation of California Business and Professions Code Section 17200, against all Defendants; (8) aiding and abetting common law fraud, against all Defendants; (9) violation of California Corporations Code Section 25004, against Richardson; and (10) violation of California Corporations Code Section 25009, against Richardson. *See* 1AC ¶¶ 242–320.

Richardson filed an Answer and filed Counterclaims against Thomson on December 22, 2023. *See* Dkt. Nos. 48, 57. Richardson filed First Amended Counterclaims on February 2, 2024. *See* Dkt. No. 58. Richardson's FACC asserts two causes of action against Thomson: (1) defamation and (2) intentional infliction of emotional distress. *See id.*

On March 19, 2026, Richardson filed the instant Application. Application. Thomson filed an Opposition on March 22, 2026. Dkt. No. 211 ("Opposition"). On March 23, 2026, Richardson filed a Reply in Support of the Application. Dkt. No. 207 ("Reply"). On March 24, 2026, Thomson filed a Request for Leave to File Sur-Reply or to Strike Richardson's Reply. Dkt. No. 193.

On April 1, 2026, the Court held a pretrial conference. There, Richardson conceded that her initial exhibit and witness lists were improperly formatted, and the Court indicated that it was inclined to grant this Application in the interests of justice.

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

### II.    Applicable Law

A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co.*, 883 F. Supp. at 490. This Court's Civil Standing Order emphasizes this. Civil Standing Order, § XII ("[E]x parte applications are solely for extraordinary relief.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 3, 2026 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

### III.    Discussion

#### A.  Richardson's Reply Shall Be Stricken.

The Central District's Local Rules do not permit the filing of a reply brief supporting an ex parte application as a matter of right. *Azam v. Blazejewski*, No. SACV 15-0017 AG (ANX), 2015 WL 13918262, at *2 (C.D. Cal. Apr. 29, 2015) ("The Local Rules do not permit the filing of a Reply supporting an Ex Parte Application."); *see also Morales Sanchez v. Bondi*, No. 5:25–CV–02530–AB–DTB, 2025 WL 3190816, at *1 (C.D. Cal. Oct. 3, 2025)  (explaining that the Court's standing order states that "replies are not permitted for ex parte or TRO applications unless the Court orders one").

Here, Richardson filed the Reply without seeking leave of the Court. Accordingly, the Court will not consider the Reply, but even if it did, the result would not change here.

#### B.  The Interests of Justice Warrant Ex Parte Relief.

As a threshold matter, Richardson has complied with Local Rule 7-19. Pursuant to Local Rule 7-19, a party must make reasonable efforts to notify the opposing party of the proposed ex parte application. C.D. Cal. L.R. 7-19.1. Here, Thomson concedes that Richardson informed Thomson prior to filing the Application on March 19, 2026. Opposition at 5; Dkt. No. 203 at 50-51.

Richardson advances that the ex parte relief is proper on the basis that: (1) Richardson acted diligently in identifying her intended witnesses and exhibits; and (2) the requested relief comports with the Court's Civil Trial Order allowing for amended witness lists and amended joint exhibit lists. Application at 4.

First, Richardson claims that she timely served her proposed witness and exhibit materials on March 2, 2026—prior to the March 4, 2026 deadline set forth in the Civil Trial Order, Dkt. No. 95. Application at 3. On March 6, 2026, Thomson informed Richardson that her materials were not compliant with the requirements for the Joint Exhibit List, which Richardson attempted to cure thereafter. *Id.* Richardson believed the corrected exhibit list would be included in the "FCPO document" but now understands that "no compliant witness list was filed on the docket" and the "exhibit materials were not incorporated into a usable Joint Exhibit List." *Id.* In light of this, Richardson posits that good cause exists to grant ex parte relief so the Court can obtain an "orderly and accurate trial record." *Id.* at 4.

Richardson further notes that she filed an ex parte request given the imminency of the Final Pretrial Conference—set for April 1, 2026—and trial—set for April 20, 2026. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 3, 2026 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

In the Opposition, Thomson argues that Richardson: (1) failed to meet and confer; and (2) Richardson's proposed exhibit and witness lists remain deficient. *See generally* Opposition. In particular, Thomson describes how Richardson ignored numerous opportunities to meet and confer regarding issues raised in the Application. Opposition at 6. Richardson's updated proposed exhibit and witness list: (1) would require the Court to significantly extend the time allotted for trial; (2) involve documents that have never been produced in this litigation; and (3) do not establish foundation. *Id.* at 6-8.

