UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 7, 2026 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

Present:    The Honorable:    Maame Ewusi-Mensah Frimpong

Damon Berry
Deputy Clerk

Court Reporter / Recorder

Attorneys Present for Plaintiffs:

Attorneys Present for Defendants:

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR DEFENDANT TO IDENTIFY WITNESSES FOR WITNESS LIST [DKT. NO. 216]**

This Court is in receipt of Plaintiff's Ex Parte Application for Defendant to Identify Witnesses for Witness List. Dkt. No. 216 ("Application"). For the reasons stated herein, the Court hereby DENIES the Application.

## I.    Factual and Procedural Background

The Court addressed the background of this litigation at length in a previous Order. *See* Dkt. No. 76. The Court will only address aspects here that are relevant to this Order.

Plaintiff and Counterclaim Defendant Taylor Thomson ("Thomson") is an individual. *See* Dkt. No. 25 ¶ 13. Defendant and Counterclaim Plaintiff Ashley Richardson ("Richardson") is also an individual. *See id.* ¶ 16. Thomson alleges, in summary, that Richardson and other Defendants conspired to target Thomson and induce Thomson to invest in a certain cryptocurrency, and made a series of false statements to both Thomson and the public in furtherance of this. *See id.* ¶¶ 37–241. Richardson alleges in turn, via her counterclaims, that she and Thomson were friends, that Thomson demanded that Richardson invest in cryptocurrency on Thomson's behalf, that Thomson made rude statements to Richardson and called on Richardson at all hours with requests, and that Thomson eventually made defamatory statements about Richardson. *See* Dkt. No. 58.

Thomson filed suit in this Court on June 13, 2024, against Richardson, Defendant Persistence Technologies BVI Pte Ltd. ("Persistence"), and Defendant Tushar Aggarwal ("Aggarwal"). *See* Dkt. No. 1. Thomson filed her First Amended Complaint on September 23, 2023. *See* Dkt. No. 25 ("1AC"). The 1AC asserts ten causes of action: (1) fraud, against all Defendants; (2) civil conspiracy to commit fraud, against all Defendants; (3) violation of section 10(b) of the Securities Exchange Act of 1934,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 7, 2026 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

against all Defendants; (4) selling unregistered securities in violation of California Corporations Code sections 25503 and 25110, against Persistence and Aggarwal; (5) misrepresentation or omission of material fact in the sale of securities in violation of California Corporations Code sections 25501 and 25401, against all Defendants; (6) false advertising in violation of California Business and Professions Code Section 17500, against all Defendants; (7) violation of California Business and Professions Code Section 17200, against all Defendants; (8) aiding and abetting common law fraud, against all Defendants; (9) violation of California Corporations Code Section 25004, against Richardson; and (10) violation of California Corporations Code Section 25009, against Richardson. *See* 1AC ¶¶ 242–320.

Richardson filed an Answer and filed Counterclaims against Thomson on December 22, 2023. *See* Dkt. Nos. 48, 57. Richardson filed First Amended Counterclaims on February 2, 2024. *See* Dkt. No. 58. Richardson's FACC asserts two causes of action against Thomson: (1) defamation and (2) intentional infliction of emotional distress. *See id.*

On March 19, 2026, Richardson filed an Ex Parte Application to Correct her Exhibit and Witness List. Application. Thomson filed an Opposition on March 22, 2026. Dkt. No. 211. On March 23, 2026, Richardson filed a Reply in Support of the Application. Dkt. No. 207. On March 24, 2026, Thomson filed a Request for Leave to File Sur-Reply or to Strike Richardson's Reply. Dkt. No. 193.

On April 1, 2026, the Court held a pretrial conference. Following the pretrial conference, the Court, on April 1, 2026, ORDERED the parties to meet and confer and file a joint exhibit list as well as a joint witness list by April 8, 2026. Dkt. No. 212 at 1.

On April 3, 2026, the Court GRANTED Richardson's Ex Parte Application to Correct her Exhibit and Witness Lists. Dkt. No. 213.

On April 4, 2026, Thomson filed the instant Application. Application. On April 5, 2026, Richardson submitted her opposition to the Application.[1]

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## II.    Applicable Law

A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is

---

[1] The Court notes that Richardson's opposition has not been docketed. Richardson emailed the opposition to chambers. The Court will refer to the opposition as "Opposition" in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 7, 2026 |
|----------|------------------------|------|---------------|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co.*, 883 F. Supp. at 490. This Court's Civil Standing Order emphasizes this. Civil Standing Order, § XII ("[E]x parte applications are solely for extraordinary relief.").

### III.    Discussion

#### A.    Thomson Has Satisfied Procedural Requirements Under Local Rule 7-19.

This Court's operative Civil Standing Order states: "Counsel are reminded that ex parte applications are solely for extraordinary relief. Applications that do not meet the requirements set forth in Local Rule 7-19 will not be considered. Sanctions may be imposed for misuse of ex parte applications." Civil Standing Order § XII.

The Application satisfies the requirements set forth in Local Rule 7-19. In particular, the Application and Julian Andre Declaration indicate that Thomson contacted Richardson, as part of the parties' attempt to finalize a joint witness list, requesting that Richardson clarify her witness list or Thomson "would seek ex part relief in an effort to meet the Court's April 8 deadline." Dkt. No. 216-1 ("Andre Decl.") ¶ 7; *see* C.D. Cal. L.R. 7-19. As such, Thomson has complied with the procedural requirements of the Local Rules.

