# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TAYLOR THOMSON,

            Plaintiff

    v.

PERSISTENCE TECHNOLOGIES BVI
PTE LTD. ET AL,

            Defendant

CASE NO. 2:23-cv-04669-MEMF-MAR

**ORDER RE REMOTE SETTLEMENT CONFERENCE WITH U.S. MAGISTRATE JUDGE ROCCONI**

This case has been referred to Magistrate Judge Margo A. Rocconi for settlement proceedings.  By agreeing to have Judge Rocconi conduct settlement proceedings and participating in those proceedings, the parties understand that if Judge Rocconi is the assigned Magistrate Judge for pre-trial proceedings in this matter, the parties are waiving any argument of a potential conflict in having Judge Rocconi serve as both a neutral for settlement purposes and the assigned Magistrate Judge for other pre-trial matters, including discovery, referred by the District Judge.

The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.  **IT IS THEREFORE ORDERED AS FOLLOWS:**

### 1.  Date, Time and Duration

The Settlement Conference scheduled for **April 24, 2026, at 11:00 AM**  shall take place remotely via **Zoom video meeting**.  The Clerk will distribute Zoom meeting instructions by separate email.  The Conference shall last no longer than four hours.  In accordance with the Court's Covid-19 modified procedures, the parties have represented

<u>under penalty of sanctions</u> that (1) they will exchange good faith offers no later than two weeks before the Conference, and (2) they can assure the Court that there is a better than 60% chance of settlement even if the Conference is done remotely.

### 2. **Mandatory Participants and Attendees**

Everyone whose decision is necessary for settlement must participate in the Settlement Conference, even if a party, representative, or counsel is located outside the Central District of California. The plaintiff's representative (unless plaintiff is pro se) must have full and final authority, in the representative's discretion, to authorize dismissal of the case with prejudice or to accept a settlement amount recommended by Judge Rocconi down to the defendants' last offer made prior to the Settlement Conference. The defendant's representative must have full and final authority to commit the defendant to pay, in the representative's discretion, a settlement amount recommended by Judge Rocconi up to the plaintiff's prayer (excluding punitive damage prayers) or up to the plaintiff's last demand made prior to the Settlement Conference, whichever is lower.

Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within policy limits in this case must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, in the representative's sole discretion, an amount recommended by Judge Rocconi within the policy limits. An insurance representative authorized to pay, in the representative's sole discretion, up to the plaintiff's last demand made prior to the Settlement Conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirement of this Order.

### 3. **Confidential Communications**

Pursuant to Local Rule 16-15.8, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree in writing. No part of a settlement proceeding shall be

reported or otherwise recorded, without the consent of the parties, expect for the initial case call and notices of appearance, and any memorialization of a settlement that the parties seek to place on the record.

Judge Rocconi may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others. Judge Rocconi also may, in her discretion, converse with the lawyers ex parte by telephone in advance of the Settlement Conference. The comments of Judge Rocconi during any such separate sessions or ex parte conversations are not to be recorded or used by counsel in any way during the Settlement Conference, in any court proceedings, or in settlement negotiations with opposing counsel either before or after the Settlement Conference. Judge Rocconi will not report the substance of any settlement discussions to the assigned District Judge, other than the fact of whether a settlement was reached or not.

### 4. Pre-Settlement Conference Requirements

Prior to the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference. At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case. **The parties must attempt in good faith to resolve the case before the Conference.** Except in exceedingly rare situations, a mutual walk-away proposal or offer to waive the right to pursue fees and costs as the prevailing party will **not** be considered a good faith settlement offer and may result in the imposition of sanctions. By no later than **two calendar weeks** in advance of the Settlement Conference, counsel shall confer in writing and reasonably discuss the settlement of this matter. The parties must summarize all settlement efforts and detail the material terms of the exchanged proposals in their respective responses to the Settlement Conference Questionnaire (discussed below). If the parties successfully resolve the case before the conference or determine that the conference should be postponed, counsel must immediately inform

3

the courtroom deputy clerk.

By no later than **seven calendar days before** the Conference, each party shall submit, ex parte, their confidential response to the attached Settlement Conference Questionnaire directly to the Chambers of Magistrate Judge Rocconi via email to MAR_Chambers@cacd.uscourts.gov.  The response to the questionnaire should candidly assess the strengths and weaknesses of the case from each party's respective position, and it should not exceed five pages.

### 5. Sanctions for Violating this Order

Judge Rocconi expects strict compliance with this Order.  The failure of any party or attorney to comply strictly with the requirements of this Order may result in sanctions being imposed.  The sanctions may include, but are not limited to, the fees and costs expended by the other parties in preparing for and attending the Settlement Conference.

**IT IS SO ORDERED.**

DATED:  April 14, 2026

_____
HONORABLE MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

SETTLEMENT CONFERENCE QUESTIONNAIRE

SUBMITTED BY: _____

ATTORNEY FOR: _____

**NOTE: Please use attachments only when necessary to support potential terms of settlement.**

1. Statement of facts pertinent to settlement.

2. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).

3. Damages - Plaintiff should list the special damages incurred and claimed. Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List special and general damages separately. Defendant should list what is claimed to be a reasonable amount where items are contested.

4. Weaknesses in your case/defense.

5. Evaluation of fair settlement: $_____; Non-economic relief, if any.

6. Describe the history of settlement negotiations, if any.

7. Does either party have client problems which affect these negotiations? Do client and attorney disagree on the settlement value? Discuss.

8. What factors not discussed above have hampered settlement negotiations?

9. State your opinion as to the bona fide chance for settlement in this matter. \_\_\_\_%

10. Litigation expenses: To date $_____; Estimate of present to conclusion $_____.

11. State your realistic forecast for the cost of a trial and discuss considerations such as: whether it will be a court or jury trial; the number of expected witnesses; whether and how many expert witnesses may be needed; and the anticipated number of trial days.