UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TAYLOR THOMSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>PERSISTENCE TECHNOLOGIES BVI PTE LTD. et al,<br><br>                    Defendants. | Case No.: 2.:23-cv-04669-MEMF-MAR<br><br>**ORDER ON MOTIONS *IN LIMINE* [DKT. NOS. 166, 167, 168, 169, 170, 174, 175, 176, 177, 178]** |

Before the Court are five (5) Motions *in Limine* filed by Defendant Ashley Richardson (Dkt. Nos. 174, 175, 176, 177, 178) and five (5) Motions *in Limine* filed by Plaintiff Taylor Thomson (Dkt. Nos. 166, 167, 168, 169, 170). For the reasons stated herein, the Court rules on the motions as described below.

/ / /

/ / /

/ / /

1

I. **Factual Background**

The factual background is well laid out in the Court's prior orders, including the Court's Order Granting in Part Defendants' Motion to Dismiss and Denying Plaintiff's Motion to Dismiss Counterclaims, Dkt. No. 76.

II. **Procedural History**

Thomson filed a Complaint against Defendants on June 13, 2023. On September 23, 2023, Thomson filed a First Amended Complaint, alleging a series of false statements made by Defendants to Thomson regarding cryptocurrency investments. Dkt. No. 25 ("1AC"). The 1AC asserts ten causes of action: (1) fraud, against all Defendants; (2) civil conspiracy to commit fraud against all Defendants; (3) violation of section 10(b) of the Securities Exchange Act of 1934, against all Defendants; (4) selling unregistered securities in violation of California Corporations Code sections 25503 and 25110, against Persistence and Aggarwal; (5) misrepresentation or omission of material fact in the sale of securities in violation of California Corporations Code sections 25501 and 25401, against all Defendants; (6) false advertising in violation of California Business and Professions Code Section 17500, against all Defendants; (7) violation of California Business and Professions Code Section 17200, against all Defendants; (8) aiding and abetting common law fraud, against all Defendants; (9) violation of California Corporations Code Section 25004, against Richardson; and (10) violation of California Corporations Code Section 25009, against Richardson. *See generally id.*

On December 22, 2023, Richardson filed a Counterclaim against Thomson, alleging defamation and IIED. Dkt. No. 57. On February 2, 2024, Richardson filed her First Amended Counterclaim. Dkt. No. 57 ("1ACC"). The 1ACC alleged two causes of action against Thomson: (1) defamation and (2) intentional infliction of emotional distress. *Id.*

On July 15, 2024, the Court DENIED Thomson's Motion to Dismiss Richardson's counterclaims. Dkt. No. 76. On October 30, 2024, Thomson filed an Ex Parte Application for a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction, which the Court DENIED on December 26, 2024. Dkt. Nos. 82, 87. On October 14, 2025, Thomson filed an Ex Parte Application to Continue Discovery and Related Deadlines, which the Court DENIED on November

13, 2025. Dkt. Nos. 126, 142. On November 26, 2025, Thomson filed a Motion for Summary Judgment, which the Court ORDERED STRICKEN on February 19, 2026. Dkt. Nos. 144, 161.

Thomson filed her Motions *in Limine* on March 4, 2026 (Dkt Nos. 166, 167, 168, 169, 70). Richardson filed her Motions *in Limine* on March 5, 2026 (Dkt. Nos. 174, 175, 177, 178, 179). On March 18, 2026, Thomson filed her oppositions to Richardson's Motions *in Limine* (Dkt. Nos. 181, 182, 183, 184, 185). On March 18, 2026, Richardson filed her oppositions to Thomson's Motions *in Limine* (Dkt. Nos. 194, 195, 196, 197, 200).