First, Richardson has shown she will suffer irreparable harm that requires ex parte relief. *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Richardson argues that "denying relief would be disproportionately severe" because she will be deprived of presenting witnesses and exhibits. Application at 5; Reply at 3-4. The absence of witnesses and exhibits would be detrimental to Richardson's trial presentation and thus, the Court finds that Richardson has shown irreparable harm absent ex parte relief. *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

Second, Richardson is *not* without fault in creating the alleged crisis requiring ex parte relief. *Mission Power Eng'g Co.*, 883 F. Supp. at 492. The original witness list provided by Richardson to Thomson on March 2, 2026 consisted of twenty-seven witnesses, failing to include a "summary of expected testimony," "estimated examination times," and "indication of which witnesses [Richardson] actually intends to call at trial" as required by the Civil Trial Order. Dkt. No. 95 at 6-7; Opposition at 3. Thomson raised these concerns with Richardson in her Motion in Limine No. 3, Exhibit List, and Omnibus Declaration of Todd Harrison. Dkt. Nos. 168, 168-1 to -4, 172. Thomson also offered to meet and confer with Richardson regarding these issues. Dkt. No. 211-1 ("André Decl.") ¶ 6. The parties did not meet and confer until March 16, 2026—nearly two weeks after the Round One Pretrial Filing deadline—and two days prior to the Round Two Pretrial filing deadline. Dkt. No. 211-5. Although the parties exchanged email correspondence between March 2 and March 16, Richardson's conduct was not diligent given the imminent pretrial filing deadlines. Six hours prior to the Round Two Filing deadline, Richardson improperly stated to Thomson that it is Thomson's responsibility to file Richardson's witness list as well as incorporate Richardson's exhibit list into Thomson's exhibit list. Opposition at 5; Dkt. No. 203 at 9-16. The Court does not hold that Richardson's belief constitutes an excusable mistake given that the Civil Trial Order does not state that Thomson is responsible for filing Richardson's witness list. *See* Dkt. No. 95.

After Thomson's counsel explained that each party is required to file their own witness list and that Thomson is willing to collaborate on a joint exhibit list, Thomson filed the instant Application the following day and refused to meet and confer about the Application. Opposition at 5; Dkt. No. 203 at 50-51.

The record demonstrates that Richardson timely served Thomson her original exhibit and witness lists. But the lists, as conceded by Richardson at the pretrial conference on April 1, 2026, were deficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 3, 2026 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

as they failed to comply with the Civil Trial Order. For witness lists, the Civil Trial Order requires that each party provide: (1) a brief description of the testimony; (2) the reasons the testimony is unique and not redundant; and (3) a time estimate in hours for direct and cross-examination. Dkt. No. 95 at 6. Richardson's original witness list failed to include all three Civil Trial Order requisites. Dkt. No. 211-7. And Richardson's updated witness list includes twenty-five witnesses amounting to 80.5 hours which would extend the trial estimate by twelve days. Dkt. No. 203, Ex. D; *see* Dkt. No. 95 at 13 (estimated trial time of four days). Such an extension is unreasonable, and Richardson has not demonstrated the reasons for the estimated witness testimony time. As such, Richardson, despite Thomson's attempts to meet and confer, numerous communications to Richardson discussing the witness list issues, and being on notice of this Court's requirements for witness lists, Richardson continues to file deficient witness lists. Dkt. Nos. 95, 203 at 50-51. For exhibit lists, Richardson included documents which have never been produced in this action and fails to identify the witness establishing foundation. Dkt. No. 203 at 27-48; *see* Opposition at 7; Dkt. No. 95 at 6-7.

Taken together, Richardson has failed to comply with this Court's requirements and refused to meet and confer with Thomson on several occasions regarding the issues raised in this Application. Accordingly, Richardson has failed to demonstrate how she is without fault for creating the instant "crisis." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Therefore, ex parte relief is not warranted.

While ex parte relief is not warranted, the Court, as discussed at the April 1, 2026 pretrial conference, will permit Richardson to file her Amended Witness and Exhibit Lists before trial as the interests of justice require it. With accurate and complete witness and exhibit lists in the correct form, the parties can properly exercise their respective objections, the Court can rule on the parties' motions in limine, and the trial can proceed on the merits.

The Court, however, ORDERS Richardson to show cause why sanctions should not be issued, and why Richardson should not be required to pay Thomson's attorneys' fees.   This Order to Show Cause shall be held in abeyance pending the Court's review of the parties new pretrial filings and the Court's assessment of the parties' trial readiness.

### IV.    Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1.   Richardson's Ex Parte Application (Dkt. No. 202) is GRANTED;

2.   Thomson's Request to Strike Richardson's Reply (Dkt. No. 193) is GRANTED;

3.   The Reply (Dkt. No. 207) is hereby STRICKEN;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 3, 2026 |
|----------|------------------------|------|---------------|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

4. The parties shall comply with the Court's order, Dkt. No. 212, regarding submission of a Joint Witness List and Joint Exhibit List; and

5. Richardson is ORDERED to show cause in writing why sanctions should not be issued, and Richardson should not be required to pay Thomson's attorneys' fees for failure to timely provide compliant Exhibit and Witness Lists. This Order to Show Cause is HELD IN ABEYANCE pending further order of the Court. No response is required at this time.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk   _____