#### B.    Thomson's Requested Ex Parte Relief Is Not Warranted.

Thomson requests that the Court order Richardson to identify the witnesses Richardson intends to call at trial among her list of twenty-four witnesses. Application at 3-4. Thomson advances that the ex parte relief is proper on the basis that: (1) Richardson has refused to cooperate in good faith to finalize a joint witness list; and (2) Thomson would be irreparably harmed if Richardson does not clarify her witness list. Application at 1, 4-5. In response, Richardson asserts that (1) she has acted in good faith to clarify her witness list; and (2) the requested relief violates the Federal Rules of Civil Procedure. Opposition at 1-2.

Thomson has not demonstrated that she will suffer irreparable prejudice absent ex parte relief. The Court's April 1, 2026 Order stated that the parties were to "to meet and confer, and file a joint exhibit list as well as a joint witness list within seven (7) days of this Order." Dkt. No. 212 at 1. And the Court's April 3, 2026 Order indicated the importance of having "accurate and complete witness and exhibit lists." Dkt. No. 213 at 5. Thomson emphasizes that Richardson has not complied with either Orders because she has refused to "name the 10 to 12 witnesses she had told the Court she had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 7, 2026 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

confirmed or planned to call." Application at 1. The Orders, however, do not instruct Richardson to, as requested by Thomson, confirm the ten to twelve witnesses Richardson referred to at the FPTC. *See* Dkt. Nos. 212, 213; Application at 3-4. Neither do they require Richardson to limit herself to these witnesses and waive her ability to call others. *Id.* Additionally, Thomson misrepresents Richardson's statements at the April 1, 2026 pretrial conference. Application at 1-2. Richardson asserted that her confirmed witnesses "will be most likely a minimum of 12," thereby leaving the possibility that her witnesses extend beyond twelve individuals. Dkt. No. 217 at 39. Therefore, Richardson's purported refusal to "provide the names of the 10 to 12 witnesses" during the parties meet and confers, Application at 2-3; Andre Decl. ¶¶ 4-7, do not constitute non-compliance with the Court's Orders. Rather, Thomson seeks witness information beyond the scope of the Court's Orders, which Richardson rightfully declined to provide as doing so would force Richardson to improperly narrow her case. Opposition at 3-4.

Notably, Richardson does not attempt to add new witnesses. Opposition at 5. And as argued by Richardson, Rule 26(a)(3)(A)(i) provides that a party must provide "the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call *if the need arises*." Fed. R. Civ. P. 26(a)(3)(A)(i) (emphasis added). Richardson has explicitly represented that she is willing to "provide a good-faith categorization of:" (1) witnesses she expects to call at trial; and (2) previously disclosed witnesses that she will call *if the need arises*. Opposition at 6. Therefore, Richardson's conduct is in accordance with the Federal Rules of Civil Procedure and the Court's Orders. Although it would be more demanding to prepare for the twenty-four listed witnesses, Application at 5, it does not suffice to force Richardson to provide litigation information beyond what is required by the Federal Rules of Civil Procedure and the Court's Orders. And a witness list in accordance with Rule 26(a)(3)(A)(i) will allow the Court to properly address the Motions in limine as well as permit Thomson to exercise her objections.[2]

Thomson may find it inconvenient or burdensome to prepare for a larger number of witnesses than are actually called, but this does not constitute irreparable prejudice, particularly given the relatively small number of these witnesses and the information Thomson has about the nature of their testimony.

Taken together, the Court does not find that Thomson will be irreparably prejudiced absent ex parte relief. *Mission Power Eng'g Co.*, 883 F. Supp. at 490.

**C. The Court Will Continue to Hold Its Order to Show Cause in Abeyance.**

In the Application, Thomson requests that the Court "lift the abeyance on its Order to Show

---

2 The parties do not dispute that there may be a change to trial dates. Application at 3 n.2; Opposition at 2. The Court acknowledges that a possible change in trial dates may impact the availability of witnesses. But that does not excuse Richardson from providing Thomson with a witness list according to Rule 26(a)(3)(A)(i) or the Court's Orders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-04669-MEMF-MAR | Date | April 7, 2026 |
|---|---|---|---|
| Title | *Taylor Thomson v. Persistence Technologies BVI Pte Ltd. et al* | | |

Cause as to why Richardson should not be sanctioned" given her "pattern of misconduct during the parties' joint pretrial filing process." Application at 4. As stated, Richardson's conduct is not in contravention of the Federal Rules of Civil Procedure or the Court's Orders. Richardson has met and conferred with Thomson regarding joint pretrial filings. And her allegedly sanctionable conduct consists of litigation tactics and strategies that she is entitled to engage in. As such, Thomson's request is denied. The Court will continue to hold its Order to Show Cause in abeyance. Dkt. No. 213 at 6.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1.  Thomson's Ex Parte Application (Dkt. No. 216) is DENIED;

2.  Richardson shall provide her witness list to Thomson, categorizing the twenty-four witnesses as follows:

    a.  Witnesses Richardson presently expects to call at trial (should it begin May 4, 2026); and
    b.  Witnesses Richardson may call if the need arises;

3.  The Court's Order to Show Cause as why Richardson should not be sanctioned (Dkt. No. 213) shall continue to be held in abeyance.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk    _____