The Court held a hearing on the motions at the Final Pretrial Conference on April 1, 2026. As discussed in the hearing and as detailed in a separate order of the Court, Dkt. No. 212, the Court had not received a complete and thorough Joint Witness List and Joint Exhibit List from the parties. The Court ordered the parties to meet and confer and file a complete and thorough Joint Witness List and Joint Exhibit list, which they did. Dkt. Nos. 222, 223. The Court then had a further pretrial conference on April 14, 2026. At that time, and with the parties' agreement, the Court indicated that it would take the trial off calendar, refer the parties to the assigned Magistrate Judge for settlement proceedings, and permit the parties to submit supplemental briefing in support of the motions in limine. Dkt. No. 228. The Court set one deadline for the parties to submit supplemental briefing in support of their respective motions in limine and another deadline for the parties to submit supplemental briefs in response. Those deadlines have been continued in light of the settlement discussions.

III. **Applicable Law**

   A. **Motions *in Limine***

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion *in limine* to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion *in limine*, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven

if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

### B. Federal Rules of Evidence 401 and 402

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed. R. Evid. 402. The Rule dictates that "[r]elevant evidence is admissible unless any of the following provides other: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires considering the substantive issues the case presents." (internal quotation marks omitted)). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

### C. Federal Rule of Evidence 403

Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on–the–spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case–by–case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

**D.  Federal Rules of Evidence 404**

Federal Rule of Evidence 404 states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."  Fed. R. Evid. 404(a).  Further, evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Such evidence may be used for other purposes, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

**E.  Federal rule of Evidence 702 and 703**

The personal knowledge requirement for lay witnesses does not apply to expert testimony. Fed. R. Evid. 602. Federal Rule of Evidence 702 allows a witness to testify as an expert "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Alonso*, 48 F.3d 1536, 1540 (9th Cir. 1995) (quoting Fed. R. Evid. 702). While Courts may reject wholly speculative or unfounded testimony, it abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's remarks." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Experts may express opinions without published support if they provide an explanation of why such publications are unavailable. *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). This concern regarding speculation speaks to weight, not reliability. *Elosu*, 26 F.4th at 1025.

Federal Rule of Evidence 703 establishes that an expert may base their opinion on "facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593 (1993) ("[A]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation."). If experts in the particular field would "reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted," but if the facts or data would otherwise be inadmissible, the proponent of the opinion can only disclose them to the jury if "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703; *see also Daubert*, 509 U.S. at

595 (noting that under Rule 703, expert opinions based on inadmissible hearsay should only be admitted if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject" (internal quotations omitted)).

### F. Federal Rule of Evidence 801

As defined by Federal Rule of Evidence 801, "hearsay" is an out-of-court statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. A statement includes "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." *Id*.

### G. Federal Rule of Civil Procedure 26

Under Federal Rule of Civil Procedure 26(a)(2), a party is required to disclose an expert witness and submit an accompanying report prepared by the witness. Fed. R. Civ. P. 26(a)(2)(A)–(B). This written report must contain, in part: (1) a complete statement of all opinions expressed by the witness and the "basis and reasons for them"; (2) the facts and data used by the witness in forming his or her opinions; and (3) the exhibits that will be used to support or summarize the opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii).

### H. Federal Rule of Civil Procedure 37

Rule 37(c)(1) gives teeth to the requirements above requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Federal Rule of Civil Procedure 37(c) is "an 'automatic' sanction that prohibits the use of improperly disclosed evidence should a party fail to provide information or identify a witness as required by Rule 26(a) or (e). *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The Rule states that, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Implicit in Rule 37(c)(1), "is that the burden is on the party facing sanctions to prove harmlessness." *Yeti*, 259 F.3d

1101, 1107 (9th Cir. 2001). Further, "in addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard" may order payments of expenses caused by the failure, inform the jury of the failure, and impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1).

### I.   Federal Rule of Civil Procedure 42

Under Federal Rule of Civil Procedure 42(b), the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims for convenience, to avoid prejudice, or to expedite and economize. When ordering a separate trial, the court must preserve any federal right to a jury trial. Fed. R. Civ. P. 42(b).

### IV.   Discussion

#### A.  Thomson's Motion *in Limine* No. 1 (Dkt. No. 166) is DENIED.

Thomson moves to exclude all evidence, references to evidence, testimony, or argument relating to her financial condition unless and until the trier of fact returns a verdict for Richardson awarding actual damages and finding on clear and convincing evidence that Thomson was guilty of malice, oppression or fraud, in accordance with California Civil Code Section 3294. Dkt. No. 166 at 1. Thomson also requests that the Court bifurcate the issue of liability from damages to prevent unfair prejudice under Federal Rules of Civil Procedure 42(b) and Cal. Civ. Code § 3295(d). *Id*. at 4-5.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. Evidence of Thomson's wealth will already be before the jury—as it will learn that she made investments totaling forty million dollars or more—and given Richardson's theory of the case, much of the evidence of Thomson' s wealth is relevant.

As discussed with the parties at the hearing, there is the possibility that some of the contemplated evidence should be excluded under Rule 403 or other rules of evidence, but the evidence to be excluded has not been identified with particularity. The Court appreciates that this is because of the state of the pretrial filings. The Court will therefore permit Thomson to file a supplemental brief in support of this motion with respect to specific items of evidence now that the Joint Witness List and Joint Exhibit List have been submitted pursuant to the Court's order at Dkt. No. 212; Richardson may file a supplemental response in opposition thereafter.

**B. Thomson's Motion *in Limine* No. 2 (Dkt. No. 167) is DENIED.**

Thomson moves to exclude any evidence, references to evidence, testimony, or argument suggesting that this litigation can serve as a basis for Richardson's claim for defamation or IIED, and for a specific instruction to the jury to that effect under Cal. Civ. Code Section 47(b). Dkt. No. 167 at 1-2.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. Richardson has advised that she does not intend to use litigation to serve as a basis for her claims, with the exception of the purportedly harassing conduct of Thomson's investigators. The Court will permit her to present this evidence.

As discussed with the parties at the hearing, there is the possibility that some of the contemplated evidence should be excluded under Rule 403 or other rules of evidence, but the evidence to be excluded has not been identified with particularity. The Court appreciates that this is because of the state of the pretrial filings. The Court will therefore permit Thomson to file a supplemental brief in support of this motion with respect to specific items of evidence now that the Joint Witness List and Joint Exhibit List have been submitted pursuant to the Court's order at Dkt. No. 212; Richardson may file a supplemental response in opposition thereafter.

**C. Thomson's Motion *in Limine* No. 3 (Dkt. No. 168) is DENIED.**

Thomson moves to exclude all evidence that Richardson failed to produce and/or disclose in discovery, any references to such evidence, and any testimony, or argument based on such evidence under Federal Rule of Civil Procedure 26(a) and 26(e). Dkt. No. 168 at 1.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. Thomson has advised the Court that with limited exceptions, she does not intend to present evidence that she did not produce in discovery.

As discussed with the parties at the hearing, there is the possibility that some of the contemplated evidence should be excluded under Rule 403 or other rules of evidence—or that it indeed was not produced in discovery without justification—but the evidence to be excluded has not been identified with particularity. The Court appreciates that this is because of the state of the pretrial filings. The Court will therefore permit Thomson to file a supplemental brief in support of

this motion with respect to specific items of evidence now that the Joint Witness List and Joint Exhibit List have been submitted pursuant to the Court's order at Dkt. No. 212; Richardson may file a supplemental response in opposition thereafter.

**D. Thomson's Motion *in Limine* No. 4 (Dkt. No. 169) is DENIED.**

Thomson moves to exclude all hearsay evidence, references to hearsay evidence, testimony, or argument based on hearsay that Richardson intends to introduce as support for her claim for defamation or IIED under Rule 801 and 802. Dkt. No. 169 at 1-2.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. Thomson has advised the Court that she does not intend to rely on hearsay but on her own observations and personal knowledge. As discussed with the parties at the hearing, there is the possibility that some of the contemplated evidence should be excluded under Rule 403 or other rules of evidence—or that it indeed is inadmissible hearsay—but the evidence to be excluded has not been identified with particularity. The Court appreciates that this is because of the state of the pretrial filings. The Court will therefore permit Thomson to file a supplemental brief in support of this motion with respect to specific items of evidence now that the Joint Witness List and Joint Exhibit List have been submitted pursuant to the Court's order at Dkt. No. 212; Richardson may file a supplemental response in opposition thereafter.

**E. Thomson's Motion *in Limine* No. 5 (Dkt. No. 170) is DENIED.**

Plaintiff moves to exclude all evidence, references to evidence, testimony, or argument related to Thomson's other acts that Richardson intends to introduce as support for her claim for defamation or IIED under Rule 403 or 404. Dkt. No. 170 at 1.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. Richardson theory of the case is that her actions are explained not by Thomson's proferred motive of fraud and deceit, but because of the power dynamic between the two of them and Richardson's well-founded fear of the consequences of challenging Thomson. This therefore makes Richardon's knowledge of Thomson's actions towards others relevant.

As discussed with the parties at the hearing, there is the possibility that some of the contemplated evidence should be excluded under Rule 403 or other rules of evidence—or that it

indeed is inadmissible hearsay—but the evidence to be excluded has not been identified with particularity. The Court appreciates that this is because of the state of the pretrial filings. The Court will therefore permit Thomson to file a supplemental brief in support of this motion with respect to specific items of evidence now that the Joint Witness List and Joint Exhibit List have been submitted pursuant to the Court's order at Dkt. No. 212; Richardson may file a supplemental response in opposition thereafter.

**F.   Richardson's Motion *in Limine* No. 1 (Dkt. No. 177) is GRANTED IN PART.**

Richardson moves to exclude evidence, testimony, or argument concerning expert testimony that includes cryptocurrency trading activity outside the Persistence/XPRT transactions, specifically margin trading, futures trading, exchange-based spot trading, bitcoin trading activity, "portfoliowide loss calculations," and "generalized unauthorized trading narratives unrelated to the persistence/XPRT transactions." Dkt. No. 177 at 1-2.

Upon consideration of the parties' moving briefs, the Court GRANTS the Motion IN PART. It appears that although Thomson's complaint only discloses claims related to the Persistence/XPRT transactions, Thomson now seeks to present evidence of other transactions and other trading activity that she asserts is "inextricably intertwined" with the Persistence/XPRT transactions and Richardson's fraudulent scheme. It appears that Thomson now seeks to assert that there are possibly millions of other transactions made by Richardson that were unauthorized by Thomson. Be that as it may, if that was not disclosed, it is largely impermissible as Richardson was not given fair notice. Furthermore, it appears largely irrelevant, and any limited relevance is outweighed by unfair prejudice, confusing the issue, and misleading the jury as to the basis for liability and damages.

Although this evidence shall be excluded from Thomson's presentation of evidence on her claims, it may be relevant to Thomson's defense against  Richardson's claim of defamation. Richardson alleged that Thomson made statements in various circles that "Richardson had committed fraud and theft of cryptocurrency." Thomson intends to defend the claim in part on the ground that her purported statements regarding fraud and theft were true. To the extent that Richardson claims the defamatory statements went beyond statements about Thomson's conduct

with respect to Persistence/XPRT, other conduct fairly described as fraud or theft is relevant to Thomson's defense of truth.

**G.  Richardson's Motion *in Limine* No. 2 (Dkt. No. 178) is GRANTED IN PART.**

Richardson moves to exclude evidence, testimony, or argument concerning expert testimony that includes cryptocurrency trading activity outside the Persistence/XPRT transactions. Dkt. No. 177 at 1-2. This appears largely duplicative of the prior motion, and the Court's ruling is the same.

Upon consideration of the parties' moving briefs, the Court GRANTS the Motion IN PART.

**H.  Richardson's Motion *in Limine* No. 3 (Dkt. No. 179) is DENIED.**

Richardson moves to exclude evidence, testimony, or argument concerning expert testimony that includes evidence of unrelated litigation, tax filing status, and financial condition. Dkt. No. 179 at 1.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. At the hearing, Richardson explained that she is not necessarily seeking to exclude all of this evidence, but given that she did suffer some economic consequences due to the downturn in the film and television industries, it may be difficult to identify what should be excluded.

As discussed with the parties at the hearing, there is the possibility that some of the contemplated evidence has no relevance or that it should be excluded under Rule 403 or other rules of evidence—but the evidence to be excluded has not been identified with particularity. The Court appreciates that this is because of the state of the pretrial filings. The Court will therefore permit Richardson to file a supplemental brief in support of this motion with respect to specific items of evidence now that the Joint Witness List and Joint Exhibit List have been submitted pursuant to the Court's order at Dkt. No. 212; Thomson may file a supplemental response in opposition thereafter.

**I.  Richardon's Motion *in Limine* No. 4 (Dkt. No. 175) is DENIED.**

Richardson moves to exclude evidence, testimony, or argument concerning expert testimony that includes inflammatory characterizations (such as "secret kickback," "scheme," and "hidden compensation") and misleading valuation of alleged token compensation under Rules 403 and 611. Dkt. No. 175 at 1-2.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. The Court finds that Thomson is permitted to characterize the arrangement consistent with her theory and the terms complained of are not inflammatory or unduly prejudicial. Although Richardson disagrees with these characterizations, this is insufficient to exclude them. Similarly, although Richardson disagrees with Thomson's method of valuing the alleged token compensation, it is sufficiently supported and not unduly prejudicial. Richardson can use cross-examination to point out any weaknesses in the valuation.

**J.  Richardson's Motion *in Limine* No. 5 (Dkt. No. 174) is DENIED.**

Richardson moves to exclude evidence, testimony, or argument concerning expert testimony that assumes disputed facts, offers impermissible legal conclusions, or otherwise invades jury's duty. Dkt. No. 174 at 1.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. Thomson shall be permitted to present the expert witnesses with properly worded hypotheticals asking them to assume certain facts based upon evidence that has been properly admitted.

## V.      Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1.  Thomson's Motion *in limine* No. 1, Dkt. No. 166, is **DENIED**, and supplemental briefing is permitted;

2.  Thomson's Motion *in limine* No. 2, Dkt. No. 167, is **DENIED**, and supplemental briefing is permitted;

3.  Thomson's Motion *in limine* No. 3, Dkt. No. 168, is **DENIED**, and supplemental briefing is permitted;

4.  Thomson's Motion *in limine* No. 4, Dkt. No. 169, is **DENIED**, and supplemental briefing is permitted;

5.  Thomson's Motion *in limine* No. 5, Dkt. No. 170, is **DENIED**, and supplemental briefing is permitted;

6.  Richardson's Motion *in limine* No. 1, Dkt. No. 177, is **GRANTED IN PART**;

7.  Richardson's Motion *in limine* No. 2, Dkt. No. 178, is **GRANTED IN PART**;

8.  Richardson's Motion *in limine* No. 3, Dkt. No. 179, is **DENIED**, and supplemental briefing is permitted;

9.  Richardson's Motion *in limine* No. 4, Dkt. No. 175, is **DENIED**;

10. Richardson's Motion *in limine* No. 5, Dkt. No. 174, is **DENIED**;

11. Consistent with the separate order of April 27 regarding further settlement discussions, Thomson's supplemental briefing in support of her Motions *in limine* is due June 2 and Richardson's supplemental briefing in response is due June 16; and

12. Consistent with the separate order of April 27 regarding further settlement discussions, Richardson's supplemental briefing in support of her Motion *in limine* No. 3 is due June 2 and Thomson's supplemental briefing in response is due June 16.


IT IS SO ORDERED.


Dated: April 27, 2026

_____

MAAME EWUSI–MENSAH FRIMPONG

United States District Judge

13